*PLEASE ALSO CROSS-FILE IN CASE NO. 8:25-CV-02338 AND IN CASE NO. 8-25-CV-02042* [handwritten]

USBC-MD B FILED DB
8 DEC '25 PM 11:56 [stamp, vertical]

**Case No.: 8:25-cv-2103-TDC (Lead Case)**
**Case No.: 8:25-cv-2337-TDC**
**Case No.: 8:25-cv-2635-TDC**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

Note: THE DISTRICT COURT STAMP MACHINE IS NOT WORKING. [handwritten]

**GREGORY B. MYERS,**

*Appellant,*

v.

**ROGER SCHLOSSBERG, ET AL.,**

*Appellees.*

FILED _____ ENTERED
LOGGED  SLS  RECEIVED
DEC 8 2025
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY
Night Drop Box [handwritten stamp]

**Appeal from the United States Bankruptcy Court**
**for the District of Maryland**
**Adv. Case No. 24-00007**
**Bk. Case No.: 15-26033**

## APPELLANT GREGORY B. MYERS' MOTION TO HOLD
## CONSOLIDATED APPEALS IN ABEYANCE OR, IN THE
## ALTERNATIVE, MOTION FOR ENLARGEMENT OF TIME

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

December 7, 2025

Pursuant to Circuit Rule 27(f), Appellant, Gregory B. Myers ("Mr. Myers" or "Appellant"), hereby respectfully moves the Court to hold in abeyance all proceedings in the above-captioned appeals, including the briefing schedule, pending disposition of Appellant's appeal currently pending in the Appellate Court of Maryland, ACM-REG-0910-2025, No. 0910, September Term 2025 [Circuit Court No. 436977V]. In support, Appellant states as follows:

**PROCEDURAL BACKGROUND[1]**

On November 18, 2015, Gregory B. Myers ("Mr. Myers" or "Debtor") filed a voluntary petition for bankruptcy relief under the reorganization provisions of Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court") (Case No.: 15-26033, Dkt. 1). On February 22, 2017, Debtor's case was converted from a case under Chapter 11 to a case under Chapter 7 (Case No.: 15-26033, Dkt. 316), and Roger Schlossberg was appointed Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers (Case No.: 15-26033, Dkt. 319).

On September 14, 2017, the King Parties[2] (through counsel Maurice VerStandig, Esq.) filed a one count declaratory judgment action against Serv Trust[3]

_____

[1] Abbreviated for purposes of the instant motion.

[2] Brian King, Cristina King, and the Cristina and Brian King Children's Trust (collectively, the "King Parties").

[3] Serv Trust is a Maryland common law, irrevocable, spendthrift trust created in 2010 by Joan C. Myers (Mr. Myers's mother, now deceased) for the benefit of Mr.

in the Circuit Court for Montgomery County, Maryland (the "State Court") styled *King, et al. v. Serv Trust, et al.*, Case No. 436977-V (the "King State Court Action"). The King Case concerned a real estate development deal in Bethesda, Maryland. Mr. Myers was the "Manager" of 6789 Goldsboro LLC but never had any ownership interest in 6789 Goldsboro LLC. Mr. Myers was ***not*** a defendant in the King State Court Action.

On January 24, 2018, 6789 Goldsboro LLC (through counsel Maurice VerStandig, Esq.) filed a *separate* complaint against Serv Trust in the Circuit Court for Garrett County, Maryland, styled *6789 Goldsboro LLC v. Serv Trust, et al.*, Case No. C-11-CV-18-000018 (the "Goldsboro State Court Action"). Then, on July 24, 2018, the Goldsboro State Court Action was transferred to the Circuit Court for Montgomery County, Maryland and assigned Case No. 451611-V.  Mr. Myers was ***not*** a defendant in the Goldsboro State Court Action. On August 14, 2028, the King State Court Action and the Goldsboro State Court Action were consolidated by Order of the Circuit Court for Montgomery County, Maryland (the "Consolidated State Court Actions").

