Case No.: 8:25-cv-2103-TDC (Lead Case)
Case No.: 8:25-cv-2337-TDC
Case No.: 8:25-cv-2635-TDC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY B. MYERS,

*Appellant,*

v.

ROGER SCHLOSSBERG, ET AL.,

*Appellees.*

Appeal from the United States Bankruptcy Court
for the District of Maryland
Adv. Case No. 24-00007
Bk. Case No.: 15-26033

**APPELLANT'S MOTION TO COMPEL PRODUCTION OF EXECUTED SETTLEMENT AGREEMENT REFERENCED IN BANKRUPTCY COURT'S JULY 3, 2025 ORDER AND TO SUPPLEMENT THE RECORD**
*(With Conditional Request for Adjustment of Briefing Schedule if Necessary)*

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

January 7, 2026

1

## INTRODUCTION

Appellant, Gregory B. Myers ("Mr. Myers" or "Appellant"), respectfully moves this Court for an order compelling the Chapter 7 Trustee to produce the **executed settlement agreement** that allegedly underlies the Bankruptcy Court's July 3, 2025 Order approving a compromise pursuant to Federal Rule of Bankruptcy Procedure 9019.

This motion is not brought for purposes of delay. To the contrary, Appellant stands ready to file his opening brief within the Court-ordered schedule. However, in preparing that brief, Appellant identified a **material defect in the appellate record:** despite approval of a "settlement," **no executed settlement agreement appears anywhere in the bankruptcy docket or record on appeal**, nor was any such agreement introduced into evidence during the two-day evidentiary hearing.

Because the existence—or non-existence—of an executed settlement agreement directly affects the issues on appeal, including **Rule 9019 compliance, finality, mootness, and jurisdiction**, Appellant respectfully requests that the Trustee be required to produce the agreement (if one exists), or certify that no such agreement was ever executed.

## FACTUAL BACKGROUND

1. On December 30, 2024, the Chapter 7 Trustee filed a Motion for Approval of Proposed Compromise and Settlement pursuant to Rule 9019.

2

2. The motion did not attach a signed settlement agreement, term sheet, or other executed contract.

3. The Bankruptcy Court conducted a two-day evidentiary hearing on June 30 and July 1, 2025.

- No executed settlement agreement was offered or admitted into evidence.

- No witness testified that a written settlement agreement had been executed.

4. During the Bankruptcy Court's July 3, 2025 oral ruling, the court approved a settlement consisting of four terms, expressly acknowledging that the fourth term—withdrawal of proofs of claim—was **added during the hearing** and was **not included in the Trustee's motion or prior notice**.

5. The written Order entered July 3, 2025 likewise references approval of a "settlement," but does not attach, incorporate, or identify any executed agreement.

6. On August 5, 2025, the Trustee and the King Parties filed a Joint Notice of Dismissal with Prejudice of the adversary proceeding, again without filing or referencing any executed settlement agreement.

7. To date, the Trustee has never filed an executed settlement agreement on the bankruptcy docket, nor has such an agreement been included in the record transmitted on appeal.

# ARGUMENT

## I. An Executed Settlement Agreement Is Central to Appellate Review of a Rule 9019 Order

Rule 9019 authorizes approval of **actual compromises**, not hypothetical or contingent arrangements. The Bankruptcy Court's July 3, 2025 Order:

- approves a "settlement";
- imposes payment and fee-shifting obligations;
- dismisses claims with prejudice; and
- is relied upon by Appellee to assert finality and mootness.

Without an executed agreement, this Court cannot meaningfully assess:

- whether the parties reached a meeting of the minds;
- whether the agreement approved by the Bankruptcy Court matches any agreement actually entered into;
- whether conditions precedent existed or were satisfied; or
- whether the settlement was capable of "substantial consummation."

The **existence of the settlement itself** is therefore a threshold factual predicate to appellate review.

## II. Approval of a Settlement Without Evidence of Execution Is Legal Error

The Bankruptcy Court approved a compromise despite:

- the absence of any executed agreement in the record;
- the addition of material terms ore tenus during the hearing;

- and the lack of notice to parties in interest of those additional terms.

Courts approving settlements under Rule 9019 routinely require that the material terms of the compromise be fixed and ascertainable at the time of approval. Where no executed agreement exists—or where the agreement differs materially from what was noticed—the approval order lacks an adequate evidentiary foundation.

### III. Production (or Certification of Non-Existence) Is Necessary to Evaluate Finality and Mootness

Appellee cannot invoke:

- finality,

- reliance,

- substantial consummation, or

- equitable mootness

without first demonstrating the existence of an executed settlement agreement. If no such agreement exists, those doctrines fail as a matter of law.

Requiring production—or a certification that no agreement exists—will clarify the record and promote efficient adjudication of the appeal.

### CONDITIONAL REQUEST REGARDING BRIEFING SCHEDULE

Appellant does **not** seek delay for delay's sake and remains prepared to file his opening brief within the Court's current schedule. However, if production of

the executed settlement agreement (or certification of its non-existence) cannot reasonably occur before the briefing deadline, Appellant respectfully requests that the Court consider a **brief, targeted adjustment** to the briefing schedule to permit informed briefing on the actual record.

Alternatively, Appellant respectfully requests that the Court permit Appellant to seek leave to file a **narrowly tailored supplemental brief** should an executed settlement agreement be produced after the opening brief is filed.

## RELIEF REQUESTED

Appellant respectfully requests that the Court enter an order:

1. Directing the Chapter 7 Trustee, within fourteen (14) days, to produce:

    - any executed settlement agreement referenced in the Bankruptcy Court's July 3, 2025 Order;
    - any written amendments, addenda, or side agreements; and
    - documentation evidencing execution and performance;

2. In the alternative, requiring the Trustee to certify that no executed settlement agreement exists;

3. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____
Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 7, 2026, I filed the foregoing with the Clerk of Court thereby serving all registered users in this case.

_____
Gregory B. Myers, *pro se*