Case No.: 8:25-cv-2103-TDC (Lead Case)
Case No.: 8:25-cv-2337-TDC
Case No.: 8:25-cv-2635-TDC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**GREGORY B. MYERS,**

*Appellant,*

v.

**ROGER SCHLOSSBERG, ET AL.,**

*Appellees.*

Appeal from the United States Bankruptcy Court
for the District of Maryland
Adv. Case No. 24-00007
Bk. Case No.: 15-26033

**APPELLANT'S MOTION TO SUPPLEMENT RECORD ON APPEAL WITH RECENTLY FILED HEARING TRANSCRIPTS**

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

January 9, 2026

1

Appellant, Gregory B. Myers ("Mr. Myers" or "Appellant"), respectfully moves to supplement the record on appeal to include hearing transcripts that were not available at the time of the initial designation of record, and states as follows:

## I. Background

1. Appellant filed a Notice of Appeal on July 17, 2025, from various orders entered by the United States Bankruptcy Court for the District of Maryland in Adv. No. 24-00007.

2. In compliance with Federal Rule of Bankruptcy Procedure 8009(b), Appellant timely ordered the relevant hearing transcripts on July 31, 2025, from ESCRIBERS, 7227 North 16th Street, Suite #207, Phoenix, Arizona 85020 ("Escribers").

3. At the time of ordering, the estimated transcription cost was approximately **$2,900**, and the transcripts were not released until payment could be completed.

4. Appellant completed payment as soon as practicable, and Escribers filed the transcripts with the bankruptcy court on January 7, 2026. For the Court's convenience, a copy of the June 30, 2025 hearing transcript and a copy of the July 1, 2025 hearing transcript are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

5. Appellant promptly filed a Supplemental Designation of Record on Appeal in the bankruptcy court pursuant to Federal Rule of Bankruptcy Procedure 8009(e).

## II. Legal Standard

6. Rule 8009(e) expressly permits supplementation of the record where items were unavailable at the time of designation.

7. Under Rule 8003(a)(2), deficiencies in record designation are not jurisdictional and do not warrant dismissal absent bad faith or prejudice.

8. Courts in the Fourth Circuit consistently favor resolving bankruptcy appeals on the merits rather than on curable procedural issues.

## III.   Argument

9. The transcripts reflect hearings directly addressing the orders on appeal and are therefore material to the issues before this Court.

10. Appellee suffers no prejudice:

    - The transcripts are now part of the bankruptcy court docket;
    - Appellees have full access to them; and
    - Appellees may cite them in responsive briefing.

11. Appellant has acted diligently and in good faith to ensure that the appellate record is complete and accurate.

## IV.   Relief Requested

WHEREFORE, Appellant respectfully requests that the Court:

A. Grant this Motion and direct that the hearing transcripts filed by Escribers on January 7, 2026 in the bankruptcy court (docket # 1093; docket # 1094) be included in the record on appeal; and

B. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____
Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 9, 2026, I filed the foregoing with the Clerk of Court thereby serving all registered users in this case.

_____
Gregory B. Myers, *pro se*

4