Case No.: 8:25-cv-2103-TDC (Lead Case)
Case No.: 8:25-cv-2337-TDC
Case No.: 8:25-cv-2635-TDC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

### GREGORY B. MYERS,

*Appellant,*

v.

### ROGER SCHLOSSBERG, ET AL.,

*Appellees.*

Appeal from the United States Bankruptcy Court
for the District of Maryland
Adv. Case No. 24-00007
Bk. Case No.: 15-26033

## APPELLANT'S OPENING BRIEF

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

January 12, 2026

1

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.................................................................. 3

JURISDICTIONAL STATEMENT......................................................... 4

STATEMENT OF THE ISSUES............................................................ 4

STANDARD OF REVIEW................................................................... 5

STATEMENT OF FACTS.................................................................... 6

SUMMARY OF ARGUMENT.............................................................. 9

ARGUMENT.................................................................................. 10

I. The Bankruptcy Court Lacked Subject-Matter Jurisdiction to Approve a
Settlement Affecting Serv Trust's Property............................................. 10

II. Approval of a Rule 9019 Compromise Without an Executed Agreement Was
Legal Error.................................................................................... 13

III. The Bankruptcy Court Violated Due Process by Deeming Disputed Proofs of
Claim Withdrawn............................................................................. 13

IV. The Order Is Not Final Due to Pending Claims and Improper
Dismissals..................................................................................... 14

V. The Bankruptcy Court Abused Its Discretion by Approving a Settlement
Beyond Its Statutory Authority............................................................ 14

CONCLUSION ............................................................................... 15

2

# TABLE OF AUTHORITIES

*In re Kirkland*,
600 F.3d 310, 314 (4th Cir. 2010)

*Law v. Siegel*,
571 U.S. 415, 421 (2014)

*In re Bogdan*,
414 F.3d 507, 512 (4th Cir. 2005)

*In re Charles Edwards Enterprises, Inc.*,
344 B.R. 788 (Bankr. N.D.W. Va. 2006)

*Wilson v. Dollar General Corp.*,
717 F.3d 337 (4th Cir. 2013)

*Things Remembered, Inc. v. Petrarca*,
516 U.S. 124, 129 (1995)

*Czyzewski v. Jevic Holding Corp.*,
580 U.S. 451, 468 (2017)

*Kiviti v. Bhatt*,
No. 22-1216 (4th Cir. Sept. 14, 2023)

## JURISDICTIONAL STATEMENT[1]

This Court has jurisdiction under 28 U.S.C. § 158(a)(1) and (a)(3) to review orders of the United States Bankruptcy Court for the District of Maryland.

Appellant timely filed a notice of appeal from the Bankruptcy Court's July 3, 2025 Order approving a purported compromise under Federal Rule of Bankruptcy Procedure 9019.

Although Appellee asserts finality, the order appealed from is reviewable because it (i) conclusively resolved rights in non-estate property, (ii) dismissed claims with prejudice while objections and third-party claims remained pending, and (iii) rests on jurisdictional determinations that are reviewed de novo. Orders entered without subject-matter jurisdiction are reviewable notwithstanding asserted finality.[2]

## ISSUES PRESENTED

1. **Whether the Bankruptcy Court lacked subject-matter jurisdiction** to approve a settlement affecting Serv Trust's property interests where Serv

---

[1] Although this brief is filed in the consolidated adversary appeals, the threshold jurisdictional and statutory defects addressed herein arise from the same procedural core as related appeals pending in the Debtor's main bankruptcy case. The issues presented herein are dispositive of the related appeals pending in the main bankruptcy case, all of which arise from the same Rule 9019 "Settlement Procedures Order" and the bankruptcy court's assertion of authority over non-estate property. Resolution of the jurisdictional defects addressed herein will either moot or control the disposition of those related appeals. Accordingly, duplicative briefing would be wasteful; however, Appellant stands ready to file supplemental briefing if the Court so directs.

[2] To the extent not expressly addressed, Appellant preserves all jurisdictional, constitutional, and structural defects apparent on the face of the record, including lack of standing, indispensable-party defects, and Article III limitations, none of which may be waived.

Trust is a non-debtor, non-estate entity and no Chapter 5 adversary ever
determined its assets to be estate property.

2. **Whether approval of a Rule 9019 compromise was legal error** where no
   executed settlement agreement was submitted, admitted into evidence, or
   incorporated into the record, and material terms were added ore tenus
   without notice.

