CASE No. 8:25-CV-2103-TDC (LEAD)

# APPENDIX B — Abstention, Remand, and Loss of Bankruptcy Court Jurisdiction

FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

JAN 1 2 2026
AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY Night Drop Box DEPUTY

**APPENDIX B-1** Order of Abstention in Adv. Proc. 18-00407
(Judge Lipp, 1/30/2019)
*(Jurisdiction ceded to state court; no retained in rem*
*jurisdiction — Argument I)*

Entered: January 30th, 2019
Signed: January 29th, 2019

**SO ORDERED**



U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BAKNRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

In re:                                        *
                                              *
Gregory B. Myers,                             *       Case No. 15-26033-WIL
                                              *       Chapter 7
      Debtor.   *
                                              *

---

6789 Goldsboro, LLC,                          *
                                              *
      Plaintiff,   *
                                              *
v.                                            *       Adversary No. 18-00407
                                              *
Gregory B. Myers, et al.,                     *
                                              *
      Defendant.   *
                                              *

---

### ORDER OF ABSTENTION

The above-captioned adversary proceeding was commenced on October 29, 2018, upon the

Plaintiff's filing of a Complaint for Declaratory Judgment (the "Complaint"). The one-count

Complaint requests the Court to (i) enter a judgment declaring that (a) Serv Trust is the alter ego of

Gregory B. Myers (the "Debtor"), (b) the assets and liabilities of Serv Trust are the assets and liabilities

1

of the Debtor; and (c) the Chapter 7 Trustee appointed to administer the Debtor's bankruptcy estate shall administer the Debtor's estate in the manner inclusive of the assets and liabilities of Serv Trust; and (ii) staying all litigation to which Serv Trust is a party (excepting the instant adversary proceeding), pursuant to § 362(a) of the United States Bankruptcy Code.

On October 30, 2018, the Plaintiff filed a Motion for Order to Determine That Automatic Stay Applies to Civil Actions Involving Serv Trust (the "Motion to Stay").[1] The Motion to Stay requests that the consolidated litigation pending in the Circuit Court for Montgomery County, Maryland (the "State Court") between the King Family, the Plaintiff and Serv Trust[2] regarding an investment property and related loan transactions (the "State Court Litigation") be stayed based on the allegation that Serv Trust is the Debtor's alter ego and thereby, protected by the automatic stay provisions of the Debtor's ongoing bankruptcy case.

On November 30, 2018, the Debtor and Serv Trust filed separate Motions to Dismiss the Complaint (although Serv Trust's Motion to Dismiss merely adopts and incorporates the Debtor's Motion to Dismiss). On December 3, 2018, the Chapter 7 Trustee appointed to administer the Debtor's bankruptcy estate (the "Trustee") filed an Answer to the Complaint. On December 14, 2018, the Plaintiff filed: (i) a Motion for Derivative Standing to Pursue the Complaint to which an attached email indicates that the Trustee "expressly consents to Goldsboro" pursuing the Complaint; and (ii) an Opposition to the Motions to Dismiss. Thereafter, the Debtor and Serv Trust filed oppositions to the Motion for Derivative Standing and the Motion to Stay.

---

[1] The Motion to Stay was accompanied by a Motion to Shorten Time to Respond to the Motion to Stay (the "Motion to Shorten Time"). The Motion to Shorten Time was denied for insufficient cause by Order entered on November 5, 2018.

[2] Serv Trust is a trust created by the Debtor's mother for the benefit of the Debtor's children. The Debtor is one of two co-trustees of Serv Trust.

The Court has reviewed the Complaint and subsequent filings and shall abstain from exercising jurisdiction over this adversary proceeding.[3]    28 U.S.C. § 1334(c)(1) permits a bankruptcy court to abstain from a proceeding arising under title 11 or arising in or related to a case under title 11 if the interests of justice or if considerations of comity warrant abstention.    See 28 U.S.C. § 1334(c)(1); see also *Hoge v. Moore (In re Railworks Corp.)*, 345 B.R. 529, 540 (Bankr. D. Md. 2006).    Invoking the permissive abstention provision is within the sound discretion of the bankruptcy court and may be raised by the court *sua sponte*.    See *In re Salazar*, Case No. 15-13194, 2016 WL 7377043, at *4 (Bankr. D. N.M. Dec. 19, 2016).

Courts consider numerous factors when deciding whether discretionary abstention applies to a particular matter, including: (1) the efficiency in the administration of the debtor's estate; (2) the extent to which state issues predominate over bankruptcy issues; (3) whether the issues involve difficult or unsettled questions of state law that would be better addressed by a state court; (4) the presence of a related proceeding commenced in state court; (5) the existence of a jurisdictional basis other than Section 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court; (9) the burden of the federal court's docket; (10) the likelihood that the commencement of the proceeding in federal court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) whether non-debtor parties are involved in the proceeding.    *In re Railworks Corp.*, 345 B.R. at 540, n. 6.    "The factors should be applied on a case

---

[3] Although the Motion to Stay was initially set for hearing with the scheduled pre-trial conference on February 11, 2019, the Court finds that a hearing would not aid the decisional process.    *See* Local Rule 9013-1(b)(4).

by case basis with no one factor necessarily determinative." *Barge v. Western Southern Life Ins. Co.*, 307 B.R. 541, 547 (S.D.W.Va. 2004).

Consideration of the aforementioned factors weighs strongly in favor of this Court abstaining from exercising jurisdiction over this matter. Although the Debtor and the Chapter 7 Trustee are named Defendants to this action, the Debtor is not a party to the State Court Litigation sought to be stayed. Rather, the Plaintiff wants this Court to determine that Serv Trust is the alter ego of the Debtor thereby invoking the automatic stay provisions of the Bankruptcy Code to stay the State Court Litigation. This Court is not vested with exclusive jurisdiction to determine the applicability of the automatic stay. A state court has concurrent jurisdiction with bankruptcy courts to determine the applicability of the automatic stay. See *Klass v. Klass*, 831 A.2d 1067, 1071 (Md. 2003). As stated by the Court of Appeals of Maryland in *Klass v. Klass*:

> The State court may not grant relief from the stay–that is a matter committed exclusively to the Bankruptcy Court– but it may, when presented with the issue, determine whether, factually or legally, a stay is in effect and whether a particular action it is about to take or has already taken is subject to such a stay. Those determinations are, of course, reviewable on appeal.

*Id.* Here, there is no need for the Bankruptcy Court to wade into the State Court Litigation. The State Court has been presiding over the litigation between the King Family, the Plaintiff and Serv Trust and the Motion to Stay can be efficiently presented as part of that litigation. If the State Court determines the automatic stay does not apply, then the proceeding can continue in the State Court where it was filed. If the State Court determines that the automatic stay is applicable based on the relationship between the Debtor and Serv Trust, then the matter will be stayed and the parties can come back to this Court to figure out how to proceed. At this point, however, the State Court Litigation involves non-debtor parties and may have no impact on the Debtor's bankruptcy

4

case; the issue of whether Serv Trust is the Debtor's alter ego is a question governed by state law;

there is existing litigation in the State Court in which the Motion to Stay can be filed; and the

Complaint's recitation of past findings and decisions made by this Court that were adverse to the

Debtor in connection with his bankruptcy case offers more than a hint of forum shopping by the

Plaintiffs.   The remaining factors to be considered are either neutral or do not apply to the

circumstances here.

For these reasons, it is, by the United States Bankruptcy Court for the District of Maryland,

hereby

**ORDERED**, that the Court abstains from hearing the above-captioned adversary

proceeding pursuant to 28 U.S.C. § 1334(c)(1); and it is further

**ORDERED**, that the above-captioned adversary proceeding is dismissed.

cc:     All Counsel
        All Parties
        United States Trustee

**END OF ORDER**

**APPENDIX B-2** Order Remanding Removed State Court Actions (Adv. Proc. 19-00427, 12/5/2019)
*(Exclusive state-court in rem jurisdiction; bar on collateral bankruptcy action — Argument I)*

Entered: December 5th, 2019
Signed: December 4th, 2019

**SO ORDERED**



LORI S. SIMPSON
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BAKNRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Gregory B. Myers, | * | Case No. 15-26033-WIL |
| | * | Chapter 7 |
| Debtor. | * | |
| | * | |

| | | |
|---|---|---|
| Gregory B. Myers, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Adversary No. 19-00427 |
| | * | |
| Brian King, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

## <u>ORDER REMANDING CASE</u>

The above-captioned adversary proceeding was commenced on November 13, 2019, upon

the Notice of Removal filed by Maurice VerStandig. The Notice of Removal states that Gregory

Myers (the "Debtor") filed a third-party claim and counterclaim against various parties (the "Myers

1

Defendants") in Consolidated Case No. 451611-V pending in the Circuit Court for Montgomery County, Maryland alleging that the Myers Defendants violated Section 362 of Title 11 of the United States Code (the "Third Party Complaint"). Because the Third Party Complaint asserts that the Myers Defendants violated the automatic stay arising in the Debtor's bankruptcy case pending in this Court, the Myers Defendants consented to the removal of the Circuit Court Action.

On December 3, 2019, the Debtor filed a Notice of Voluntary Dismissal of the Third Party Complaint pursuant to Fed. R. Civ. P. 41, made applicable to this proceeding by Fed. R. Bankr. P. 7041. Based on the dismissal of the Third Party Complaint, and this Court having previously elected to abstain from exercising jurisdiction over the underlying Circuit Court Action[1], the Court will remand this matter to the Circuit Court for Montgomery County, Maryland.

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland, hereby

**ORDERED**, that the above-captioned adversary proceeding is remanded to the Circuit Court for Montgomery County, Maryland pursuant to 28 U.S.C. § 1452(b).


cc:     All Counsel
        All Parties
        United States Trustee
        Chapter 7 Trustee: Roger Schlossberg


**END OF ORDER**

---

[1] *See* Order of Abstention (Docket Entry No. 28) entered on January 30, 2019, in Adversary Proceeding 18-00407.

2

**APPENDIX B-3** Relevant excerpts from *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995)
*(Non-reviewability and finality of remand orders — Argument I)*

**516 U.S. 124 (1995)**

## THINGS REMEMBERED, INC.

### v.

## PETRARCA

### No. 94-1530.

**United States Supreme Court.**

Argued October 2, 1995.

Decided December 5, 1995.

CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

126   *126 Thomas, J., delivered the opinion for a unanimous Court. Kennedy, J., fileda concurring opinion, in which Ginsburg, J., joined, *post,* p. 129. Ginsburg, J.,filed a concurring opinion,in which Stevens, J.,joined, *post,* p. 131.

*Steven D. Cundra* argued the cause for petitioner. With him on the briefs were *Patricia L. Taylor, Dean D. Gamin,* and *Mark A. Gamin.*

*John C. Weisensell* argued the cause for respondent. With him on the brief were *Andrew R. Duff* and *Jack Morrison, Jr.*[*]

Justice Thomas, delivered the opinion of the Court.

We decide in this case whether a federal court of appeals may review a district court order remanding a bankruptcy case to state court on grounds of untimely removal.

# I

Respondent commenced this action in March 1992 by filing a four-count complaint against Child World, Inc., and Cole National Corporation in the Court of Common Pleas in Summit County, Ohio. The state action charged Child World with failure to pay rent under two commercial leases. The complaint also sought to enforce Cole's guarantee of Child World's performance under the leases. Petitioner is Cole's successor in interest.

126   On May 6, 1992, Child World filed a Chapter 11 petition in the United States Bankruptcy Court for the Southern District *126 of New York. On September 25, 1992, petitioner filed notices of removal in both the United States District and Bankruptcy Courts for the Northern District of Ohio. Petitioner based its removal on the bankruptcy removal statute, 28 U. S. C. § 1452(a),[1] as well as the general federal removal statute, 28 U. S. C. § 1441(a). Petitioner also filed a motion in the District Court to transfer venue to the Bankruptcy Court in the Southern District of New York, so that respondent's guaranty claims could be resolved in the same forum as the underlying lease claims against Child World. Respondent countered by filing motions to remand in the District Court on October 23, 1992, and in the Bankruptcy Court on November 25, 1992.

The District Court consolidated all proceedings in the Bankruptcy Court on March 25, 1993. The Bankruptcy Court held that petitioner's removal was untimely under 28 U. S. C. § 1452(a) and Federal Rule of

Bankruptcy Procedure 9027 but that the action had been timely removed under 28 U. S. C. §§ 1441 and 1446. The court concluded that removal was proper and that it had jurisdiction over the removed case. The court then granted petitioner's motion to transfer venue to the Bankruptcy Court in the Southern District of New York.

Respondent appealed to the District Court in the Northern District of Ohio. The District Court found removal under both §§ 1441(a) and 1452(a) to be untimely and held that the Bankruptcy Court lacked jurisdiction
127   over the case. *127 The District Court reversed the judgment of the Bankruptcy Court and remanded to that court for further proceedings consistent with the District Court's opinion.[2]

Petitioner appealed the District Court's order to the Court of Appeals for the Sixth Circuit. In an unpublished disposition, the Sixth Circuit held that §§ 1447(d) and 1452(b) barred appellate review of the District Court's remand order. The Court of Appeals then dismissed the appeal for lack of jurisdiction. Judgt. order reported at 65 F. 3d 169 (1994). We granted certiorari, 514 U. S. 1095 (1995), and now affirm.

## II

Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court. The general statutory provision governing the reviewability of remand orders is 28 U. S. C. § 1447(d). That section provides:

> "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise."

As we explained in _Thermtron Products, Inc._ v. _Hermansdorfer_, 423 U. S. 336 (1976), § 1447(d) must be read _in pari materia_ with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d). _Id._, at 345-346. As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction—the grounds for remand
128   recognized by § 1447(c)—a court of appeals lacks jurisdiction *128 to entertain an appeal of the remand order under § 1447(d).

Section 1447(d) bars appellate review of the remand order in this case. As noted, § 1447(d) precludes appellate review of any order "remanding a case to the State court from which it was removed." The parties do not dispute that the District Court's order remanded this case to the Ohio state court from which it came. There is also no dispute that the District Court remanded this case on grounds of untimely removal, precisely the type of removal defect contemplated by § 1447(c).[3] Section 1447(d) thus compels the conclusion that the District Court's order is "not reviewable on appeal or otherwise." See _Gravitt_ v. _Southwestern Bell Telephone Co._, 430 U. S. 723 (1977) _(per curiam)_.

We reach the same conclusion regardless of whether removal was effected pursuant to § 1441(a) or § 1452(a). Section 1447(d) applies "not only to remand orders made in suits removed under [the general removal statute], but to orders of remand made in cases removed under _any other statutes,_ as well." _United States_ v. _Rice_, 327 U. S. 742, 752 (1946) (emphasis added).[4] Absent a clear statutory command to the contrary, we assume that Congress is "aware of the universality of th[e] practice" of denying appellate review of remand orders when Congress creates a new ground for removal. _Ibid._

129    *129 There is no express indication in § 1452 that Congress intended that statute to be the exclusive provision governing removals and remands in bankruptcy. Nor is there any reason to infer from § 1447(d) that Congress intended to exclude bankruptcy cases from its coverage. The fact that § 1452 contains its own provision governing certain types of remands in bankruptcy, see § 1452(b) (authorizing remand on "any equitable ground" and precluding appellate review of any decision to remand or not to remand on this basis), does not change our conclusion. There is no reason §§ 1447(d) and 1452 cannot comfortably coexist in the bankruptcy context. We must, therefore, give effect to both. _Connecticut Nat. Bank_ v. _Germain_, 503 U. S. 249, 253 (1992).

If an order remands a bankruptcy case to state court because of a timely raised defect in removal procedure or lack of subject-matter jurisdiction, then a court of appeals lacks jurisdiction to review that order under § 1447(d), regardless of whether the case was removed under § 1441(a) or § 1452(a). The remand at issue falls squarely within § 1447(d), and the order is not reviewable on appeal.

The judgment of the Court of Appeals for the Sixth Circuit is affirmed.

_It is so ordered._

Justice Kennedy, with whom Justice Ginsburg joins, concurring.

I join the Court's opinion but write to point out that _Thermtron Products, Inc._ v. _Hermansdorfer_, 423 U. S. 336 (1976), has itself been limited by our later decision in _Carnegie-Mellon Univ._ v. _Cohill_, 484 U. S. 343 (1988). As I understand the opinion we issue today, our reliance on _Thermtron_ to hold that 28 U. S. C. § 1447(d) prohibits appellate review of this remand pursuant to § 1447(c) (whether or not removal was effected pursuant to § 1441(a) or § 1452(a)) is not intended to bear upon the reviewability of _Cohill_ orders.

130    *130 In _Thermtron_, we held that a District Court had exceeded its authority when it remanded a case on grounds not permitted by § 1447(c). 423 U. S., at 345. We further held that the prohibition of appellate review in § 1447(d) does not bar review of orders outside the authority of subsection (c), reasoning that subsections (c) and (d) were to be given a parallel construction. _Id.,_ at 345-350. We observed that a remand order other than the orders specified in subsection (c) had "no warrant in the law" and could be reviewed by mandamus. _Id.,_ at 353.

In _Cohill, supra,_ we qualified the first holding of _Thermtron._ We held that, notwithstanding lack of express statutory authorization, a district court may remand to state court a case in which the sole federal claim had been eliminated and only pendent state-law claims remained. We did not find it necessary to decide whether subsection (d) would bar review of a remand on these grounds, for we affirmed the denial of mandamus by the Court of Appeals. 484 U. S., at 357.

Despite the broad sweep of § 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," various Courts of Appeals have relied on _Thermtron_ to hold that § 1447(d) bars appellate review of § 1447(c) remands but not remands ordered under _Cohill._ See, e. g., _Bogle_ v. _Phillips Petroleum Co._, 24 F. 3d 758, 761 (CA5 1994); _In re Prairie Island Dakota Sioux_, 21 F. 3d 302, 304 (CA8 1994) _(per curiam); Nutter_ v. _Monongahela Power Co._, 4 F. 3d 319, 322-323 (CA4 1993) (dicta); _In re Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, Local No. 173_, 983 F. 2d 725, 727 (CA6 1993); _Rothner_ v. _Chicago_, 879 F. 2d 1402, 1406 (CA7 1989); cf. _In re Amoco Petroleum Additives Co._, 964 F. 2d 706, 708 (CA7 1992) ("_Thermtron_ holds that § 1447(d) does not mean what it says . . ."). The issues raised by those decisions are not before us.

131    *131 Justice Ginsburg, with whom Justice Stevens joins, concurring.

Congress, as I read its measures, twice made the remand order here at issue "not reviewable by appeal." Congress did so first in the prescription generally governing orders "remanding a case to the State court from which it was removed," 28 U. S. C. § 1447(d); Congress did so again in § 1452(b) when it authorized the remand of claims related to bankruptcy cases "on any equitable ground."

Section 1452(b) is most sensibly read largely to supplement, and generally not to displace, the rules governing cases removed from state courts set out in 28 U. S. C. § 1447. Section 1447(d) encompassingly prescribes that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, [excepting only orders remanding civil rights cases removed pursuant to 28 U. S. C. § 1443]." The Court persuasively explains why § 1452 does not negate the application of § 1447(d) to bankruptcy cases. Accordingly, the Court holds § 1447(d) dispositive, and I agree with that conclusion. But I am also convinced that § 1452(b) independently warrants the judgment that remand orders in bankruptcy cases are not reviewable. I write separately to state my reasons for that conviction.

Section 1452(b) broadly provides for district court remand of claims related to bankruptcy cases "on any equitable ground," and declares that the remanding order is "not reviewable by appeal or otherwise."[1]

132    Congress, when it *132 added § 1452 to the Judicial Code chapter on removal of cases from state courts—a chapter now comprising 28 U. S. C. §§ 1441-1452—meant to enlarge, not to rein in, federal trial court removal/remand authority for claims related to bankruptcy cases. The drafters, it bears emphasis, expressly contemplated that remand orders for claims related to bankruptcy cases "would not be appealable"; in particular, they reported that bankruptcy forum remands would be unreviewable "*in the same manner* that an order of the United States district court remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." H. R. Rep. No. 95-595, p. 51 (1977) (emphasis added).[2]

133    The lawmakers chose the capacious words "any equitable ground" with no hint whatever that they meant by their word choice to recall premerger distinctions between law *133 and equity, and thereby to render reviewable bankruptcy case remand orders based on "law." In legal systems that never separated pleadings and procedure along law/equity lines, and not infrequently in our own long-merged system, "equitable" signals that which is reasonable, fair, or appropriate. Dictionary definitions of "equitable" notably include among appropriate meanings: "just and impartial," American Heritage Dictionary 622 (3d ed. 1992); also "dealing fairly and equally with all concerned," Webster's Ninth New Collegiate Dictionary 421 (1983). As Circuit Judge Easterbrook observed:

> "[T]he distinction between law and equity was abolished long ago in federal cases. Nothing in the history of the bankruptcy code suggests that Congress wanted to resuscitate it. Courts must separate `legal' from `equitable' grounds in 1789 on command of the seventh amendment. This task has little but the sanction of history to recommend it and is possible only because law versus equity was an intelligible line in the eighteenth century. In 1978, when Congress enacted the predecessor to § 1452, there was no law-equity distinction. `Equitable' in § 1452(b) makes more sense if it means `appropriate.' " *Hernandez* v. *Brakegate, Ltd.*, 942 F. 2d 1223, 1226 (CA7 1991).

Cf., *e. g.*, *Hilton Davis Chemical Co.* v. *Warner-Jenkinson Co.*, 62 F. 3d 1512, 1521 (CA Fed. 1995) ("The term `equitable' can have many meanings. . . . [I]n doctrine of equivalents cases, this court's allusions to equity invoke equity in its broadest sense—equity as general fairness."); *United States* v. *BCCI Holdings (Luxembourg), S. A.*, 46 F. 3d 1185, 1189, 1190 (CADC 1995) (rejecting the argument that Congress used

134

the expression "*legal* right, title, or interest" in 18 U. S. C. § 1963(*l* )(6)(A) "to draw the ancient, but largely ignored, distinction between technically legal and technically *134 equitable claims in forfeiture challenges") (emphasis in original).

It seems to me entirely appropriate—and, in that sense, equitable—to remand a case for failure promptly to remove. Indeed, counsel for petitioner recognized the potential for manipulation inherent in his proffered distinction between statutory time limits ("legal" limits) on the one hand and, on the other, court-made determinations that a procedural move is untimely because pursued without due expedition ("equitable" assessments). At oral argument, the following exchange occurred:

> "QUESTION: Suppose the judge in this case said, I'm not 100 percent sure about strict time limit, but I think you should have come here sooner, so for equitable reasons I'm remanding this because I think you dawdled— an equitable notion like laches . . .—that would not be reviewable, right?

"MR. CUNDRA: That is correct.

> "QUESTION: So it's the judge's label, what he wants to put on it. He can make it immune from review if he says, laches.

"MR. CUNDRA: Yes.

> "QUESTION: But it's reviewable if he says, time bar under the statute.

"MR. CUNDRA: Yes." Tr. of Oral Arg. 15-16.

As Circuit Judge Gee remarked in relation to this very issue, it "make[s] little sense" to rest reviewability *vel non* on the tag the trial court elects to place on its ruling. *Sykes* v. *Texas Air Corp.*, 834 F. 2d 488, 492 (CA5 1987).

135

Interpreting § 1452(b) as fully in sync with § 1447(d) on the nonreviewability of remand orders, we stress, secures the uniform treatment of all remands, regardless of the party initiating the removal or the court from which the case is removed. Cf. *Pacor, Inc.* v. *Higgins*, 743 F. 2d 984, 991-992 *135 (CA3 1984) (refusing to apply § 1447(d) in bankruptcy cases because, *inter alia,* removals under §§ 1441-1447 may be initiated only by defendants and are from state courts only, while § 1452 authorizes removals by "a party" and applies to cases originally filed in federal as well as state tribunals). A restrictive definition of what is "equitable" could invite wasteful controversy over the reviewability of bankruptcy case remand orders that are not reached by § 1447 and rest on grounds a common-law pleader might type "legal." It would show little respect for the legislature were courts to suppose that the lawmakers meant to enact an irrational scheme. Cf. *John Hancock Mut. Life Ins. Co.* v. *Harris Trust and Sav. Bank*, 510 U. S. 86, 94-95 (1993) (Court's examination of statutory language is "guided not by a single sentence or member of a sentence, but look[s] to the provisions of the whole law, and to its object and policy.") (internal quotation marks omitted) (quoting *Pilot Life Ins. Co.* v. *Dedeaux*, 481 U. S. 41, 51 (1987)); *Deal* v. *United States*, 508 U. S. 129, 132 (1993) (It is a "fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used.").

Moreover, even if jurisdictional and procedural defects were excluded from the "equitable ground" category, that would not force a construction of § 1452(b) calling for different results depending on the party initiating the removal or the court from which a claim is removed. The phrase "any equitable ground" in § 1452(b)

sensibly can be read to relate not to the basis for the district court's refusal to entertain a case (as my discussion up to now has assumed), but rather to the basis for *remanding*. Ordinarily, a district court unable to hear a claim, because of lack of jurisdiction or some other legal hindrance, has no choice but to dismiss. Section 1452(b), under the construction advanced in this paragraph, provides an alternative to dismissal (as well as an alternative *136 to proceeding with the case though all the legal requirements are met), by authorizing remands as fairness warrants, *i. e.,* when a remand would be "equitable."

