IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| GREGORY B. MYERS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case Nos. 8:25-cv-2103-TDC (Lead Case) |
| | ) | 8:25-cv-2337-TDC |
| ROGER SCHLOSSBERG, | ) | 8:25-cv-2635-TDC |
| BRIAN KING, | ) | |
| CRISTINA KING, and | ) | |
| CRISTINA AND BRING KING | ) | |
| CHILDREN'S TRUST | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

**OPPOSITION TO MOTION TO COMPEL
PRODUCTION OF EXECUTED SETTLEMENT AGREEMENT**

Come now Brian King, Cristina King and the Cristina and Brian King Children's Trust (collectively, the "King Parties"), by and through undersigned counsel, in opposition to the Appellant's Motion to Compel Production of Executed Settlement Agreement Referenced in Bankruptcy Court's July 3, 2025 Order and to Supplement the Record, DE #19 (the "Motion"), filed by Gregory B. Myers ("Mr. Myers" or the "Appellant" or the "Debtor"), and state as follows:

**I.   Introduction**

Mr. Myers urges that the record herein must be supplemented, with a signed settlement agreement he asserts to not be present in the record below, because relief could not have been afforded without that document being in evidence. In so doing, Mr. Myers is essentially (i) making an argument on appeal that he neither raised nor preserved below; (ii) contorting the law governing the approval of settlement agreements in bankruptcy cases; and (iii) presenting an argument that he would ultimately make in his appeal brief just a matter of days after filing the Motion, *see*

1

Appellant's Opening Brief, DE #21, at § II, p. 13. The Motion merits denial for each of these reasons.

## II. Argument: The Motion Should be Denied

At bottom, Mr. Myers cannot raise on appeal—whether in the prism of motions practice or substantive briefing—an argument he failed to raise below. Yet even if the argument being advanced were to be allowed, the same would still be in manifest error, as Mr. Myers—in urging a bankruptcy trustee may not seek approval of a settlement agreement until such a time as a document has been drafted and signed—is misstating a well-settled area of law. The business of bankruptcy trustees is such that not all compromises are reduced to writing, nor are agreements regularly signed before approval of such is granted. Governing law requires nothing different. Yet Mr. Myers, for reasons the King Parties fear to be dilatory, is now raising this contention—and for the first time at that.

### a. The Argument was not Raised Below

As observed by Judge Boardman, just two years ago: "[T]he Fourth Circuit and district courts within its jurisdiction have all but uniformly refused to consider arguments in bankruptcy appeals that were not raised before the bankruptcy court." *Gallagher v. Cohen*, 659 B.R. 57, 64 (D. Md. 2024) (citing *United Rentals, Inc. v. Angell*, 592 F.3d 525, 531 n.2 (4th Cir. 2010); *Rusnack v. Cardinal Bank, N.A.*, 695 Fed. App'x 704, 711 (4th Cir. 2017); *In re Modanlo*, 342 B.R. 238, 244 (D. Md. 2006) (citing *Wheatley v. Wicomico Cnty., Md.*, 390 F.3d 328, 335 (4th Cir. 2004)); *In re Richmond*, 615 B.R. 758, 765 (M.D.N.C. 2020); *Waterproofing Specialties, Inc. v. Weaver Cooke Constr., LLC*, 564 B.R. 276, 284-85 & 284 n.6 (E.D.N.C. 2017); *In re Paschall*, 408 B.R. 79, 87 (E.D. Va. 2009) (citing In re Endicott, 157 B.R. 255, 258 (W.D. Va.1993))).

Indeed, as explained by the Fourth Circuit in *Rusnack*, the standard for district courts hearing bankruptcy appeals is no different than that of a circuit court hearing an appeal of a matter originating in a district court:

> We regularly decline to hear claims litigants raise for the first time on appeal. We do so to "encourage parties to resolve disputes at trial," and so that district courts will not "serve merely as way stations en route to the court of appeals." The same rationale applies with equal force to arguments not raised before the bankruptcy court. . .

*Rusnack*, 695 F. App'x at 711 (citing *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Canada Life Assurance Co. v. Estate of Lebowitz*, 185 F.3d 231, 239 (4th Cir. 1999); quoting *Matter of Weber*, 25 F.3d 413, 416 (7th Cir. 1994)).

