Case No.: 8:25-cv-2103-TDC (Lead Case)
Case No.: 8:25-cv-2337-TDC
Case No.: 8:25-cv-2635-TDC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

GREGORY B. MYERS,

Appellant,

v.

ROGER SCHLOSSBERG, ET AL.,

Appellees.



Appeal from the United States Bankruptcy Court
for the District of Maryland
Adv. Case No. 24-00007
Bk. Case No.: 15-26033

## APPELLANT'S REPLY TO KING PARTIES' OPPOSITION
## TO MOTION TO COMPEL PRODUCTION OF
## EXECUTED SETTLEMENT AGREEMENT

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

January 28, 2026

1

**I. Preliminary Statement**

The King Parties' Opposition to Motion to Compel Production of Executed Settlement Agreement (ECF No. 24) (the "Opposition") confirms—rather than refutes—the core defect identified in Appellant's Motion: **there is no executed settlement agreement** corresponding to the compromise the bankruptcy court purported to approve on July 3, 2025.

Instead of producing a signed agreement (or even asserting that one exists), the King Parties offer only **advocacy, legal argument**, and **post hoc rationalizations**. None constitutes evidence. None satisfies Rule 9019. None cures the absence of a binding agreement.

The Opposition should therefore be rejected, and the Motion to Compel granted.

**II. The King Parties Lack Standing to Oppose a Motion Directed to the Trustee**

This Motion seeks production of an **estate document** allegedly relied upon by the **Chapter 7 Trustee** ("Trustee") in obtaining approval of a Rule 9019 compromise. The Trustee—not the King Parties—is the fiduciary custodian of estate records.

The King Parties:
- Are not the movant under Rule 9019;
- Are not custodians of estate documents;
- Do not assert personal knowledge of execution of any agreement;

2

- Do not submit a declaration or affidavit from any King Party.

Their Opposition thus suffers from a **threshold standing defect**. They cannot oppose discovery of a document they neither possess nor authenticate, particularly where the Trustee himself has not substantively opposed production.

### III. Argument of Counsel Is Not Evidence; No King Party Testified or Submitted Proof

The Opposition is notable for what it omits:
- No signed settlement agreement;
- No declaration from any King Party;
- No testimony from the evidentiary hearing;
- No contemporaneous writing evidencing mutual assent.

Counsel's statements—whether in briefing or at hearing—are **not evidence**. See *United States v. Williams*, 445 F.3d 724, 736 (4th Cir. 2006).

The King Parties did not testify at the evidentiary hearing. They did not authenticate any agreement. They did not even state that an agreement was executed. This evidentiary vacuum is dispositive.

### IV. The King Parties Misstate Rule 9019 Law and Conflate It with §363 Sale Doctrine

The Opposition repeatedly asserts that bankruptcy "law requires nothing different" than approval of unsigned compromises. That is incorrect.

Rule 9019 permits approval of a **compromise**, not a hypothetical future deal. While negotiations may be subject to court approval, **the court approves an agreement—not an aspiration.**

3

The King Parties' reliance on *In re Williamson*, 327 B.R. 578 (Bankr. E.D. Va. 2005), is misplaced. *Williamson* concerns a **§363 sale**, not a Rule 9019 compromise. A trustee's ability to continue marketing estate assets pending approval has no bearing on whether a settlement exists.

Here, the bankruptcy court approved what it called a "settlement," later **orally amended its terms**, and did so without any executed agreement. That is not authorized by Rule 9019.

## V. The Opposition Ignores That Material Terms Were Added Ore Tenus After the Ruling

The record reflects that **material terms**—including withdrawal of proofs of claim and expanded fee-shifting—were added **at the hearing**, after notice had issued, and without amendment of the motion or renewed notice.

That alone defeats approval. See *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451 (2017).

No unsigned "notice" can substitute for assent to newly added terms.

## VI. Appellant Raised the Absence of a Signed Agreement Below—There Is No Waiver

Contrary to the Opposition's assertion, Appellant **squarely raised** the absence of a signed settlement **before the ruling**, in his Supplemental Objection filed July 3, 2025. *See* ECF No. 6, Appellant's Designation of Record on Appeal

from U.S. Bankruptcy Court ("# 144 AP# 56: Supplemental Objection on behalf of Gregory B. Myers").

This issue is preserved. There is no waiver.

## VII. Reservation of Conflict and Disqualification Issues (Non-Waiver)

Appellant expressly reserves all arguments concerning:
- Conflicts of interest of counsel for the King Parties;
- Prior representation of Appellant and Serv Trust;
- Prosecution of estate causes of action without authorization.

Nothing herein shall be construed as waiver of those issues.

## VIII. Conclusion

Because the King Parties have failed to demonstrate the existence of any executed settlement agreement, their Opposition should be overruled and the Motion to Compel granted.

Respectfully submitted,

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 28, 2026, I filed the foregoing with the Clerk of Court thereby serving all registered users in this case.

_____
Gregory B. Myers, *pro se*