Case No.: 8:25-cv-2103-TDC (Lead Case)
Case No.: 8:25-cv-2337-TDC
Case No.: 8:25-cv-2635-TDC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

USDC- GREENBELT
'26 FEB 19 AM 9:45

GREGORY B. MYERS,

*Appellant*,

v.

ROGER SCHLOSSBERG, et al.,

*Appellees*.

Appeal from the United States Bankruptcy Court
for the District of Maryland
Adv. Case No. 24-00007
Bk. Case No.: 15-26033

**EMERGENCY MOTION TO STAY PENDING APPEAL**
**(Expedited Consideration Requested)**

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

February 18, 2026

1

Appellant, Gregory B. Myers moves for an emergency stay pending appeal of the bankruptcy court's July 3, 2025 order approving the Trustee's compromise with the King Parties and states:

## I. BACKGROUND

On July 3, 2025, the bankruptcy court entered an order purporting to approve a compromise under Rule 9019 involving alleged interests in 6789 Goldsboro LLC. **Exhibit A.**

Appellant timely appealed and moved for a stay pending appeal in the bankruptcy court. That motion was denied. **Exhibit B.**

Appellant now seeks a stay from this Court under Fed. R. Bankr. P. 8007(b).

## II. STATUS OF THE PURPORTED SETTLEMENT

The record does not reflect that the purported compromise has been implemented or consummated.

1. The settlement order conditions any purported transfer on negotiation of a $150,000 "Settlement Payment."

2. The bankruptcy docket contains no entry reflecting receipt or negotiation of the Settlement Payment.

3. No executed settlement agreement appears in the record.

4. No instrument relating to any purported transfer of membership interest in 6789 Goldsboro LLC appears in the record.

5. A stipulation (**Exhibit C**) purporting to dismiss the subject adversary "with prejudice" was filed, but:

- Appellant did not sign that stipulation;
- Appellant had appeared and had pending third-party claims;
- No order has been entered dismissing the adversary as to Appellant.

Accordingly, the purported compromise has not been shown to be consummated and effective appellate relief remains available.

Nothing in this motion concedes the validity of the purported compromise or the estate's purported interest in the subject property.

## III. LEGAL STANDARD

Under Rule 8007(b), this Court may grant a stay pending appeal after denial of a stay in the bankruptcy court.

The Court considers:

1. Likelihood of success
2. Irreparable harm
3. Harm to other parties
4. Public interest

## IV. ARGUMENT

### A. Likelihood of Success

3

The appeal presents substantial issues, including:

- whether the Trustee may purport to transfer interests that are not property of the estate;

- whether the settlement purports to transfer interests of non-parties;

- whether the bankruptcy court approved a purported compromise predicated on non-final state-court rulings;

- whether the Trustee may purport to transfer interests belonging to non-estate third parties.

These issues present serious legal questions going to the merits and satisfy the standard for a stay pending appeal.

### B. Irreparable Harm

A stay is necessary to preserve meaningful appellate review and maintain the status quo pending resolution of this appeal.

The order purports to authorize a transfer of alleged estate interests, yet the record does not reflect that the contemplated payment has been made or that any purported transfer has occurred. Absent a stay, implementation of the purported compromise could occur before appellate review, potentially impairing this Court's ability to grant effective relief.

Appellant diligently sought a stay in the bankruptcy court and now seeks relief from this Court.

### C. No Substantial Harm to Appellees

4

A stay will preserve the status quo.

There is no record evidence that:

- funds have been irreversibly distributed;
- membership interests have been transferred;
- third-party reliance has occurred.

If funds have been paid, they can be held pending appeal. The requested stay simply preserves the status quo pending appellate review.

### D. Public Interest

The public interest favors preserving meaningful appellate review and ensuring that purported estate property is not transferred based on an unadjudicated and disputed interest before appellate review is complete.

## V. EMERGENCY BASIS

Appellant's reply brief is due February 24, 2026. The settlement order purports to authorize a transfer of alleged estate interests, yet the record does not reflect implementation of the purported compromise. Expedited consideration is therefore warranted to preserve the status quo pending appellate review.

## VI. RELIEF REQUESTED

Appellant respectfully requests that this Court:

1. Stay enforcement and any implementation of the July 3, 2025 order pending resolution of this appeal;

5

2. Direct Appellees to maintain the status quo;

3. Grant such further relief as appropriate.

Respectfully submitted,

*[signature]*

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 18, 2026, I filed the foregoing with the Clerk of Court thereby serving all registered users in this case.

*[signature]*

Gregory B. Myers, *pro se*