---

Myers's five children. It is undisputed that Mr. Myers was not a settlor of Serv Trust and that Mr. Myers has never been a beneficiary of Serv Trust. Further, Serv Trust is not a debtor in bankruptcy, Serv Trust did not file a proof of claim in Mr. Myers's bankruptcy case, and Roger Schlossberg is not Serv Trust's trustee.

On September 28, 2018, Judge Wendelin I. Lipp (Judge Lipp) entered a final

order making the following "**Findings of Fact**" and "**Conclusions of Law**" in Mr.

Myers's bankruptcy case:

- "Serv Trust is a trust that was created by Myers' mother for the benefit of Myers' five children."
- "It is undisputed that Serv Trust was established to pay educational and other expenses related to Myers' children."
- "Serv Trust has a 50% interest in a Maryland limited liability company named 6789 Goldsboro LLC."
- Myers did not transfer or conceal any property "with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under [U.S. Code: Title 11]."

(Alterations supplied).

On December 18, 2018, The Honorable Anne K. Albright (now sitting on the

Appellate Court of Maryland), found, *inter alia*, that Brian King as the Managing

Member of 6789 Goldsboro LLC breached his fiduciary duty to Serv Trust "in order

to benefit himself and the other class A members" (i.e., his family), and concluding

that Mr. King's actions "would amount to constructive fraud."

On February 13, 2019, in light of Judge Albright's ruling, Mr. VerStandig—

looking for a *back-door* out of the Montgomery County Circuit Court now that Mr.

King was going in front of a jury for constructive fraud and punitive damages—

filed a First Amended Complaint for Declaratory Judgment, naming Mr. Myers as

a defendant and adding a second count—alleging for the first time in the six years

that Serv Trust and the King Parties had been in business—that Mr. Myers was the

"alter ego" of Serv Trust. Mr. VerStandig also named Roger Schlossberg in his

official capacity as Chapter 7 Trustee of the Bankruptcy Estate of Gregory B.

Myers as a "nominal defendant" so that Schlossberg could use his personal

relationship with the Maryland Bankruptcy Court to obtain a fraudulent Rule 9019

settlement order.

On November 13, 2019, Maurice VerStandig, Esq. filed a Notice of

Removal in the United States Bankruptcy Court for the District of Maryland (Case

15-26033; Doc 861), removing the Consolidated State Court Actions and initiating

bankruptcy adversary proceeding 19-00427 (Adv. 19-00427; Doc 1). However,

less than a month later, on December 5, 2019, the bankruptcy court (Simpson, J)

entered an Order **remanding** the State Court Cases back to the Circuit Court for

Montgomery County, Maryland:

> **ORDERED**, that the above-captioned adversary
> proceeding is remanded to the Circuit Court for
> Montgomery County, Maryland pursuant to 28 U.S.C.
> 1452(b).

(Adv. 19-00427; Doc 5) (the "Remand Order").

On January 28, 2021, Mr. Myers filed a Chapter 13 petition in the United

States Bankruptcy Court for the Middle District of Florida, Case 2:21-bk-00123-

FMD (the "Florida Bankruptcy Case"). On May 12, 2021, the King Parties filed a

Proof of Claim (Claim 3) in Mr. Myers's Florida Bankruptcy Case predicated

claims in the Consolidated State Court Actions. Mr. Myers filed an objection to

Claim 3, and on June 29, 2021, the Florida Bankruptcy Court entered an *Order Sustaining Debtor's Objection to Proof of Claim 3 Filed by Brian King & Cristina King [Doc. No. 84]* (Case 2:21-bk-00123-FMD; Doc. 108) (the "Order Sustaining Debtor's Objection to Claim 3"), stating as follows:

> **ORDERED:**
> 1. The Objection to Proof of Claim 3 filed is **SUSTAINED**.
> 2. The claim of Brian King & Cristina King is disallowed **in its entirety**.