3. **Whether the Bankruptcy Court violated due process** by approving
   materially modified settlement terms without amended notice and by
   deeming disputed proofs of claim "withdrawn" over the Debtor's pending
   objections.

4. **Whether the order lacks finality** where a Third-Party Complaint and
   pending dispositive motions remained unresolved and the adversary was
   later dismissed with prejudice by stipulation.

5. **Whether the Bankruptcy Court abused its discretion** by approving a
   settlement that transferred or extinguished rights in non-estate property
   without statutory authority and contrary to controlling precedent.

## STANDARD OF REVIEW

This Court reviews **subject-matter jurisdiction** and statutory authority **de

novo**. *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010).

Legal conclusions underlying approval of a Rule 9019 compromise are

reviewed de novo; factual findings are reviewed for clear error; and approval of a

settlement is reviewed for abuse of discretion. *In re Kirkland*, 600 F.3d 310, 314–

15 (4th Cir. 2010); *Law v. Siegel*, 571 U.S. 415, 421 (2014). An abuse of discretion

occurs when the court relies on an erroneous legal premise or lacks jurisdiction to

act. *Id.*

5

## STATEMENT OF FACTS

### A. The Parties and the Non-Debtor Trust

Serv Trust is a Maryland common-law, irrevocable, spendthrift trust created in 2010 by the Debtor's mother for the benefit of the Debtor's five children. (Appendix A-3). The Debtor was neither settlor nor beneficiary. Serv Trust is not a debtor in bankruptcy, never filed a proof of claim in this case, and the Chapter 7 Trustee is not its trustee.

Serv Trust owns a 50% membership interest in 6789 Goldsboro LLC, a Maryland limited liability company ("Goldsboro" or the "LLC"). (Appendix A-3; Appendix F-1). The remaining 50% membership interest in Goldsboro is held by the King Parties.[3]

The Debtor has **never** owned any membership interest in Goldsboro.

### B. The Bankruptcy Case and Prior Findings

The Debtor filed bankruptcy in 2015. In September 2018, the Bankruptcy Court (Judge Lipp) issued findings of fact and conclusions of law expressly recognizing Serv Trust as a separate trust created for the Debtor's children and finding that the Debtor had not transferred or concealed estate property. (Appendix

---

[3] Brian King, Cristina King, and the Cristina and Brian King Children's Trust (collectively, the "King Parties").

A-3). No court ever entered a final judgment determining Serv Trust to be the Debtor's alter ego or its assets to be property of the estate.

## C. State-Court Litigation and Abstention

Long-running state-court litigation between the King Parties, Serv Trust, and 6789 Goldsboro LLC was consolidated "for all purposes" on August 14, 2018 ("case 451611-V and case 436977-V are hereby CONSOLIDATED FOR ALL PURPOSES"). (Appendix B-1).

In January 2019, the Bankruptcy Court abstained from exercising jurisdiction over related adversary proceedings, expressly leaving alter-ego issues, if any, to the state court and providing that only **after a proper determination** could parties return to bankruptcy court. (Appendix B-1; Appendix B-2).

No final, jurisdictionally valid state-court judgment ever vested the Bankruptcy Court with in rem jurisdiction over Serv Trust's assets.

## D. The King Parties' Late Proofs of Claim and Declaratory Adversary

On January 10, 2024—years after the claims bar date—the King Parties filed three proofs of claim for $0.00, asserting "equitable and statutory" rights tied solely to a newly filed adversary (Adv. 24-00007). (Appendix C-1 through C-3). The adversary sought a declaratory judgment that Serv Trust's interest in Goldsboro LLC had been "redeemed" under an operating agreement.

The Debtor objected to all three proofs of claim as untimely and invalid. (Appendix C-5; C-6; C-7).

### E. The Trustee's Rule 9019 Motion and Evidentiary Hearing

The Trustee first sought approval of a compromise in the main bankruptcy case—before any proofs of claim or adversary proceeding existed—prompting the bankruptcy court to recharacterize that request as a "Settlement Procedures Motion," a *maneuver* that underlies every order challenged in these appeals.

On December 30, 2024, the Trustee moved for approval of a proposed compromise under Rule 9019. **No executed settlement agreement was attached.** No term sheet or signed contract was filed. (Appendix D-1; D-3; Appendix E-1; E-2).

The Bankruptcy Court conducted a two-day evidentiary hearing on June 30 and July 1, 2025. **No executed settlement agreement was introduced into evidence.** No witness testified that a written agreement had been executed.