In sum, a "strong congressional policy against review of remand orders," *Sykes*, 834 F. 2d, at 490, underlies §§ 1447(d) and 1452(b). Courts serve the legislature's purpose best by reading § 1452(b) to make sense and avoid nonsense, and to fit harmoniously within a set of provisions composing a coherent chapter of the Judicial Procedure part of the United States Code. Cf. *United Sav. Assn. of Tex.* v. *Timbers of Inwood Forest Associates, Ltd.,* 484 U. S. 365, 371 (1988) (statutory term "that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme," for example, when "only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law") (citations omitted). Thus the Sixth Circuit, I conclude, correctly ruled that neither § 1452(b) nor § 1447(d) permits the assertion of appellate jurisdiction in this case.

[*] *G. Eric Brunstad, Jr.,* filed a brief for the Connecticut Bar Association, Commercial Law and Bankruptcy Section, as *amicus curiae* urging affirmance.

[1] Section 1452 provides:

"(a) A party may remove any claim or cause of action in a civil action. . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

"(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals . . . or by the Supreme Court . . . ."

[2] The District Court's order left the Bankruptcy Court with no option but to remand the case to state court. The parties and the Court of Appeals for the Sixth Circuit are in agreement that the District Court's order in this case was equivalent to a remand to state court.

[3] Section 1447(c) requires that a motion to remand for a defect in removal procedure be filed within 30 days of removal. Petitioner removed this case to federal court on September 25, 1992. Respondent filed motions to remand in the District Court on October 23, 1992, and in the Bankruptcy Court on November 25, 1992. Respondent's motion to remand filed in the District Court was sufficient to bring this case within the coverage of § 1447(c).

[4] *Rice* interpreted the predecessor statute to § 1447(d). The current version of § 1447(d) is a recodification of the provision reviewed in *Rice* and is "intended to restate the prior law with respect to remand orders and their reviewability." *Thermtron Products, Inc.* v. *Hermansdorfer,* 423 U. S. 336, 349-350 (1976).

[1] This case concerns, and I address in this opinion, only orders *remanding* claims "related to" bankruptcy cases. Section 1452(b) also encompasses decisions "to not remand" claims related to bankruptcy cases. The § 1452(b) coverage of decisions "to not remand" resembles a prescription in 28 U. S. C. § 1334, the root jurisdictional provision governing "Bankruptcy cases and proceedings." Section 1334(c)(2) renders unreviewable district court decisions "to abstain or not to abstain" from adjudicating state-law claims merely "related to" a bankruptcy case, *i. e.,* claims that do not independently qualify for federal-court jurisdiction.

Of course, every federal court, whether trial or appellate, is obliged to notice want of subject-matter jurisdiction on its own motion. See, *e. g., Mansfield, C. & L. M. R. Co.* v. *Swan,* 111 U. S. 379, 382 (1884). An interlocutory decision "to not remand," therefore, although not *per se* reviewable, would leave open for eventual appellate consideration—also and earlier for district court reconsideration—any question of the court's subject-matter jurisdiction. See, *e. g., Sykes* v. *Texas Air Corp.,* 834 F. 2d 488, 492, n. 16 (CA5 1987) ("When the district court decides to *retain* a case in the face of arguments that it lacks jurisdiction, the decision itself is technically unreviewable; but of course the appellate court reviewing any other aspect of the case must remand for dismissal if the refusal to remand was wrong, *i. e.,* if there is no federal jurisdiction over the case.") (emphasis in original).

[2] After the Court held inconsonant with Article III the Bankruptcy Act's broad grant of jurisdiction to bankruptcy judges, see *Northern Pipeline Constr. Co.* v. *Marathon Pipe Line Co.,* 458 U. S. 50, 87 (1982), Congress transferred supervisory jurisdiction over bankruptcy

cases to Article III courts and retained for the district courts the broad removal/remand authority the Act initially gave to bankruptcy courts. See Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub. L. 98-353, 98 Stat. 333.

Save trees - read court opinions online on Google Scholar.

USDC - BALTIMORE MD
26 JAN 12 PM 11:58

# APPENDIX C — King Parties' Late Proofs of Claim and Adversary Filing

**APPENDIX C-1** Proof of Claim No. 21 (Brian King) – Filed
1/10/2024 ($0.00)
*(Standing defects; untimeliness — Arguments III & IV)*

**Fill in this information to identify the case:**

Debtor 1     Gregory B. Myers

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   District of Maryland

Case number   15-26033-MCR

## Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

---

| **Part 1:** | **Identify the Claim** |
| --- | --- |

| | | |
| --- | --- | --- |
| 1. Who is the current creditor? | Brian King | |
| | Name of the current creditor (the person or entity to be paid for this claim) | |
| | Other names the creditor used with the debtor _____ | |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? _____ | |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?<br><br>The VerStandig Law Firm, LLC<br>Name<br>1452 W. Horizon Ridge Pkwy, #665<br>Number   Street<br>Henderson   NV   89012<br>City   State   ZIP Code<br><br>Contact phone  (301) 444-4600<br><br>Contact email  mac@mbvesq.com | Where should payments to the creditor be sent? (if different)<br><br>Name<br><br>Number   Street<br><br>City   State   ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ | |
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____     Filed on ____ / ____ / _____<br>                                         MM / DD / YYYY | |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes. Who made the earlier filing? _____ | |

---

**Part 2:**  **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| 7. **How much is the claim?** | $_____0.00 . **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Equitable and statutory claim, as set forth in Case No. 24-00007 |
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes.  The claim is secured by a lien on property.<br>  **Nature of property:**<br>  ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>  ☐ Motor vehicle<br>  ☐ Other. Describe: _____<br><br>  **Basis for perfection:** _____<br>  Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>  **Value of property:** $_____<br>  **Amount of the claim that is secured:** $_____<br>  **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>  **Amount necessary to cure any default as of the date of the petition:** $_____<br><br>  **Annual Interest Rate** (when case was filed) _____%<br>  ☐ Fixed<br>  ☐ Variable |
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   01/10/2024
                          MM / DD / YYYY

/s/ Maurice B. VerStandig
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Maurice | Belmont | VerStandig |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Attorney |
|---|---|

| Company | The VerStandig Law Firm, LLC |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 1452 W. Horizon Ridge Pkwy, #665 |
|---|---|
| | Number          Street |
| | Henderson          NV          89012 |
| | City          State          ZIP Code |

| Contact phone | (301) 444-4600 | Email | mac@mbvesq.com |
|---|---|---|---|

**APPENDIX C-2** Proof of Claim No. 22 (Cristina King) – Filed 1/10/2024 ($0.00)

**Fill in this information to identify the case:**

Debtor 1    Gregory B. Myers

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   District of Maryland

Case number   15-26033-MCR

## Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

| | | |
|---|---|---|
| **1. Who is the current creditor?** | Cristina King <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor _____ | |
| **2. Has this claim been acquired from someone else?** | ☑ No <br> ☐ Yes. From whom? _____ | |
| **3. Where should notices and payments to the creditor be sent?** <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br><br> The VerStandig Law Firm, LLC <br> Name <br> 1452 W. Horizon Ridge Pkwy, #665 <br> Number   Street <br> Henderson    NV    89012 <br> City   State   ZIP Code <br><br> Contact phone   (301) 444-4600 <br> Contact email   mac@mbvesq.com <br><br> Uniform claim identifier for electronic payments in chapter 13 (if you use one): <br><br> _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | **Where should payments to the creditor be sent? (if different)** <br><br> Name <br><br> Number   Street <br><br> City   State   ZIP Code <br><br> Contact phone _____ <br> Contact email _____ |
| **4. Does this claim amend one already filed?** | ☑ No <br> ☐ Yes. Claim number on court claims registry (if known) _____     Filed on _____ <br>                                          MM / DD / YYYY | |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No <br> ☐ Yes. Who made the earlier filing? _____ | |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____ 0.00 . Does this amount include interest or other charges?

☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Equitable and statutory claim, as set forth in Case No. 24-00007

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____
**Amount of the claim that is secured:** $_____
**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | | |
|---|---|---|---|
| | ☐ Yes. *Check one:* | | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | | |

---

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    01/10/2024
                    MM / DD / YYYY

/s/ Maurice B. VerStandig
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Maurice | Belmont | VerStandig |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | The VerStandig Law Firm, LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1452 W. Horizon Ridge Pkwy, #665 | | |
| | Number        Street | | |
| | Henderson | NV | 89012 |
| | City | State | ZIP Code |
| Contact phone | (301) 444-4600 | Email | mac@mbvesq.com |

**APPENDIX C-3** Proof of Claim No. 23 (Cristina & Brian King Children's Trust) – Filed 1/10/2024 ($0.00)

**Fill in this information to identify the case:**

Debtor 1    Gregory B. Myers

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  District of Maryland

Case number   15-26033-MCR

## Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

1. **Who is the current creditor?**

   Cristina and Brian King Children's Trust
   Name of the current creditor (the person or entity to be paid for this claim)

   Other names the creditor used with the debtor _____

2. **Has this claim been acquired from someone else?**

   ☑ No
   ☐ Yes. From whom? _____

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   Where should notices to the creditor be sent?

   The VerStandig Law Firm, LLC
   Name

   1452 W. Horizon Ridge Pkwy, #665
   Number    Street

   Henderson        NV        89012
   City             State     ZIP Code

   Contact phone   (301) 444-4600

   Contact email   mac@mbvesq.com

   Where should payments to the creditor be sent? (if different)

   Name

   Number    Street

   City             State     ZIP Code

   Contact phone

   Contact email

   Uniform claim identifier for electronic payments in chapter 13 (if you use one):

   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

4. **Does this claim amend one already filed?**

   ☑ No
   ☐ Yes. Claim number on court claims registry (if known) _____
   Filed on _____
   MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**

   ☑ No
   ☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

---

**7. How much is the claim?**    $ _____ 0.00 . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Equitable and statutory claim, as set forth in Case No. 24-00007

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                          $ _____

**Amount of the claim that is secured:**    $ _____

**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $ _____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $ _____

---

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*                                                    Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).                    $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).                                      $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.    $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    01/10/2024
                    MM / DD / YYYY

/s/ Maurice B. VerStandig
_____
Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Maurice | Belmont | VerStandig |
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | The VerStandig Law Firm, LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1452 W. Horizon Ridge Pkwy, #665 | | |
| | Number    Street | | |
| | Henderson | NV | 89012 |
| | City | State | ZIP Code |
| Contact phone | (301) 444-4600 | Email | mac@mbvesq.com |

**APPENDIX C-4** Adversary Complaint, Adv. Proc. 24-00007
(Filed 1/10/2024)
*(Declaratory "redemption" claim; no estate cause of action —*
*Arguments I & V)*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GREGORY B. MYERS, | ) | Case No. 15-26033-MCR |
| | ) | |
| Debtor, | ) | |
| _____ | ) | |
| | ) | |
| BRIAN KING, CRISTINA KING, | ) | |
| AND THE CRISTINA AND BRIAN | ) | |
| KING CHILDREN'S TRUST, | ) | |
| | ) | Adversary Case No. _____ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROGER SCHLOSSBERG, in His | ) | |
| Official Capacity as Chapter 7 Trustee | ) | |
| of the Bankruptcy Estate of Gregory B. | ) | |
| Myers, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY RELIEF

Come now Brian King ("Mr. King"), Cristina King ("Mrs. King"), and Brian King in his

capacity as trustee of the Cristina and Brian King Children's Trust (the "Trustee of the Children's

Trust," with the trust itself being known as the "Children's Trust")) (Mr. King, Mrs. King, and the

Trustee of the Children's Trust being collectively known as the "Plaintiffs" and each sometimes

being known as a "Plaintiff"), by and through undersigned counsel, pursuant to Federal Rule of

Bankruptcy Procedure 7003 and Federal Rule of Civil Procedure 3, and as and for their complaint

for declaratory relief (the "Complaint") against Roger Schlossberg, in his official capacity as

Chapter 7 Trustee of Mr. Myers' bankruptcy estate (the "Trustee" or "Defendant"), state as

follows:

**Introduction**

1.      This action concerns the affairs of 6789 Goldsboro LLC ("6789 Goldsboro"), an entity formed to develop an eponymous parcel of real estate in Bethesda, Maryland.

2.      Gregory B. Myers ("Mr. Myers" or the "Debtor") prevailed upon the Plaintiffs to invest their money into developing the project, with 6789 Goldsboro being funded by the Plaintiffs and having its senior equity interests owned by the Plaintiffs.

3.      In exchange for his efforts locating the project and working to develop the project, Mr. Myers was granted a subordinate, junior equity interest in the company; knowing he would soon be filing bankruptcy, and wishing to conceal that interest from his creditors, Mr. Myers took the interest in the name of Serv Trust, an entity that has now been declared – by the Circuit Court for Montgomery County, Maryland – to be Mr. Myers' alter ego.

4.      At core, the deal with the Plaintiffs and Mr. Myers was simple: Mr. Myers had three years to develop 6789 Goldsboro Road, Bethesda, Maryland 20817 (the "Property") into an asset worth more than the monies invested by the Plaintiffs. If Mr. Myers succeeded in doing so, the junior equity interest would realize value; if Mr. Myers failed to do so, the junior equity interest could be redeemed for previous consideration.

5.      By reason of Mr. Myers taking repeated loans from 6789 Goldsboro, and in light of certain development issues encountered, the Property ultimately was not worth as much as the Plaintiffs had invested; after Mr. Myers performed an attempted act of grift on the Plaintiffs, they accordingly invoked the mechanism to redeem the junior equity interest titularly held by Serv Trust as Mr. Myers' alter ego.

6.      The Plaintiffs now seek a judicial declaration that the junior equity interest has been redeemed; since Mr. Myers is a debtor in bankruptcy, and insofar as the interest was held in the

2

name of an entity that has been adjudicated his alter ego, the Trustee is the proper defendant hereto and, accordingly, is the party against whom suit is instantly brought.

## Parties

7.      Mr. King is a natural person who is a citizen of the State of Florida by virtue of his ongoing domicile therein.

8.      Mrs. King is a natural person who is a citizen of the State of Florida by virtue of her ongoing domicile therein.

9.      Mr. King also brings this suit in his capacity as the Trustee of the Children's Trust, which is a Maryland trust.

10.     The Trustee is the duly-appointed trustee of the Chapter 7 bankruptcy estate of Mr. Myers, an estate that includes the assets of Serv Trust, a Maryland statutory trust that has been adjudicated to be the alter ego of Mr. Myers.

## Jurisdiction and Venue

11.     This Honorable Court enjoys jurisdiction over the instant proceeding, pursuant to the allowances of Section 157(b)(2)(A, B, O) of Title 28 of the United States Code, as this case concerns the administration of the Debtor's estate, an equitable claim against the Debtor's estate, and the liquidation of a putative asset of the Debtor's estate.

12.     Venue is properly laid in this Honorable Court pursuant to the allowances of Section 1334 of Title 28 of the United States Code, as this matter relates to a proceeding under Title 11 of the United States Code.

## General Allegations: 6789 Goldsboro LLC – Property and Operating Agreement

13.     The Plaintiffs collectively comprise the full Class A members of a 6789 Goldsboro and have done so at all times relevant.

3

14.    Mr. Myers, through his alter ego, Serv Trust, was the sole Class B member of 6789 Goldsboro prior to the time at which the subject interest was redeemed.

15.    Pursuant to the First Amended and Restated Operating Agreement of July 18, 2013 (the "Operating Agreement," inclusive of the subsequent amendment thereto), for 6789 Goldsboro, the entity exists to "purchase, acquire, buy, own, trade in, hold, develop, lease, manage, entitle, subdivide, sell, and otherwise deal in and with" the Property. *See* Operating Agreement at § 2.2.

16.    6789 Goldsboro acquired the Property on July 18, 2013 and has owned the Property continuously and without interruption at all times since.

17.    Pursuant to Section 7.7 of the Operating Agreement, as subsequently amended, if the governmental approvals requisite to subdivide the Property into at least nineteen (19) townhouse dwellings are not obtained by July 18, 2016, and the Class A members of 6789 Goldsboro do not elect to sell the Property, the Class A members have the right to have the Property appraised in accordance with the terms of the Operating Agreement.

18.    Pursuant to Section 7.5 of the Operating Agreement, an appraisal of the Property occurs, *inter alia*, when the Class A members notify the Class B member of a demand for appraisal of the Property, and each class of members then has fifteen (15) days to appoint an MAI appraiser.

19.    Under the regime of Section 7.5 of the Operating Agreement, an appraisal is then made by examining the appraisals of the individuals appointed by each class of membership and, if need be, having a third appraiser – mutually selected – undertake an additional appraisal.

20.    Following an appraisal triggered by Section 7.7 of the Operating Agreement, if the appraised value of the Property is found to be less than the monies thus far invested by the Class A members, the Class A members may cause 6789 Goldsboro to redeem the Class B member's interests in exchange for previous consideration.

4

### General Allegations: Appraisal

21.    The governmental approvals requisite to subdivide the Property into at least nineteen (19) townhouse dwellings were not obtained by July 18, 2016 and, further, have not been obtained as of the date of filing of this Complaint.

22.    On August 23, 2017, the Class A members notified Serv Trust of their election to have the Property appraised for purposes of determining if the entity may redeem the interest of Serv Trust.

23.    Specifically, notice was sent by undersigned counsel, on behalf of the Class A members (the Plaintiffs herein), to Serv Trust, via certified mail, return receipt requested, at the address indicated in the Operating Agreement (the "Appraisal Election").

24.    The Appraisal Election was delivered on August 24, 2017.

25.    By electronic mailing dated September 13, 2017, Serv Trust acknowledged its receipt of the Appraisal Election but did not appoint an appraiser pursuant to the Operating Agreement.

26.    Pursuant to the Operating Agreement, the last day for Serv Trust to appoint an appraiser was September 11, 2017.

27.    The Plaintiffs did not receive the appointment of an appraiser from Serv Trust through any of the means specified in the Operating Agreement (nor through any other medium) in a timely (or even untimely) manner.

28.    The Plaintiffs have had the Property appraised by their designated appraiser, and are in receipt of a report indicating its market value – at the time of the subject appraisal – to be between One Million Dollars and No Cents ($1,000,000.00) and One Million Three Hundred Twenty Five Thousand Dollars and No Cents ($1,325,000.00) (the "Class A Appraisal").

5

29.    The Class A members' investment in 6789 Goldsboro, as of the time of the Class A Appraisal, exceeds Three Million Five Hundred Thousand Dollars and No Cents ($3,500,000.00) (the "Class A Investment").

### General Allegations: Bankruptcy

30.    The relief sought herein was originally pursued in the Circuit Court for Montgomery County, Maryland (the "State Court").

31.    As part of the litigation in the State Court, the Plaintiffs also sought a declaration that Serv Trust is the alter ego of Mr. Myers.

32.    Notwithstanding myriad delays occasioned by Mr. Myers' gamesmanship (including an effort to remove the State Court suit to a bankruptcy court in Florida on the last business day before trial), the State Court claim to declare Serv Trust to be the alter ego of Mr. Myers was finally tried to the bench in January 2023.

33.    Following trial, the State Court ruled in favor of the Plaintiffs, adjudicating, *inter alia*, "Serv Trust is a disregarded entity, being the alter ego of Mr. Myers" and "Serv Trust is, and as of November 18, 2015 was, the alter ego of Gregory B. Myers."

34.    The Trustee was a nominal defendant in the State Court litigation and was represented at trial.

35.    With Serv Trust being declared the alter ego of Mr. Myers, and the claim concerning the redemption of Serv Trust's interests in 6789 Goldsboro accordingly being a claim against Mr. Myers' bankruptcy estate, the State Court ordered, *inter alia*, "all further proceedings in this case are stayed pursuant to the provisions of Section 362 of Title 11 of the United States Code, with all such proceedings constituting proceedings within the scope of those set forth in Section 157(b) of Title 28 of the United States Code."

6

36.     By agreement of the Plaintiffs and the Trustee, and consistent with an order of this Honorable Court approving the subject agreement, the litigation is thusly now brought in this Honorable Court, so the case may appropriately proceed.

37.     Pursuant to the aforementioned order of this Honorable Court, the parties hereto have entered into settlement negotiations over the past several weeks, albeit to no avail as of present; for the avoidance of doubt, the filing of this Complaint is not intended to stymie or otherwise interfere with those negotiations but, rather, is undertaken solely to protect and preserve the litigation rights of the Plaintiffs.

### Count One
### Declaratory Judgment: Redemption of Interests

38.     The Plaintiffs repeat and re-allege each and every foregoing paragraph of this Complaint, as though fully set forth herein.

39.     There does now exist an actual controversy between the parties hereto, concerning their respective rights under the Operating Agreement and the extent, *vel non*, of their legal relations.

40.     The Plaintiffs maintain that the interests of Serv Trust, in 6789 Goldsboro, have been redeemed pursuant to the allowances of the Operating Agreement.

41.     Specifically, Serv Trust failed to timely designate an alternative appraiser for purposes of appraising the Property, let alone procure an appraisal that values the Property at a sum in excess of the Class A Investment.

42.     Specifically, the Class A Appraisal reveals the Property to have a value well below that of the Class A Investment.

43.     Specifically, under the Operating Agreement, the Plaintiffs are entitled to have 6789 Goldsboro redeem the interest of Serv Trust, without any further consideration, where the

7

value of the Property in its present state is less than the sum of the Class A Investment.

44.    The Plaintiffs thusly maintain the interests of Serv Trust, in 6789 Goldsboro, have been fully redeemed, and the Trustee has no right, title, or interest in the affairs, equity, or assets of 6789 Goldsboro.

WHEREFORE, the Plaintiffs respectfully pray this Honorable Court (i) declare Serv Trust to have waived its right to appoint an alternative appraiser under the Operating Agreement by not doing so on or before September 11, 2017; (ii) declare the interest of Serv Trust, in 6789 Goldsboro, to have been fully redeemed; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

THE VERSTANDIG LAW FIRM, LLC,


/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
1452 W. Horizon Ridge Pkwy., #665
Henderson, Nevada 89012
Phone: 301-444-4600
E-mail: mac@mbvesq.com
*Counsel for the Plaintiffs*

8

**APPENDIX C-5** Debtor's Objection to Proof of Claim No. 21 (Brian King)

*(Due process violation when objections deemed moot — Argument III)*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

In re:

Gregory B. Myers

Debtor.

_____ /

Case No. 15-26033-MCR
Chapter 7

## OBJECTION TO CLAIM 21-1 FILED BY BRIAN KING,
## NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

Debtor, Gregory B. Myers ("Mr. Myers" or "Debtor"), *pro se*, pursuant to 11 U.S.C. §

502(a), objects to Claim 21-1 filed by Brian King (Claim 21-1), and in support thereof states:

1.      Debtor commenced this case by filing a bankruptcy petition on November 18, 2015

(the "Petition Date").

2.      On January 10, 2024, Brian King filed a Proof of Claim (Claim 21-1) in the amount

of Zero Dollars and No Cents ($0.00) with "the basis of the claim" identified as "Equitable and

statutory claim, as set forth in Case No. 24-00007". Claim 21-1 was submitted "under penalty of

perjury" by Maurice B. VerStandig, Esquire and The VerStandig Law Firm, LLC.

3.      Claim 21-1 lacks attachments or factual support. For example, Claim 21-1 fails to

attach a copy of the referenced "Case" and fails to attach redacted copies of any other documents

supporting Claim 21-1 as required by Bankruptcy Rule 3001(c).

4.      Claim 21-1 is a fraudulent attempt to create a monetary connection between Serv

Trust and Mr. Myers's Chapter 7 bankruptcy estate where there is none. *See. e.g., In re Anderson,*

377 B.R. 865 (2007).

5.      Claim 21-1 is counterfactual and legally meritless for the reasons set forth in

**Exhibits A, B, C, D, E** and **F**, which are incorporated herein by reference and made a part hereof

1

for all relevant purposes.

6.      Claim 21-1 is invalid on its face because it is time barred by 11 U.S.C. §502 and Rule 3002 of the Federal Rules of Bankruptcy Procedure. See *In re Stone*, 473 B.R. 465 (Bankr. M.D. Fla. 2012). Further, the Court has no authority or discretion to modify the claims bar date in Mr. Myer's Chapter 7 bankruptcy case (i.e., by ordering "the deadline for the King Parties to file a proof of claim against the bankruptcy estate is 30 days from the date on which this Order is entered" or January 10, 2024). *See* Fed. R. Bankr. P. 3002(c); Fed. R. Bankr. P. 9006(b)(3). *See also In re Aboody*, 223 B.R. 36 (B.A.P. 1st Cir. 1998) (excusable neglect standard is inapplicable to the filing of a proof of claim in a case under Chapter 7).

7.      Accordingly, Claim 21-1 should be disallowed in its entirety.

## RESERVATION OF RIGHTS

8.      Nothing herein shall be construed as an admission that Debtor was or is indebted to Brian King or that any of the claims or amounts asserted in Claim 21-1 are valid. Debtor reserves the right to amend or supplement this Objection if Debtor deems it necessary and appropriate, for any reason, including, without limitation, the right to add documents and assert claims or defenses, at law or in equity, arising prior to, on, or after the Petition Date.