To be sure, it does not appear Mr. Myers argued below that the settlement between Roger Schlossberg (the "Trustee") and the King Parties is void for want of a signed settlement agreement. *See* Appellant's Designation of Record, DE #6, *passim*. This, in turn, means the subject argument is one the bankruptcy court—the trial court and the tribunal with the greatest topical familiarity, *cf. Benshot LLC v. 2 Monkey Trading, LLC (In re 2 Monkey Trading, LLC)*, 142 F.4th 1323, 1336 (11th Cir. 2025) (Luck, J., dissenting) (noting topical familiarity of bankruptcy courts on matters of bankruptcy law)—did not consider, much less have occasion to pass judgment upon.

### b. A Trustee's Settlement Need Not Be Signed

Even if, *arguendo*, this issue was raised—and thusly properly preserved—below, such would be immaterial for the simple reason that Mr. Myers' argument is in legal error. This case concerns approval of an agreement, under Federal Rule of Bankruptcy Procedure 9019, between the Trustee and the King Parties. Yet nothing in that rule requires such an agreement be in writing, much less that such an agreement be signed.

Indeed, the subject rule simply provides, in relevant part, "[o]n the trustee's motion and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P.

9019(a). The rule then goes on to address the parties to whom notice of a settlement or compromise must be given, *id.*, before proceeding to address the settlement of cases involving classes (of which this is not one), Fed. R. Bankr. P. 9009(b), and the right of parties to stipulate to arbitration (something that did not happen here), Fed. R. Bankr. P. 9009(c).

Nowhere does Rule 9019 indicate the agreement to be approved must be in writing, much less signed by the parties thereto. *See* Fed. R. Bankr. P. 9019; *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997) (approving, under Rule 9019, a compromise memorialized in an oral agreement, where a party objected based upon the lack of a writing). And, by logical extension, insofar as compliance with the relevant rule is a condition precedent to entering into an agreement, it necessarily follows that many a trustee are reticent to affix their signatures to such a pact unless and until such a time as court approval has first been secured.

To the contrary, case law from within the Fourth Circuit actually goes so far as to hold a trustee *cannot* be bound by a proposed sale of estate assets (which is part of the compromise at issue *sub judice*) insofar as a trustee has a fiduciary duty to ensure the market have a full opportunity to speak, including *after* a notice of proposed sale or settlement is disseminated. *See, e.g.*, *Siddiqui v. Gardner (In re Williamson)*, 327 B.R. 578, 581 (Bankr. E.D. Va. 2005) ("Until the court approves a sale, the property remains 'on the market.' The trustee, or in this case, the debtor, retains the ability to continue to market the property. In fact, he may have an obligation to do so. The objective is to obtain the best price so as to assure the maximum distribution to creditors."). So it is altogether sensible for a formal document to *not* be executed prior to a motion for approval of the terms thereof being granted.

Here, the Trustee and the King Parties memorialized the terms of the then-proposed (and now-approved) compromise in the notice sent to parties in interest, pursuant to Rule 9019(a). Specifically, that notice provides, *inter alia*:

> The Trustee and the King Plaintiffs have agreed as follows:
>
> (1) The King Plaintiffs will pay to the Trustee, for the benefit of the Estate, the sum of $150,000.00 (the "Settlement Payment") upon Court approval of the settlement, in order to redeem the entirety of Serv Trust's interest in Goldsboro and settle the Redemption Claim in the Adversary Case;
>
> (2) Upon successful negotiation of the Settlement Payment by the Trustee, the parties will file a Stipulation of Dismissal in the Adversary Case dismissing all claims therein with prejudice; and
>
> (3) The King Plaintiffs also will reimburse the Trustee for all reasonable legal fees and expenses that the Trustee incurs in connection with the litigation of any appeals taken by any party in the event that the Settlement Motion is granted by this Court (the "Appellate Legal Fees").

Notice of Trustee's Proposed Compromise and Settlement with King Plaintiffs, DE #6-86, at p. 6.