(Emphasis added). The King Parties did not appeal the Order Sustaining Debtor's Objection to Claim 3, which is now *res judicata* with respect to any claims by the King Parties, and anyone in privity with the King Parties.

On May 31, 2022, Mr. Myers resigned as co-trustee of Serv Trust.

On June 28, 2022, an Order was entered in Mr. Myers's Florida Bankruptcy Case which states in pertinent part:

> 3. The automatic stay is modified to allow the lawsuit filed in Montgomery County Circuit Court captioned, *King et al. v. Serv Trust, et al.,* Case No. 436977-V, to proceed subject to the terms of this Order.
>
> 4. The automatic stay is lifted as to all non-debtor parties to that litigation identified in paragraph 3, above. **The automatic stay shall remain in effect and is not lifted as to any claims against Gregory Brian Myers (the "Debtor") individually.** []

(Alterations supplied, emphasis added). Accordingly, all counts in the Consolidated State Court Actions in which Mr. Myers was a named defendant were stayed under 11 U.S.C. § 362.[4]

On December 16, 2022, the Montgomery County Circuit Court (Lease, J) held a pre-trial hearing in the Consolidated State Court Actions and ruled from the bench as follows:

> THE COURT: All right, so Mr. Myers is here in the court. And the matters against Mr. Myers have been stayed, in that the matters proceeding to trial in January are the matters against Serv Trust in this case. So Mr. Myers is a party to the case, but his matters have been stayed at this point in time. ***
> THE COURT: What's the status of this matter? I'll start with counsel for the King Parties.
> MR. VERSTANDIG: Your Homor, we are prepared to proceed to trial on January 3rd [2023]. Pre-trial statements were filed a couple of years ago prior to a bankruptcy stay and are inclusive of all the exhibits and all the witnesses we plan to rely upon during our trial in January [2023]. It will be a more abbreviated list of witnesses and exhibits because the claims against Mr. Myers are stayed. ***
> MR. MYERS: May I speak, Your Honor?
> THE COURT: I will let you speak but remember the matters against you are stayed in this case.
> MR. MYERS: Your Honor, you used the word matters. The order from the bankruptcy court specifically says the automatic stay shall remain in effect and is not lifted as to any claims against Myers, the debtor. I am a defendant in

---

[4] 6789 Goldsboro LLC never sought or obtained relief from the automatic stay in Mr. Myers's Florida Bankruptcy Case.

both of the King party claims. They're not separately against Serv Trust. We're both named as defendants --

THE COURT: Right, and the cases --

MR. MYERS: -- so the claim can't proceed because I would have liability. If they prevail, I have liability, and the last sentence in the order says but not for any purposes which could impose individual liability upon the debtor.

THE COURT: Okay.

MR. MYERS: If King parties prevail in either of their two counts, I have potential liability, individual liability. And if --

THE COURT: Well, they would have to then…prove those counts against you in a separate trial and the matter would not be, there would not be any collateral estoppel or res judicata, because you did not participate in the case as a party. You were stayed and out of the case, so any --

MR. MYERS: There would still be a ruling that would impose liability upon me.

THE COURT: There would not be a ruling that would impose liability on you. There would be a ruling that would potentially impose liability on Serv Trust. However, these plaintiffs would have to, if they wanted to proceed against you, would be required to try that matter again separately, and there would not be any res judicata or collateral estoppel issues, because you were not a party to that case…at that time because, well, you were stayed, so you were not considered a party. *** [B]ecause to the extent that they want to come back subsequently, depending on what happens in the bankruptcy, and seek these claims against you, they're going to be required to retry that case against you, without the benefit of anything that occurred in the case against Serv Trust. *** What I'm saying is that collateral estoppel, res judicata would not apply to you. Given the fact that you're not a party at this time because of the stay, that you did not have…a meaningful opportunity to participate in the trial, and as such the doctrines of collateral estoppel and res judicata would not apply. And so that when you go to trial, if you go trial, depending, I

> don't know what's going to happen in your [Florida]
> bankruptcy, but if these claims survive the bankruptcy
> and come into court, then they'll have to try them all over
> again.