### F. The July 3, 2025 Oral Ruling and Order

On July 3, 2025, the Bankruptcy Court approved a "settlement" consisting of four terms. (Appendix E-2; Appendix F-1). The court expressly acknowledged that the **fourth term—withdrawal of the King Parties' proofs of claim—was added during the hearing and was not included in the noticed motion**.

The court further ruled that the Debtor's objections to the proofs of claim were "overruled as moot" and deemed the claims withdrawn upon finality, despite the Debtor's pending objections and the absence of any motion by the claimants to withdraw them. (Appendix F-1; Appendix F-2).

## G. Post-Order Dismissals and Pending Claims

On August 5, 2025, the Trustee and the King Parties filed a joint notice dismissing the adversary with prejudice under Rule 7041. (Appendix G-3). At that time, the Debtor's Third-Party Complaint and a pending motion for summary judgment remained unresolved. (Appendix G-1; G-2).

To date, **no executed settlement agreement has been filed in the bankruptcy docket or included in the appellate record**.

## SUMMARY OF ARGUMENT[4]

The Bankruptcy Court's July 3, 2025 Order must be vacated for a simple reason: **the court approved and enforced a settlement it had no jurisdiction to approve and no evidence to support**.

First, the Bankruptcy Court lacked subject-matter jurisdiction to adjudicate or transfer rights in Serv Trust's property. Serv Trust is a non-debtor, its assets

---

[4] Appellant raises only those issues necessary to resolve this appeal and does not waive—expressly or implicitly—any jurisdictional, constitutional, statutory, or procedural defects reflected in the record, including defects not reached by the Court if disposition is based on threshold jurisdictional grounds.

were never adjudicated to be estate property in a Chapter 5 adversary, and abstention and remand orders foreclosed the court's in rem authority.

Second, Rule 9019 does not permit approval of hypothetical or contingent compromises. The Trustee never submitted an executed settlement agreement; material terms were added ore tenus; and creditors received no notice of the settlement actually approved.

Third, the court violated due process by extinguishing contested claims without adjudicating objections and by deeming claims withdrawn over the Debtor's opposition.

Fourth, the order lacks finality where a Third-Party Complaint and dispositive motions remained pending and where later dismissals with prejudice attempted to manufacture finality.

Finally, the court abused its discretion by approving a settlement that transferred or impaired non-estate property interests without statutory authority, contrary to *Law v. Siegel* and controlling Fourth Circuit precedent.

## ARGUMENT

### I. The Bankruptcy Court Lacked Subject-Matter Jurisdiction to Approve a Settlement Affecting Serv Trust's Property

Property of the estate is determined as of the petition date. 11 U.S.C. § 541(a). Alter-ego claims seeking to bring third-party assets into the estate are **estate causes of action** that must be prosecuted by the trustee in a Chapter 5

adversary proceeding. (Appendix A-3; Appendix B-1; Bogdan). See *In re Bogdan*, 414 F.3d 507, 512 (4th Cir. 2005); *In re Charles Edwards Enterprises, Inc.*, 344 B.R. 788 (Bankr. N.D.W. Va. 2006); *Wilson v. Dollar General Corp.*, 717 F.3d 337 (4th Cir. 2013).

Here, no Chapter 5 adversary was ever filed or adjudicated determining Serv Trust to be the Debtor's alter ego. (Appendix D-1; Appendix F-2). Absent such a judgment, Serv Trust's assets remained non-estate property as a matter of law.[5] Jurisdiction cannot arise from a trustee's assertion or from a non-final state-court order. *Law v. Siegel*, 571 U.S. at 421.

Once the Bankruptcy Court abstained and the matter was remanded, exclusive in rem jurisdiction rested with the state court. The Bankruptcy Court could not later reassert jurisdiction through a Rule 9019 motion. See *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129 (1995).

Because the bankruptcy court purported to enter a final, binding order purporting to transfer non-estate property owned by a non-debtor trust, it exceeded the constitutional limits applicable to Article I tribunals.

---

[5] Because the bankruptcy court lacked subject-matter jurisdiction to adjudicate or transfer Serv Trust's property in the first instance, questions concerning joinder of beneficiaries under Rule 19 never arose.