9.      Debtor does not waive any rights at law or equity or any rights or causes of action that Debtor has or may have against any person, including but not limited to Brian King, that (i) affect or seek to affect in any way the rights or interests of the Debtor or any other party in interest in this case, including (a) property of the Debtor or the Debtor's estate, or proceeds thereof, (b) claims against or interests in the Debtor, (c) other rights or interests of creditors of the Debtor or other parties in interest in this case, or (d) property or proceeds thereof in the possession, custody, or control of Brian King or other parties in interest in this case in which the Debtor possesses a

2

legal right of user or other rights, whether known or unknown, future or contingent, express or implied; or (ii) requires or prohibits, or seeks to require or prohibit, any act, delivery of any property, payment or other conduct by the Debtor or any other party in interest. Debtor further reserves any rights to recoupment and setoff, and, if appropriate, may exercise such rights without further order of the Court and without amending this Objection.

10.    This Objection is not intended to be, and shall not be construed as, an election of remedies; a waiver of any claims or defenses; or an admission as to the jurisdiction of this Court and/or a waiver to contest the jurisdiction of this Court. Neither this Objection nor any pleading, claim, or suit shall waive any right of Debtor (i) to have final orders in non-core matters entered only after de novo review by a higher court, (ii) to trial by jury in any proceeding so triable in this case or any case, controversy, or proceeding related to this case, (iii) to have the reference withdrawn in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, defenses, setoffs or recoupments, under agreements, in law, in equity, or otherwise, all of which rights, claims, actions, defenses, setoffs, and recoupments are expressly reserved.

## REQUEST FOR EVIDENTIARY HEARING

11.    Debtor requests that the Court schedule an evidentiary hearing on Claim 21-1 and Debtor demands strict proof on the substance and merits of Claim 21-1.

**WHEREFORE**, for the reasons set forth above, Debtor Gregory B. Myers requests that the Court enter an order sustaining Debtor's Objection to Claim 21-1, disallowing Claim 21-1 in its entirety, and grant such other and further relief as this action may require. [1]

---

[1] Judges abuse the power of the judicial office when they abbreviate or change critical aspects of the adversary process in ways that run counter to the scheme established by relevant constitutional and statutory law. *Oberholzer v. Comm'n on Judicial Performance*, 20 Cal.4th 371, 84 Cal.Rptr.2d

## NOTICE TO CLAIMANT BRIAN KING

Please take notice that:

WITHIN 30 DAYS AFTER THE DATE OF SERVICE OF THE
OBJECTION, THE CLAIMANT MAY FILE AND SERVE A
MEMORANDUM IN OPPOSITION, TOGETHER WITH ANY
DOCUMENTS AND OTHER EVIDENCE THE CLAIMANT WISHES TO
ATTACH IN SUPPORT OF ITS CLAIM, UNLESS THE CLAIMANT
WISHES TO RELY SOLELY UPON THE PROOF OF CLAIM. AN
INTERESTED PARTY MAY REQUEST A HEARING THAT WILL BE
HELD AT THE COURT'S DISCRETION.

**RESPECTFULLY SUBMITTED** on this 6th day of May, 2025.


Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*greghmyers@verizon.net*

---

466, 975 P.2d 663, 679 (1999) (legal error "can constitute misconduct if it involves 'bad faith,
bias, abuse of authority, disregard for fundamental rights, intentional disregard of the law or any
purpose other than the faithful discharge of judicial duty' " (citing cases)); *In re Quirk*, 705 So.2d
at 178 ("egregious legal error, legal error motivated by bad faith, and a continuing pattern of legal
error" can also constitute misconduct). The record in this case creates a stark appearance of
misconduct sufficient to support a finding that this Court has committed serious judicial
misconduct by abusing power that is prejudicial to the effective and expeditious administration of
the business of the courts. 28 U.S.C. § 351(a).

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of May 2025, a copy of the foregoing was

furnished via first class U.S. Mail, postage prepaid to the following parties:

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Gregory B. Myers

5

USBC-MD G FILED
6 MAY 25 >4:02

# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

In re:

GREGORY B. MYERS,                                          Case No. 15-26033-MCR
                                                           (Chapter 7)
Debtor.

_____/

BRIAN KING, et al.,

Plaintiffs,

v.                                                         Adv. No. 24-00007

ROGER SCHLOSSBERG, TRUSTEE,

Defendant.

_____/

## GREGORY B. MYERS'S PRELIMINARY OBJECTION TO THE TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED COMPROMISE AND SETTLEMENT WITH KING PLAINTIFFS

Gregory B. Myers ("Mr. Myers" or "Movant"), *pro se*, files his preliminary objection (the

"Objection") to the *Trustee's Motion For Approval Of Proposed Compromise And Settlement With*

*King Plaintiffs* (Doc. 17) (the "Motion"), and states:

### BACKGROUND

On December 16, 2022, the Montgomery County Circuit Court (Lease, J) held a hearing in

*King, et al. v. Serv Trust, et al.*, Case No. 436977-V (the "King Case") and *6789 Goldsboro LLC*

*v. Serv Trust, et al.*, Case No. 436977-V (the "Goldsboro Case") (the "King Case" and "Goldsboro

Case" having been consolidated for administrative purposes, and referred to herein collectively as

the "State Court Litigation"). The following statements were placed on the record during the

1

December 16, 2022, hearing in the State Court Litigation:

> THE COURT: *** So Mr. Myers is here in court. The matters against Mr. Myers have been stayed. *** Mr. Myers is a party to the case, but his matters have been stayed at this point in time.
>
> THE COURT: What's the status of this matter? I'll start with counsel for the King Parties.
>
> MR. VERSTANDIG: Your Honor, we are prepared to proceed to trial on January 3rd [2023]. Pre-trial statements were filed a couple of years ago prior to a bankruptcy stay and are inclusive of all the exhibits and all the witnesses we plan to rely upon during our trial in January [2023]. It will be a more abbreviated list of witnesses and exhibits because the claims against Mr. Myers are stayed. ***
>
> MR. MYERS: *** If King Parties prevail in either of their two counts, I have potential liability.
>
> THE COURT: They would have to prove those counts against you in a separate trial. The matter would not be -- there would not be any collateral estoppel or res judicata because you did not participate in this case as a party. You were stayed and out of the case.
>
> MR. MYERS: There would still be a ruling that would impose liability upon me.
>
> THE COURT: There would not be a ruling that would impose liability on you. There would be a ruling that would potentially impose liability on Serv Trust. However, these Plaintiffs would have to, if they wanted to proceed against you, would be required to try that matter again separately and there would not be any res judicata or collateral estoppel issues because you were not a party to th[is] case. You were stayed, so you are not considered a party.

(Alterations and emphasis supplied supplied). See also King Plaintiff's motion to stay proceedings,

a copy of which is attached hereto as **Exhibit A** and made a part hereof.

On January 3, 2023, the Montgomery County Circuit Court (Lease, J) made the following

statement on the record in the State Court Litigation:

> THE COURT: And under the Frow doctrine you can, either one of two things: you sort of abstain from going forward because you don't want to try it twice, or two, you can enter the judgment, but then it's a non-final judgment because anything that I do today in essence necessarily would be nonfinal because we don't have, we're not putting all of the claims against all the parties are not getting to an adjudication. **So we don't have a final judgment today under any circumstance**.

2

(Emphasis supplied).¹ A copy of the partial hearing transcript is attached hereto as **Exhibit B** and made a part hereof.

On January 3, 2023, Mr. Myers noticed an appeal to the Appellate Court of Maryland ("ACM") stemming from the conduct in the State Court Litigation. The ACM docketed the case as No. 1876, September Term 2022, ACM-REG-1876-2022 (the "ACM Appeal").

On January 12, 2023, the Montgomery County Circuit Court (Lease, J.)—in violation of the ACM's jurisdiction—entered an ORDER ENTERING PARTIAL JUDGMENT AND STAY in the State Court Litigation, ordering "that all remaining matters in this case are accordingly stayed... ."

On April 17, 2023, the Montgomery County Circuit Court (Lease, J) held a hearing in the State Court Litigation and ruled the "triggering mechanism" for bankruptcy jurisdiction would necessarily require entry of a **final order** in the State Court Litigation (i.e., *not* entry of a *non-*final order). A copy of the hearing transcript is attached hereto as **Exhibit C** and made a part hereof.

On April 18, 2023, in the ACM Appeal, Mr. Myers filed a motion for stay pending appeal. On April 28, 2023, the King Parties filed a response to Mr. Myers's motion (the "King Parties ACM Response")—which Goldsboro and the Trustee adopted and incorporated in their respective responses filed in the ACM Appeal—arguing:

> "[T]he order from which Mr. Myers instantly seeks a stay is, by its own express terms, non-final. Indeed, the document is titled 'Order Entering Partial Judgment and Stay,' and the order most certainly does not dispose of the totality of the triable issues below."
>
> "**The order from which appellants appealed did not adjudicate or complete the adjudication of any claim in this matter.** It therefore was not a final order[.]"

---

¹ The King Parties have **never** answered the Second Amended Counterclaim filed by Serv Trust in Case 436977-V and are now in default.

"Here, the order below is, by its own titular designation, partial' in nature. There are no less than three causes of action that have not yet been tried judgment and accordingly, upon which no judgment has been entered."

"[T]here remain unresolved causes of action in both cases that were consolidated below and, as such, there does not exist a final order in either case, even if they were to be considered separately."

(Alterations supplied.) A copy of the King Parties ACM Response is attached hereto as **Exhibit D**. The King Parties, Goldsboro, and the Trustee are judicially estopped from taking a different position in this Court.

On May 7, 2024, the King Parties and the Trustee executed and filed a fraudulent "STIPULATION OF DISMISSAL" (the "Stipulation") in the State Court Litigation, which states:

COMES NOW, Plaintiffs, Brian King, Cristina King, and Brian King in his capacity as trustee of the Cristina and Brian King Children's Trust (collectively, the "King Parties"), and Defendant, Serv Trust, through Roger Schlossberg, the Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers, who is, by operation of law, now the sole legal representative of Serv Trust following this Court's judicial determination herein that Serv Trust is the alter ego of Gregory B. Myers, by and through their respective undersigned counsel, pursuant to Md. Rule 2-506(a), hereby stipulate and agree that Count I of Plaintiffs' First Amended Complaint (Declaratory Judgment; Redemption of Interests) in Case No. 486977-V shall be, and is hereby, DISMISSED.

A copy of the fraudulent Stipulation is attached hereto as **Exhibit E**.

## ARGUMENT

Serv Trust's property is **undisputed** unless and until there is a final judgment in the State Court Litigation, and it is **undisputed** that there is no final judgment in the State Court Litigation that adjudicates all claims against all parties in the State Court Litigation. In fact, the King Plaintiffs/Appellants represented to the Appellate Court of Maryland that "The order from which appellants appealed did not adjudicate or complete the adjudication of *any claim* in this matter." (Emphasis supplied.) The Trustee adopted and incorporated that very argument as his own.

4

It is obvious the Settlement Motion—together with Adversary Proceeding No. 24-00007—is a sham; a fraud. See *In re Anderson*, 377 B.R. 865 (2007), holding "the Chapter 7 Trustee's settlement with the owners of the other undivided one-half interest in the property cannot be approved, for, as already discussed, that settlement contemplates the Chapter 7 Trustee conveying to those owners an interest in the property that the bankruptcy estate in all likelihood no longer owns. **The bankruptcy estate's receipt of consideration from the Defendants under such circumstances would be tantamount to fraud and, therefore, would be in violation of the Chapter 7 Trustee's fiduciary duty to administer the bankruptcy estate in a lawful manner.**" (emphasis supplied). See also email chain attached hereto as **Exhibit F**, evidencing a conspiracy by and among Brian King, Timothy Lynch, Maurice VerStandig and others to commit tax fraud in violation of 26 U.S. Code § 7206, as well and numerous other bad acts.[2] *See Ergen v. Washington County Bldg. Loan Ass'n.*, 184 Md. 412, 41 A.2d 290 (1945) ("where two or more persons conspire to carry out a fraud to cheat another, each of them is liable to the defrauded party irrespective of the degree of his activity in the fraudulent transaction or whether he shared in the profits of the scheme. In order to establish liability of a participant in a fraud, it is not necessary to show that he was a party to its contrivance at its inception. If it is shown that he knew of the fraudulent scheme and willfully aided in its execution, he is chargeable with the consequences. All persons who participate in such a transaction are jointly liable for the ensuing injury regardless of the degree of culpability. *Lomita Land Water Co. v. Robinson*, 154 Cal. 36, 97 P. 10, 14."). Id. at 418. The Trustee's "fingerprints" are now on this scheme as well.[3]

_____

[2] Notably, on December 18, 2018, **The Honorable Anne K. Albright** (now sitting on the Appellate Court of Maryland), found, *inter alia*, that Brian King as the Managing Member of 6789 Goldsboro LLC breached his fiduciary duty to Serv Trust "in order to benefit himself and the other class A members" (this family), and concluding "**that would amount to constructive fraud.**".
[3] Given the criminal and fraudulent nature of the Settlement Motion, it is apparent that counsel's

5

On December 5, 2019, the Maryland bankruptcy court (Simpson, J) entered an Order remanding Adv. No. 19-00427 (i.e., the State Court Litigation) "to the Circuit Court for Montgomery County, Maryland pursuant to 28 U.S.C. ' 1452(b)." (Adv. No. 19-00427; Dkt. No. 5) the "Remand Order"). A copy of the Remand Order is attached hereto as **Exhibit G** and made a part hereof.

This Court (Chavez-Ruark, J) has previously acknowledged that the Montgomery County Circuit Court (Lease, J) has jurisdiction and authority under the Maryland Rules to **control its judgments** that are non-final. And the Trustee concedes that he is **barred** under Bankruptcy Rule 9027(a)(3) from removing the State Court Litigation to this Court, citing Bankruptcy Rule 9027 and *Roberts v. Creighton*, 2009 WL 7083320 (D. Md. Feb. 27, 2009). Yet, on December 11, 2023, this Court (Chavez-Ruark, J) entered an Order (Doc 1029) in Case 15-26033, which states:

> "The Settlement Procedure Motion is the **mechanism** by which the Trustee is seeking authority to resolve a stayed cause of action in the State Court."

The Bankruptcy Court (Chavez-Ruark, J) has no jurisdiction or authority to approve a "**mechanism**" which amounts to an **improper collateral attack** on the Remand Order entered on December 5, 2019 (Adv. No. 19-00427; Dkt. No. 5). An order remanding a claim or cause of action to the State Court is not reviewable by appeal "or otherwise" (which includes this Court). Only a

---

conduct implicates several cannons of the Model Rules of Professional Conduct. For instance, Rule 1.2(d), which proscribes a lawyer from "counsel[ing] a client to engage, or assist[ing] a client, in conduct that the lawyer knows is criminal or fraudulent"; Rule 3.1, which requires that a lawyer only bring or defend a proceeding when "there is a basis in law and fact for doing so that is not frivolous"; Rule 3.3(4) regarding candor toward the tribunal, which proscribes a lawyer from presenting a "[l]egal argument based on a knowingly false representation of law"; and Rule 3.3(12) which provides that "[l]awyers have a special obligation to protect a tribunal against criminal or fraudulent conduct that undermines the integrity of the adjudicative process[.]" Mr. Myers will be filing a complaint with the Attorney Grievance Commission to determine what, if any, Rules of Professional Conduct counsel might have violated.

district court or bankruptcy appellate panel may review a bankruptcy court's remand order under 28 U.S.C. § § 1334(d), 1447(d) and 1452(b). See *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). Accordingly, this Court's (Chavez-Ruark, J) "mechanism" is unlawful and is an affront to the proper jurisdiction of the State Court.

Maryland adheres to the *Frow Doctrine*. See *Curry v. Hillcrest Clinic, Inc.*, 337 Md. 412, 428-33 (1995) discussing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872)( "But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."). "If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. And such an incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law." *Id*.

It has long been established that courts "'can make no decree affecting the rights of an absent person, and can make no decree between the parties before it which so far involves or depends upon the rights of an absent person that complete and final justice cannot be done between the parties to the suit without affecting those rights.'" *Greeley v. Lowe*, 155 U.S. 58, 70 (1894) (quoting *Shields v. Barrow*, 58 U.S. 130, 141-42 (1854)). This rule is just as strong today as when it was first set forth. See, e.g., *Republic of Philippines v. Pimentel*, 553 U.S. 851, 871 (2008) (recognizing that the non-joined parties "would not be bound by the judgment in an action where they were not parties").

7

The U.S. Supreme Court has clearly stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a remedy sought in opposition to them, even prior to a reversal. They constitute no justification, and all persons concerned in executing such judgments or sentences are considered in law as trespassers." *Elliot v. Lessee of Piersol*, 26 U.S. 328 (1828). Thus, according to *Elliot*, by filing the instant Motion, the Trustee is "considered in law [a] trespasser." *Id.*

The State Court has made no final determination in the State Court Litigation. Accordingly, the Settlement Motion must be denied because there is no justiciable controversy or cause of action "affecting the estate" and therefore there is nothing for the Trustee "to compromise or settle." See *E.F. Hutton & Co., Inc. v. Hadley*, 901 F .2d 979 (11th Cir.1990) (When standing has been contested, it is the burden of the party claiming standing "to plead and prove injury in fact, causation, and redressability."). The Trustee and the King Plaintiffs cannot meet that burden and "the court is not required to accept as true unwarranted legal conclusions or unwarranted factual inferences." *Id.* at 753. The Trustee and the King Plaintiffs must assert more than a conclusory statement that they have "suffered damages." It is the burden of the party claiming standing "to plead and prove injury in fact, causation, and redressability." Id. At 984. But here, they cannot.

Until the State Court Litigation concludes (i.e., with a final order , the Trustee lacks standing to file this Motion or any other motion affecting Serv Trust or Mr. Myers. This is not a core proceeding (it's a sham) and Mr. Myers does not consent to the entry of any final orders or judgments by the bankruptcy court. To the extent the Settlement Motion is not dismissed for lack of subject matter jurisdiction or some other reason, the bankruptcy court must submit proposed findings of fact and conclusions of law to the Maryland District Court for an Article III Judge to make a final determination. The U.S. Supreme Court has clearly stated that if a court is "without

authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a remedy sought in opposition to them, even prior to a reversal. They constitute no justification, and all persons concerned in executing such judgments or sentences are considered in law as trespassers." *Elliot v. Lessee of Piersol*, 26 U.S. 328 (1828). Thus, according to Elliot, by filing the Settlement Motion, the Trustee is "considered in law [a] trespasser." *Id.*

The Trustee has the burden of proof on the Settlement Motion, and Mr. Myers intends to show at an evidentiary hearing on the Settlement Motion that the Trustee cannot meet that burden. Accordingly, the Trustee's Settlement Motion should be denied

## REQUEST FOR EVIDENTIARY HEARING

Mr. Myers demands that the Court schedule a full evidentiary hearing on the Trustee's Settlement Motion and demands **strict proof** on the substance and merits of the Trustee's Settlement Motion.

RESPECTFULLY SUBMITTED on this 21st day of January, 2025.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of January, 2025, a copy of the foregoing

GREGORY B. MYERS'S PRELIMINARY OBJECTION TO THE TRUSTEE'S MOTION FOR

APPROVAL OF PROPOSED COMPROMISE AND SETTLEMENT WITH KING

PLAINTIFFS was furnished via first class U.S. Mail, postage prepaid to the following parties:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Gregory B. Myers, *pro se*

10

USBC-MO G FILED
6 MAY '25 PM4:02

# Exhibit B

Entered: December 5th, 2019
Signed: December 4th, 2019

**SO ORDERED**



LORI S. SIMPSON
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BAKNRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Gregory B. Myers, | * | Case No. 15-26033-WIL |
| | * | Chapter 7 |
| Debtor. | * | |
| | * | |

| | | |
|---|---|---|
| Gregory B. Myers, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Adversary No. 19-00427 |
| | * | |
| Brian King, et al., | * | |
| | * | |
| Defendants, | * | |

**ORDER REMANDING CASE**

The above-captioned adversary proceeding was commenced on November 13, 2019, upon
the Notice of Removal filed by Maurice VerStandig.  The Notice of Removal states that Gregory
Myers (the "Debtor") filed a third-party claim and counterclaim against various parties (the "Myers

1

Defendants") in Consolidated Case No. 451611-V pending in the Circuit Court for Montgomery County, Maryland alleging that the Myers Defendants violated Section 362 of Title 11 of the United States Code (the "Third Party Complaint"). Because the Third Party Complaint asserts that the Myers Defendants violated the automatic stay arising in the Debtor's bankruptcy case pending in this Court, the Myers Defendants consented to the removal of the Circuit Court Action.

On December 3, 2019, the Debtor filed a Notice of Voluntary Dismissal of the Third Party Complaint pursuant to Fed. R. Civ. P. 41, made applicable to this proceeding by Fed. R. Bankr. P. 7041. Based on the dismissal of the Third Party Complaint, and this Court having previously elected to abstain from exercising jurisdiction over the underlying Circuit Court Action[1], the Court will remand this matter to the Circuit Court for Montgomery County, Maryland.

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland, hereby

**ORDERED**, that the above-captioned adversary proceeding is remanded to the Circuit Court for Montgomery County, Maryland pursuant to 28 U.S.C. § 1452(b).


cc:     All Counsel
        All Parties
        United States Trustee
        Chapter 7 Trustee: Roger Schlossberg


**END OF ORDER**

---

[1] See Order of Abstention (Docket Entry No. 28) entered on January 30, 2019, in Adversary Proceeding 18-00407.

2

USBC-MD G FILED
6 MAY '25 PM4:04

# Exhibit C



IN THE APPELLATE COURT OF MARYLAND

| | | |
|---|---|---|
| GREGORY BRIAN MYERS | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. ACM-REG-1876-2022 |
| | ) | |
| BRIAN KING, et al. | ) | September Term 2022 |
| | ) | |
| Appellees. | ) | |
| | ) | |

## OPPOSITION TO EMERGENCY MOTION FOR STAY PENDING APPEAL

Come now Brian King, Cristina King, and Brian King in his capacity as trustee of the Cristina and Brian King Children's Trust (collectively, the "King Parties"), appellees herein, by and through undersigned counsel, in opposition to Emergency Motion for Stay Pending Appeal (the "Motion") filed by Gregory B. Myers ("Mr. Myers" or the "Appellant"), and in support thereof state as follows:

### I.    Introduction

After years of delay tactics, the Appellant endeavored to remove the case below, to a Florida bankruptcy court, on the last business day before trial. When that tactic failed, courtesy of a prompt remand, the Appellant failed to appear at trial but filed a *carte blanche* appeal prior to the Circuit Court for Montgomery County, Maryland giving an oral ruling at the close of the trial (and well before a written order would file several days later). He now seeks an emergency stay pending disposition of that appeal but, in so doing, misses at least three critical issues: (i) a motion for a stay pending appeal must first be brought in the trial court; (ii) this appeal is procedurally improper inasmuch as it stems from a non-final order; and (iii) the Appellant is unlikely to succeed

1

on this appeal by virtue of the simple reason that he did not appear at trial and, as such, did not preserve any issues for appeal.[1]

For these reasons, and as extrapolated upon *infra*, the Motion merits denial.

## II.    Background: Gregory Myers and Barbara Ann Kelly

The ruling below concerns Mr. Myers and his wife, Barbara Ann Kelly ("Ms. Kelly"), using a trust (putatively established for the benefit of their children) to conceal assets from creditors, including a bankruptcy trustee. This case, however, falls within a broader context, where the litigation tactics of Mr. Myers and Ms. Kelly — including those focused on appellate filings — have, time and again, been held to be exemplars of bad faith.

As noted by one court more than two years ago, in assessing Mr. Myers' bad faith litigation tactics:

> [O]ver the past three years, Myers has filed approximately twenty actions, to include fifteen bankruptcy appeals and five civil cases, seemingly for the purpose of delaying the liquidation of his assets in his bankruptcy case. The overwhelming majority of these cases have been dismissed either by the Court or by Myers voluntarily after Myers failed to designate the record, file a brief, or pay his filing fees....

*Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch, P.A.*, 2020 WL 758154, at *1 (D. Md. 2020).

The United States District Court for the District of Maryland proceeded to further analyze how Mr. Myers' litigious efforts are vexatious in the worst way:

> This behavior has become a longstanding pattern for Myers. In his twenty cases, Myers initiates the action, then exhibits a dereliction in prosecution that reflects no real interest in resolution on the merits. The Court cannot help but conclude that

---

[1] The Appellants first learned of the Motion yesterday. As noted in a separate filing, it appears Mr. Myers — in what has now become a pattern of his — signed a certificate of service but never actually deposited a copy of the Motion in the mails. Save for the happenstance of counsel for a related party checking the docket, the pendency of the Motion would not have been timely discovered. The King Parties hope to supplement this with a more extensive brief in the coming days but, in the interim, file this opposition out of an abundance of caution.

Myers' true goal is to gum up the judicial process for his own personal benefit and ignore valid court orders as he sees fit. Taking all of this into account, the Court finds that Myers' behavior has reached the point where the Court could hold Myers in contempt of valid court orders and dismiss the action irrespective of the automatic stay

*Myers*, 2020 WL 758154, at *4 (citing *In re Walters*, 868 F.2d 665, 669 & n.2 (4th Cir. 1989); *CapitalSource Fin., LLC v. Delco Oil, Inc.*, 2010 WL 3733934, at *7 (D. Md. 2010); *S.E.C. v. Bilzerian*, 131 F. Supp. 2d 10, 15 (D. D.C. 2001), aff'd, 75 Fed. Appx. 3 (D.C. Cir. 2003)).