Not surprisingly, the order of the bankruptcy court, approving the proposed compromise (following an evidentiary hearing), describes the terms thereof in markedly similar language:

> ORDERED, that the compromise and settlement set forth below, which is described in the Rule 9019 Motion and which was clarified and affirmed by the Trustee and the King Parties at the evidentiary hearing on June 30, 2025 and July 1, 2025, shall be, and the same hereby is, APPROVED:
>
> (1) The King Parties shall pay to the Trustee, for the benefit of the Estate, the sum of $150,000.00 (the "Settlement Payment") which shall be accepted by the Trustee as full consideration for: (i) the transfer by the Trustee to the King Parties of all of the right, title and interest of the Trustee, the Debtor and the bankruptcy estate in and to any and all membership interest in or property of 6789 Goldsboro LLC; and (ii) settlement of all claims asserted by the King Parties in the above-captioned adversary case;
>
> (2) Upon successful negotiation of the Settlement Payment by the Trustee, the parties shall file a Stipulation of Dismissal with prejudice all claims asserted in the above-captioned adversary case;
>
> (3) The King Parties shall reimburse the Trustee for all reasonable and necessary legal fees and expenses that the Trustee incurs in connection with the litigation of

> any appeals, and any motions for reconsideration or motions to alter/amend judgment, taken by any party with respect to this Order; and
>
> (4) Proofs of Claim Nos. 21-1, 22-1, and 23-1 filed by the King Parties in Case No. 15-26033 shall be deemed withdrawn by the King Parties effective as of the date that this Order becomes final and non-appealable.

Order Approving Trustee's Compromise and Settlement with King Parties, DE #6-148 in Case No. 8:25-cv-02042, at pp. 2-3.

The compromise outlined in the notice sent to all parties, pursuant to Rule 9019, is what was ultimately approved by the bankruptcy court. The King Parties, as an additional incentive to the Trustee, and in the transparent interests of avoiding some of Mr. Myers' more vexatious tendencies, also agreed to release their claims against the Debtor's estate. In so doing, the King Parties made their offer more—not less—appealing, by relieving any obligations the Debtor's estate may have to them, and without taking anything extra from the Trustee in turn. Such is either (a) the precise variety of a superior deal contemplated by the *Siddiqui* Court, or (b) a redundant extrapolation of the already-noticed deal terms; and such is accordingly consistent with the permissive allowances of Rule 9019 in either event.[1]

At bottom, the *Frye* Court makes clear an oral agreement may be approved under Rule 9019, whereas the record here shows the relevant agreement was spelled out—in some detail—in a written notice sent to all parties. Mr. Myers' contention that the agreement needed to first be signed is simply without legal support. And it is thusly appropriate to deny the Motion on the merits, should this Honorable Court not otherwise deny relief based upon Mr. Myers' failure to raise the issue below.

---

[1] Insofar as the claims withdrawn by the King Parties were in furtherance of the litigation being settled, this is a largely—if not entirely—redundant deal term. The King Parties do not feign to merit credit for added generosity so much as they note that the withdrawal of their claims is *either* an incentive to the Trustee or a further, consistent term with the agreement already proposed. Under either scenario, such is permitted by Rule 9019 and *Siddiqui*.

6

### III.  Conclusion

WHEREFORE, the King Parties respectfully pray this Honorable Court deny the Motion and afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: January 20, 2026     By: /s/ Maurice B. VerStandig
　　　　　　　　　　　　　　　　Maurice B. VerStandig, Esq.
　　　　　　　　　　　　　　　　Bar No. 18071
　　　　　　　　　　　　　　　　The VerStandig Law Firm, LLC
　　　　　　　　　　　　　　　　9812 Falls Road, #114-160
　　　　　　　　　　　　　　　　Potomac, Maryland 20854
　　　　　　　　　　　　　　　　Phone: (301) 444-4600
　　　　　　　　　　　　　　　　Facsimile: (301) 576-6885
　　　　　　　　　　　　　　　　mac@mbvesq.com
　　　　　　　　　　　　　　　　*Counsel for the King Parties*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of January, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to all counsel in this matter.

I DO FURTHER CERTIFY that on this 20th day of January, 2026, a copy of the foregoing was served via First Class Mail, postage prepaid, upon:

　　Gregory Myers
　　700 Gulf Shore Blvd. N
　　Naples, Florida 34102
　　*Appellant*

　　　　　　　　　　　　　　　　/s/ Maurice B. VerStandig
　　　　　　　　　　　　　　　　Maurice B. VerStandig