(Alterations supplied).

On January 3, 2023, the Montgomery County Circuit Court—with neither

Serv Trust nor Mr. Myers being present—made the following statement on the

record in the so-called trial on the Consolidated State Court Actions:

> THE COURT: And under the Frow doctrine you can,
> either one of two things: you sort of abstain from going
> forward because you don't want to try it twice, or two, you
> can enter the judgment, but then it's a non-final judgment
> because anything that I do today in essence necessarily
> would be nonfinal because we don't have, we're not
> putting all of the claims against all the parties are not
> getting to an adjudication. **So we don't have a final
> judgment today under any circumstance**.

(Emphasis supplied). *See Curry* v. *Hillcrest Clinic, Inc.,* 337 Md. 412, 428-33

(1995) discussing *Frow* v. *De La Vega,* 82 U.S. (15 Wall.) 552, 21 L.Ed. 60

(1872), holding:

> If the court in such a case as this can lawfully make a
> final decree against one defendant separately, on the
> merits, while the cause was proceeding undetermined
> against the others, then this absurdity might follow: there
> might be one decree of the court sustaining the charge of
> joint fraud committed by the defendants; and another
> decree disaffirming the said charge, and declaring it to be
> entirely unfounded, and dismissing the complainant's bill.
> And such an incongruity, it seems, did actually occur in
> this case. Such a state of things is unseemly and absurd,
> as well as unauthorized by law.

(Emphasis supplied). It has long been established that courts "'can make no decree affecting the rights of an absent person, and can make no decree between the parties before it which so far involves or depends upon the rights of an absent person that complete and final justice cannot be done between the parties to the suit without affecting those rights.'" *Greeley* v. *Lowe,* 155 U.S. 58, 70 (1894) (quoting *Shields* v. *Barrow,* 58 U.S. 130, 141-42 (1854)). This rule is just as strong today as when it was first set forth. *See, e.g., Republic of Philippines* v. *Pimentel,* 553 U.S. 851, 871 (2008) (recognizing that the non-joined parties "would not be bound by the judgment in an action where they were not parties").

On January 3, 2023, Mr. Myers noticed an interlocutory appeal to the Appellate Court of Maryland ("ACM") stemming from the conduct in the Consolidated State Court Actions (i.e., violation of the automatic stay). The ACM docketed the case as No. 1876, September Term 2022, ACM-REG-1876-2022 (the "First ACM Appeal").

On January 12, 2023, the Montgomery County Circuit Court (Lease, J.)—in violation of the ACM's jurisdiction in the First ACM Appeal—entered an *Order Entering Partial Judgment and Stay* in the Consolidated State Court Actions, ordering "that all remaining matters in this case are accordingly stayed… ."

On April 17, 2023, the Montgomery County Circuit Court (Lease, J) held a hearing in the Consolidated State Court Actions and ruled that the "triggering

mechanism" for bankruptcy jurisdiction would necessarily require entry of a final order in the Consolidated State Court Actions (i.e., *not* entry of a *non*-final order).

On April 18, 2023, in the First ACM Appeal, Mr. Myers filed a motion for stay pending appeal, and on April 28, 2023, the King Parties (Maurice VerStandig, Esq.) filed a response to Mr. Myers's motion—which 6789 Goldsboro LLC and the Chapter 7 Trustee (Roger Schlossberg) adopted and incorporated in their respective responses filed in the First ACM Appeal—arguing:

> "[T]he order from which Mr. Myers instantly seeks a stay is, by its own express terms, non-final. Indeed, the document is titled 'Order Entering Partial Judgment and Stay,' and the order most certainly does not dispose of the totality of the triable issues below."

> **"The order from which appellants appealed did not adjudicate or complete the adjudication of <u>any claim</u> in this matter. It therefore was not a final order[.]"**

> "Here, the order below is, by its own titular designation, 'partial' in nature. There are no less than three causes of action that have not yet been tried judgment and, accordingly, upon which no judgment has been entered."