**Equitable mootness cannot apply where the bankruptcy court lacked subject-matter jurisdiction.** Because the July 3, 2025 order purported to adjudicate and transfer interests in non-estate property owned by a non-debtor trust—without any Chapter 5 adjudication—equitable mootness is inapplicable as a matter of law. Equitable mootness presupposes a valid exercise of jurisdiction. A court order entered without subject-matter or in rem jurisdiction is void ab initio and cannot be insulated from appellate review by doctrines of finality, reliance, or equity. See *Law v. Siegel*, 571 U.S. 415, 421 (2014) (bankruptcy courts may not exceed statutory authority); *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 468 (2017) (courts may not approve outcomes forbidden by statute, even in "rare" cases); *In re Kirkland*, 600 F.3d 310, 315 (4th Cir. 2010).

**Because the Bankruptcy Court lacked subject-matter jurisdiction to approve the settlement at all, the Court need not reach whether the proposed settlement was fair, reasonable, or equitable under Rule 9019.** A court without jurisdiction cannot validate its actions by invoking discretionary standards, equitable considerations, or creditor benefit. See *Law v. Siegel,* 571 U.S. 415, 421 (2014); *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 466 (2017).

## II. Approval of a Rule 9019 Compromise Without an Executed Agreement Was Legal Error[6]

Rule 9019 authorizes approval of **actual compromises**, not theoretical arrangements. Courts routinely require the material terms of a settlement to be fixed, disclosed, and supported by evidence.

Here, no executed settlement agreement was submitted, admitted, or incorporated into the order. (Appendix D-3; Appendix E-1; E-2). The Bankruptcy Court approved a settlement whose existence, scope, and enforceability cannot be verified from the record. *Id.* That alone warrants vacatur.

The problem was compounded when the court added a material term during the hearing—withdrawal of proofs of claim—without amending the motion or re-noticing creditors. (Appendix E-2; Appendix F-1). That procedure violates Rule 9019 and fundamental due process.

## III. The Bankruptcy Court Violated Due Process by Deeming Disputed Proofs of Claim "Withdrawn"

The King Parties' proofs of claim were subject to the Debtor's pending objections. (Appendix C-5; C-6; C-7). The Bankruptcy Court lacked authority to deem those claims withdrawn or moot over the Debtor's objection. (Appendix F-

---

[6] Appellant has moved separately to compel production of any executed settlement agreement underlying the Bankruptcy Court's July 3, 2025 Order, or in the alternative, for certification that no such agreement exists. No executed settlement agreement was submitted to the Bankruptcy Court, admitted into evidence, or included in the record on appeal. Appellant proceeds on the record as it exists, while expressly preserving the right to supplement or address any such agreement should it later be produced.

2). Withdrawal of claims requires compliance with Bankruptcy Rule 3006 and, where objections are pending, court approval.

By extinguishing the Debtor's objections without adjudication, the court deprived the Debtor of notice and a hearing, in violation of due process.

## IV. The Order Is Not Final Due to Pending Claims and Improper Dismissals

At the time of the July 3, 2025 Order, the adversary proceeding was not final *as a matter of law*, because unresolved third-party claims and dispositive motions remained pending. (Appendix G-1; G-2). Subsequent dismissal of the adversary with prejudice under Rule 7041 cannot retroactively confer finality. (Appendix G-3). Parties may not manufacture finality through voluntary dismissal. *Kiviti v. Bhatt*, No. 22-1216 (4th Cir. Sept. 14, 2023).

## V. The Bankruptcy Court Abused Its Discretion by Approving a Settlement Beyond Its Statutory Authority

Even if the court possessed jurisdiction, approving a settlement that transferred or extinguished rights in non-estate property exceeded its authority. Bankruptcy courts may not use equitable powers to override statutory limits. *Law v. Siegel*, 571 U.S. at 421.

The court's repeated recognition that the interest at issue belonged to "Serv Trust" underscores the error. (Appendix F-1; F-2). A court cannot simultaneously find that property belongs to a non-debtor and authorize its transfer by a chapter 7 trustee. (Appendix A-3; Appendix B-1).

14

**CONCLUSION**

For the foregoing reasons, the Court should **vacate** the Bankruptcy Court's July 3, 2025 Order approving the Rule 9019 compromise and **remand with instructions to deny the settlement motion for lack of jurisdiction and failure to comply with Rule 9019 and due process**.

Respectfully submitted,

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

**CERTIFICATE OF COMPLIANCE**

1.     This document complies with Fed. R. Bankr. P. 8015(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g), this document contains 2,387 words.

2.     This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

15

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 12, 2026, I caused the foregoing to be

filed with the Clerk of Court thereby serving all registered users in this case.

_____
Gregory B. Myers, *pro se*