Other courts have, too, found bad faith to be afoot, when confronted with Mr. Myers' various tactics (including his flurry of emergency motions). *See, e.g.*, *Kelly v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, 2022 WL 861395, at *3 (D. Md. 2022) ("...the Court finds that Appellants Barbara Ann Kelly and Gregory B. Myers are acting in bad faith."); *Myers v. Schlossberg*, 2019 WL 414875, at *1 (D. Md. 2019) ("Appellants have persisted in questionable litigation strategy that can only be viewed as dilatory and irresponsible."); *In re Myers*, 2023 WL 350183, at *5 (Bankr. M.D. Fla. 2023) ("Debtor's actions throughout the course of this bankruptcy case demonstrate that he did not file his Chapter 13 case or the Plan in good faith").

### III.    Argument: Mr. Myers Did Not First Seek a Stay in the Trial Court

Stays pending appeal are governed by Maryland Rule 8-422, and appellate injunctions are governed by Maryland Rule 8-425. Both require the movant to first seek relief in the trial court, though one my bypass that step in the prism of an injunction if seeking the lower court's review "is not practicable." Md. Rule 2-425(b).

Here, Mr. Myers did not seek a stay or an injunction in the Circuit Court for Montgomery County, Maryland. And, while he now feigns the instant Motion to be an "emergency," he also elected to file the same more than three months after noticing this appeal. There was ample time for Mr. Myers to seek a stay below; he has just elected to not do so.

3

To be sure, this is not a mere formality. If Mr. Myers is seeking injunctive relief, his filing a motion below would have allowed for full briefing of the matter – and introduction of any pertinent evidence – before this Honorable Court was confronted with the same requested. Yet Mr. Myers did not do so; instead he waited three months and then filed an "emergency" motion without offering any explanation as to how matters are more critical today than they were the day the partial judgment was entered in the trial court.

## IV.   Argument: There is No Appellate Jurisdiction

More macroscopically, there is no reason to grant a stay pending appeal because Mr. Myers, as a matter of law, cannot prevail on this appeal. Even putting aside the oddity of his having noted the appeal *before* an oral ruling was had at the close of trial (let alone before a written order was entered), the order from which Mr. Myers instantly seeks a stay is, by its own express terms, non-final. Indeed, the document is titled "Order Entering Partial Judgment and Stay," and the order most certainly does not dispose of the totality of the triable issues below.

Familiarly, "The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law." Md. Code Ann., Cts. & Jud. Proc. § 12-301. And while certain interlocutory orders are rendered appealable by Section 12-303 of the Courts and Judicial Proceedings Article, the order below does not nearly fall into one of those specifically-delineated interlocutory categories.

The non-appealability of non-final judgments, in turn, is well established in this Honorable Court. *See, e.g., Paul v. Clarke*, 2015 WL 9394120, at *1 (Md. App. 2015) ("To constitute a final judgment, the judgment must have several attributes. One of which is that it must "adjudicate or complete the adjudication of all claims against all parties [.]" The order from which appellants

4

appealed did not adjudicate or complete the adjudication of any claim in this matter. It therefore was not a final order and, as a consequence, this Court has no jurisdiction to entertain this appeal.") (quoting *Board of Liquor License Commissioners for Baltimore City v. Fells Point Cafe, Inc.*, 344 Md. 120, 129 (1996) (quoting *Rohrbeck v. Rohrbeck*, 318 Md. 28, 41 (1989))).

Here, the order below is, by its own titular designation, "partial" in nature. There are no less than three causes of action that have not yet been tried judgment and, accordingly, upon which no judgment has been entered.¹ Thusly, it cannot be said that appellate jurisdiction is instantly manifest and, by extension, it cannot be postured that Mr. Myers has any likelihood of success on this appeal.

V.      Argument: Mr. Myers Did Not Appear at Trial

This brief is being largely written from a restaurant in rural New England since, as previously noted, Mr. Myers appears to have an affinity for signing certificates of service saying he has placed items in the mail when, in reality, he never did so. It is hoped that the pending motion for an extension of time to reply to the Motion will be granted, and a more substantive argument may be offered forth. In the interim, however, and in the interests of quickly filing something after learning of the Motion on very short notice (courtesy of a fellow lawyer randomly checking the docket), it bears notation that Mr. Myers did not appear at trial in this matter and, as such, did not raise any of these issues at trial.

To be sure, it is not a coincidence that Mr. Myers failed to appear at trial. During the pre-trial conference, he informed the trial court judge that there would be no trial. And then, seemingly

---

¹ One of Mr. Myers' favored arguments is that despite two cases being consolidated, they cannot be regarded as a singular case. While he alludes to this in his Motion, the argument is of no moment *sub indice*; there remain unresolved causes of action in *both* cases that were consolidated below and, as such, there does not exist a final order in either case, even if they were to be considered separately.

5

eager to prove that prophecy to be sage, on the last business day before trial, Mr. Myers removed this case to the United States Bankruptcy Court for the Middle District of Florida. But undersigned counsel, content to spend part of a holiday weekend away from the party scene, filed an emergency remand motion which, in turn, was granted on the first day of trial – before the open of business. And, thusly, after Mr. Myers endeavored to sabotage the trial herein (not for the first time – procedural delay is one of his well-established hallmarks), he never appeared at trial. In fact, it is not even clear if he was in the same state at the time of trial.

All of this matters because Mr. Myers, of course, did not raise any issues at trial since he did not appear at trial. And, as a matter of hornbook law, "A contention not raised below either in the pleadings or in the evidence and not directly passed upon by the trial court is not preserved for appellate review." *Baltimore City, Maryland v. Aecom Services, Inc.*, 28 A.3d 11, 35 (Md. App. 2011) (quoting *Zellinger v. CRC Dev. Corp.*, 281 Md. 614, 620 (1977)).

Mr. Myers has failed to preserve any issues below and, as such, cannot succeed on any appellate arguments (saving, perhaps, one of subject matter jurisdiction) with the case in its current posture. But such is actually not fatal to Mr. Myers' cause; as noted *supra*, there is not yet a final order in this case and, as such, not yet a completed record below. Mr. Myers is free to raise certain issues with the trial court (provided they relate to matters still pending below), and to create a record to be utilized at such a time as this case becomes properly appealable. But, as of present, he has not done so, and this case is most certainly not appealable.

VI.     Conclusion

WHEREFORE, the King Parties respectfully pray this Honorable Court (i) deny the Motion; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 28, 2023

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 76723
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac @ mbvesq.com
*Counsel for the King Parties*

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2023, I electronically filed the foregoing with the MDEC

system, and I further caused the same to be served by U.S. Mail to Gregory Myers, 700 Gulf Shore

Blvd. North, Ft. Myers, Florida 34102.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

7

# Exhibit D

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

In re:

GREGORY B. MYERS,

     Debtor.

_____/

Case No. 15-26033-MCR
(Chapter 7)

BRIAN KING, *et al.*,

     Plaintiffs,

v.

Adv. No. 24-00007

ROGER SCHLOSSBERG, TRUSTEE,

     Defendant.

_____/

## SUPPLEMENT TO GREGORY B. MYERS'S PRELIMINARY OBJECTION TO THE TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED COMPROMISE AND *SETTLEMENT* WITH KING PLAINTIFFS

Gregory B. Myers ("Mr. Myers" or "Movant"), *pro se*, files this supplement (the "Supplement") to his preliminary objection (the "Objection") to the *Trustee's Motion For Approval Of Proposed Compromise And Settlement With King Plaintiffs* (Doc. 17) (the "Motion"), and states:[1]

Attached hereto as **Exhibit H** is a copy of the certified transcript of the hearing held in Montgomery County Circuit Court (Lease, J) on December 16, 2022 (the "Hearing Transcript"), in the case of *King, et al. v. Serv Trust, et al.*, Case No. 436977-V (the "King Case") and the case of *6789 Goldsboro LLC v. Serv Trust, et al.*, Case No. 436977-V (the "Goldsboro Case") (the

---

[1] Mr. Myers adopts and incorporates the totality of his Objection herein by reference.

1

26

"King Case" and "Goldsboro Case" having been consolidated for administrative purposes, and

referred to herein collectively as the "State Court Litigation").

The December 16, 2022, hearing transcript (the "Hearing Transcript") states in pertinent

part as follows:

> THE COURT: All right, so Mr. Myers is here in the court. And the matters against
> Mr. Myers have been stayed, in that the matters proceeding to trial in January are
> the matters against Serv Trust in this case. So Mr. Myers is a party to the case, but
> his matters have been stayed at this point in time. ***
> ***
> MR. MYERS: May I speak, Your Honor?
> THE COURT: I will let you speak but remember **the matters against you are
> stayed in this case**.
> MR. MYERS: Your Honor, you used the word matters. The order from the
> bankruptcy court specifically says the automatic stay shall remain in effect and is
> not lifted as to any claims against Myers, the debtor. I am a defendant in both of
> the King party claims. They're not separately against Serv Trust. We're both named
> as defendants --
> THE COURT: **Right**, and the cases --
> MR. MYERS: -- so the claim can't proceed because I would have liability. If they
> prevail, I have liability, and the last sentence in the order says but not for any
> purposes which could impose individual liability upon the debtor.
> THE COURT: **Okay**.
> MR. MYERS: If King parties prevail in either of their two counts, I have potential
> liability, individual liability. And if --
> THE COURT: Well, **they would have to then…prove those counts against you
> in a separate trial** and the matter would not be, there would not be any collateral
> estoppel or res judicata, because you did not participate in the case as a party. **You
> were stayed and out of the case**, so any --
> MR. MYERS: There would still be a ruling that would impose liability upon me.
> THE COURT: **There would not be a ruling that would impose liability on you**.
> There would be a ruling that would potentially impose liability on Serv Trust.
> However, **these plaintiffs would have to, if they wanted to proceed against you,
> would be required to try that matter again separately**, and there would not be
> any res judicata or collateral estoppel issues, **because you were not a party to that
> case…at that time because, well, you were stayed, so you were not considered
> a party**.
> ***
> THE COURT: I understand you filed some motions. **Those motions are not ripe
> or at issue at this time**, because --
> MR. MYERS: Subject matter can be raised at any time, right?
> THE COURT: It can be, but you --
> MR. MYERS: Well, I'm raising it right now.

THE COURT: Well, you've raised it in a motion. These folks over here have an opportunity to read any motion that you file and respond to it, **before the Court makes a ruling.** ***

***

THE COURT: <u>And again, the matters against you in this case have been stayed. Very clear with the parties here</u> --

MR. MYERS: I don't know what you mean by the matters.

THE COURT: All claims against you in this case are stayed. There's no --

MR. MYERS: Well, they can't be, because the claims are going forward.

THE COURT: Claims are going forward against Serv Trust, **and Serv Trust is a** <u>different</u> --

MR. MYERS: Well, then they would have to amend their complaint.

THE COURT: No, they would not. We can break out the fact that this case is going, and it is, you know, not the most efficient use of resources, **because** <u>to the extent that they want to come back subsequently</u>, **depending on what happens in the bankruptcy, and seek these claims against you, they're going to be required to retry that case against you, without the benefit of anything that occurred in the case against Serv Trust.**

***

THE COURT: What I'm saying is that collateral estoppel, res judicata would not apply to you. **Given the fact that you're not a party at this time because of the stay,** that you did not have...a meaningful opportunity to participate in the trial, and as such the doctrines of collateral estoppel and res judicata would not apply. And so that **when you go to trial, if you go trial,** depending, I don't know what's going to happen in your [Florida] bankruptcy, **but if these claims survive the bankruptcy and come into court, then they'll have to try them all over again.**

***

THE COURT: I don't know if these claims...would be discharged in the. I'm not familiar with your bankruptcy. I don't know what it's about. I know there's a stay, but in bankruptcy oftentimes claims can be discharged, claims can be reduced, claims can be settled.

MR. MYERS: There are no, they, the King parties, it's already been ruled they have no claims against me.[2]

THE COURT: **Okay.** ***

***

---

[ ] On June 29, 2021, the Florida bankruptcy court entered an *Order Sustaining Debtor's Objection to Proof of Claim 3 Filed by Brian King & Cristina King [Doc. No. 84]* (2:21-bk-00123-FMD; Doc. 108) (the "Order Sustaining Objection to the King Parties' POC"), which **ORDERED:**

    1. **The Objection to Proof of Claim 3 filed is SUSTAINED.**

    2. **The claim of Brian King & Cristina King is disallowed in its entirety**

A copy of the Order Sustaining Objection to the King Parties' POC is attached hereto as **Exhibit** 1 and made a part hereof. The Order Sustaining Objection to the King Parties' POC is now a final and unappealable order that is *res judicata* in this case and any other case or proceeding implicating Mr. Myers's rights (including the State Court Litigation), which requires that the instant adversary proceeding be immediately dismissed with prejudice.

THE COURT: Well, one is **you're not a live party in this case right now**.
\*\*\*
THE COURT: Sir, you don't have standing, given the fact that the matters against you are stayed. \*\*\*
THE COURT: Well, it makes you a non-party...for the purpose of the upcoming trial, **because the upcoming trial does not involve you**.
MR. MYERS: It does involve me.
THE COURT: **It does not**.

(Alterations and emphasis supplied). *See Curry v. Hillcrest Clinic, Inc.*, 337 Md. 412, 428-33 (1995) discussing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872)( "But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, **would be incongruous and illegal**." ). (Emphasis supplied). "If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow; there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. **And such an incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law**." *Id.* (Emphasis supplied).

It has long been established that courts "'can make no decree affecting the rights of an absent person, and can make no decree between the parties before it which so far involves or depends upon the rights of an absent person that complete and final justice cannot be done between the parties to the suit without affecting those rights.'" *Greeley v. Lowe*, 155 U.S. 58, 70 (1894) (quoting *Shields v. Barrow*, 58 U.S. 130, 141-42 (1854)). This rule is just as strong today as when it was first set forth. *See, e.g., Republic of Philippines v. Pimentel*, 553 U.S. 851, 871 (2008) (recognizing that the non-joined parties "**would not be bound by the judgment in an action where they were not parties**").

The Trustee's Settlement Motion stemming from the King Parties' bogus Adversary Proceeding (No. 24-00007) is a sham, **a fraud on the Court**. See *In re Anderson*, 377 B.R. 865 (2007), holding:

> "[T]he Chapter 7 Trustee's settlement with the owners of the other undivided one-half interest in the property cannot be approved, for, as already discussed, that settlement contemplates the Chapter 7 Trustee conveying to those owners an interest in the property that the bankruptcy estate [never owned]. **The bankruptcy estate's receipt of consideration from the Defendants under such circumstances would be tantamount to fraud and, therefore, would be in violation of the Chapter 7 Trustee's fiduciary duty to administer the bankruptcy estate in a lawful manner.**"

(Emphasis supplied).[3] See also *Eigen v. Washington County Bldg. Loan Ass'n*, 184 Md. 412, 41 A.2d 290 (1945) ("where two or more persons conspire to carry out a fraud to cheat another, each of them is liable to the defrauded party irrespective of the degree of his activity in the fraudulent transaction or whether he shared in the profits of the scheme. In order to establish liability of a participant in a fraud, it is not necessary to show that he was a party to its contrivance at its inception. If it is shown that he knew of the fraudulent scheme and willfully aided in its execution, he is chargeable with the consequences. All persons who participate in such a transaction are jointly liable for the ensuing injury regardless of the degree of culpability. *Lomita Land Water Co. v. Robinson*, 154 Cal. 36, 97 P. 10, 14."). Id. at 418.

Here, **this Court** "knew of the fraudulent scheme and willfully aided in its execution" by entering the December 11, 2023, Order (Case 15-26033; Doc 1029) (the "Settlement Procedure Motion"), thereby facilitating **"the mechanism"** by which the Trustee and the King Parties are now seeking to **defraud** Mr. Myers and Serv Trust.

---

[3] On December 18, 2018, **The Honorable Anne K. Albright** found that Brian King as the Managing Member of 6789 Goldsboro LLC breached his fiduciary duty to Serv Trust "in order to benefit himself and the other class A members" (his family), concluding that Mr. King's actions **"would amount to constructive fraud.".**

The Trustee has the burden of proof on the Settlement Motion, and Mr. Myers intends to show at an evidentiary hearing on the Settlement Motion that the Trustee cannot meet that burden. Accordingly, the Trustee's Settlement Motion should be denied.[4]

## REQUEST FOR EVIDENTIARY HEARING

Mr. Myers demands that the Court schedule a full evidentiary hearing on the Trustee's Settlement Motion and demands **strict proof** on the substance and merits of the Trustee's Settlement Motion.

RESPECTFULLY SUBMITTED on this 4th day of February, 2025.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

---

[4] Mr. Myers reserves all of his rights, claims and defenses, including his rights under the **Federal Tort Claims Act** (FTCA) which allows for private parties to sue the United States in federal court for torts committed by persons acting on behalf of the government. **28 U.S.C. § 2674**.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 4, 2025, a copy of the foregoing Supplement was

furnished via first class U.S. Mail, postage prepaid to the following parties:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

Gregory B. Myers, *pro se*

7

# Exhibit E

Case 8:25-cv-02103-TDC    Document 21-2    Filed 01/12/26    Page 78 of 167
Case 15-26033    Doc 1053-5    Filed 05/06/25    Page 2 of 2
Case 24-00007    Doc 22-2    Filed 02/04/25    Page 2 of 2
Case 2:21-bk-00123-FMD    Doc 108    Filed 06/29/21    Page 1 of 1

ORDERED

Dated:  June 29, 2021

*Caryl E. Delano*

Caryl E. Delano
Chief United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Case No.: 2:21-bk-00123-FMD |
| | Chapter 13 |
| Gregory Brian Myers, | |
| | |
| Debtor. | |

**ORDER SUSTAINING DEBTOR'S OBJECTION TO PROOF**
**OF CLAIM 3 FILED BY BRIAN KING & CRISTINA KING [DOC. NO. 84]**

THIS CASE came for consideration upon the *Debtor's Objection to Claim No. 3 Filed By Brian King & Cristina King* [Doc. No. 84] (the "Objection"). The Court finds that the Objection was served on all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to object within thirty (30) days of the date of service. No party filed an objection within the time permitted. Accordingly, it is

**ORDERED:**

1.    The Objection to Proof of Claim 3 filed is SUSTAINED.

2.    The claim of Brian King & Cristina King is disallowed in its entirety.

Attorney Undine C. George, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.

# Exhibit F

## Gregory Myers, Trustee

| | |
|---|---|
| **From:** | brian@realestatedimensions.com |
| **Sent:** | Friday, October 11, 2019 11:06 AM |
| **To:** | 'Pelletier, Eric' |
| **Cc:** | 'Lynch, Timothy'; Douglas M. Lederman; 'Mac VerStandig'; Edward M. Schwartz |
| **Subject:** | RE: K1 for ServTrust- Attorney-client privilege |

Hi Eric,

I spoke to Ed and Doug yesterday at Gorfine Schiller concerning the language and because the sensitivity of the language, can you rewrite the paragraph in question on Page 35 of the return with the exact language and date? He will amend the return with the corrected language.

Thank you,
Brian

**From:** Pelletier, Eric <epelletier@offitkurman.com>
**Sent:** Thursday, October 10, 2019 3:39 PM
**To:** brian@realestatedimensions.com
**Cc:** Lynch, Timothy <tlynch@offitkurman.com>; 'Mac VerStandig' <mac@mbvesq.com>; Edward M. Schwartz <ESchwartz@gsg-cpa.com>
**Subject:** RE: K1 for ServTrust- Attorney-client privilege

Are you referring to page 35, which mentions bankruptcy. I think that the answer is omit reference to the bankruptcy. I would also be more vague on the date if possible. Mac filed his lawsuit 9/14/2017. You could say "Serv Trust's interests were redeemed pursuant to the operating agreement no later than [pick a date 9/14/2017 or 1/1/2018]."

Brian/ Ed – does this clarify things?

Eric Pelletier

**Offit | Kurman**
Attorneys at law

240.507.1739 Washington
240.507.1735 Facsimile
www.offitkurman.com

4800 Montgomery Lane  |  9th Floor  |  Bethesda, MD 20814

PRIVILEGED COMMUNICATION/PRIVACY NOTICE
Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named

1

above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

**IRS CIRCULAR 230 DISCLOSURE**
To ensure compliance with requirements imposed by the IRS, we inform you that any US federal tax advice contained in this communication (including any attachments) is not intended or written to be used and cannot be used for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** brian@realestatedimensions.com <brian@realestatedimensions.com>
**Sent:** Thursday, October 10, 2019 2:53 PM
**To:** Pelletier, Eric <epelletier@offitkurman.com>
**Cc:** Lynch, Timothy <tlynch@offitkurman.com>; 'Mac VerStandig' <mac@mbvesq.com>; Edward M. Schwartz <schwartz@gsg-cpa.com>
**Subject:** FW: K1 for ServTrust

Eric,

I was going to send out the 2018 ServTrust K1 but sent a copy to Mac prior to sending it out. He has concerns with the K1 that needs to be addressed with my accountant. My accountant at Gorfine Schiller that worked on this return is Ed Swartz – 410-356-5900. I have copied him on this email and left him a voice message to expect a call to make sure the return is correct. I have attached the K1 portion of the return and the complete 2018 return for your review.

Please let me know if you have any questions.

Thank you,
Brian

**From:** Mac VerStandig <mac@mbvesq.com>
**Sent:** Thursday, October 10, 2019 2:30 PM
**To:** Brian King <brian@realestatedimensions.com>
**Subject:** RE: K1 for ServTrust

Brian,

The last page is a bit of a problem – the form itself is fine, but this says the interest was redeemed "due to the fact that Serv Trust was going through bankruptcy." That is not the rationale for the redemption, and Serv Trust hasn't actually been in bankruptcy. Any way to get this edited? I'm happy to speak with the accountant if it would help...

(Also, it might be wise to have Eric Pelletier weigh in, since he is officially 6789's counsel. If my fingerprints are on this, it could well fuel another Greg motion...)

Thanks.

Maurice "Mac" VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301)444-4600
Cell: (240)351-6442
Facsimile: (301)576-6885
mac@mbvesq.com

2

Twitter: @mac_verstandig

PRIVILEGED COMMUNICATION/PRIVACY NOTICE
Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

TAX ADVICE NOTICE
Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities. This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

**From:** Brian King <branding.realestate@ou........com>
**Sent:** Thursday, October 10, 2019 11:17 AM
**To:** Mac VerStandig <mac@mbvesq.com>
**Subject:** K1 for ServTrust

Hi Mac,

Attached is the K1 for ServTrust for 2018. My accountant did not send out the K1 when he finished the return on September 15, 2018 when corporate returns were due. Do you want me to send this to Dan Ring? Should I send it certified?

The return reflects the redemption of ownership and 0.00% in all partner share accounts. Please let me know what you would like me to do.

Thanks, Brian

PRIVILEGED COMMUNICATION/PRIVACY NOTICE
Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities. This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

**APPENDIX C-6** Debtor's Objection to Proof of Claim Nos. 22 (Cristina King)
*(Due process violation when objections deemed moot — Argument III)*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

In re:

                                       Case No.  15-26033-MCR

Gregory B. Myers                      Chapter 7

           Debtor.

_____ /

**OBJECTION TO CLAIM 22-1 FILED BY CRISTINA KING,**
**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

      Debtor, Gregory B. Myers ("Mr. Myers" or "Debtor"), *pro se*, pursuant to 11 U.S.C. §

502(a), objects to Claim 22-1 filed by Cristina King (Claim 22-1), and in support thereof states:

      1.      Debtor commenced this case by filing a bankruptcy petition on November 18, 2015

(the "Petition Date").

      2.      On January 10, 2024, Cristina King filed a Proof of Claim (Claim 22-1) in the

amount of Zero Dollars and No Cents ($0.00) with "the basis of the claim" identified as "Equitable

and statutory claim, as set forth in Case No. 24-00007". Claim 22-1 was submitted "under penalty

of perjury" by Maurice B. VerStandig, Esquire and The VerStandig Law Firm, LLC.

      3.      Claim 22-1 lacks attachments or factual support. For example, Claim 22-1 fails to

attach a copy of the referenced "Case" and fails to attach redacted copies of any other documents

supporting Claim 22-1 as required by Bankruptcy Rule 3001(c).

      4.      Claim 22-1 is a fraudulent attempt to create a monetary connection between Serv

Trust and Mr. Myers's Chapter 7 bankruptcy estate where there is none. *See, e.g., In re Anderson*,

377 B.R. 865 (2007).

      5.      Claim 22-1 is counterfactual and legally meritless for the reasons set forth in

**Exhibits A, B, C, D, E** and **F**, which are incorporated herein by reference and made a part hereof

1

for all relevant purposes.

6.    Claim 22-1 is invalid on its face because it is time barred by 11 U.S.C. §502 and Rule 3002 of the Federal Rules of Bankruptcy Procedure. See *In re Stone*, 473 B.R. 465 (Bankr. M.D. Fla. 2012). Further, the Court has no authority or discretion to modify the claims bar date in Mr. Myer's Chapter 7 bankruptcy case (i.e., by ordering "the deadline for the King Parties to file a proof of claim against the bankruptcy estate is 30 days from the date on which this Order is entered" or January 10, 2024). *See* Fed. R. Bankr. P. 3002(c); Fed. R. Bankr. P. 9006(b)(3). *See also In re Aboody*, 223 B.R. 36 (B.A.P. 1st Cir. 1998) (excusable neglect standard is inapplicable to the filing of a proof of claim in a case under Chapter 7).