> "[T]here remain unresolved causes of action in both cases that were consolidated below and, as such, there does not exist a final order in either case, even if they were to be considered separately."

(Alterations supplied). The King Parties, 6789 Goldsboro LLC, and the Chapter 7 Trustee are now judicially estopped from taking a different position in this case.

The Bankruptcy Court (Chavez-Ruark, J) has acknowledged that the Montgomery County Circuit Court (Lease, J) **has jurisdiction and authority under the Maryland Rules to control its judgments that are non-final**. And the Chapter 7 Trustee has **conceded** in court filings that he is **barred** under Bankruptcy Rule 9027(a)(3) from now removing the Consolidated State Court Actions to the Bankruptcy Court, citing Bankruptcy Rule 9027 and *Roberts v. Creighton*, 2009 WL 7083320 (D. Md. Feb. 27, 2009).

On December 11, 2023, the Bankruptcy Court—in a *transparent* attempt to end-run Bankruptcy Rule 9027(a)(3)—entered an Order in Case 15-26033 (Doc 1029), which states:

> "The Settlement Procedure Motion is the **mechanism** by which the Trustee is seeking authority **to resolve a stayed cause of action in the State Court**."

(Emphasis added). However, the Bankruptcy Court has no jurisdiction or authority to approve a "**mechanism**" which amounts to an improper collateral attack on the December 5, 2019, Remand Order (Adv. No. 19-00427; Dkt. No. 5). Only a District Court or bankruptcy appellate panel may review a bankruptcy court's remand order under 28 U.S.C. § § 1334(d), 1447(d) and 1452(b). See *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). Accordingly, the Bankruptcy Court's *transparent* "mechanism" is unlawful and is an affront to the proper jurisdiction of the the Circuit Court for Montgomery County, Maryland.

On **July 2, 2025**, Mr. Myers filed an appeal in the Consolidated State Court Actions in the Appellate Court of Maryland, Case Number: ACM-REG-0910-2025 (the "**Second ACM Appeal**"). *See* **Exhibit A**. Mr. Myers's initial brief in the Second ACM Appeal is due to be filed on December 28, 2025.

## DISCUSSION

This Court should hold the bankruptcy appeals in abeyance pending resolution of **Second ACM Appeal** as resolution of the **Second ACM Appeal** will affect the course of the current bankruptcy appeals. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Where [an appeal in the Appellate Court of Maryland] creates the "possibility that the order complained of will be modified in a way which renders judicial review unnecessary," *Stone v. INS*, 514 U.S. 386, 392 (1995), holding the appeal in abeyance will serve the economy of time and effort, as well as the interests of Judicial Economy.

Appellant avers the outcome of the Second ACM Appeal will directly affect, or even be dispositive of, the issues in the bankruptcy appeals pending in this Court (i.e., Mr. Myers anticipates the Appellate Court of Maryland will dismiss the Consolidated State Court Actions with prejudice for lack of subject matter

jurisdiction). Waiting for the ruling in the Second ACM Appeal will prevent duplicative litigation and potentially inconsistent judgments. Thus, holding the bankruptcy appeals in abeyance (including the briefing schedule) is appropriate here because it will promote "economy of time and effort" for the Court, counsel, and parties. *See Landis*, 299 U.S. at 255. Once the Second ACM Appeal is resolved, the issues for this Court to resolve will be clarified (if not entirely eliminated) and the bankruptcy appeals can proceed.

## CONCLUSION

For the foregoing reasons, the Court should hold in abeyance all pending bankruptcy appeals emanating from Adv. Case No. 24-00007 [Bk. Case No.: 15-26033] pending final resolution of the Second ACM Appeal and grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 8, 2025, I filed the foregoing with

the Clerk of Court thereby serving all registered users in this case.


_____
Gregory B. Myers, *pro se*