7.    Accordingly, Claim 22-1 should be disallowed in its entirety.

## RESERVATION OF RIGHTS

8.    Nothing herein shall be construed as an admission that Debtor was or is indebted to Cristina King or that any of the claims or amounts asserted in Claim 22-1 are valid. Debtor reserves the right to amend or supplement this Objection if Debtor deems it necessary and appropriate, for any reason, including, without limitation, the right to add documents and assert claims or defenses, at law or in equity, arising prior to, on, or after the Petition Date.

9.    Debtor does not waive any rights at law or equity or any rights or causes of action that Debtor has or may have against any person, including but not limited to Cristina King, that (i) affect or seek to affect in any way the rights or interests of the Debtor or any other party in interest in this case, including (a) property of the Debtor or the Debtor's estate, or proceeds thereof, (b) claims against or interests in the Debtor, (c) other rights or interests of creditors of the Debtor or other parties in interest in this case, or (d) property or proceeds thereof in the possession, custody, or control of Cristina King or other parties in interest in this case in which the Debtor possesses a

2

legal right of user or other rights, whether known or unknown, future or contingent, express or implied; or (ii) requires or prohibits, or seeks to require or prohibit, any act, delivery of any property, payment or other conduct by the Debtor or any other party in interest. Debtor further reserves any rights to recoupment and setoff, and, if appropriate, may exercise such rights without further order of the Court and without amending this Objection.

10.     This Objection is not intended to be, and shall not be construed as, an election of remedies; a waiver of any claims or defenses; or an admission as to the jurisdiction of this Court and/or a waiver to contest the jurisdiction of this Court. Neither this Objection nor any pleading, claim, or suit shall waive any right of Debtor (i) to have final orders in non-core matters entered only after de novo review by a higher court, (ii) to trial by jury in any proceeding so triable in this case or any case, controversy, or proceeding related to this case, (iii) to have the reference withdrawn in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, defenses, setoffs or recoupments, under agreements, in law, in equity, or otherwise, all of which rights, claims, actions, defenses, setoffs, and recoupments are expressly reserved.

### REQUEST FOR EVIDENTIARY HEARING

11.     Debtor requests that the Court schedule an evidentiary hearing on Claim 22-1 and Debtor demands strict proof on the substance and merits of Claim 22-1.

**WHEREFORE**, for the reasons set forth above, Debtor Gregory B. Myers requests that the Court enter an order sustaining Debtor's Objection to Claim 22-1, disallowing Claim 22-1 in its entirety, and grant such other and further relief as this action may require. [1]

---

[1] Judges abuse the power of the judicial office when they abbreviate or change critical aspects of the adversary process in ways that run counter to the scheme established by relevant constitutional and statutory law. *Oberholzer v. Comm'n on Judicial Performance*, 20 Cal.4th 371, 84 Cal.Rptr.2d

## NOTICE TO CLAIMANT CRISTINA KING

**Please take notice that:**

> **WITHIN 30 DAYS AFTER THE DATE OF SERVICE OF THE OBJECTION, THE CLAIMANT MAY FILE AND SERVE A MEMORANDUM IN OPPOSITION, TOGETHER WITH ANY DOCUMENTS AND OTHER EVIDENCE THE CLAIMANT WISHES TO ATTACH IN SUPPORT OF ITS CLAIM, UNLESS THE CLAIMANT WISHES TO RELY SOLELY UPON THE PROOF OF CLAIM. AN INTERESTED PARTY MAY REQUEST A HEARING THAT WILL BE HELD AT THE COURT'S DISCRETION.**

**RESPECTFULLY SUBMITTED** on this 6th day of May, 2025.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*greghmyers@verizon.net*

---

466, 975 P.2d 663, 679 (1999) (legal error "can constitute misconduct if it involves 'bad faith, bias, abuse of authority, disregard for fundamental rights, intentional disregard of the law or any purpose other than the faithful discharge of judicial duty' " (citing cases)); *In re Quirk,* 705 So.2d at 178 ("egregious legal error, legal error motivated by bad faith, and a continuing pattern of legal error" can also constitute misconduct). The record in this case creates a stark appearance of misconduct sufficient to support a finding that this Court has committed serious judicial misconduct by abusing power that is prejudicial to the effective and expeditious administration of the business of the courts. 28 U.S.C. § 351(a).

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of May 2025, a copy of the foregoing was

furnished via first class U.S. Mail, postage prepaid to the following parties:

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Gregory B. Myers

USBC-MO 0 FILED
6 MAY '25 ⊦4:12

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:

GREGORY B. MYERS,                                    Case No.  15-26033-MCR
                                                          (Chapter 7)
        Debtor.

_____/

BRIAN KING, et al.,

        Plaintiffs,

v.                                                   Adv. No. 24-00007

ROGER SCHLOSSBERG, TRUSTEE,

        Defendant.

_____/

### GREGORY B. MYERS'S PRELIMINARY OBJECTION TO THE TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED COMPROMISE AND SETTLEMENT WITH KING PLAINTIFFS

Gregory B. Myers ("Mr. Myers" or "Movant"), *pro se*, files his preliminary objection (the

"Objection") to the *Trustee's Motion For Approval Of Proposed Compromise And Settlement With*

*King Plaintiffs* (Doc. 17) (the "Motion"), and states:

#### BACKGROUND

On December 16, 2022, the Montgomery County Circuit Court (Lease, J) held a hearing in

*King, et al. v. Serv Trust, et al.*, Case No. 436977-V (the "King Case") and *6789 Goldsboro LLC*

*v. Serv Trust, et al.*, Case No. 436977-V (the "Goldsboro Case") (the "King Case" and "Goldsboro

Case" having been consolidated for administrative purposes, and referred to herein collectively as

the "State Court Litigation"). The following statements were placed on the record during the

1

December 16, 2022, hearing in the State Court Litigation:

> THE COURT: *** So Mr. Myers is here in court. The matters against Mr. Myers have been stayed. *** Mr. Myers is a party to the case, but his matters have been stayed at this point in time.
>
> THE COURT: What's the status of this matter? I'll start with counsel for the King Parties.
>
> MR. VERSTANDIG: Your Honor, we are prepared to proceed to trial on January 3rd [2023]. Pre-trial statements were filed a couple of years ago prior to a bankruptcy stay and are inclusive of all the exhibits and all the witnesses we plan to rely upon during our trial in January [2023]. It will be a more abbreviated list of witnesses and exhibits because the claims against Mr. Myers are stayed. ***
>
> MR. MYERS: *** If King Parties prevail in either of their two counts, I have potential liability.
>
> THE COURT: They would have to prove those counts against you in a separate trial. The matter would not be -- there would not be any collateral estoppel or res judicata because you did not participate in this case as a party. You were stayed and out of the case.
>
> MR. MYERS: There would still be a ruling that would impose liability upon me.
>
> THE COURT: There would not be a ruling that would impose liability on you. There would be a ruling that would potentially impose liability on Serv Trust. However, these Plaintiffs would have to, if they wanted to proceed against you, would be required to try that matter again separately and there would not be any res judicata or collateral estoppel issues because you were not a party to th[is] case. You were stayed, so you are not considered a party.

(Alterations and emphasis supplied supplied). See also King Plaintiff's motion to stay proceedings,

a copy of which is attached hereto as **Exhibit A** and made a part hereof.

On January 3, 2023, the Montgomery County Circuit Court (Lease, J) made the following

statement on the record in the State Court Litigation:

> THE COURT: And under the Frow doctrine you can, either one of two things: you sort of abstain from going forward because you don't want to try it twice, or two, you can enter the judgment, but then it's a non-final judgment because anything that I do today in essence necessarily would be nonfinal because we don't have, we're not putting all of the claims against all the parties are not getting to an adjudication. **So we don't have a final judgment today under any circumstance.**

(Emphasis supplied).¹ A copy of the partial hearing transcript is attached hereto as **Exhibit B** and made a part hereof.

On January 3, 2023, Mr. Myers noticed an appeal to the Appellate Court of Maryland ("ACM") stemming from the conduct in the State Court Litigation. The ACM docketed the case as No. 1876, September Term 2022, ACM-REG-1876-2022 (the "ACM Appeal").

On January 12, 2023, the Montgomery County Circuit Court (Lease, J.)—in violation of the ACM's jurisdiction— entered an ORDER ENTERING PARTIAL JUDGMENT AND STAY in the State Court Litigation, ordering "that all remaining matters in this case are accordingly stayed… ."

On April 17, 2023, the Montgomery County Circuit Court (Lease, J) held a hearing in the State Court Litigation and ruled the "triggering mechanism" for bankruptcy jurisdiction would necessarily require entry of a **final order** in the State Court Litigation (i.e., *not* entry of a *non*-final order). A copy of the hearing transcript is attached hereto as **Exhibit C** and made a part hereof.

On April 18, 2023, in the ACM Appeal, Mr. Myers filed a motion for stay pending appeal. On April 28, 2023, the King Parties filed a response to Mr. Myers's motion (the "King Parties ACM Response") - which Goldsboro and the Trustee adopted and incorporated in their respective responses filed in the ACM Appeal - arguing:

> "[T]he order from which Mr. Myers instantly seeks a stay is, by its own express terms, non-final. Indeed, the document is titled 'Order Entering Partial Judgment and Stay,' and the order most certainly does not dispose of the totality of the triable issues below."
>
> **"The order from which appellants appealed did not adjudicate or complete the adjudication of any claim in this matter. It** therefore was not a final order[.]"

¹ The King Parties have **never** answered the Second Amended Counterclaim filed by Serv Trust in Case 436977-V and are now in default.

3

> "Here, the order below is, by its own titular designation, 'partial' in
> nature. There are no less than three causes of action that have not
> yet been tried judgment and, accordingly, upon which no judgment
> has been entered."

> "[T]here remain unresolved causes of action in both cases that were
> consolidated below and, as such, there does not exist a final order in
> either case, even if they were to be considered separately."

(Alterations supplied). A copy of the King Parties ACM Response is attached hereto as **Exhibit
D**. The King Parties, Goldsboro, and the Trustee are judicially estopped from taking a different
position in this Court.

On May 7, 2024, the King Parties and the Trustee executed and filed a fraudulent
"STIPULATION OF DISMISSAL" (the Stipulation") in the State Court Litigation, which states:

> COMES NOW, Plaintiffs, Brian King, Cristina King, and Brian
> King in his capacity as trustee of the Cristina and Brian King
> Children's Trust (collectively, the "King Parties"), and Defendant,
> Serv Trust, through Roger Schlossberg, the Chapter 7 Trustee of the
> Bankruptcy Estate of Gregory B. Myers, who is, by operation of
> law, now the sole legal representative of Serv Trust following this
> Court's judicial determination herein that Serv Trust is the alter ego
> of Gregory B. Myers, by and through their respective undersigned
> counsel, pursuant to Md. Rule 2-506(a), hereby stipulate and agree
> that Count I of Plaintiffs' First Amended Complaint (Declaratory
> Judgment; Redemption of Interests) in Case No.: 436977-V shall be,
> and is hereby, DISMISSED.

A copy of the fraudulent Stipulation is attached hereto as **Exhibit E.**

## ARGUMENT

Serv Trust's property is unaffected unless and until there is a final judgment in the State
Court Litigation, and it is **undisputed** that there is no final judgment in the State Court Litigation
that adjudicates all claims against all parties in the State Court Litigation. In fact, the King
Plaintiffs (VerStandig) represented to the Appellate Court of Maryland that "The order from which
appellants appealed did not adjudicate or complete the adjudication of *any claim* in this matter."
(Emphasis supplied). The Trustee adopted and incorporated that very argument as his own.

4

It is obvious the Settlement Motion—together with Adversary Proceeding No. 24-00007—is a sham; a fraud. See *In re Anderson*, 377 B.R. 865 (2007), holding "the Chapter 7 Trustee's settlement with the owners of the other undivided one-half interest in the property cannot be approved, for, as already discussed, that settlement contemplates the Chapter 7 Trustee conveying to those owners an interest in the property that the bankruptcy estate in all likelihood no longer owns. **The bankruptcy estate's receipt of consideration from the Defendants under such circumstances would be tantamount to fraud and, therefore, would be in violation of the Chapter 7 Trustee's fiduciary duty to administer the bankruptcy estate in a lawful manner.**" (Emphasis supplied). See also email chain attached hereto as **Exhibit F**, evidencing a conspiracy by and among Brian King, Timothy Lynch, Maurice VerStandig and others to commit tax fraud in violation of 26 U.S. Code § 7206, as well and numerous other bad acts.[2] *See Etgen v. Washington County Bldg. Loan Ass'n.*, 184 Md. 412, 41 A.2d 290 (1945) ("where two or more persons conspire to carry out a fraud to cheat another, each of them is liable to the defrauded party irrespective of the degree of his activity in the fraudulent transaction or whether he shared in the profits of the scheme. In order to establish liability of a participant in a fraud, it is not necessary to show that he was a party to its contrivance at its inception. If it is shown that he knew of the fraudulent scheme and willfully aided in its execution, he is chargeable with the consequences. All persons who participate in such a transaction are jointly liable for the ensuing injury regardless of the degree of culpability. *Lomita Land Water Co. v. Robinson*, 154 Cal. 36, 97 P. 10, 14."). Id. at 418. The Trustee's "fingerprints" are now on this scheme as well.[3]

_____

[2] Notably, on December 18, 2018, **The Honorable Anne K. Albright** (now sitting on the Appellate Court of Maryland), found, *inter alia*, that Brian King as the Managing Member of 6789 Goldsboro LLC breached his fiduciary duty to Serv Trust "in order to benefit himself and the other class A members" (his family), and concluding "**that would amount to constructive fraud.**".
[3] Given the criminal and fraudulent nature of the Settlement Motion, it is apparent that counsel's

On December 5, 2019, the Maryland bankruptcy court (Simpson, J) entered an Order remanding Adv. No. 19-00427 (i.e., the State Court Litigation) "to the Circuit Court for Montgomery County, Maryland pursuant to 28 U.S.C. ' 1452(b)." (Adv. No. 19-00427; Dkt. No. 5) the "Remand Order"). A copy of the Remand Order is attached hereto as **Exhibit G** and made a part hereof.

This Court (Chavez-Ruark, J) has previously acknowledged that the Montgomery County Circuit Court (Lease, J) has jurisdiction and authority under the Maryland Rules to **control its judgments** that are non-final. And the Trustee concedes that he is **barred** under Bankruptcy Rule 9027(a)(3) from removing the State Court Litigation to this Court, citing Bankruptcy Rule 9027 and *Roberts v. Creighton*, 2009 WL 7083320 (D. Md. Feb. 27, 2009). Yet, on December 11, 2023, this Court (Chavez-Ruark, J) entered an Order (Doc 1029) in Case 15-26033, which states:

> "The Settlement Procedure Motion is the **mechanism** by which the
> Trustee is seeking authority to resolve a stayed cause of action in the
> State Court."

The Bankruptcy Court (Chavez-Ruark, J) has no jurisdiction or authority to approve a "**mechanism**" which amounts to an **improper collateral attack** on the Remand Order entered on December 5, 2019 (Adv. No. 19-00427; Dkt. No. 5). An order remanding a claim or cause of action to the State Court is not reviewable by appeal "or otherwise" (which includes this Court). Only a

---

conduct implicates several cannons of the Model Rules of Professional Conduct. For instance, Rule 1.2(d), which proscribes a lawyer from "counsel[ing] a client to engage, or assist[ing] a client, in conduct that the lawyer knows is criminal or fraudulent"; Rule 3.1, which requires that a lawyer only bring or defend a proceeding when "there is a basis in law and fact for doing so that is not frivolous"; Rule 3.3(4) regarding candor toward the tribunal, which proscribes a lawyer from presenting a "[l]egal argument based on a knowingly false representation of law"; and Rule 3.3(12) which provides that "[l]awyers have a special obligation to protect a tribunal against criminal or fraudulent conduct that undermines the integrity of the adjudicative process[.]" Mr. Myers will be filing a complaint with the Attorney Grievance Commission to determine what, if any, Rules of Professional Conduct counsel might have violated.

district court or bankruptcy appellate panel may review a bankruptcy court's remand order under 28 U.S.C. § § 1334(d), 1447(d) and 1452(b). See *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). Accordingly, this Court's (Chavez-Ruark, J) "mechanism" is unlawful and is an affront to the proper jurisdiction of the State Court.

Maryland adheres to the *Frow Doctrine*. See *Curry v. Hillcrest Clinic, Inc.*, 337 Md. 412, 428-33 (1995) discussing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872)( "But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal." ). "If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. And such an incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law." *Id.*

It has long been established that courts "'can make no decree affecting the rights of an absent person, and can make no decree between the parties before it which so far involves or depends upon the rights of an absent person that complete and final justice cannot be done between the parties to the suit without affecting those rights.'" *Greeley v. Lowe*, 155 U.S. 58, 70 (1894) (quoting *Shields v. Barrow*, 58 U.S. 130, 141-42 (1854)). This rule is just as strong today as when it was first set forth. See, e.g., *Republic of Philippines v. Pimentel*, 553 U.S. 851, 871 (2008) (recognizing that the non-joined parties "would not be bound by the judgment in an action where they were not parties").

7

The U.S. Supreme Court has clearly stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a remedy sought in opposition to them, even prior to a reversal. They constitute no justification, and all persons concerned in executing such judgments or sentences are considered in law as trespassers." *Elliot v. Lessee of Piersol*, 26 U.S. 328 (1828). Thus, according to *Elliot*, by filing the instant Motion, the Trustee is "considered in law [a] trespasser." *Id.*

The State Court has made no final determination in the State Court Litigation. Accordingly, the Settlement Motion must be denied because there is no justiciable controversy or cause of action "affecting the estate" and therefore there is nothing for the Trustee "to compromise or settle." See *E.F. Hutton & Co., Inc. v. Hadley*, 901 F .2d 979 (11th Cir.1990) (When standing has been contested, it is the burden of the party claiming standing "to plead and prove injury in fact, causation, and redressability."). The Trustee and the King Plaintiffs cannot meet that burden and "the court is not required to accept as true unwarranted legal conclusions or unwarranted factual inferences." *Id.* at 753. The Trustee and the King Plaintiffs must assert more than a conclusory statement that they have "suffered damages." It is the burden of the party claiming standing "to plead and prove injury in fact, causation, and redressability." Id. At 984. But here, they cannot.

Until the State Court Litigation concludes (i.e., with a final order , the Trustee lacks standing to file this Motion or any other motion affecting Serv Trust or Mr. Myers. This is not a core proceeding (it's a sham) and Mr. Myers does not consent to the entry of any final orders or judgments by the bankruptcy court. To the extent the Settlement Motion is not dismissed for lack of subject matter jurisdiction or some other reason, the bankruptcy court must submit proposed findings of fact and conclusions of law to the Maryland District Court for an Article III Judge to make a final determination. The U.S. Supreme Court has clearly stated that if a court is "without

authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a remedy sought in opposition to them, even prior to a reversal. They constitute no justification, and all persons concerned in executing such judgments or sentences are considered in law as trespassers." *Elliot v. Lessee of Piersol*, 26 U.S. 328 (1828). Thus, according to Elliot, by filing the Settlement Motion, the Trustee is "considered in law [a] trespasser." *Id.*

The Trustee has the burden of proof on the Settlement Motion, and Mr. Myers intends to show at an evidentiary hearing on the Settlement Motion that the Trustee cannot meet that burden. Accordingly, the Trustee's Settlement Motion should be denied.

### REQUEST FOR EVIDENTIARY HEARING

Mr. Myers demands that the Court schedule a full evidentiary hearing on the Trustee's Settlement Motion and demands **strict proof** on the substance and merits of the Trustee's Settlement Motion.

RESPECTFULLY SUBMITTED on this 21st day of January, 2025.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of January, 2025, a copy of the foregoing

GREGORY B. MYERS'S PRELIMINARY OBJECTION TO THE TRUSTEE'S MOTION FOR

APPROVAL OF PROPOSED COMPROMISE AND SETTLEMENT WITH KING

PLAINTIFFS was furnished via first class U.S. Mail, postage prepaid to the following parties:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Gregory B. Myers, *pro se*

10

USBC-MD G FILED
6 MAY 25 PM4:12

# Exhibit B

Entered: December 5th, 2019
Signed: December 4th, 2019

**SO ORDERED**



LORI S. SIMPSON
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BAKNRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Gregory B. Myers, | * | Case No. 15-26033-WIL |
| | * | Chapter 7 |
| Debtor. | * | |
| | * | |

| | | |
|---|---|---|
| Gregory B. Myers, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Adversary No. 19-00427 |
| | * | |
| Brian King, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

### ORDER REMANDING CASE

The above-captioned adversary proceeding was commenced on November 13, 2019, upon

the Notice of Removal filed by Maurice VerStandig.   The Notice of Removal states that Gregory

Myers (the "Debtor") filed a third-party claim and counterclaim against various parties (the "Myers

1

Defendants") in Consolidated Case No. 451611-V pending in the Circuit Court for Montgomery County, Maryland alleging that the Myers Defendants violated Section 362 of Title 11 of the United States Code (the "Third Party Complaint"). Because the Third Party Complaint asserts that the Myers Defendants violated the automatic stay arising in the Debtor's bankruptcy case pending in this Court, the Myers Defendants consented to the removal of the Circuit Court Action.

On December 3, 2019, the Debtor filed a Notice of Voluntary Dismissal of the Third Party Complaint pursuant to Fed. R. Civ. P. 41, made applicable to this proceeding by Fed. R. Bankr. P. 7041. Based on the dismissal of the Third Party Complaint, and this Court having previously elected to abstain from exercising jurisdiction over the underlying Circuit Court Action[1], the Court will remand this matter to the Circuit Court for Montgomery County, Maryland.

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland, hereby

ORDERED, that the above-captioned adversary proceeding is remanded to the Circuit Court for Montgomery County, Maryland pursuant to 28 U.S.C. § 1452(b).

cc:    All Counsel
       All Parties
       United States Trustee
       Chapter 7 Trustee: Roger Schlossberg

### END OF ORDER

---

[1] See Order of Abstention (Docket Entry No. 28) entered on January 30, 2019, in Adversary Proceeding 18-00407.

2

# Exhibit C

IN THE APPELLATE COURT OF MARYLAND

GREGORY BRIAN MYERS                    )
                                       )
            Appellant,                 )
                                       )
v.                                     )            Case No. ACM-REG-1876-2022
                                       )
BRIAN KING, et al.                     )            September Term 2022
                                       )
            Appellees.                 )
                                       )

## OPPOSITION TO EMERGENCY MOTION FOR STAY PENDING APPEAL

Come now Brian King, Cristina King, and Brian King in his capacity as trustee of the Cristina and Brian King Children's Trust (collectively, the "King Parties"), appellees herein, by and through undersigned counsel, in opposition to Emergency Motion for Stay Pending Appeal (the "Motion") filed by Gregory B. Myers ("Mr. Myers" or the "Appellant"), and in support thereof state as follows:

### I.    Introduction

After years of delay tactics, the Appellant endeavored to remove the case below, to a Florida bankruptcy court, on the last business day before trial. When that tactic failed, courtesy of a prompt remand, the Appellant failed to appear at trial but filed a *carte blanche* appeal prior to the Circuit Court for Montgomery County, Maryland giving an oral ruling at the close of the trial (and well before a written order would file several days later). He now seeks an emergency stay pending disposition of that appeal but, in so doing, misses at least three critical issues: (i) a motion for a stay pending appeal must first be brought in the trial court; (ii) this appeal is procedurally improper inasmuch as it stems from a non-final order; and (iii) the Appellant is unlikely to succeed

1

on this appeal by virtue of the simple reason that he did not appear at trial and, as such, did not

preserve any issues for appeal.[1]

For these reasons, and as extrapolated upon *infra*, the Motion merits denial.

## II.    Background: Gregory Myers and Barbara Ann Kelly

The ruling below concerns Mr. Myers and his wife, Barbara Ann Kelly ("Ms. Kelly"),

using a trust (putatively established for the benefit of their children) to conceal assets from

creditors, including a bankruptcy trustee. This case, however, falls within a broader context, where

the litigation tactics of Mr. Myers and Ms. Kelly – including those focused on appellate filings –

have, time and again, been held to be exemplars of bad faith.

As noted by one court more than two years ago, in assessing Mr. Myers' bad faith litigation

tactics:

> [O]ver the past three years, Myers has filed approximately twenty actions, to
> include fifteen bankruptcy appeals and five civil cases, seemingly for the purpose
> of delaying the liquidation of his assets in his bankruptcy case. The overwhelming
> majority of these cases have been dismissed either by the Court or by Myers
> voluntarily after Myers failed to designate the record, file a brief, or pay his filing
> fees…

*Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch, P.A.*, 2020 WL 758154, at *1 (D.

Md. 2020).

The United States District Court for the District of Maryland proceeded to further analyze

how Mr. Myers' litigious efforts are vexatious in the worst way:

> This behavior has become a longstanding pattern for Myers. In his twenty cases,
> Myers initiates the action, then exhibits a dereliction in prosecution that reflects no
> real interest in resolution on the merits. The Court cannot help but conclude that

---

[1] The Appellants first learned of the Motion yesterday. As noted in a separate filing, it appears Mr.
Myers – in what has now become a pattern of his – signed a certificate of service but never actually
deposited a copy of the Motion in the mails. Save for the happenstance of counsel for a related
party checking the docket, the pendency of the Motion would not have been timely discovered.
The King Parties hope to supplement this with a more extensive brief in the coming days but, in
the interim, file this opposition out of an abundance of caution.

Myers' true goal is to gum up the judicial process for his own personal benefit and ignore valid court orders as he sees fit. Taking all of this into account, the Court finds that Myers' behavior has reached the point where the Court could hold Myers in contempt of valid court orders and dismiss the action irrespective of the automatic stay.

*Myers*, 2020 WL 758154, at *4 (citing *In re Walters*, 868 F.2d 665, 669 & n.2 (4th Cir. 1989); *CapitalSource Fin., LLC v. Delco Oil, Inc.*, 2010 WL 3733934, at *7 (D. Md. 2010); *S.E.C. v. Bilzerian*, 131 F. Supp. 2d 10, 15 (D. D.C. 2001), aff'd, 75 Fed. Appx. 3 (D.C. Cir. 2003)).

Other courts have, too, found bad faith to be afoot, when confronted with Mr. Myers' various tactics (including his flurry of emergency motions). *See, e.g.*, *Kelly v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, 2022 WL 861395, at *3 (D. Md. 2022) ("...the Court finds that Appellants Barbara Ann Kelly and Gregory B. Myers are acting in bad faith."); *Myers v. Schlossberg*, 2019 WL 414875, at *1 (D. Md. 2019) ("Appellants have persisted in questionable litigation strategy that can only be viewed as dilatory and irresponsible."); *In re Myers*, 2023 WL 350183, at *5 (Bankr. M.D. Fla. 2023) ("Debtor's actions throughout the course of this bankruptcy case demonstrate that he did not file his Chapter 13 case or the Plan in good faith").

## III.    Argument: Mr. Myers Did Not First Seek a Stay in the Trial Court

Stays pending appeal are governed by Maryland Rule 8-422, and appellate injunctions are governed by Maryland Rule 8-425. Both require the movant to first seek relief in the trial court, though one my bypass that step in the prism of an injunction if seeking the lower court's review "is not practicable." Md. Rule 2-425(b).

Here, Mr. Myers did not seek a stay or an injunction in the Circuit Court for Montgomery County, Maryland. And, while he now feigns the instant Motion to be an "emergency," he also elected to file the same more than three months after noticing this appeal. There was ample time for Mr. Myers to seek a stay below; he has just elected to not do so.

3

To be sure, this is not a mere formality. If Mr. Myers is seeking injunctive relief, his filing a motion below would have allowed for full briefing of the matter – and introduction of any pertinent evidence – before this Honorable Court was confronted with the same requested. Yet Mr. Myers did not do so; instead he waited three months and then filed an "emergency" motion without offering any explanation as to how matters are more critical today than they were the day the partial judgment was entered in the trial court.

## IV.    Argument: There is No Appellate Jurisdiction

More macroscopically, there is no reason to grant a stay pending appeal because Mr. Myers, as a matter of law, cannot prevail on this appeal. Even putting aside the oddity of his having noted the appeal *before* an oral ruling was had at the close of trial (let alone before a written order was entered), the order from which Mr. Myers instantly seeks a stay is, by its own express terms, non-final. Indeed, the document is titled "Order Entering Partial Judgment and Stay," and the order most certainly does not dispose of the totality of the triable issues below.

Familiarly, "The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law." Md. Code Ann., Cts. & Jud. Proc. § 12-301. And while certain interlocutory orders are rendered appealable by Section 12-303 of the Courts and Judicial Proceedings Article, the order below does not nearly fall into one of those specifically-delineated interlocutory categories.

The non-appealability of non-final judgments, in turn, is well established in this Honorable Court. *See, e.g., Paul v. Clarke*, 2015 WL 9394120, at *1 (Md. App. 2015) ("To constitute a final judgment, the judgment must have several attributes. One of which is that it must "adjudicate or complete the adjudication of all claims against all parties [.]" The order from which appellants

4

appealed did not adjudicate or complete the adjudication of any claim in this matter. It therefore was not a final order and, as a consequence, this Court has no jurisdiction to entertain this appeal.") (quoting *Board of Liquor License Commissioners for Baltimore City v. Fells Point Cafe Inc.*, 344 Md. 120, 129 (1996) (quoting *Rohrbeck v. Rohrbeck*, 318 Md. 28, 41 (1989))).

Here, the order below is, by its own titular designation, "partial" in nature. There are no less than three causes of action that have not yet been tried judgment and, accordingly, upon which no judgment has been entered.[2] Thusly, it cannot be said that appellate jurisdiction is instantly manifest and, by extension, it cannot be postured that Mr. Myers has any likelihood of success on this appeal.

### V.    Argument: Mr. Myers Did Not Appear at Trial

This brief is being largely written from a restaurant in rural New England since, as previously noted, Mr. Myers appears to have an affinity for signing certificates of service saying he has placed items in the mail when, in reality, he never did so. It is hoped that the pending motion for an extension of time to reply to the Motion will be granted, and a more substantive argument may be offered forth. In the interim, however, and in the interests of quickly filing something after learning of the Motion on very short notice (courtesy of a fellow lawyer randomly checking the docket), it bears notation that Mr. Myers did not appear at trial in this matter and, as such, did not raise any of these issues at trial.

To be sure, it is not a coincidence that Mr. Myers failed to appeal at trial. During the pre-trial conference, he informed the trial court judge that there would be no trial. And then, seemingly

---

[2] One of Mr. Myers' favored arguments is that despite two cases being consolidated, they cannot be regarded as a singular case. While he alludes to this in his Motion, the argument is of no moment *sub judice*; there remain unresolved causes of action in *both* cases that were consolidated below and, as such, there does not exist a final order in either case, even if they were to be considered separately.

5

eager to prove that prophecy to be sage, on the last business day before trial, Mr. Myers removed this case to the United States Bankruptcy Court for the Middle District of Florida. But undersigned counsel, content to spend part of a holiday weekend away from the party scene, filed an emergency remand motion which, in turn, was granted on the first day of trial – before the open of business. And, thusly, after Mr. Myers endeavored to sabotage the trial herein (not for the first time – procedural delay is one of his well-established hallmarks), he never appeared at trial. In fact, it is not even clear if he was in the same state at the time of trial.

All of this matters because Mr. Myers, of course, did not raise any issues at trial since he did not appear at trial. And, as a matter of hornbook law, "A contention not raised below either in the pleadings or in the evidence and not directly passed upon by the trial court is not preserved for appellate review." *Baltimore Cnty., Maryland v. Aecom Services, Inc.*, 28 A.3d 11, 35 (Md. App. 2011) (quoting *Zellinger v. CRC Dev. Corp.*, 281 Md. 614, 620 (1977)).

Mr. Myers has failed to preserve any issues below and, as such, cannot succeed on any appellate arguments (saving, perhaps, one of subject matter jurisdiction) with the case in its current posture. But such is actually not fatal to Mr. Myers' cause; as noted *supra*, there is not yet a final order in this case and, as such, not yet a completed record below. Mr. Myers is free to raise certain issues with the trial court (provided they relate to matters still pending below), and to create a record to be utilized at such a time as this case becomes properly appealable. But, as of present, he has not done so, and this case is most certainly not appealable.

VI.    Conclusion

WHEREFORE, the King Parties respectfully pray this Honorable Court (i) deny the Motion; and (ii) afford such other and further relief as may be just and proper.

6

Respectfully submitted,

Dated: April 28, 2023

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 76723
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for the King Parties*

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2023, I electronically filed the foregoing with the MDEC

system, and I further caused the same to be served by U.S. Mail to Gregory Myers, 700 Gulf Shore

Blvd, North, Ft. Myers, Florida 34102.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

7

USBC-MD G FILED
6 MAY 23 PM 4:13

# Exhibit D

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

In re:

GREGORY B. MYERS,

    Debtor.

_____/

BRIAN KING, *et al.*,

    Plaintiffs,

v.

ROGER SCHLOSSBERG, TRUSTEE,

    Defendant.

_____/

Case No.  15-26033-MCR
(Chapter 7)

Adv. No. 24-00007

## SUPPLEMENT TO GREGORY B. MYERS'S PRELIMINARY OBJECTION TO THE TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED COMPROMISE AND *SETTLEMENT* WITH KING PLAINTIFFS

Gregory B. Myers ("Mr. Myers" or "Movant"), *pro se*, files this supplement (the "Supplement") to his preliminary objection (the "Objection") to the *Trustee's Motion For Approval Of Proposed Compromise And Settlement With King Plaintiffs* (Doc. 17) (the "Motion"), and states:[1]

Attached hereto as **Exhibit H** is a copy of the certified transcript of the hearing held in Montgomery County Circuit Court (Lease. J) on December 16, 2022 (the "Hearing Transcript"), in the case of *King, et al. v. Serv Trust, et al.*, Case No. 436977-V (the "King Case") and the case of *6789 Goldsboro LLC v. Serv Trust, et al.*, Case No. 436977-V (the "Goldsboro Case") (the

_____

[1] Mr. Myers adopts and incorporates the totality of his Objection herein by reference.

1

26

"King Case" and "Goldsboro Case" having been consolidated for administrative purposes, and

referred to herein collectively as the "State Court Litigation").

The December 16, 2022, hearing transcript (the "Hearing Transcript") states in pertinent

part as follows:

> THE COURT: All right, so Mr. Myers is here in the court. And the matters against
> Mr. Myers have been stayed, in that the matters proceeding to trial in January are
> the matters against Serv Trust in this case. So Mr. Myers is a party to the case, but
> his matters have been stayed at this point in time. ***
> ***
> MR. MYERS: May I speak, Your Honor?
> THE COURT: I will let you speak but remember **the matters against you are
> stayed in this case**.
> MR. MYERS: Your Honor, you used the word matters. The order from the
> bankruptcy court specifically says the automatic stay shall remain in effect and is
> not lifted as to any claims against Myers, the debtor. I am a defendant in both of
> the King party claims. They're not separately against Serv Trust. We're both named
> as defendants --
> THE COURT: **Right**, and the cases --
> MR. MYERS: -- so the claim can't proceed because I would have liability. If they
> prevail, I have liability, and the last sentence in the order says but not for any
> purposes which could impose individual liability upon the debtor.
> THE COURT: **Okay**.
> MR. MYERS: If King parties prevail in either of their two counts, I have potential
> liability, individual liability. And if --
> THE COURT: **Well, they would have to then…prove those counts against you
> in a separate trial** and the matter would not be, there would not be any collateral
> estoppel or res judicata, because you did not participate in the case as a party. **You
> were stayed and out of the case**, so any --
> MR. MYERS: There would still be a ruling that would impose liability upon me.
> THE COURT: **There would not be a ruling that would impose liability on you**.
> There would be a ruling that would potentially impose liability on Serv Trust.
> However, **these plaintiffs would have to, if they wanted to proceed against you,
> would be required to try that matter again separately**, and there would not be
> any res judicata or collateral estoppel issues, **because you were not a party to that
> case…at that time because, well, you were stayed, so you were not considered
> a party**.
> ***
> THE COURT: I understand you filed some motions. **Those motions are not ripe
> or at issue at this time**, because --
> MR. MYERS: Subject matter can be raised at any time, right?
> THE COURT: It can be, but you --
> MR. MYERS: Well, I'm raising it right now.

2

THE COURT: Well, you've raised it in a motion. These folks over here have an opportunity to read any motion that you file and respond to it, **before the Court makes a ruling.** *\*\**

THE COURT: **And again, the matters against you in this case have been stayed. Very clear with the parties here** --

MR. MYERS: I don't know what you mean by the matters.

THE COURT: All claims against you in this case are stayed. There's no --

MR. MYERS: Well, they can't be, because the claims are going forward.

THE COURT: Claims are going forward against Serv Trust, **and Serv Trust is a different** --

MR. MYERS: Well, then they would have to amend their complaint.

THE COURT: No, they would not. We can break out the fact that this case is going, and it is, **you know,** not the most efficient use of resources, **because to the extent that they want to come back subsequently, depending on what happens in the bankruptcy, and seek these claims against you, they're going to be required to retry that case against you, without the benefit of anything that occurred in the case against Serv Trust.** *\*\**

THE COURT: What I'm saying is that collateral estoppel, res judicata would not apply to you. **Given the fact that you're not a party at this time because of the stay,** that you did not have....a meaningful opportunity to participate in the trial, and as such the doctrines of collateral estoppel and res judicata would not apply. And so that **when you go to trial, if you go trial,** depending, I don't know what's going to happen in your [Florida] bankruptcy, **but if these claims survive the bankruptcy and come into court, then they'll have to try them all over again.** *\*\**

THE COURT: I don't know if these claims...would be discharged in the. I'm not familiar with your bankruptcy. I don't know what it's about. I know there's a stay, but in bankruptcy oftentimes claims can be discharged, claims can be reduced, claims can be settled.

MR. MYERS: There are no, they, the King parties, it's already been ruled they have no claims against me.2

THE COURT: **Okay.** *\*\**
*\*\**

---

[*] On June 29, 2021, the Florida bankruptcy court entered an *Order Sustaining Debtor's Objection to Proof of Claim 3 Filed by Brian King & Cristina King /Doc. No. 84/ (2:21-bk-00123-FMD; Doc. 108)* (the "Order Sustaining Objection to the King Parties' POC"), which **ORDERED:**

1. **The Objection to Proof of Claim 3 filed is SUSTAINED.**

2. **The claim of Brian King & Cristina King is disallowed in its entirety.**

A copy of the Order Sustaining Objection to the King Parties' POC is attached hereto as **Exhibit I** and made a part hereof. The Order Sustaining Objection to the King Parties' POC is now a final and unappealable order that is *res judicata* in this case and any other case or proceeding implicating Mr. Myers's rights (including the State Court Litigation), which requires that the instant adversary proceeding be immediately dismissed with prejudice.

THE COURT: Well, one is **you're not a live party in this case right now**.
\*\*\*
THE COURT: Sir, you don't have standing, given the fact that the matters against you are stayed. \*\*\*
THE COURT: Well, it makes you a non-party…for the purpose of the upcoming trial, **because the upcoming trial does not involve you**.
MR. MYERS: It does involve me.
THE COURT: **It does not**.

(Alterations and emphasis supplied). *See Curry v. Hillcrest Clinic, Inc.*, 337 Md. 412, 428-33 (1995) discussing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872)( "But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, **would be incongruous and illegal**."). (Emphasis supplied). "If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. **And such an incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law**." *Id.* (Emphasis supplied).

It has long been established that courts "'can make no decree affecting the rights of an absent person, and can make no decree between the parties before it which so far involves or depends upon the rights of an absent person that complete and final justice cannot be done between the parties to the suit without affecting those rights.'" *Greeley v. Lowe*, 155 U.S. 58, 70 (1894) (quoting *Shields v. Barrow*, 58 U.S. 130, 141-42 (1854)). This rule is just as strong today as when it was first set forth. *See, e.g., Republic of Philippines v. Pimentel*, 553 U.S. 851, 871 (2008) ( **recognizing that the non-joined parties "would not be bound by the judgment in an action where they were not parties"**).

4

The Trustee's Settlement Motion stemming from the King Parties' bogus Adversary Proceeding (No. 24-00007) is a sham, **a fraud on the Court**. See *In re Anderson*, 377 B.R. 865 (2007), holding:

> "[T]he Chapter 7 Trustee's settlement with the owners of the other undivided one-half interest in the property cannot be approved, for, as already discussed, that settlement contemplates the Chapter 7 Trustee conveying to those owners an interest in the property that the bankruptcy estate [never owned]. **The bankruptcy estate's receipt of consideration from the Defendants under such circumstances would be tantamount to fraud and, therefore, would be in violation of the Chapter 7 Trustee's fiduciary duty to administer the bankruptcy estate in a lawful manner**."

(Emphasis supplied).[³] See also *Ergen v. Washington County Bldg. Loan Ass'n.*, 184 Md. 412, 41 A.2d 290 (1945) ("where two or more persons conspire to carry out a fraud to cheat another, each of them is liable to the defrauded party irrespective of the degree of his activity in the fraudulent transaction or whether he shared in the profits of the scheme. In order to establish liability of a participant in a fraud, it is not necessary to show that he was a party to its contrivance at its inception. If it is shown that he knew of the fraudulent scheme and willfully aided in its execution, he is chargeable with the consequences. All persons who participate in such a transaction are jointly liable for the ensuing injury regardless of the degree of culpability. *Lomita Land Water Co. v. Robinson*, 154 Cal. 36, 97 P. 10, 14."). Id. at 418.

Here, **this Court** "knew of the fraudulent scheme and willfully aided in its execution" by entering the December 11, 2023, Order (Case 15-26033; Doc 1029) (the "Settlement Procedure Motion"), thereby facilitating **"the mechanism"** by which the Trustee and the King Parties are now seeking to **defraud** Mr. Myers and Serv Trust.

---

[³] On December 18, 2018, **The Honorable Anne K. Albright** found that Brian King as the Managing Member of 6789 Goldsboro LLC breached his fiduciary duty to Serv Trust "in order to benefit himself and the other class A members" (his family), concluding that Mr. King's actions "**would amount to constructive fraud**.".

5

The Trustee has the burden of proof on the Settlement Motion, and Mr. Myers intends to show at an evidentiary hearing on the Settlement Motion that the Trustee cannot meet that burden. Accordingly, the Trustee's Settlement Motion should be denied.[3]

## REQUEST FOR EVIDENTIARY HEARING

Mr. Myers demands that the Court schedule a full evidentiary hearing on the Trustee's Settlement Motion and demands **strict proof** on the substance and merits of the Trustee's Settlement Motion.

RESPECTFULLY SUBMITTED on this 4th day of February, 2025.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

---

[3] Mr. Myers reserves all of his rights, claims and defenses, including his rights under the **Federal Tort Claims Act** (FTCA) which allows for private parties to sue the United States in federal court for torts committed by persons acting on behalf of the government. **28 U.S.C. § 2674.**

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 4, 2025, a copy of the foregoing Supplement was

furnished via first class U.S. Mail, postage prepaid to the following parties:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012


Gregory B. Myers, *pro se*

7



# Exhibit E

Case 8:25-cv-02103-TDC    Document 21-2    Filed 01/12/26    Page 120 of 167
Case 15-26033    Doc 1051-5    Filed 05/06/25    Page 2 of 6
Case 24-00007    Doc 22-2    Filed 02/04/25    Page 2 of 2
Case 2:21-bk-00123-FMD    Doc 108    Filed 06/29/21    Page 1 of 1

ORDERED

Dated: June 29, 2021

*Caryl E. Dellano*

Caryl E. Delano
Chief United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| IN RE: | ) | Case No.: 2:21-bk-00123-FMD |
| | ) | Chapter 13 |
| Gregory Brian Myers, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## ORDER SUSTAINING DEBTOR'S OBJECTION TO PROOF
## OF CLAIM 3 FILED BY BRIAN KING & CRISTINA KING [DOC. NO. 84]

THIS CASE came for consideration upon the *Debtor's Objection to Claim No. 3 Filed By Brian King & Cristina King* [Doc. No. 84] (the "Objection"). The Court finds that the Objection was served on all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to object within thirty (30) days of the date of service. No party filed an objection within the time permitted. Accordingly, it is

**ORDERED:**

1. The Objection to Proof of Claim 3 filed is SUSTAINED.

2. The claim of Brian King & Cristina King is disallowed in its entirety.

Attorney Undine C. George, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.

# Exhibit F

## Gregory Myers, Trustee

| | |
|---|---|
| From: | brian@realestatedimensions.com |
| Sent: | Friday, October 11, 2019 11:06 AM |
| To: | 'Pelletier, Eric' |
| Cc: | Lynch, Timothy; Douglas M. Lederman; 'Mac VerStandig'; Edward M. Schwartz |
| Subject: | RE: K1 for ServTrust- Attorney-client privilege |

Hi Eric,

I spoke to Ed and Doug yesterday at Gorfine Schiller concerning the language and because the sensitivity of the language, can you rewrite the paragraph in question on Page 35 of the return with the exact language and date? He will amend the return with the corrected language.

Thank you,
Brian

From: Pelletier, Eric <epelletier@offitkurman.com>
Sent: Thursday, October 10, 2019 3:39 PM
To: brian@realestatedimensions.com
Cc: Lynch, Timothy <tlynch@offitkurman.com>; 'Mac VerStandig' <mac@mbvesq.com>; Edward M. Schwartz <ESchwartz@gsg-cpa.com>
Subject: RE: K1 for ServTrust- Attorney-client privilege

Are you referring to page 35, which mentions bankruptcy. I think that the answer is omit reference to the bankruptcy. I would also be more vague on the date if possible. Mac filed his lawsuit 9/14/2017. You could say "Serv Trust's interests were redeemed pursuant to the operating agreement no later than [pick a date 9/14/2017 or 1/1/2018]."

Brian/ Ed – does this clarify things?

Eric Pelletier

**Offit | Kurman**
Attorneys at law

240.507.1739  Washington
240.507.1735  Facsimile
www.offitkurman.com

4800 Montgomery Lane | 9th Floor | Bethesda, MD 20814

PRIVILEGED COMMUNICATION/PRIVACY NOTICE
Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named

1

above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

**IRS CIRCULAR 230 DISCLOSURE**

To ensure compliance with requirements imposed by the IRS, we inform you that any US federal tax advice contained in this communication (including any attachments) is not intended or written to be used and cannot be used for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** brian@realestate-dimensions.com <brian@realestatedimensions.com>
**Sent:** Thursday, October 10, 2019 2:53 PM
**To:** Pelletier, Eric <epelletier@offitkurman.com>
**Cc:** Lynch, Timothy <tlynch@offitkurman.com>; 'Mac VerStandig' <mac@mbvesq.com>; Edward M. Schwartz <Eschwartz@gsg-cpa.com>
**Subject:** FW: K1 for ServTrust

Eric,

I was going to send out the 2018 ServTrust K1 but sent a copy to Mac prior to sending it out. He has concerns with the K1 that needs to be addressed with my accountant. My accountant at Gorfine Schiller that worked on this return is Ed Swartz – 410-356-5900. I have copied him on this email and left him a voice message to expect a call to make sure the return is correct. I have attached the K1 portion of the return and the complete 2018 return for your review.

Please let me know if you have any questions.

Thank you,
Brian

**From:** Mac VerStandig <mac@mbvesq.com>
**Sent:** Thursday, October 10, 2019 2:30 PM
**To:** Brian King <brian@realestatedimensions.com>
**Subject:** RE: K1 for ServTrust

Brian,

The last page is a bit of a problem – the form itself is fine, but this says the interest was redeemed "due to the fact that Serv Trust was going through bankruptcy." That is not the rationale for the redemption, and Serv Trust hasn't actually been in bankruptcy. Any way to get this edited? I'm happy to speak with the accountant if it would help...

(Also, it might be wise to have Eric Pelletier weigh in, since he is officially 6789's counsel. If my fingerprints are on this, it could well fuel another Greg motion...)

Thanks,

Maurice "Mac" VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301)444-4600
Cell: (240)351-6442
Facsimile: (301)576-6885
mac@mbvesq.com

2

Twitter: @mac_Verstandig

PRIVILEGED COMMUNICATION/PRIVACY NOTICE
Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

TAX ADVICE NOTICE
Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities. This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

From: Brian King <brian@realestatedenver-egal.com>
Sent: Thursday, October 10, 2019 11:17 AM
To: Mac VerStandig <mac@mbvesq.com>
Subject: K1 for ServTrust

Hi Mac,

Attached is the K1 for ServTrust for 2018. My accountant did not send out the K1 when he finished the return on September 15, 2018 when corporate returns were due. Do you want me to send this to Dan Ring? Should I send it certified?

The return reflects the redemption of ownership and 0.00% in all partner share accounts. Please let me know what you would like me to do.

Thanks, Brian

PRIVILEGED COMMUNICATION/PRIVACY NOTICE
Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities. This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

**APPENDIX C-7** Debtor's Objection to Proof of Claim No. 23
(Cristina & Brian King Children's Trust)
*(Due process violation when objections deemed moot —*
*Argument III)*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

In re:

                                              Case No.  15-26033-MCR

Gregory B. Myers                          Chapter 7

      Debtor.

_____ /

### OBJECTION TO CLAIM 23-1 FILED BY CRISTINA AND BRIAN KING CHILDREN'S TRUST, NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

    Debtor, Gregory B. Myers ("Mr. Myers" or "Debtor"), *pro se*, pursuant to 11 U.S.C. § 502(a), objects to Claim 23-1 filed by Cristina and Brian King Children's Trust (Claim 23-1), and in support thereof states:

    1.    Debtor commenced this case by filing a bankruptcy petition on November 18, 2015 (the "Petition Date").

    2.    On January 10, 2024, Cristina and Brian King Children's Trust filed a Proof of Claim (Claim 23-1) in the amount of Zero Dollars and No Cents ($0.00) with "the basis of the claim" identified as "Equitable and statutory claim, as set forth in Case No. 24-00007". Claim 23-1 was submitted "under penalty of perjury" by Maurice B. VerStandig, Esquire and The VerStandig Law Firm, LLC.

    3.    Claim 23-1 lacks attachments or factual support. For example, Claim 23-1 fails to attach a copy of the referenced "Case" and fails to attach redacted copies of any other documents supporting Claim 23-1 as required by Bankruptcy Rule 3001(c).

    4.    Claim 23-1 is a fraudulent attempt to create a monetary connection between Serv Trust and Mr. Myers's Chapter 7 bankruptcy estate where there is none. *See, e.g., In re Anderson,* 377 B.R. 865 (2007).

1

5.      Claim 23-1 is counterfactual and legally meritless for the reasons set forth in **Exhibits A, B, C, D, E** and **F**, which are incorporated herein by reference and made a part hereof for all relevant purposes.

6.      Claim 23-1 is invalid on its face because it is time barred by 11 U.S.C. §502 and Rule 3002 of the Federal Rules of Bankruptcy Procedure. See *In re Stone*, 473 B.R. 465 (Bankr. M.D. Fla. 2012). Further, the Court has no authority or discretion to modify the claims bar date in Mr. Myer's Chapter 7 bankruptcy case (i.e., by ordering "the deadline for the King Parties to file a proof of claim against the bankruptcy estate is 30 days from the date on which this Order is entered" or January 10, 2024). *See* Fed. R. Bankr. P. 3002(c); Fed. R. Bankr. P. 9006(b)(3). *See also In re Aboody*, 223 B.R. 36 (B.A.P. 1st Cir. 1998) (excusable neglect standard is inapplicable to the filing of a proof of claim in a case under Chapter 7).

7.      Accordingly, Claim 23-1 should be disallowed in its entirety.

## RESERVATION OF RIGHTS

8.      Nothing herein shall be construed as an admission that Debtor was or is indebted to Cristina and Brian King Children's Trust or that any of the claims or amounts asserted in Claim 23-1 are valid. Debtor reserves the right to amend or supplement this Objection if Debtor deems it necessary and appropriate, for any reason, including, without limitation, the right to add documents and assert claims or defenses, at law or in equity, arising prior to, on, or after the Petition Date.

9.      Debtor does not waive any rights at law or equity or any rights or causes of action that Debtor has or may have against any person, including but not limited to Cristina and Brian King Children's Trust, that (i) affect or seek to affect in any way the rights or interests of the Debtor or any other party in interest in this case, including (a) property of the Debtor or the Debtor's estate, or proceeds thereof, (b) claims against or interests in the Debtor, (c) other rights

2

or interests of creditors of the Debtor or other parties in interest in this case, or (d) property or proceeds thereof in the possession, custody, or control of Cristina and Brian King Children's Trust or other parties in interest in this case in which the Debtor possesses a legal right of user or other rights, whether known or unknown, future or contingent, express or implied; or (ii) requires or prohibits, or seeks to require or prohibit, any act, delivery of any property, payment or other conduct by the Debtor or any other party in interest. Debtor further reserves any rights to recoupment and setoff, and, if appropriate, may exercise such rights without further order of the Court and without amending this Objection.

10.    This Objection is not intended to be, and shall not be construed as, an election of remedies; a waiver of any claims or defenses; or an admission as to the jurisdiction of this Court and/or a waiver to contest the jurisdiction of this Court. Neither this Objection nor any pleading, claim, or suit shall waive any right of Debtor (i) to have final orders in non-core matters entered only after de novo review by a higher court, (ii) to trial by jury in any proceeding so triable in this case or any case, controversy, or proceeding related to this case, (iii) to have the reference withdrawn in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, defenses, setoffs or recoupments, under agreements, in law, in equity, or otherwise, all of which rights, claims, actions, defenses, setoffs, and recoupments are expressly reserved.

## REQUEST FOR EVIDENTIARY HEARING

11.    Debtor requests that the Court schedule an evidentiary hearing on Claim 23-1 and Debtor demands strict proof on the substance and merits of Claim 23-1.

3

**WHEREFORE**, for the reasons set forth above, Debtor Gregory B. Myers requests that

the Court enter an order sustaining Debtor's Objection to Claim 23-1, disallowing Claim 23-1 in

its entirety, and grant such other and further relief as this action may require. [1]

### NOTICE TO CLAIMANT CRISTINA AND BRIAN KING CHILDREN'S TRUST

Please take notice that:

> **WITHIN 30 DAYS AFTER THE DATE OF SERVICE OF THE OBJECTION, THE CLAIMANT MAY FILE AND SERVE A MEMORANDUM IN OPPOSITION, TOGETHER WITH ANY DOCUMENTS AND OTHER EVIDENCE THE CLAIMANT WISHES TO ATTACH IN SUPPORT OF ITS CLAIM, UNLESS THE CLAIMANT WISHES TO RELY SOLELY UPON THE PROOF OF CLAIM. AN INTERESTED PARTY MAY REQUEST A HEARING THAT WILL BE HELD AT THE COURT'S DISCRETION.**

**RESPECTFULLY SUBMITTED** on this 6th day of May, 2025.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*greghmyers@verizon.net*

---

[1] Judges abuse the power of the judicial office when they abbreviate or change critical aspects of the adversary process in ways that run counter to the scheme established by relevant constitutional and statutory law. *Oberholzer v. Comm'n on Judicial Performance*, 20 Cal.4th 371, 84 Cal.Rptr.2d 466, 975 P.2d 663, 679 (1999) (legal error "can constitute misconduct if it involves 'bad faith, bias, abuse of authority, disregard for fundamental rights, intentional disregard of the law or any purpose other than the faithful discharge of judicial duty' " (citing cases)); *In re Quirk*, 705 So.2d at 178 ("egregious legal error, legal error motivated by bad faith, and a continuing pattern of legal error" can also constitute misconduct). The record in this case creates a stark appearance of misconduct sufficient to support a finding that this Court has committed serious judicial misconduct by abusing power that is prejudicial to the effective and expeditious administration of the business of the courts. 28 U.S.C. § 351(a).

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of May 2025, a copy of the foregoing was

furnished via first class U.S. Mail, postage prepaid to the following parties:

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Gregory B. Myers

USBC-MD G FILED
6 MAY '25 P 4:03

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:

GREGORY B. MYERS,

    Debtor.

_____/

BRIAN KING, et al.,

    Plaintiffs,

v.

ROGER SCHLOSSBERG, TRUSTEE,

    Defendant.

_____/

Case No.  15-26033-MCR
(Chapter 7)

Adv. No. 24-00007

## GREGORY B. MYERS'S PRELIMINARY OBJECTION TO THE TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED COMPROMISE AND <u>SETTLEMENT WITH KING PLAINTIFFS</u>

Gregory B. Myers ("Mr. Myers" or "Movant"), *pro se*, files his preliminary objection (the

"Objection") to the *Trustee's Motion For Approval Of Proposed Compromise And Settlement With*

*King Plaintiffs* (Doc. 17) (the "Motion"), and states:

### BACKGROUND

On December 16, 2022, the Montgomery County Circuit Court (Lease, J) held a hearing in

*King, et al. v. Serv Trust, et al.*, Case No. 436977-V (the "King Case") and *6789 Goldsboro LLC*

*v. Serv Trust, et al.*, Case No. 436977-V (the "Goldsboro Case") (the "King Case" and "Goldsboro

Case" having been consolidated for administrative purposes, and referred to herein collectively as

the "State Court Litigation"). The following statements were placed on the record during the

1

December 16, 2022, hearing in the State Court Litigation:

> THE COURT: *** So Mr. Myers is here in court. The matters against Mr. Myers have been stayed. *** Mr. Myers is a party to the case, but his matters have been stayed at this point in time.
>
> THE COURT: What's the status of this matter? I'll start with counsel for the King Parties.
>
> MR. VERSLANDIG: Your Honor, we are prepared to proceed to trial on January 3rd [2023]. Pre-trial statements were filed a couple of years ago prior to a bankruptcy stay and are inclusive of all the exhibits and all the witnesses we plan to rely upon during our trial in January [2023]. It will be a more abbreviated list of witnesses and exhibits because the claims against Mr. Myers are stayed. ***
>
> MR. MYERS: *** If King Parties prevail in either of their two counts, I have potential liability.
>
> THE COURT: They would have to prove those counts against you in a separate trial. The matter would not be -- there would not be any collateral estoppel or res judicata because you did not participate in this case as a party. You were stayed and out of the case.
>
> MR. MYERS: There would still be a ruling that would impose liability upon me.
>
> THE COURT: There would not be a ruling that would impose liability on you. There would be a ruling that would potentially impose liability on Serv Trust. However, these Plaintiffs would have to, if they wanted to proceed against you, would be required to try that matter again separately and there would not be any res judicata or collateral estoppel issues because you were not a party to th[is] case. You were stayed, so you are not considered a party.

(Alterations and emphasis supplied supplied). See also King Plaintiff's motion to stay proceedings.

a copy of which is attached hereto as **Exhibit A** and made a part hereof.

On January 3, 2023, the Montgomery County Circuit Court (Lease, J) made the following

statement on the record in the State Court Litigation:

> THE COURT: And under the Frow doctrine you can, either one of two things: you sort of abstain from going forward because you don't want to try it twice, or two, you can enter the judgment, but then it's a non-final judgment because anything that I do today in essence necessarily would be nonfinal because we don't have, we're not putting all of the claims against all the parties are not getting to an adjudication. **So we don't have a final judgment today under any circumstance**.

2

(Emphasis supplied).[1] A copy of the partial hearing transcript is attached hereto as **Exhibit B** and made a part hereof.

On January 3, 2023, Mr. Myers noticed an appeal to the Appellate Court of Maryland ("ACM") stemming from the conduct in the State Court Litigation. The ACM docketed the case as No. 1876, September Term 2022, ACM-REG-1876-2022 (the "ACM Appeal").

On January 12, 2023, the Montgomery County Circuit Court (Lease, J.)—in violation of the ACM's jurisdiction—entered an ORDER ENTERING PARTIAL JUDGMENT AND STAY in the State Court Litigation, ordering "that all remaining matters in this case are accordingly stayed...."

On April 17, 2023, the Montgomery County Circuit Court (Lease, J) held a hearing in the State Court Litigation and ruled the "triggering mechanism" for bankruptcy jurisdiction would necessarily require entry of a **final order** in the State Court Litigation (i.e., *not* entry of a *non*-final order). A copy of the hearing transcript is attached hereto as **Exhibit C** and made a part hereof.

On April 18, 2023, in the ACM Appeal, Mr. Myers filed a motion for stay pending appeal. On April 28, 2023, the King Parties filed a response to Mr. Myers's motion (the "King Parties ACM Response")—which Goldsboro and the Trustee adopted and incorporated in their respective responses filed in the ACM Appeal—arguing:

> "[T]he order from which Mr. Myers instantly seeks a stay is, by its own express terms, non-final. Indeed, the document is titled 'Order Entering Partial Judgment and Stay,' and the order most certainly does not dispose of the totality of the triable issues below."
>
> **"The order from which appellants appealed did not adjudicate or complete the adjudication of any claim in this matter.** It therefore was not a final order[.]"

---

[1] The King Parties have **never** answered the Second Amended Counterclaim filed by Serv Trust in Case 436977-V and are now in default.

3

> "Here, the order below is, by its own titular designation, 'partial' in
> nature. There are no less than three causes of action that have not
> yet been tried judgment and, accordingly, upon which no judgment
> has been entered."

> "[T]here remain unresolved causes of action in both cases that were
> consolidated below and, as such, there does not exist a final order in
> either case, even if they were to be considered separately."

(Alterations supplied). A copy of the King Parties ACM Response is attached hereto as **Exhibit
D**. The King Parties, Goldsboro, and the Trustee are judicially estopped from taking a different
position in this Court.

On May 7, 2024, the King Parties and the Trustee executed and filed a fraudulent
"STIPULATION OF DISMISSAL" (the "Stipulation") in the State Court Litigation, which states:

> COMES NOW, Plaintiffs, Brian King, Cristina King, and Brian
> King in his capacity as trustee of the Cristina and Brian King
> Children's Trust (collectively, the "King Parties"), and Defendant,
> Serv Trust, through Roger Schlossberg, the Chapter 7 Trustee of the
> Bankruptcy Estate of Gregory B. Myers, who is, by operation of
> law, now the sole legal representative of Serv Trust following this
> Court's judicial determination herein that Serv Trust is the alter ego
> of Gregory B. Myers, by and through their respective undersigned
> counsel, pursuant to Md. Rule 2-506(a), hereby stipulate and agree
> that Count I of Plaintiffs' First Amended Complaint (Declaratory
> Judgment: Redemption of Interests) in Case No.: 436977-V shall be,
> and is hereby, DISMISSED.

A copy of the fraudulent Stipulation is attached hereto as **Exhibit E**.

## ARGUMENT

Serv Trust's property is unaffected unless and until there is a final judgment in the State
Court Litigation, and it is **undisputed** that there is no final judgment in the State Court Litigation
that adjudicates all claims against all parties in the State Court Litigation. In fact, the King
Plaintiffs (VerStandig) represented to the Appellate Court of Maryland that "The order from which
appellants appealed did not adjudicate or complete the adjudication of *any claim* in this matter."
(Emphasis supplied). The Trustee adopted and incorporated that very argument as his own.

4

It is obvious the Settlement Motion—together with Adversary Proceeding No. 24-00007—is a sham; a fraud. See *In re Anderson*, 377 B.R. 865 (2007), holding "the Chapter 7 Trustee's settlement with the owners of the other undivided one-half interest in the property cannot be approved, for, as already discussed, that settlement contemplates the Chapter 7 Trustee conveying to those owners an interest in the property that the bankruptcy estate in all likelihood no longer owns. **The bankruptcy estate's receipt of consideration from the Defendants under such circumstances would be tantamount to fraud and, therefore, would be in violation of the Chapter 7 Trustee's fiduciary duty to administer the bankruptcy estate in a lawful manner.**" (Emphasis supplied.) See also email chain attached hereto as **Exhibit F**, evidencing a conspiracy by and among Brian King, Timothy Lynch, Maurice VerStandig and others to commit tax fraud in violation of 26 U.S. Code § 7206, as well and numerous other bad acts.[2] See *Ezgen v. Washington County Bldg. Loan Ass'n.*, 184 Md. 412, 41 A.2d 290 (1945) ("where two or more persons conspire to carry out a fraud to cheat another, each of them is liable to the defrauded party irrespective of the degree of his activity in the fraudulent transaction or whether he shared in the profits of the scheme. In order to establish liability of a participant in a fraud, it is not necessary to show that he was a party to its contrivance at its inception. If it is shown that he knew of the fraudulent scheme and willfully aided in its execution, he is chargeable with the consequences. All persons who participate in such a transaction are jointly liable for the ensuing injury regardless of the degree of culpability. *Jonnita Land Water Co. v. Robinson*, 154 Cal. 36, 97 P. 10, 14."). Id. at 418. The Trustee's "fingerprints" are now on this scheme as well.[3]

---

[2] Notably, on December 18, 2018, **The Honorable Anne K. Albright** (now sitting on the Appellate Court of Maryland), found, *inter alia*, that Brian King as the Managing Member of 6789 Goldsboro LLC breached his fiduciary duty to Serv Trust "in order to benefit himself and the other class A members" (his family), and concluding "**that would amount to constructive fraud.**".
[3] Given the criminal and fraudulent nature of the Settlement Motion, it is apparent that counsel's

5

On December 5, 2019, the Maryland bankruptcy court (Simpson, J) entered an Order remanding Adv. No. 19-00427 (i.e., the State Court Litigation) "to the Circuit Court for Montgomery County, Maryland pursuant to 28 U.S.C. ' 1452(b)." (Adv. No. 19-00427; Dkt. No. 5) the "Remand Order"). A copy of the Remand Order is attached hereto as **Exhibit G** and made a part hereof.

This Court (Chavez-Ruark, J) has previously acknowledged that the Montgomery County Circuit Court (Lease, J) has jurisdiction and authority under the Maryland Rules to **control its judgments** that are non-final. And the Trustee concedes that he is **barred** under Bankruptcy Rule 9027(a)(3) from removing the State Court Litigation to this Court, citing Bankruptcy Rule 9027 and *Roberts v. Creighton*, 2009 WL 7083320 (D. Md. Feb. 27, 2009). Yet, on December 11, 2023, this Court (Chavez-Ruark, J) entered an Order (Doc 1029) in Case 15-26033, which states:

> "The Settlement Procedure Motion is the **mechanism** by which the Trustee is seeking authority to resolve a stayed cause of action in the State Court."

The Bankruptcy Court (Chavez-Ruark, J) has no jurisdiction or authority to approve a "**mechanism**" which amounts to an **improper collateral attack** on the Remand Order entered on December 5, 2019 (Adv. No. 19-00427; Dkt. No. 5). An order remanding a claim or cause of action to the State Court is not reviewable by appeal "or otherwise" (which includes this Court). Only a

---

conduct implicates several cannons of the Model Rules of Professional Conduct. For instance, Rule 1.2(d), which proscribes a lawyer from "counsel[ing] a client to engage, or assist[ing] a client, in conduct that the lawyer knows is criminal or fraudulent"; Rule 3.1, which requires that a lawyer only bring or defend a proceeding when "there is a basis in law and fact for doing so that is not frivolous"; Rule 3.3(4) regarding candor toward the tribunal, which proscribes a lawyer from presenting a "[l]egal argument based on a knowingly false representation of law"; and Rule 3.3(12) which provides that "[l]awyers have a special obligation to protect a tribunal against criminal or fraudulent conduct that undermines the integrity of the adjudicative process[.]" Mr. Myers will be filing a complaint with the Attorney Grievance Commission to determine what, if any, Rules of Professional Conduct counsel might have violated.

district court or bankruptcy appellate panel may review a bankruptcy court's remand order under 28 U.S.C. § § 1334(d), 1447(d) and 1452(b). See *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). Accordingly, this Court's (Chavez-Ruark, J) "mechanism" is unlawful and is an affront to the proper jurisdiction of the State Court.

Maryland adheres to the *Frow Doctrine. See Curry v. Hillcrest Clinic, Inc.*, 337 Md. 412, 428-33 (1995) discussing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872)( "But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."). "If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. And such an incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law." *Id*.

It has long been established that courts "'can make no decree affecting the rights of an absent person, and can make no decree between the parties before it which so far involves or depends upon the rights of an absent person that complete and final justice cannot be done between the parties to the suit without affecting those rights.'" *Greeley v. Lowe*, 155 U.S. 58, 70 (1894) (quoting *Shields v. Barrow*, 58 U.S. 130, 141-42 (1854)). This rule is just as strong today as when it was first set forth. *See, e.g., Republic of Philippines v. Pimentel*, 553 U.S. 851, 871 (2008) (recognizing that the non-joined parties "would not be bound by the judgment in an action where they were not parties").

7

The U.S. Supreme Court has clearly stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a remedy sought in opposition to them, even prior to a reversal. They constitute no justification, and all persons concerned in executing such judgments or sentences are considered in law as trespassers." *Elliot v. Lessee of Piersol*, 26 U.S, 328 (1828). Thus, according to *Elliot*, by filing the instant Motion, the Trustee is "considered in law [a] trespasser." *Id.*

The State Court has made no final determination in the State Court Litigation. Accordingly, the Settlement Motion must be denied because there is no justiciable controversy or cause of action "affecting the estate" and therefore there is nothing for the Trustee "to compromise or settle." See *E.F. Hutton & Co., Inc. v. Hadley*, 901 F .2d 979 (11th Cir.1990) (When standing has been contested, it is the burden of the party claiming standing "'to plead and prove injury in fact, causation, and redressability.'"). The Trustee and the King Plaintiffs cannot meet that burden and "the court is not required to accept as true unwarranted legal conclusions or unwarranted factual inferences." *Id.* at 753. The Trustee and the King Plaintiffs must assert more than a conclusory statement that they have "suffered damages." It is the burden of the party claiming standing "to plead and prove injury in fact, causation, and redressability." Id. At 984. But here, they cannot.

Until the State Court Litigation concludes (i.e., with a final order , the Trustee lacks standing to file this Motion or any other motion affecting Serv Trust or Mr. Myers. This is not a core proceeding (it's a sham) and Mr. Myers does not consent to the entry of any final orders or judgments by the bankruptcy court. To the extent the Settlement Motion is not dismissed for lack of subject matter jurisdiction or some other reason, the bankruptcy court must submit proposed findings of fact and conclusions of law to the Maryland District Court for an Article III Judge to make a final determination. The U.S. Supreme Court has clearly stated that if a court is "without

authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a remedy sought in opposition to them, even prior to a reversal. They constitute no justification, and all persons concerned in executing such judgments or sentences are considered in law as trespassers." *Elliot v. Lessee of Piersol*, 26 U.S. 328 (1828). Thus, according to Elliot, by filing the Settlement Motion, the Trustee is "considered in law [a] trespasser." *Id.*

The Trustee has the burden of proof on the Settlement Motion, and Mr. Myers intends to show at an evidentiary hearing on the Settlement Motion that the Trustee cannot meet that burden. Accordingly, the Trustee's Settlement Motion should be denied.

### REQUEST FOR EVIDENTIARY HEARING

Mr. Myers demands that the Court schedule a full evidentiary hearing on the Trustee's Settlement Motion and demands **strict proof** on the substance and merits of the Trustee's Settlement Motion.

RESPECTFULLY SUBMITTED on this 21st day of January, 2025.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of January, 2025, a copy of the foregoing

GREGORY B. MYERS'S PRELIMINARY OBJECTION TO THE TRUSTEE'S MOTION FOR

APPROVAL OF PROPOSED COMPROMISE AND SETTLEMENT WITH KING

PLAINTIFFS was furnished via first class U.S. Mail, postage prepaid to the following parties:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Gregory B. Myers, *pro se*

10

# Exhibit B

Entered: December 5th, 2019
Signed: December 4th, 2019

**SO ORDERED**



LORI S. SIMPSON
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BAKNRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Gregory B. Myers, | * | Case No. 15-26033-WIL |
| | * | Chapter 7 |
| Debtor. | * | |
| | * | |

| | | |
|---|---|---|
| Gregory B. Myers, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Adversary No. 19-00427 |
| | * | |
| Brian King, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

## ORDER REMANDING CASE

The above-captioned adversary proceeding was commenced on November 13, 2019, upon
the Notice of Removal filed by Maurice VerStandig.   The Notice of Removal states that Gregory
Myers (the "Debtor") filed a third-party claim and counterclaim against various parties (the "Myers

1

Defendants") in Consolidated Case No. 451611-V pending in the Circuit Court for Montgomery County, Maryland alleging that the Myers Defendants violated Section 362 of Title 11 of the United States Code (the "Third Party Complaint"). Because the Third Party Complaint asserts that the Myers Defendants violated the automatic stay arising in the Debtor's bankruptcy case pending in this Court, the Myers Defendants consented to the removal of the Circuit Court Action.

On December 3, 2019, the Debtor filed a Notice of Voluntary Dismissal of the Third Party Complaint pursuant to Fed. R. Civ. P. 41, made applicable to this proceeding by Fed. R. Bankr. P. 7041. Based on the dismissal of the Third Party Complaint, and this Court having previously elected to abstain from exercising jurisdiction over the underlying Circuit Court Action[1], the Court will remand this matter to the Circuit Court for Montgomery County, Maryland.

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland, hereby

**ORDERED**, that the above-captioned adversary proceeding is remanded to the Circuit Court for Montgomery County, Maryland pursuant to 28 U.S.C. § 1452(b).

cc:     All Counsel
        All Parties
        United States Trustee
        Chapter 7 Trustee: Roger Schlossberg

### END OF ORDER

---

[1] See Order of Abstention (Docket Entry No. 28) entered on January 30, 2019, in Adversary Proceeding 18-00407.

USBC-MD G FILED
6 MAY '25 PM4:09

# Exhibit C

IN THE APPELLATE COURT OF MARYLAND

| | | |
|---|---|---|
| GREGORY BRIAN MYERS | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. ACM-REG-1876-2022 |
| | ) | |
| BRIAN KING, et al. | ) | September Term 2022 |
| | ) | |
| Appellees. | ) | |
| | ) | |

## OPPOSITION TO EMERGENCY MOTION FOR STAY PENDING APPEAL

Come now Brian King, Cristina King, and Brian King in his capacity as trustee of the Cristina and Brian King Children's Trust (collectively, the "King Parties"), appellees herein, by and through undersigned counsel, in opposition to Emergency Motion for Stay Pending Appeal (the "Motion") filed by Gregory B. Myers ("Mr. Myers" or the "Appellant"), and in support thereof state as follows:

### I.    Introduction

After years of delay tactics, the Appellant endeavored to remove the case below, to a Florida bankruptcy court, on the last business day before trial. When that tactic failed, courtesy of a prompt remand, the Appellant failed to appear at trial but filed a *carte blanche* appeal prior to the Circuit Court for Montgomery County, Maryland giving an oral ruling at the close of the trial (and well before a written order would file several days later). He now seeks an emergency stay pending disposition of that appeal but, in so doing, misses at least three critical issues: (i) a motion for a stay pending appeal must first be brought in the trial court; (ii) this appeal is procedurally improper inasmuch as it stems from a non-final order; and (iii) the Appellant is unlikely to succeed

1

on this appeal by virtue of the simple reason that he did not appear at trial and, as such, did not preserve any issues for appeal.[1]

For these reasons, and as extrapolated upon *infra*, the Motion merits denial.

## II.    Background: Gregory Myers and Barbara Ann Kelly

The ruling below concerns Mr. Myers and his wife, Barbara Ann Kelly ("Ms. Kelly"), using a trust (putatively established for the benefit of their children) to conceal assets from creditors, including a bankruptcy trustee. This case, however, falls within a broader context, where the litigation tactics of Mr. Myers and Ms. Kelly – including those focused on appellate filings – have, time and again, been held to be exemplars of bad faith.

As noted by one court more than two years ago, in assessing Mr. Myers' bad faith litigation tactics:

> [O]ver the past three years, Myers has filed approximately twenty actions, to include fifteen bankruptcy appeals and five civil cases, seemingly for the purpose of delaying the liquidation of his assets in his bankruptcy case. The overwhelming majority of these cases have been dismissed either by the Court or by Myers voluntarily after Myers failed to designate the record, file a brief, or pay his filing fees...

*Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch, P.A.*, 2020 WL 758154, at *1 (D. Md. 2020).

The United States District Court for the District of Maryland proceeded to further analyze how Mr. Myers' litigious efforts are vexatious in the worst way:

> This behavior has become a longstanding pattern for Myers. In his twenty cases, Myers initiates the action, then exhibits a dereliction in prosecution that reflects no real interest in resolution on the merits. The Court cannot help but conclude that

---

[1] The Appellants first learned of the Motion yesterday. As noted in a separate filing, it appears Mr. Myers – in what has now become a pattern of his – signed a certificate of service but never actually deposited a copy of the Motion in the mails. Save for the happenstance of counsel for a related party checking the docket, the pendency of the Motion would not have been timely discovered. The King Parties hope to supplement this with a more extensive brief in the coming days but, in the interim, file this opposition out of an abundance of caution.

Myers' true goal is to gum up the judicial process for his own personal benefit and ignore valid court orders as he sees fit. Taking all of this into account, the Court finds that Myers' behavior has reached the point where the Court could hold Myers in contempt of valid court orders and dismiss the action irrespective of the automatic stay.

*Myers*, 2020 WL 758154, at \*4 (citing *In re Walters*, 868 F.2d 665, 669 & n.2 (4th Cir. 1989); *CapitalSource Fin., LLC v. Delco Oil, Inc.*, 2010 WL 3733934, at \*7 (D. Md. 2010); *S.E.C. v. Bilzerian*, 131 F. Supp. 2d 10, 15 (D. D.C. 2001), aff'd, 75 Fed. Appx. 3 (D.C. Cir. 2003)).

Other courts have, too, found bad faith to be afoot, when confronted with Mr. Myers' various tactics (including his flurry of emergency motions). *See, e.g.*, *Kelly v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, 2022 WL 861395, at \*3 (D. Md. 2022) ("...the Court finds that Appellants Barbara Ann Kelly and Gregory B. Myers are acting in bad faith."); *Myers v. Schlossberg*, 2019 WL 414875, at \*1 (D. Md. 2019) ("Appellants have persisted in questionable litigation strategy that can only be viewed as dilatory and irresponsible."); *In re Myers*, 2023 WL 350183, at \*5 (Bankr. M.D. Fla. 2023) ("Debtor's actions throughout the course of this bankruptcy case demonstrate that he did not file his Chapter 13 case or the Plan in good faith").

### III. Argument: Mr. Myers Did Not First Seek a Stay in the Trial Court

Stays pending appeal are governed by Maryland Rule 8-422, and appellate injunctions are governed by Maryland Rule 8-425. Both require the movant to first seek relief in the trial court, though one my bypass that step in the prism of an injunction if seeking the lower court's review "is not practicable." Md. Rule 2-425(b).

Here, Mr. Myers did not seek a stay or an injunction in the Circuit Court for Montgomery County, Maryland. And, while he now feigns the instant Motion to be an "emergency," he also elected to file the same more than three months after noticing this appeal. There was ample time for Mr. Myers to seek a stay below; he has just elected to not do so.

3

To be sure, this is not a mere formality. If Mr. Myers is seeking injunctive relief, his filing a motion below would have allowed for full briefing of the matter – and introduction of any pertinent evidence – before this Honorable Court was confronted with the same requested. Yet Mr. Myers did not do so; instead he waited three months and then filed an "emergency" motion without offering any explanation as to how matters are more critical today than they were the day the partial judgment was entered in the trial court.

IV.    Argument: There is No Appellate Jurisdiction

More macroscopically, there is no reason to grant a stay pending appeal because Mr. Myers, as a matter of law, cannot prevail on this appeal. Even putting aside the oddity of his having noted the appeal *before* an oral ruling was had at the close of trial (let alone before a written order was entered), the order from which Mr. Myers instantly seeks a stay is, by its own express terms, non-final. Indeed, the document is titled "Order Entering Partial Judgment and Stay," and the order most certainly does not dispose of the totality of the triable issues below.

Familiarly, "The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law." Md. Code Ann., Cts. & Jud. Proc. § 12-301. And while certain interlocutory orders are rendered appealable by Section 12-303 of the Courts and Judicial Proceedings Article, the order below does not nearly fall into one of those specifically-delineated interlocutory categories.

The non-appealability of non-final judgments, in turn, is well established in this Honorable Court. *See, e.g., Paul v. Clarke*, 2015 WL 9394120, at *1 (Md. App. 2015) ("To constitute a final judgment, the judgment must have several attributes. One of which is that it must "adjudicate or complete the adjudication of all claims against all parties [.]" The order from which appellants

4

appealed did not adjudicate or complete the adjudication of any claim in this matter. It therefore was not a final order and, as a consequence, this Court has no jurisdiction to entertain this appeal.") (quoting *Board of Liquor License Commissioners for Baltimore City v. Fells Point Cafe, Inc.*, 344 Md. 120, 129 (1996) (quoting *Rohrbeck v. Rohrbeck*, 318 Md. 28, 41 (1989))).

Here, the order below is, by its own titular designation, "partial" in nature. There are no less than three causes of action that have not yet been tried judgment and, accordingly, upon which no judgment has been entered.[2] Thusly, it cannot be said that appellate jurisdiction is instantly manifest and, by extension, it cannot be postured that Mr. Myers has any likelihood of success on this appeal.

## V.    Argument: Mr. Myers Did Not Appear at Trial

This brief is being largely written from a restaurant in rural New England since, as previously noted, Mr. Myers appears to have an affinity for signing certificates of service saying he has placed items in the mail when, in reality, he never did so. It is hoped that the pending motion for an extension of time to reply to the Motion will be granted, and a more substantive argument may be offered forth. In the interim, however, and in the interests of quickly filing something after learning of the Motion on very short notice (courtesy of a fellow lawyer randomly checking the docket), it bears notation that Mr. Myers did not appear at trial in this matter and, as such, did not raise any of these issues at trial.

To be sure, it is not a coincidence that Mr. Myers failed to appear at trial. During the pre-trial conference, he informed the trial court judge that there would be no trial. And then, seemingly

---

[2] One of Mr. Myers' favored arguments is that despite two cases being consolidated, they cannot be regarded as a singular case. While he alludes to this in his Motion, the argument is of no moment *sub judice*; there remain unresolved causes of action in *both* cases that were consolidated below and, as such, there does not exist a final order in either case, even if they were to be considered separately.

eager to prove that prophecy to be sage, on the last business day before trial, Mr. Myers removed this case to the United States Bankruptcy Court for the Middle District of Florida. But undersigned counsel, content to spend part of a holiday weekend away from the party scene, filed an emergency remand motion which, in turn, was granted on the first day of trial – before the open of business. And, thusly, after Mr. Myers endeavored to sabotage the trial herein (not for the first time – procedural delay is one of his well-established hallmarks), he never appeared at trial. In fact, it is not even clear if he was in the same state at the time of trial.

All of this matters because Mr. Myers, of course, did not raise any issues at trial since he did not appear at trial. And, as a matter of hornbook law, "A contention not raised below either in the pleadings or in the evidence and not directly passed upon by the trial court is not preserved for appellate review." *Baltimore Cnty., Maryland v. Aecom Services, Inc.*, 28 A.3d 11, 35 (Md. App. 2011) (quoting *Zellinger v. CRC Dev. Corp.*, 281 Md. 614, 620 (1977)).

Mr. Myers has failed to preserve any issues below and, as such, cannot succeed on any appellate arguments (saving, perhaps, one of subject matter jurisdiction) with the case in its current posture. But such is actually not fatal to Mr. Myers' cause: as noted *supra*, there is not yet a final order in this case and, as such, not yet a completed record below. Mr. Myers is free to raise certain issues with the trial court (provided they relate to matters still pending below), and to create a record to be utilized at such a time as this case becomes properly appealable. But, as of present, he has not done so, and this case is most certainly not appealable.

VI.    Conclusion

WHEREFORE, the King Parties respectfully pray this Honorable Court (i) deny the Motion; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 28, 2023

By: /s/ Maurice B. VerStandig
  Maurice B. VerStandig, Esq.
  Bar No. 76723
  The VerStandig Law Firm, LLC
  1452 W. Horizon Ridge Pkwy, #665
  Henderson, Nevada 89012
  Phone: (301) 444-4600
  Facsimile: (301) 444-4600
  mac @mbvesq.com
  *Counsel for the King Parties*

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2023, I electronically filed the foregoing with the MDEC

system, and I further caused the same to be served by U.S. Mail to Gregory Myers, 700 Gulf Shore

Blvd. North, Ft. Myers, Florida 34102.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

# Exhibit D

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:

GREGORY B. MYERS,                                    Case No. 15-26033-MCR
                                                     (Chapter 7)
        Debtor.

_____/

BRIAN KING, et al.,

        Plaintiffs,

v.                                                   Adv. No. 24-00007

ROGER SCHLOSSBERG, TRUSTEE,

        Defendant.

_____/

### SUPPLEMENT TO GREGORY B. MYERS'S PRELIMINARY OBJECTION TO THE TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED COMPROMISE AND *SETTLEMENT* WITH KING PLAINTIFFS

Gregory B. Myers ("Mr. Myers" or "Movant"), *pro se*, files this supplement (the "Supplement") to his preliminary objection (the "Objection") to the *Trustee's Motion For Approval Of Proposed Compromise And Settlement With King Plaintiffs* (Doc. 17) (the "Motion"), and states:[1]

Attached hereto as **Exhibit H** is a copy of the certified transcript of the hearing held in Montgomery County Circuit Court (Lease, J) on December 16, 2022 (the "Hearing Transcript"), in the case of *King, et al. v. Serv Trust, et al.*, Case No. 436977-V (the "King Case") and the case of *6789 Goldsboro LLC v. Serv Trust, et al.*, Case No. 436977-V (the "Goldsboro Case") (the

_____

[1] Mr. Myers adopts and incorporates the totality of his Objection herein by reference.

26

1

"King Case" and "Goldsboro Case" having been consolidated for administrative purposes, and

referred to herein collectively as the "State Court Litigation").

The December 16, 2022, hearing transcript (the "Hearing Transcript") states in pertinent

part as follows:

> THE COURT: All right, so Mr. Myers is here in the court. And the matters against
> Mr. Myers have been stayed, in that the matters proceeding to trial in January are
> the matters against Serv Trust in this case. So Mr. Myers is a party to the case, but
> his matters have been stayed at this point in time. ***
> ***
> MR. MYERS: May I speak, Your Honor?
> THE COURT: I will let you speak but remember **the matters against you are
> stayed in this case.**
> MR. MYERS: Your Honor, you used the word matters. The order from the
> bankruptcy court specifically says the automatic stay shall remain in effect and is
> not lifted as to any claims against Myers, the debtor. I am a defendant in both of
> the King party claims. They're not separately against Serv Trust. We're both named
> as defendants --
> THE COURT: **Right**, and the cases --
> MR. MYERS: -- so the claim can't proceed because I would have liability. If they
> prevail, I have liability, and the last sentence in the order says but not for any
> purposes which could impose individual liability upon the debtor.
> THE COURT: **Okay.**
> MR. MYERS: If King parties prevail in either of their two counts, I have potential
> liability, individual liability. And if --
> THE COURT: **Well, they would have to then...prove those counts against you
> in a separate trial** and the matter would not be, there would not be any collateral
> estoppel or res judicata, because you did not participate in the case as a party. **You
> were stayed and out of the case**, so any --
> MR. MYERS: There would still be a ruling that would impose liability upon me.
> THE COURT: **There would not be a ruling that would impose liability on you.**
> There would be a ruling that would potentially impose liability on Serv Trust.
> However, **these plaintiffs would have to, if they wanted to proceed against you,
> would be required to try that matter again separately**, and there would not be
> any res judicata or collateral estoppel issues, **because you were not a party to that
> case...at that time because, well, you were stayed, so you were not considered
> a party.**
> ***
> THE COURT: I understand you filed some motions. **Those motions are not ripe
> or at issue at this time**, because --
> MR. MYERS: Subject matter can be raised at any time, right?
> THE COURT: It can be, but you --
> MR. MYERS: Well, I'm raising it right now.

2

THE COURT: Well, you've raised it in a motion. These folks over here have an opportunity to read any motion that you file and respond to it, **before the Court makes a ruling.** ***

THE COURT: **And again, the matters against you in this case have been stayed. Very clear with the parties here** --

MR. MYERS: I don't know what you mean by the matters.

THE COURT: All claims against you in this case are stayed. There's no --

MR. MYERS: Well, they can't be, because the claims are going forward

THE COURT: Claims are going forward against Serv Trust, **and Serv Trust is a different** --

MR. MYERS: Well, then they would have to amend their complaint.

THE COURT: No, they would not. We can break out the fact that this case is going, and it is, you know, not the most efficient use of resources, **because to the extent that they want to come back subsequently, depending on what happens in the bankruptcy, and seek these claims against you, they're going to be required to retry that case against you, without the benefit of anything that occurred in the case against Serv Trust.** ***

THE COURT: What I'm saying is that collateral estoppel, res judicata would not apply to you. **Given the fact that you're not a party at this time because of the stay,** that you did not have...a meaningful opportunity to participate in the trial, and as such the doctrines of collateral estoppel and res judicata would not apply. And so that **when you go to trial, if you go trial,** depending, I don't know what's going to happen in your [Florida] bankruptcy, **but if these claims survive the bankruptcy and come into court, then they'll have to try them all over again.** ***

THE COURT: I don't know if these claims...would be discharged in the. I'm not familiar with your bankruptcy. I don't know what it's about. I know there's a stay, but in bankruptcy oftentimes claims can be discharged, claims can be reduced, claims can be settled.

MR. MYERS: There are no, they, the King parties, it's already been ruled they have no claims against me.2

THE COURT: **Okay.** ***

---

[*] On June 29, 2021, the Florida bankruptcy court entered an *Order Sustaining Debtor's Objection to Proof of Claim 3 Filed by Brian King & Cristina King [Doc. No. 84]* (2:21-bk-00123-FMD; Doc. 108) (the "Order Sustaining Objection to the King Parties' POC"), which **ORDERED:**

    1. The Objection to Proof of Claim 3 filed is **SUSTAINED.**

    2. The claim of Brian King & Cristina King is disallowed in its entirety.

A copy of the Order Sustaining Objection to the King Parties' POC is attached hereto as **Exhibit 1** and made a part hereof. The Order Sustaining Objection to the King Parties' POC is now a final and unappealable order that is *res judicata* in this case and any other case or proceeding implicating Mr. Myers's rights (including the State Court Litigation), which requires that the instant adversary proceeding be immediately dismissed with prejudice.

3

> THE COURT: Well, one is **you're not a live party in this case right now**.
> \*\*\*
> THE COURT: Sir, you don't have standing, given the fact that the matters against
> you are stayed. \*\*\*
> THE COURT: Well, it makes you a non-party…for the purpose of the upcoming
> trial, **because the upcoming trial does not involve you**.
> MR. MYERS: It does involve me.
> THE COURT: **It does not**.

(Alterations and emphasis supplied). *See Curry v. Hillcrest Clinic, Inc.*, 337 Md. 412, 428-33

(1995) discussing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872)( "But a final

decree on the merits against the defaulting defendant alone, pending the continuance of the cause,

**would be incongruous and illegal**."). (Emphasis supplied). "If the court in such a case as this can

lawfully make a final decree against one defendant separately, on the merits, while the cause was

proceeding undetermined against the others, then this absurdity might follow: there might be one

decree of the court sustaining the charge of joint fraud committed by the defendants; and another

decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the

complainant's bill. **And such an incongruity, it seems, did actually occur in this case. Such a**

**state of things is unseemly and absurd, as well as unauthorized by law**." *Id.* (Emphasis

supplied).

It has long been established that courts "'can make no decree affecting the rights of an

absent person, and can make no decree between the parties before it which so far involves or

depends upon the rights of an absent person that complete and final justice cannot be done between

the parties to the suit without affecting those rights.'" *Greeley v. Lowe*, 155 U.S. 58, 70 (1894)

(quoting *Shields v. Barrow*, 58 U.S. 130, 141-42 (1854)). This rule is just as strong today as when

it was first set forth. *See, e.g.*, *Republic of Philippines v. Pimentel*, 553 U.S. 851, 871 (2008)

(recognizing that the non-joined parties "would not be bound by the judgment in an action

where they were not parties").

4

The Trustee's Settlement Motion stemming from the King Parties' bogus Adversary Proceeding (No. 24-00007) is a sham, **a fraud on the Court**. See *In re Anderson*, 377 B.R. 865 (2007), holding:

> "[T]he Chapter 7 Trustee's settlement with the owners of the other undivided one-half interest in the property cannot be approved, for, as already discussed, that settlement contemplates the Chapter 7 Trustee conveying to those owners an interest in the property that the bankruptcy estate [never owned]. **The bankruptcy estate's receipt of consideration from the Defendants under such circumstances would be tantamount to fraud and, therefore, would be in violation of the Chapter 7 Trustee's fiduciary duty to administer the bankruptcy estate in a lawful manner.**"

(Emphasis supplied).[3] See also *Eigen v. Washington County Bldg. Loan Ass'n.*, 184 Md. 412, 41 A.2d 290 (1945) ("where two or more persons conspire to carry out a fraud to cheat another, each of them is liable to the defrauded party irrespective of the degree of his activity in the fraudulent transaction or whether he shared in the profits of the scheme. In order to establish liability of a participant in a fraud, it is not necessary to show that he was a party to its contrivance at its inception. If it is shown that he knew of the fraudulent scheme and willfully aided in its execution, he is chargeable with the consequences. All persons who participate in such a transaction are jointly liable for the ensuing injury regardless of the degree of culpability. *Lomita Land Water Co. v. Robinson*, 154 Cal. 36, 97 P. 10, 14."). Id. at 418.

Here, **this Court** "knew of the fraudulent scheme and willfully aided in its execution" by entering the December 11, 2023, Order (Case 15-26033; Doc 1029) (the "Settlement Procedure Motion"), thereby facilitating **"the mechanism"** by which the Trustee and the King Parties are now seeking to **defraud** Mr. Myers and Serv Trust.

---

[3] On December 18, 2018, **The Honorable Anne K. Albright** found that Brian King as the Managing Member of 6789 Goldsboro LLC breached his fiduciary duty to Serv Trust "in order to benefit himself and the other class A members" (his family), concluding that Mr. King's actions "**would amount to constructive fraud.**".

5

The Trustee has the burden of proof on the Settlement Motion, and Mr. Myers intends to show at an evidentiary hearing on the Settlement Motion that the Trustee cannot meet that burden. Accordingly, the Trustee's Settlement Motion should be denied.[4]

## REQUEST FOR EVIDENTIARY HEARING

Mr. Myers demands that the Court schedule a full evidentiary hearing on the Trustee's Settlement Motion and demands **strict proof** on the substance and merits of the Trustee's Settlement Motion.

RESPECTFULLY SUBMITTED on this 4th day of February, 2025.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

---

[4] Mr. Myers reserves all of his rights, claims and defenses, including his rights under the **Federal Tort Claims Act** (FTCA) which allows for private parties to sue the United States in federal court for torts committed by persons acting on behalf of the government. **28 U.S.C. § 2674**.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 4, 2025, a copy of the foregoing Supplement was

furnished via first class U.S. Mail, postage prepaid to the following parties:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

Gregory B. Myers, *pro se*

7

USBC-MD 6 FILED
6 MAY '25 PM4:10

# Exhibit E

Case 8:25-cv-02103-TDC   Document 21-2   Filed 01/12/26   Page 163 of 167
Case 15-26033   Doc 1052-5   Filed 05/06/25   Page 2 of 6
Case 24-00007   Doc 22-2   Filed 02/04/25   Page 2 of 2
Case 2:21-bk-00123-FMD   Doc 108   Filed 06/29/21   Page 1 of 1

ORDERED.

Dated: June 29, 2021

*Caryl E. Delano*

Caryl E. Delano
Chief United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION
www.flmb.uscourts.gov

IN RE:                                                      )                    Case No.: 2:21-bk-00123-FMD
                                                            )                    Chapter 13
Gregory Brian Myers,                                        )
                                                            )
        Debtor                                              )
                                                            )

## ORDER SUSTAINING DEBTOR'S OBJECTION TO PROOF
## OF CLAIM 3 FILED BY BRIAN KING & CRISTINA KING [DOC. NO. 84]

THIS CASE came for consideration upon the *Debtor's Objection to Claim No. 3 Filed By Brian King & Cristina King* [Doc. No. 84] (the "Objection"). The Court finds that the Objection was served on all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to object within thirty (30) days of the date of service. No party filed an objection within the time permitted. Accordingly, it is

**ORDERED:**

1.     The Objection to Proof of Claim 3 filed is SUSTAINED.

2.     The claim of Brian King & Cristina King is disallowed in its entirety.

Attorney Undine C. George, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.

# Exhibit F

## Gregory Myers, Trustee

| | |
|---|---|
| **From:** | brian@realestatedimensions.com |
| **Sent:** | Friday, October 11, 2019 11:06 AM |
| **To:** | 'Pelletier, Eric' |
| **Cc:** | 'Lynch, Timothy'; Douglas M. Lederman; 'Mac VerStandig'; Edward M. Schwartz |
| **Subject:** | RE: K1 for ServTrust- Attorney-client privilege |

Hi Eric,

I spoke to Ed and Doug yesterday at Gorfine Schiller concerning the language and because the sensitivity of the language, can you rewrite the paragraph in question on Page 35 of the return with the exact language and date? He will amend the return with the corrected language.

Thank you,
Brian

**From:** Pelletier, Eric <epelletier@offitkurman.com>
**Sent:** Thursday, October 10, 2019 3:39 PM
**To:** brian@realestatedimensions.com
**Cc:** Lynch, Timothy <tlynch@offitkurman.com>; 'Mac VerStandig' <mac@mbvesq.com>; Edward M. Schwartz <ESchwartz@gsg-cpa.com>
**Subject:** RE: K1 for ServTrust- Attorney-client privilege

Are you referring to page 35, which mentions bankruptcy. I think that the answer is omit reference to the bankruptcy. I would also be more vague on the date if possible. Mac filed his lawsuit 9/14/2017. You could say "Serv Trust's interests were redeemed pursuant to the operating agreement no later than [pick a date 9/14/2017 or 1/1/2018]."

Brian/ Ed – does this clarify things?

Eric Pelletier

**Offit | Kurman**
Attorneys at law

240.507.1739  Washington
240.507.1735  Facsimile
www.offitkurman.com

4800 Montgomery Lane | 9th Floor | Bethesda, MD 20814

PRIVILEGED COMMUNICATION/PRIVACY NOTICE
Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named

1

above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

IRS CIRCULAR 230 DISCLOSURE
To ensure compliance with requirements imposed by the IRS, we inform you that any US federal tax advice contained in this communication (including any attachments) is not intended or written to be used and cannot be used for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** brian@realestatedimensions.com <brian@realestatedimensions.com>
**Sent:** Thursday, October 10, 2019 2:53 PM
**To:** Pelletier, Eric <epelletier@infiltkarmon.com>
**Cc:** Lynch, Timothy <tlynch@diffraurman.com>; 'Mac VerStandig' <mac@mbvesq.com>; Edward M. Schwartz <t.schwartz@gsg-cpa.com>
**Subject:** FW: K1 for ServTrust

Eric,

I was going to send out the 2018 ServTrust K1 but sent a copy to Mac prior to sending it out. He has concerns with the K1 that needs to be addressed with my accountant. My accountant at Gorfine Schiller that worked on this return is Ed Swartz – 410-356-5900. I have copied him on this email and left him a voice message to expect a call to make sure the return is correct. I have attached the K1 portion of the return and the complete 2018 return for your review.

Please let me know if you have any questions.

Thank you,
Brian

**From:** Mac VerStandig <mac@mbvesq.com>
**Sent:** Thursday, October 10, 2019 2:30 PM
**To:** Brian King <brian@realestatedimensions.com>
**Subject:** RE: K1 for ServTrust

Brian,

The last page is a bit of a problem – the form itself is fine, but this says the interest was redeemed "due to the fact that Serv Trust was going through bankruptcy." That is not the rationale for the redemption, and Serv Trust hasn't actually been in bankruptcy. Any way to get this edited? I'm happy to speak with the accountant if it would help...

(Also, it might be wise to have Eric Pelletier weigh in, since he is officially 6789's counsel. If my fingerprints are on this, it could well fuel another Greg motion...)

Thanks.

Maurice "Mac" VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301)444-4600
Cell: (240)351-6442
Facsimile: (301)576-6885
mac@mbvesq.com

2

Twitter: @mac_Verstandig

PRIVILEGED COMMUNICATION/PRIVACY NOTICE
Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

TAX ADVICE NOTICE
Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities. This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

**From:** Brian King <brian@realestate-brianking.com>
**Sent:** Thursday, October 10, 2019 11:17 AM
**To:** Mac VerStandig <mac@mbwesq.com>
**Subject:** K1 for ServTrust

Hi Mac,

Attached is the K1 for ServTrust for 2018. My accountant did not send out the K1 when he finished the return on September 15, 2018 when corporate returns were due. Do you want me to send this to Dan Ring? Should I send it certified?

The return reflects the redemption of ownership and 0.00% in all partner share accounts. Please let me know what you would like me to do.

Thanks, Brian

PRIVILEGED COMMUNICATION/PRIVACY NOTICE
Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities. This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.