Case No.: 8:25-cv-2103-TDC (Lead Case)
Case No.: 8:25-cv-2337-TDC
Case No.: 8:25-cv-2635-TDC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

### GREGORY B. MYERS,

*Appellant,*

v.

### ROGER SCHLOSSBERG, ET AL.,

*Appellees.*

**Appeal from the United States Bankruptcy Court
for the District of Maryland
Adv. Case No. 24-00007
Bk. Case No.: 15-26033**

### APPELLANT'S REPLY BRIEF

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida  34102
(301) 325-2312
*gregbmyers@verizon.net*

February 24, 2026

## INTRODUCTION

This appeal presents a structural question of bankruptcy authority: whether a bankruptcy court may approve a Rule 9019 compromise that purports to transfer "all right, title and interest of the Trustee, the Debtor and the bankruptcy estate" in specifically identified property while expressly declining to determine whether that same property is property of the estate, and without joinder of the persons or entities whose interests would be affected. That order exceeds the bankruptcy court's authority.

A court that has not determined that property belongs to the estate cannot authorize its conveyance. This is not a dispute over settlement discretion. It is a structural question of jurisdiction and authority. Because the Order purports to convey interests beyond the bankruptcy court's jurisdiction, it must be reversed and vacated.

## ARGUMENT

### I. THE KING PARTIES LACKED STANDING TO BRING THE ADVERSARY PROCEEDING UNDERLYING THE COMPROMISE

Standing is jurisdictional. A court cannot approve a compromise of a proceeding that was jurisdictionally defective from inception. The adversary was creditor-driven, seeking declarations about Serv Trust's rights under the 6789 Goldsboro LLC ("Goldsboro") operating agreement—relief that necessarily affects non-parties and non-estate property.

2

Under Fourth Circuit precedent, causes of action that seek to recover or control assets for the benefit of creditors generally belong to the estate and are controlled by the trustee. See Steyr-Daimler-Puch of Am. Corp. v. Pappas, 852 F.2d 132 (4th Cir. 1988); Spartan Mills v. Bank of Am., N.A., 112 F.3d 1251 (4th Cir. 1997). A creditor cannot prosecute such claims without derivative standing. Here, the King Parties did not file a motion for derivative standing, and no order was entered by the bankruptcy granting the King Parties derivate standing.

## II. The Bankruptcy Court Could Not Approve A Transfer Without Determining Estate Ownership

Appellees argue the bankruptcy court had jurisdiction over "contested portions of the debtor's estate." That phrasing assumes the conclusion. A bankruptcy court has jurisdiction to determine whether property is property of the estate; it does not acquire in rem jurisdiction over property merely because someone alleges it belongs to the estate. Jurisdiction under 28 U.S.C. § 1334(e) attaches to property of the estate, and the court must determine the estate holds an interest before treating property as such.

Rule 9019 authorizes approval of compromises concerning claims and interests that belong to the bankruptcy estate. It does not permit a bankruptcy court to dispose of property or rights that are not property of the estate.

The Fourth Circuit has made clear that a trustee's authority to compromise extends only to estate claims and interests. Spartan Mills v. Bank of America, N.A., 112

F.3d 1251 (4th Cir. 1997). In Spartan Mills, the court emphasized that a trustee may settle claims belonging to the estate but may not dispose of or release claims or property that do not belong to the estate. The trustee's settlement authority is therefore bounded by the scope of estate property under 11 U.S.C. § 541. Consistent with that limitation, courts have recognized that before approving a compromise that purports to dispose of interests in property, the bankruptcy court must determine that the estate actually holds an interest in that property. In re Quinteros, 2011 WL 2039367, at 3 (Bankr. D.D.C. May 24, 2011)* ("A bankruptcy court may not approve a compromise that disposes of property unless the court determines that the estate actually holds an interest in that property.").

Those principles govern here.

The July 3, 2025 Order does not merely approve a compromise of disputed claims in the abstract. It authorizes, in exchange for $150,000, the transfer of:

"all of the right, title and interest of the Trustee, the Debtor and the bankruptcy estate in and to any and all membership interest in or property of 6789 Goldsboro LLC."

That language operates as a conveyance instrument. It is not limited to "whatever interest, if any," nor is it conditioned on a future determination of estate ownership. Instead, it purports to transfer all right, title, and interest of the trustee, the debtor, and the estate in specifically identified property.

4

Yet the bankruptcy court expressly declined to determine whether Serv Trust's property or 6789 Goldsboro LLC's property constitutes property of the estate. Having disclaimed that determination, the court lacked authority to approve a settlement purporting to transfer those interests.

Under Spartan Mills, a trustee may only compromise estate interests. Under Quinteros, a court may not approve a settlement disposing of property unless it determines that the estate holds an interest in that property. The Order here does precisely what those authorities forbid: it authorizes the transfer of all right, title, and interest in identified property without determining that such interests belong to the estate.

This is not a question of settlement discretion. It is a question of authority. A bankruptcy court that has not determined that property belongs to the estate cannot authorize its conveyance. Because the July 3, 2025 Order purports to do so, it exceeds the scope of Rule 9019 and must be reversed and vacated.

Rule 9019 authorizes a bankruptcy court to approve compromises of claims or interests that belong to the bankruptcy estate. It does not authorize the court to dispose of property or rights that are not property of the estate.

As the Bankruptcy Court for the District of Columbia explained in In re Quinteros, 2011 WL 2039367 (Bankr. D.D.C. May 24, 2011):

A bankruptcy court may not approve a compromise that disposes of property unless the court determines that the estate actually holds an interest in that property.

Quinteros recognizes a structural limit inherent in § 541 and Rule 9019: the bankruptcy court's authority to approve a settlement extends only to estate property. Before approving a settlement that purports to transfer or dispose of interests in property, the court must determine that the estate has an interest in what is being settled.

That determination did not occur here.

The bankruptcy court expressly declined to determine whether Serv Trust's property or 6789 Goldsboro LLC's property constitutes property of the estate. Yet the July 3, 2025 Order authorizes the transfer of:

"all of the right, title and interest of the Trustee, the Debtor and the bankruptcy estate in and to any and all membership interest in or property of 6789 Goldsboro LLC."

This is not a settlement of a disputed claim in the abstract. It is an authorization of a conveyance of all right, title, and interest in specifically identified property. Under Quinteros, such an order cannot be approved unless the court first determines that the estate holds an interest in that property. Because the bankruptcy

court expressly declined to make that determination, it lacked authority to approve a settlement purporting to transfer those interests.

This is not a question of settlement discretion. It is a question of authority. A bankruptcy court that has not determined that property belongs to the estate cannot authorize its conveyance.

Accordingly, the July 3, 2025 Order exceeds the scope of Rule 9019 and must be reversed and vacated.

Here, the bankruptcy court expressly declined to determine whether Serv Trust's property or 6789 Goldsboro property constitutes property of the estate. Yet it approved a compromise that purports to transfer "all right, title and interest" in that property.

That violates the basic principle that the trustee may compromise only estate interests, not disputed third-party interests that have not been adjudicated to belong to the estate. See Spartan Mills, 112 F.3d at 1256–57 (trustee controls and may resolve estate claims; property/claims belong to estate, not individual creditors). See also In re Quinteros, 2011 WL 2039367, at *3 (Bankr. D.D.C. May 24, 2011) (bankruptcy court cannot approve compromise disposing of property unless it determines the estate holds an interest in the property).

This is not a discretionary settlement-factor dispute. It is an authority defect.

## III. APPELLEES' "EITHER / OR" ALTER-EGO FRAMING IS A FALSE BINARY AND IMPROPERLY SHIFTS THE BURDEN

In opposing a stay, Appellees argue: "either Serv Trust was not Myers's alter ego … or it was, in which case the bankruptcy court properly administered the assets thereof."

That collapses distinct legal questions into a false binary:

whether Serv Trust is alter ego;

whether Serv Trust's assets are estate property; and

whether a trustee may administer those assets.

Even if alter-ego allegations exist, property does not become estate property absent a determination under applicable law. The Trustee bears the burden to establish estate ownership; Appellant does not bear the burden to disprove it. Further, bankruptcy courts do not "administer" assets—trustees do—and trustees may administer only estate property. Appellees' framing improperly assumes the conclusion and attempts to make "administration" prove ownership.

The bankruptcy court declined to determine estate ownership and nonetheless approved a purported transfer. That is the defect.

Appellees' suggestion that "either Serv Trust was not Myers's alter ego … or the trust was Myers's alter ego, in which case the bankruptcy court properly administered the assets thereof" improperly collapses distinct legal questions into a false binary. Whether Serv Trust is Myers's alter ego has not been finally adjudicated. More importantly, even if alter-ego allegations exist, property does

not become property of the estate absent a determination under applicable law. A trustee may administer only property of the estate. The burden rests on the trustee to establish that property constitutes estate property; it is not the debtor's burden to disprove it. The July 3, 2025 Order authorized transfer of "all right, title and interest" without first determining that the estate held such interests. That defect is not cured by rhetorical reframing of unresolved ownership questions.

## IV. THE JULY 3 ORDER IS NOT LIMITED TO THE ORAL RULING; IT GRANTS THE MOTION IN FULL AND INCORPORATES THE PARTIES' HEARING STATEMENTS

The bankruptcy court's July 3, 2025 Order is not confined to the court's findings; it grants the Rule 9019 motion in full and approves a compromise "described in the Rule 9019 Motion and clarified and affirmed by the Trustee and the King Parties at the evidentiary hearing." The Order thus functions as a conveyance instrument whose scope is determined by (i) the Trustee's motion, and (ii) the parties' hearing statements—rather than a clear adjudication that the estate owns what is being conveyed.

The Order provides that the Rule 9019 motion is "GRANTED," then approves the compromise "described in the Rule 9019 Motion and clarified and affirmed by the Trustee and the King Parties at the evidentiary hearing." The Order thus incorporates (i) the motion's description and (ii) the parties' hearing assertions, rather than limiting itself to defined findings of the court.

That structure matters because it means the operative scope is not constrained to any "whatever interest, if any" understanding; rather, it authorizes a transfer instrument whose breadth is determined by advocacy statements. Appellees' own stay papers confirm they treat the Order as conferring "assuredness that they alone control 6789 Goldsboro" and may decide disposition of its real estate. That is effectively a determination of governance and control rights.

Appellate review requires clarity as to what the court decided and the basis for it. Where the Order grants the motion in full and incorporates party statements as operative terms while simultaneously disclaiming an estate-ownership determination, the Order authorizes relief beyond any adjudicated predicate. That supports vacatur rather than post hoc narrowing.

## V. RULE 9019 DOES NOT AUTHORIZE ADJUDICATION OR CONVEYANCE OF NON-ESTATE PROPERTY OR GOVERNANCE RIGHTS IN A NON-DEBTOR LLC

Rule 9019 permits compromise of estate claims. It does not authorize:

adjudication of who controls a non-debtor LLC,

extinguishment of non-party membership interests, or

transfer/encumbrance of property absent a finding it is estate property.

Appellees' reliance on the settlement to claim sole control and disposition authority underscores the practical effect: the Order functions as a

conveyance/encumbrance instrument affecting governance and title. That is

beyond Rule 9019 absent an estate-ownership determination and proper joinder.

## VI. "AND" VS "OR": APPELLEES ARE REWRITING THE ORDER IN THE STAY PAPERS

The Order authorizes transfer of interests of "the Trustee, the Debtor and the

bankruptcy estate."

In opposing the stay, Appellees recast the deal as settling "any interests …

held by Myers, the Trustee, or the estate." That is materially different. "Or" implies

alternative/contingent interests ("whatever interests, if any"), while "and" reads as

cumulative conveyance language.

The Court must interpret the Order as written, not as later described for

litigation advantage.

## VII. NO EXECUTED SETTLEMENT AGREEMENT OR KING PARTY SIGNATURES APPEAR IN THE RECORD; NO SWORN EVIDENCE DEFINES THE TRANSFER

Appellees suggest settlement formation is established, yet:

there is no executed settlement agreement in the record;

the Trustee filed the motion and notice alone;

no document bears any King Party signature reflecting assent to defined terms;

no King Party testified at the evidentiary hearing; and

no affidavit/declaration from any King Party appears.

Rule 9019 can allow approval of on-the-record settlements in appropriate cases. But here, the absence of a defined executed agreement and sworn evidence matters because the Order itself functions as the operative conveyance instrument authorizing transfer of "all right, title and interest" in identified property. Where the Order is the operative instrument and its terms are defined by a motion and hearing statements, the court must ensure the estate actually holds the interests being conveyed. The bankruptcy court expressly declined to determine that predicate. The evidentiary gap reinforces why the breadth of the Order cannot stand.

**VIII. THE ORDER PURPORTS TO TRANSFER "DEBTOR" INTERESTS; TO THE EXTENT THAT MEANS NON-ESTATE PROPERTY, CONSENT AND APPLICABLE LAW MATTER**

The Order purports to transfer interests of "the Trustee, the Debtor and the bankruptcy estate." In Chapter 7, the estate generally consists of the debtor's prepetition interests under § 541, while post-petition acquisitions and earnings generally belong to the debtor (subject to limited statutory exceptions). Thus, "Debtor" interests can refer to non-estate interests.

To the extent Appellees contend the compromise transferred personal, non-estate property interests of Appellant, the record contains no executed agreement reflecting Appellant's consent to such a transfer—consent which would be required for any non-estate conveyance. Moreover, property interests are defined

12

by applicable state law. Appellees' reliance on Maryland contract principles does not supply an adjudication of Florida-defined property interests allegedly held by a Florida citizen, nor does it substitute for a determination of estate ownership. These defects further support vacatur.

## IX. THERMTRON: THE BANKRUPTCY COURT COULD NOT REMAND THE OWNERSHIP DISPUTE AND THEN EFFECTIVELY RE-ADJUDICATE IT THROUGH A 9019 ORDER

The ownership dispute had been remanded to state court. Once remanded, the federal court was divested of authority over that in rem controversy. Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336 (1976). The bankruptcy court could not remand the ownership dispute and later authorize a transfer instrument that determines control and disposition of the same property without first adjudicating estate ownership through proper procedures.

The bankruptcy court previously remanded the state-law ownership dispute concerning Serv Trust and 6789 Goldsboro to the state court. Once remanded, the state court resumed control over that in-rem dispute.

A federal court that remands a case for lack of jurisdiction is divested of authority to continue exercising jurisdiction over the remanded matter. See Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336 (1976).

Having remanded the dispute, the bankruptcy court could not later authorize a transfer of all right, title, and interest in the same property without first determining

that the estate held an interest in that property and without proper jurisdiction over the affected parties.

The July 3, 2025 Order thus conflicts with the court's prior remand and exceeds the scope of its jurisdiction

## X. APPELLEES' "COLLATERAL ATTACK" AND ROOKER-FELDMAN FRAMING FAILS; THE STATE ORDER IS NON-FINAL AND APPELLEES ARE ESTOPPED FROM TREATING IT AS FINAL

Appellees claim Appellant "cannot challenge that state court ruling." This appeal challenges a federal bankruptcy order, not any state-court final judgment. The January 12, 2023 state order is interlocutory and non-final. Appellees previously represented to the Maryland Appellate Court that the order "did not adjudicate or complete the adjudication of any claim." Having relied on that representation to defeat appellate jurisdiction, Appellees cannot now insinuate finality to shield the bankruptcy order. New Hampshire v. Maine, 532 U.S. 742 (2001).

Rooker-Feldman applies only to final state-court judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005). There is no final state judgment determining property rights to collaterally attack.

## XI. THE SANCTIONS ORDER CONFIRMS THE OWNERSHIP QUESTION WAS NOT DETERMINED

The record includes the bankruptcy court's denial of the Trustee's sanctions motion premised on the theory that Serv Trust property was protected by the

automatic stay as estate property. That denial reinforces that the estate-ownership

question was not conclusively determined in the manner Appellees now suggest.

The bankruptcy court cannot simultaneously decline to adjudicate estate ownership

and approve a transfer instrument that Appellees wield as determinative of control

and disposition.

## XII. EQUITABLE MOOTNESS DOES NOT APPLY; THERE IS NO RECORD EVIDENCE OF "SUCCESSFUL NEGOTIATION" OR IRREVERSIBLE DISTRIBUTION

Appellees push equitable mootness hard in opposing a stay. The record does

not support it.

The Order conditions downstream steps on "successful negotiation" of the

settlement payment. Appellees do not contend the payment has been negotiated

and irreversibly distributed to third parties. They do not claim the estate has spent

it or that unwinding would harm innocent third parties. This is a bilateral

compromise, not a confirmed plan with complex distributions.

A stipulation of dismissal proves only a procedural dismissal; it does not

establish consummation of all material obligations. In any event, equitable

mootness is prudential and cannot validate an order entered without statutory

authority or absent an estate-ownership determination.

## XIII. ULTRA VIRES "SETTLEMENT PROCEDURES" FRAMEWORK; CIRCUMVENTION OF RULE 7001; MERGER

The bankruptcy court's earlier "Settlement Procedures" framework—entered before the challenged 9019 order—was interlocutory and merged into the final Order. To the extent it attempted to create a bespoke mechanism that predestined a 9019 outcome while bypassing Rule 7001 adjudication of disputed property rights, it exceeded statutory authority. Rule 9019 is not a substitute for an adversary proceeding determining estate ownership.

All such issues are preserved and properly before this Court via merger into the final Order.

Whether the bankruptcy court lacked jurisdiction/authority to approve a settlement that operates as a determination of ownership/governance rights in non-debtor property absent joinder and Rule 7001 procedures.

II. A Bankruptcy Court May Not Convey Non-Estate Property

A chapter 7 trustee may not enter into an agreement binding non-estate property, and cannot settle or convey interests in property that is not property of the estate. Bankruptcy jurisdiction over property is fundamentally in rem and limited to estate property. 28 U.S.C. § 1334(e).

Where property has not been adjudicated to be property of the estate, the bankruptcy court lacks authority to enter an order that purports to transfer or encumber that property. Parties cannot confer jurisdiction over non-estate property by agreement or settlement.

The ownership dispute had been remanded to state court. Yet the bankruptcy court approved a sweeping transfer instrument without determining estate ownership and without joinder of the entities whose interests are affected.

IV. The Order's Structure Enables Use as a Conveyance Instrument

The Order incorporates the settlement as "clarified and affirmed" by the settling parties at the evidentiary hearing. It does not limit the transfer by reference to a judicial determination of estate ownership. In opposing a stay, the settling parties have already represented that they paid $150,000 in exchange for "assuredness that they alone control 6789 Goldsboro" and may dispose of its real estate asset.

That representation illustrates the Order's practical effect. Even if the bankruptcy court subjectively intended only to approve a compromise of disputed claims, the Order's text authorizes a broader conveyance. It can be invoked as evidence of exclusive control over non-debtor property. An order that can be used in that way functions as a cloud or encumbrance on title notwithstanding the absence of any adjudication that the property is property of the estate.

A bankruptcy court cannot authorize such a conveyance without first determining that the property is property of the estate.


VI. Remand for Clarification Is Inadequate

Remand for clarification would leave on the books an order that purports to

transfer "all right, title and interest" in specifically identified non-debtor property.

Such an order cannot be cured by narrowing interpretation. Because the

bankruptcy court lacked authority to authorize that conveyance, the proper remedy

is reversal and vacatur.

Where a court exceeds its authority by entering an order that purports to convey

interests beyond its jurisdiction, vacatur is required. An order that purports to

transfer all right, title, and interest in non-debtor property without adjudication of

estate ownership cannot stand.


## II. A BANKRUPTCY COURT MAY SETTLE ESTATE CLAIMS BUT MAY NOT CONVEY NON-ESTATE PROPERTY

A trustee may compromise claims that belong to the estate. But the trustee cannot
settle or convey interests in property that is not property of the estate.
Bankruptcy jurisdiction over property is fundamentally in rem and limited to
property of the estate. 28 U.S.C. § 1334(e).
Where property has not been adjudicated to be property of the estate, the
bankruptcy court lacks authority to enter an order that purports to transfer or
encumber that property. Parties cannot confer jurisdiction over non-estate property
by agreement or settlement.
The Order here purports to transfer all right, title, and interest in Goldsboro
property without any determination that such property is estate property. That
exceeds the court's authority.

## III. THE ADVERSARY COMPLAINT SOUGHT RELIEF THE BANKRUPTCY COURT COULD NOT GRANT

The adversary complaint's sole count sought declarations that:
Serv Trust's interest in 6789 Goldsboro had been redeemed under the operating
agreement;

Serv Trust waived appraisal rights;
the trustee had no interest in Goldsboro.
Serv Trust and 6789 Goldsboro were not before the bankruptcy court. No Rule
7001 proceeding adjudicated whether their property is property of the estate. Yet
the Order authorizes transfer of all right, title, and interest in that same property.
The bankruptcy court lacked authority to determine or convey interests in non-
debtor property absent jurisdiction over the res and the affected parties. A Rule
9019 order cannot substitute for an adversary proceeding determining ownership.

## IV. THE SETTLEMENT PROCEDURES FRAMEWORK WAS ULTRA VIRES AND PREDISPOSED THE OUTCOME

The December 2023 "Settlement Procedures Order" did not approve a
compromise. Instead, it created a procedural mechanism under which an adversary
would be filed and later settled. Nothing in the Bankruptcy Code authorizes a court
to create a bespoke framework designed to engineer a future compromise of
disputed ownership rights.
That framework predestined the Rule 9019 outcome while bypassing the
adjudication required to determine whether the property at issue is property of the
estate. A bankruptcy court may approve or deny a settlement presented to it; it may
not create a procedural structure that effectively substitutes for an adjudication of
ownership.

## V. THE ORDER'S TEXT AND STRUCTURE ENABLE USE AS A CONVEYANCE OR ENCUMBRANCE

The Order incorporates the compromise as "clarified and affirmed" by the settling
parties at the evidentiary hearing. It does not limit the transfer by reference to a
judicial determination of estate ownership.
In opposing a stay, the settling parties represented that they paid $150,000 for
"assuredness that they alone control 6789 Goldsboro" and may dispose of its real
estate asset. That representation illustrates the Order's practical effect.
Even if the bankruptcy court intended only to approve a compromise of disputed
claims, the Order's text authorizes a broader conveyance. It can be invoked as
evidence of exclusive control over non-debtor property. An order that can be used
in that way functions as a cloud or encumbrance on title notwithstanding the
absence of any adjudication that the property is property of the estate.
A bankruptcy court cannot authorize such a conveyance without first determining
that the property is property of the estate.

## VI. REMAND FOR CLARIFICATION IS INADEQUATE

Remand for clarification would leave on the books an order that purports to transfer "all right, title and interest" in specifically identified non-debtor property. Such an order cannot be cured by narrowing interpretation. Because the bankruptcy court lacked authority to authorize that conveyance, the proper remedy is reversal and vacatur.

Where a court exceeds its authority by entering an order that purports to convey interests beyond its jurisdiction, vacatur is required.

## VII. ALL PRIOR ORDERS MERGED INTO THE JULY 3, 2025 ORDER

The July 3, 2025 Order constitutes the first final order resolving the Rule 9019 compromise. All prior interlocutory orders—including the Settlement Procedures Order and related rulings—merged into the final Order. Appellant's earlier appeal from those interlocutory orders was dismissed without prejudice. Review of those issues is preserved through this appeal.

## VIII. PRESERVATION OF ISSUES AND RESPONSE TO WAIVER ARGUMENTS

Appellant raised the following issues in the bankruptcy court and preserves them here:

lack of jurisdiction to convey non-estate property;

lack of Rule 7001 adjudication;

lack of standing by the King Parties;

absence of derivative standing;

ultra vires Settlement Procedures framework;

improper incorporation by reference of extraneous rulings;

conflict with prior remand to state court.

Even if this Court concludes any issue was not fully developed below, issues concerning jurisdiction and statutory authority cannot be waived.

## IX. ROOKER-FELDMAN AND EQUITABLE MOOTNESS DO NOT APPLY

This appeal challenges a bankruptcy court order, not a state-court judgment. Rooker-Feldman does not apply. Nor does equitable mootness apply where the court lacked authority to enter the order. Jurisdiction precedes mootness.

## I. THE ORDER PURPORTS TO TRANSFER NON-DEBTOR PROPERTY WITHOUT ANY ADJUDICATION THAT IT IS PROPERTY OF THE ESTATE

The operative provision of the July 3, 2025 Order states that the settlement payment is consideration for:
"the transfer by the Trustee to the King Parties of all of the right, title and interest of the Trustee, the Debtor and the bankruptcy estate in and to any and all membership interest in or property of 6789 Goldsboro LLC."
This is not conditional language.
It is not limited to "whatever interest, if any."
It is not tied to a future determination of estate ownership.
It purports to transfer all right, title, and interest in specifically identified property.
Yet the bankruptcy court expressly declined to determine whether that property is property of the estate. A court that has not determined ownership cannot authorize a conveyance of all right, title, and interest.

## II. UNDER FOURTH CIRCUIT LAW, A TRUSTEE MAY ONLY SETTLE ESTATE INTERESTS

The Fourth Circuit has held that a trustee's authority to compromise extends only to claims and interests belonging to the estate.
Spartan Mills v. Bank of America, N.A., 112 F.3d 1251 (4th Cir. 1997).
A trustee cannot dispose of property or rights that are not property of the estate.
Consistent with that principle, courts have held that before approving a settlement disposing of property, the bankruptcy court must determine that the estate actually holds an interest in that property.
In re Quinteros, 2011 WL 2039367, at *3 (Bankr. D.D.C. May 24, 2011).
The Order here does precisely what those authorities forbid: it authorizes transfer of all right, title, and interest in identified property without determining that the estate holds any such interest.
This is not a matter of settlement discretion.
It is a matter of authority.

## III. RULE 9019 DOES NOT AUTHORIZE CONVEYANCE OF NON-ESTATE PROPERTY

Rule 9019 allows settlement of estate claims.
It does not authorize:
conveyance of third-party property
encumbrance of non-estate assets

adjudication of ownership without Rule 7001 proceedings

The adversary complaint sought declarations concerning Serv Trust's interest under the Goldsboro operating agreement. Serv Trust and Goldsboro were not parties before the bankruptcy court. No adversary adjudicated estate ownership. Yet the Order purports to transfer all right, title, and interest in that same property. That exceeds Rule 9019 authority.

## IV. THE SETTLEMENT PROCEDURES FRAMEWORK WAS ULTRA VIRES

The December 2023 "Settlement Procedures Order" did not approve a compromise. Instead, it created a procedural framework under which an adversary would be filed and later settled.

Nothing in the Bankruptcy Code authorizes a court to create a bespoke settlement framework designed to engineer a future compromise of disputed ownership rights while bypassing Rule 7001 adjudication. That framework predestined the Rule 9019 outcome and circumvented the procedural protections required to determine whether property belongs to the estate.

## V. THE ORDER'S TEXT FUNCTIONS AS A CONVEYANCE OR ENCUMBRANCE

The Order does not merely approve settlement.

It authorizes transfer of all right, title, and interest in specifically identified property.

The settling parties have already represented that they paid for "assuredness" of control over Goldsboro and its real estate. That representation demonstrates the Order's practical effect.

An order that can be invoked as authority to control or dispose of non-debtor property operates as an encumbrance on title. A bankruptcy court cannot authorize such an encumbrance without first determining that the property is property of the estate.

## VI. REMAND IS INADEQUATE; VACATUR IS REQUIRED

Where a court exceeds its authority by entering an order purporting to convey interests beyond its jurisdiction, vacatur is required. Remand for clarification would leave in place an order that authorizes transfer of all right, title, and interest in non-debtor property.

The proper remedy is reversal and vacatur.

## VII. PRIOR ORDERS MERGED INTO THE JULY 3, 2025 ORDER

The July 3, 2025 Order is the first final order resolving the Rule 9019 compromise. All prior interlocutory orders—including the Settlement Procedures Order and related rulings—merged into the final order. Appellant's earlier appeal from those interlocutory orders was dismissed without prejudice. Review of those issues is preserved through this appeal.

## VIII. PRESERVATION AND RESPONSE TO WAIVER ARGUMENTS

Appellant raised below:
lack of jurisdiction
lack of estate ownership determination
Rule 7001 defects
lack of standing
ultra vires settlement framework
Even if any issue were not fully developed, jurisdictional and statutory-authority issues cannot be waived. All issues are preserved for appellate review.

## IX. ROOKER-FELDMAN AND EQUITABLE MOOTNESS DO NOT APPLY

This appeal challenges a bankruptcy court order, not a state-court judgment. Rooker-Feldman does not apply. Nor does equitable mootness apply where the court lacked authority to enter the order. Jurisdiction precedes mootness.

## X. SANCTIONS ORDER CONFIRMS LACK OF ADJUDICATION

The bankruptcy court previously denied the trustee's motion for sanctions premised on the theory that Serv Trust property was property of the estate. That denial underscores that no adjudication of estate ownership occurred. The court cannot simultaneously decline to determine ownership and authorize transfer of all interests.

The bankruptcy court's approval of the compromise also conflicts with its prior remand of the underlying ownership dispute to state court. The state-law dispute concerning Serv Trust and 6789 Goldsboro had previously been remanded. Once remanded, the state court resumed control over that in-rem controversy. A federal court that remands a case for lack of jurisdiction is divested of authority to continue exercising jurisdiction over the remanded matter. Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336 (1976). Having remanded the ownership dispute, the bankruptcy court could not subsequently authorize a transfer of all right, title,

and interest in the same property without first determining that the estate held an interest in that property and without proper jurisdiction over the affected parties. The July 3, 2025 Order therefore conflicts with the court's prior remand and exceeds the scope of its authority.

The Adversary Suffered From a Threshold Standing Defect
It should argue:
Alter-ego claims belong to the estate.
The King Parties never obtained derivative standing.
The trustee did not adopt the claim as an estate claim.
Therefore, the adversary exceeded creditor authority.
The bankruptcy court lacked jurisdiction to approve settlement of a defectively filed adversary.

the adversary proceeding underlying the compromise suffered from a threshold standing defect. The claims asserted depended upon alter-ego and estate-rights theories that belong exclusively to the trustee absent derivative standing—standing the King Parties never sought or obtained.
The July 3, 2025 Order exceeds the bankruptcy court's authority and must be reversed and vacated.

## I. THE ADVERSARY SUFFERED FROM A THRESHOLD STANDING DEFECT

The King Parties lacked standing to pursue the alter-ego/estate-rights theory embedded in their adversary.
A. Alter-Ego Claims Belong to the Estate
Under Fourth Circuit precedent, claims that seek to disregard corporate form or assert alter-ego theories for the benefit of creditors are estate claims. See Spartan Mills v. Bank of America, N.A., 112 F.3d 1251 (4th Cir. 1997) (trustee controls estate causes of action).
Such claims may not be pursued by individual creditors absent derivative standing granted by the bankruptcy court.
The King Parties never obtained derivative standing.
B. No Derivative Standing Was Sought or Granted
The record reflects:
Prior efforts by related parties to seek derivative standing were denied or abstained.
The trustee did not adopt an alter-ego claim as an estate cause of action.
No order granted the King Parties authority to prosecute an estate claim.
Without derivative standing, the adversary exceeded creditor authority.

C. Standing Is Jurisdictional

Article III standing is a jurisdictional prerequisite. If the King Parties lacked standing to assert alter-ego or estate-based claims, the bankruptcy court lacked subject-matter jurisdiction over the adversary.

A court cannot approve a compromise of a claim that was jurisdictionally defective from inception.

This threshold defect independently requires vacatur.

## II. EVEN IF STANDING EXISTED, THE COURT COULD NOT APPROVE A SETTLEMENT DISPOSING OF PROPERTY WITHOUT DETERMINING ESTATE OWNERSHIP

Under Spartan Mills, a trustee may settle only estate interests.

Under In re Quinteros, a court may not approve a compromise disposing of property unless it determines that the estate actually holds an interest in that property.

Here, the July 3, 2025 Order authorizes transfer of:

"all of the right, title and interest of the Trustee, the Debtor and the bankruptcy estate" in Goldsboro.

The bankruptcy court expressly declined to determine that Goldsboro property constitutes property of the estate.

Under Spartan Mills and Quinteros, that ends the inquiry. The court lacked authority to authorize the conveyance.

## III. RULE 9019 DOES NOT PERMIT CONVEYANCE OF NON-ESTATE PROPERTY

Rule 9019 permits compromise of estate claims. It does not authorize:

adjudication of non-debtor ownership,

encumbrance of non-estate assets,

conveyance of disputed third-party property.

The Order's language is not contingent. It does not say "whatever interests, if any."

It transfers all right, title, and interest.

That exceeds Rule 9019 authority.

## IV. THE ORDER CONFLICTS WITH THE COURT'S PRIOR REMAND

The ownership dispute was previously remanded to state court.

Once remanded, the federal court was divested of authority over that in-rem controversy.

See Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336 (1976).

Having remanded the ownership dispute, the bankruptcy court could not later authorize transfer of all right, title, and interest in the same property without first determining estate ownership.

The Order conflicts with the prior remand and exceeds jurisdiction.

## V. THE SETTLEMENT PROCEDURES FRAMEWORK WAS ULTRA VIRES

The "Settlement Procedures Order" created a bespoke mechanism to facilitate eventual compromise without adjudicating ownership.

The Bankruptcy Code authorizes approval or denial of settlements—not judicial creation of settlement frameworks that bypass Rule 7001 and estate-ownership determinations.

The framework predestined the 9019 outcome and circumvented required procedures.

## VI. THE ORDER FUNCTIONS AS A CONVEYANCE OR ENCUMBRANCE

The settling parties have represented that the settlement provides them "assuredness" of exclusive control over Goldsboro and its real estate asset.

The Order's text authorizes transfer of all right, title, and interest in identified property.

An order capable of being invoked as authority for exclusive control over non-debtor property functions as an encumbrance.

A bankruptcy court cannot authorize such an encumbrance absent adjudication of estate ownership.

## VII. SANCTIONS ORDER CONFIRMS NO ESTATE OWNERSHIP DETERMINATION OCCURRED

The bankruptcy court previously denied the trustee's motion for sanctions premised on the theory that Serv Trust property was estate property.

That denial confirms no adjudication of estate ownership occurred.

The court cannot both decline to determine ownership and authorize transfer of all interests.

## VIII. MERGER AND PRESERVATION

The July 3, 2025 Order constitutes the final resolution of the Rule 9019 compromise. All prior interlocutory rulings—including the Settlement Procedures Order—merged into this final order.

Appellant's prior appeal from interlocutory orders was dismissed without prejudice. Review of those issues is preserved.

Jurisdictional defects cannot be waived.

## IX. ROOKER-FELDMAN AND EQUITABLE MOOTNESS DO NOT APPLY

This appeal challenges a bankruptcy court order. It does not seek review of a state-court judgment.

Equitable mootness cannot cure lack of jurisdiction. Jurisdiction precedes mootness.

Appellees assert that the bankruptcy court possessed jurisdiction over "contested portions of the debtor's estate." That formulation assumes the conclusion. A bankruptcy court unquestionably has jurisdiction to determine whether property is property of the estate. But it does not acquire jurisdiction over property merely because a party asserts that it belongs to the estate. Jurisdiction under 28 U.S.C. § 1334(e) attaches to property of the estate, and the court's authority over disputed property depends upon an adjudication that the estate actually holds an interest in the property at issue. See Spartan Mills v. Bank of America, N.A., 112 F.3d 1251 (4th Cir. 1997) (trustee may compromise only estate interests); In re Quinteros, 2011 WL 2039367, at *3 (Bankr. D.D.C. May 24, 2011) (court may not approve compromise disposing of property unless it determines the estate holds an interest). Here, the bankruptcy court expressly declined to determine whether Serv Trust or 6789 Goldsboro property constitutes property of the estate. Having declined to make that determination, the court could not treat that property as a "contested portion of the estate" and authorize a transfer of "all right, title and interest" in it. The issue is not whether the court had jurisdiction to decide the ownership question—it did. The problem is that the court chose not to decide that question and nonetheless entered an order purporting to convey interests in the very property whose status it declined to determine. That exceeds the scope of Rule 9019 and the court's jurisdiction.

Appellees' assertion that this appeal constitutes an impermissible collateral attack on a state-court order is misplaced. Appellant does not seek review or reversal of any state-court judgment. This appeal challenges the bankruptcy court's July 3, 2025 Order approving a Rule 9019 compromise that purports to transfer "all right, title and interest" in property whose ownership the bankruptcy court expressly

declined to determine. Moreover, the state-court order on which Appellees rely is interlocutory and non-final. It did not adjudicate ownership of Serv Trust or 6789 Goldsboro property, and Appellees themselves previously represented that the order "did not adjudicate or complete the adjudication of any claim." Collateral-attack and preclusion doctrines apply to final judgments, not interlocutory orders. Because there is no final state judgment determining the property rights at issue, Appellant is not collaterally attacking a state judgment. Rather, he challenges a federal bankruptcy order that exceeds the court's authority by purporting to convey interests in property without adjudicating that the estate holds any such interests.

Appellees' assertion that "Myers cannot challenge that state court ruling in the district court" mischaracterizes both the posture and the law. Appellant does not seek review of a state-court judgment. This appeal challenges the bankruptcy court's July 3, 2025 Order. Moreover, the January 12, 2023 state-court order on which Appellees rely is interlocutory and non-final. Appellees themselves previously represented that the order "did not adjudicate or complete the adjudication of any claim." Rooker-Feldman and collateral-attack principles apply to final state-court judgments, not interlocutory rulings. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005). Because there is no final state judgment determining ownership of Serv Trust or 6789 Goldsboro property, this appeal does not seek to overturn a state judgment. It seeks review of a federal bankruptcy order that relied upon a non-final state ruling while expressly declining to adjudicate estate ownership itself. That is a proper subject of appellate review.

Appellees' prior representations confirm the interlocutory nature of the January 12, 2023 order. In opposing Appellant's earlier appeal in the Maryland Appellate Court, Appellees (joined by Goldsboro and the Trustee) represented that the order "did not adjudicate or complete the adjudication of any claim in this matter" and therefore was not a final order. Having successfully relied on that position to defeat appellate jurisdiction, Appellees cannot now characterize the same interlocutory order as immune from federal review or as a binding adjudication of ownership. See New Hampshire v. Maine, 532 U.S. 742 (2001). The order resolved no claim and remains non-final. Appellant's challenge is directed to the bankruptcy court's federal order—not to any final state judgment.

The bankruptcy court approved a settlement transferring "all right, title and interest" in specifically identified property while expressly declining to determine whether that property is property of the estate and while the underlying ownership dispute remained pending in state court. The adversary itself suffered from a threshold standing defect. The Order exceeds Rule 9019 and must be vacated.

## I. THRESHOLD: THE ADVERSARY SUFFERED FROM A STANDING DEFECT

A. Alter-Ego / Estate Claims Belong to the Trustee
Cite: Spartan Mills.
B. No Derivative Standing Was Sought or Granted
Make this clean:
No motion for derivative standing.
Trustee did not adopt alter-ego claim.
Bankruptcy court never granted derivative authority.
C. Standing Is Jurisdictional
If they lacked standing:
Court lacked jurisdiction.
Compromise of that adversary collapses.

## II. EVEN IF STANDING EXISTED, THE COURT COULD NOT APPROVE A COMPROMISE DISPOSING OF PROPERTY WITHOUT DETERMINING ESTATE OWNERSHIP

A. Bankruptcy Court Has Jurisdiction To Determine Estate Property — But Must Do So
Neutralize their "contested portions of the estate" language here.
Use the paragraph I drafted.
B. The Court Declined To Determine Estate Ownership
Quote transcript if needed.
C. Yet the Order Transfers "All Right, Title and Interest"
Explain why that language matters.
D. Spartan Mills + Quinteros
This is where those authorities anchor the analysis.
This section should feel decisive.

## III. RULE 9019 DOES NOT AUTHORIZE CONVEYANCE OR ENCUMBRANCE OF NON-ESTATE PROPERTY

This is not compromise of a claim.
It is authorization of a conveyance.
The text is unconditional.
It is not limited to "whatever interest, if any."

## IV. THE ORDER CONFLICTS WITH THE COURT'S PRIOR REMAND (THERMTRON)

Ownership dispute remanded.
Federal court divested.
Court cannot remand dispute then authorize transfer of interests in same property without adjudication.


## V. APPELLEES' "COLLATERAL ATTACK" THEORY FAILS

A. This Appeal Challenges a Federal Order
Not the state order.
B. The January 12, 2023 Order Is Interlocutory
ACM admission:
"did not adjudicate or complete the adjudication of any claim."
Cite New Hampshire v. Maine for judicial estoppel principle.
C. Rooker-Feldman Applies Only to Final Judgments
Exxon Mobil citation.


## VI. THE SETTLEMENT PROCEDURES ORDER WAS ULTRA VIRES AND MERGED INTO THE FINAL ORDER

Interlocutory.
Predestined settlement path.
Circumvented Rule 7001.
Merged into July 3 order.

## VII. SANCTIONS ORDER CONFIRMS NO ESTATE OWNERSHIP DETERINATION OCCURRED

Trustee previously sought stay sanctions claiming estate ownership.
Court denied.
Confirms ownership unresolved.
This supports your core theme.

INTRODUCTION
This appeal concerns whether a bankruptcy court may approve a Rule 9019 settlement that authorizes transfer of "all right, title and interest" of the Trustee, the

Debtor, and the estate in specifically identified property while expressly declining to determine whether that property is property of the estate.

The July 3, 2025 Order exceeds Rule 9019, exceeds the bankruptcy court's jurisdiction, rests upon a procedurally defective adversary, and conflicts with the court's prior remand of the ownership dispute to state court. It must be reversed and vacated.

## I. THE ADVERSARY SUFFERED FROM A THRESHOLD STANDING DEFECT

Before Rule 9019 can even be considered, the Court must examine whether the King Parties possessed standing to file the adversary proceeding.
The adversary's theory depended on alter-ego and estate-rights principles. Under Fourth Circuit precedent, alter-ego and similar causes of action that benefit creditors generally belong to the estate and are controlled by the trustee. Spartan Mills v. Bank of America, N.A., 112 F.3d 1251 (4th Cir. 1997).
Creditors may pursue such claims only upon grant of derivative standing by the bankruptcy court.
No derivative standing was sought.
No derivative standing was granted.
The Trustee did not adopt alter-ego as an estate cause of action.
Standing is jurisdictional. If the King Parties lacked standing to assert estate-based claims, the bankruptcy court lacked subject-matter jurisdiction over the adversary. A court cannot approve a compromise of a claim that was jurisdictionally defective from inception.

## II. THE BANKRUPTCY COURT COULD NOT AUTHORIZE TRANSFER OF PROPERTY WITHOUT DETERMINING THAT IT IS PROPERTY OF THE ESTATE

Appellees argue that the bankruptcy court had jurisdiction over "contested portions of the debtor's estate." That phrasing assumes the conclusion.
A bankruptcy court unquestionably has jurisdiction to determine whether disputed property is property of the estate. But jurisdiction under 28 U.S.C. § 1334(e) attaches to property of the estate — not to property merely alleged to be estate property. The court must determine estate ownership before treating property as such.
Here, the bankruptcy court expressly declined to determine whether Serv Trust or 6789 Goldsboro property constitutes property of the estate.

Yet the Order authorizes transfer of:

"all of the right, title and interest of the Trustee, the Debtor and the bankruptcy estate in and to any and all membership interest in or property of 6789 Goldsboro LLC."

Under Spartan Mills, a trustee may compromise only estate interests.

Under In re Quinteros, 2011 WL 2039367 (Bankr. D.D.C. May 24, 2011), a court may not approve a compromise disposing of property unless it determines that the estate holds an interest in that property.

The court here declined to make that determination. Having declined to determine estate ownership, it could not authorize a conveyance of all right, title, and interest in that property.

This is not a discretionary settlement issue. It is an authority issue.


## III. APPELLEES' "EITHER/OR" ALTER-EGO ARGUMENT MISSTATES THE LAW AND SHIFTS THE BURDEN

In opposing the stay, the King Parties argued:

Either Serv Trust was not Myers's alter ego … or it was, in which case the bankruptcy court properly administered the assets thereof.

That framing collapses distinct legal questions into a false binary.

First, whether Serv Trust is Myers's alter ego has not been finally adjudicated.

Second, property does not become property of the estate merely because alter-ego allegations exist. Estate status must be determined under applicable law.

Third, trustees administer assets — courts do not. And a trustee may administer only property of the estate.

The burden rests on the trustee to establish that property constitutes estate property. It is not the debtor's burden to disprove estate ownership.

Appellees' formulation improperly assumes the conclusion (estate ownership) and shifts the burden away from the trustee. The July 3, 2025 Order authorized transfer of "all right, title and interest" without first determining that the estate held such interests. That defect is not cured by rhetorical reframing.


## IV. RULE 9019 DOES NOT AUTHORIZE CONVEYANCE OR ENCUMBRANCE OF NON-ESTATE PROPERTY

Rule 9019 permits compromise of estate claims. It does not authorize conveyance of specifically identified property whose estate status has not been determined.

The Order is not limited to "whatever interest, if any." It transfers "all right, title and interest."

32

Appellees themselves have represented that the settlement gives them assured control over 6789 Goldsboro and its real estate asset.

An order capable of being invoked as authority for exclusive control over non-debtor property functions as a conveyance instrument or encumbrance.

Rule 9019 does not permit that absent an estate-ownership determination.

## V. THE ORDER CONFLICTS WITH THE PRIOR REMAND

The ownership dispute was previously remanded to state court. Once remanded, the federal court was divested of authority over that in-rem controversy. See Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336 (1976).

Having remanded the dispute, the bankruptcy court could not later authorize transfer of all right, title, and interest in the same property without first determining estate ownership.

## VI. THIS APPEAL IS NOT A COLLATERAL ATTACK ON A STATE JUDGMENT

Appellees assert that "Myers cannot challenge that state court ruling in the district court." That mischaracterizes both the posture and the law.

This appeal challenges the bankruptcy court's July 3, 2025 Order.

Moreover, the January 12, 2023 state-court order is interlocutory and non-final. Appellees previously represented to the Maryland Appellate Court that the order "did not adjudicate or complete the adjudication of any claim." Having relied on that position to defeat appellate jurisdiction, Appellees cannot now treat the same interlocutory ruling as immune from federal review. See New Hampshire v. Maine, 532 U.S. 742 (2001).

Rooker-Feldman applies only to final state-court judgments. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005).

There is no final state judgment determining ownership. Appellant challenges a federal bankruptcy order.

## VII. THE SETTLEMENT PROCEDURES ORDER WAS ULTRA VIRES AND MERGED INTO THE FINAL ORDER

The earlier "Settlement Procedures Order" was interlocutory and contemplated further action. It created a procedural framework not authorized by the Bankruptcy Code and effectively bypassed Rule 7001 adjudication.

All interlocutory rulings merged into the July 3, 2025 Order. Review of those issues is preserved.

## VIII. JURISDICTIONAL DEFECTS CANNOT BE WAIVED

Standing, subject-matter jurisdiction, and statutory authority cannot be waived. They are reviewed de novo.

The written Order authorizes transfer of "all right, title and interest of the Trustee, the Debtor and the bankruptcy estate." In opposing a stay, however, Appellees recast the transaction as resolving "any interests … held by Myers, the Trustee, or the estate." The distinction matters. The Order employs cumulative conveyance language, not contingent or alternative language. If the intent were merely to transfer whatever interests, if any, might exist, the Order could have so stated. The Court must review the Order as written.

The Order authorizes transfer of "all right, title and interest of the Trustee, the Debtor and the bankruptcy estate." In opposing a stay, Appellees recast the transaction as resolving "any interests … held by Myers, the Trustee, or the estate." The distinction is material. The written Order employs cumulative conveyance language, not contingent language limited to whatever interests might exist. Moreover, in a Chapter 7 case, post-petition property acquired by the debtor ordinarily belongs to the debtor, not the estate. Thus, the scope of any transfer depends upon a determination of what, if any, interests were property of the estate. Because the bankruptcy court expressly declined to determine that issue, the breadth of the Order underscores the need for vacatur rather than post hoc narrowing.

Appellees assert that the stipulation of dismissal constitutes "evidence of consummation" of the settlement. A stipulation of dismissal reflects only the parties' agreement to dismiss the adversary. It does not establish that the settlement has been fully performed or consummated. The Order conditions dismissal and other steps on performance of the settlement's terms. Filing a stipulation pursuant to the Order is implementation of a procedural step, not proof that all material obligations have been completed. The Court's review focuses on the scope and validity of the July 3, 2025 Order itself. Whether the parties have taken steps in reliance on that Order does not expand the court's authority to approve a transfer of interests in property without determining that such interests belong to the estate.

Appellees assert that the settlement provided them with "assuredness that they alone control 6789 Goldsboro" and may determine the disposition of its real estate. That characterization underscores the breadth of the July 3, 2025 Order. Appellees' own description reflects that they view the Order as conclusively determining governance and control rights with respect to 6789 Goldsboro. Yet the bankruptcy court expressly declined to determine whether Serv Trust's interests or other

interests in Goldsboro constitute property of the estate. A Rule 9019 order may approve compromise of estate claims, but it does not adjudicate ownership or governance rights in non-debtor entities absent a determination that such interests belong to the estate and absent joinder of affected parties. Appellees' assertion of "assured control" therefore underscores why the absence of an estate-ownership determination is dispositive.

Appellees assert that Appellant "acknowledged" that the Order effected a transfer of property. That misstates the record. Appellant has consistently argued that the Order purports to transfer "all right, title and interest" in specified property and that such language exceeds the bankruptcy court's authority absent a determination that the property constitutes property of the estate. Describing the language of the Order is not a concession that any valid transfer occurred. The validity of any purported transfer is the central issue on appeal.
That closes the door.

Appellees contend that the bankruptcy court had jurisdiction over "contested portions of the debtor's estate." That formulation assumes the conclusion. A bankruptcy court has jurisdiction to determine whether property is property of the estate; it does not acquire jurisdiction over property merely because a party asserts that it belongs to the estate. Jurisdiction under 28 U.S.C. § 1334(e) attaches to property of the estate, and the court must determine that the estate holds an interest before treating property as such. Here, the bankruptcy court expressly declined to determine whether Serv Trust or 6789 Goldsboro property constitutes property of the estate. Having declined to make that determination, the court could not treat that property as a "contested portion of the estate" and authorize transfer of "all right, title and interest" in it.

Appellees' suggestion that "either Serv Trust was not Myers's alter ego … or it was, in which case the bankruptcy court properly administered the assets thereof" improperly collapses distinct legal questions into a false binary. Whether Serv Trust is Myers's alter ego has not been finally adjudicated. More importantly, even if alter-ego allegations exist, property does not become property of the estate absent a determination under applicable law. A trustee may administer only property of the estate. The burden rests on the trustee to establish that property constitutes estate property; it is not the debtor's burden to disprove it. The July 3, 2025 Order authorized transfer of "all right, title and interest" without first determining that the estate held such interests. That defect is not cured by rhetorical reframing of unresolved ownership questions.

## C. COLLATERAL-ATTACK SECTION

Appellees assert that "Myers cannot challenge that state court ruling in the district court." Appellant does not seek review of any state-court judgment. This appeal challenges the bankruptcy court's July 3, 2025 Order. Moreover, the January 12, 2023 state-court order on which Appellees rely is interlocutory and non-final. In opposing Appellant's prior appeal in the Maryland Appellate Court, Appellees represented that the order "did not adjudicate or complete the adjudication of any claim." Having relied on that position to defeat appellate jurisdiction, Appellees cannot now treat the same interlocutory ruling as immune from federal review. See New Hampshire v. Maine, 532 U.S. 742 (2001). Rooker-Feldman applies only to final judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005).

## D. OPERATING-CONTROL / "ASSUREDNESS" STATEMENT

Appellees assert that the settlement provided them with "assuredness that they alone control 6789 Goldsboro" and may determine the disposition of its real estate. That characterization underscores the breadth of the Order. Appellees' own description reflects that they view the Order as conclusively determining governance and control rights with respect to 6789 Goldsboro. Yet the bankruptcy court expressly declined to determine whether Serv Trust's interests or other interests in Goldsboro constitute property of the estate. A Rule 9019 order may approve compromise of estate claims; it does not adjudicate ownership or governance rights in non-debtor entities absent an estate-ownership determination and proper joinder of affected parties.

## E. "AND" VS "OR" LANGUAGE SHIFT

The written Order authorizes transfer of "all right, title and interest of the Trustee, the Debtor and the bankruptcy estate." In opposing a stay, however, Appellees recast the transaction as resolving "any interests … held by Myers, the Trustee, or the estate." The distinction is material. The Order employs cumulative conveyance language, not contingent language limited to whatever interests might exist. If the intent were merely to transfer whatever interests, if any, might exist, the Order could have so stated. The Court must review the Order as written.

## F. STIPULATION OF DISMISSAL ≠ CONSUMMATION

Appellees contend that the stipulation of dismissal constitutes evidence of consummation. A stipulation reflects only the parties' agreement to dismiss the adversary. It does not establish that all material obligations of the settlement have been completed. More importantly, even if the parties have taken steps in reliance on the Order, such steps cannot expand the bankruptcy court's authority to approve a transfer of interests in property without determining that those interests belong to the estate.

Appellees argue that the settlement has been consummated and that relief would be inequitable. The record does not support that assertion. The Order conditions dismissal and other steps on the "successful negotiation of the Settlement Payment by the Trustee." Appellees identify no record evidence establishing that the payment has been negotiated or irrevocably received. Assertions that funds have been tendered or that parties have taken steps in reliance on the Order do not establish consummation.

More fundamentally, equitable mootness is a prudential doctrine. It does not expand a bankruptcy court's authority or validate an order entered without determining that the property at issue constitutes property of the estate. See In re Continental Airlines, 91 F.3d 553 (3d Cir. 1996) (en banc) (equitable mootness is discretionary and does not apply where effective relief can be granted). Even where parties have acted in reliance on an order, appellate courts retain authority to vacate orders entered without jurisdiction or authority.

The July 3, 2025 Order purports to transfer "all right, title and interest" in specified property without determining that such interests belong to the estate. The possibility that Appellees have taken steps in reliance on that Order does not render appellate review inequitable or impracticable. Relief remains available, and the Court should reach the merits.

Appellees do not contend that the Settlement Payment has been irreversibly distributed to third parties or that unwinding the transaction would affect parties beyond those before this Court. This is not a confirmed reorganization plan involving complex distributions. It is a bilateral compromise. If the Order is vacated, the parties can be restored to their pre-settlement positions. Equitable mootness therefore does not apply.

Courts decline to apply equitable mootness where the challenged order exceeds the bankruptcy court's statutory authority.

To the extent Appellees characterize the compromise as resolving or transferring interests personally held by Appellant, the record contains no executed agreement reflecting Appellant's consent to such a transfer, nor any determination of the nature or governing law of those interests. Property interests are defined by applicable state law, and the bankruptcy court made no findings as to what interests existed or whether they constituted property of the estate. Absent such findings, the breadth of the Order reinforces the need for vacatur or clarification.

## I. THE ADVERSARY SUFFERED FROM A THRESHOLD STANDING DEFECT

The adversary depended upon alter-ego and estate-based theories.
Under Fourth Circuit precedent, causes of action that benefit the estate generally belong to the trustee. Spartan Mills v. Bank of America, N.A., 112 F.3d 1251 (4th Cir. 1997).
Creditors may pursue such claims only upon grant of derivative standing by the bankruptcy court.
No derivative standing was sought.
No derivative standing was granted.
The Trustee did not adopt alter-ego as an estate claim.
Standing is jurisdictional. If the King Parties lacked standing to pursue estate-based claims, the bankruptcy court lacked subject-matter jurisdiction over the adversary. A court cannot approve a compromise of a claim that was jurisdictionally defective from inception.

## II. THE BANKRUPTCY COURT COULD NOT AUTHORIZE TRANSFER WITHOUT DETERMINING ESTATE OWNERSHIP

Appellees assert that the bankruptcy court possessed jurisdiction over "contested portions of the debtor's estate." That formulation assumes the conclusion.
A bankruptcy court has jurisdiction to determine whether property is property of the estate. But jurisdiction under 28 U.S.C. § 1334(e) attaches to property of the estate—not to property merely alleged to be estate property. The court must determine estate ownership before treating property as such.
Here, the bankruptcy court expressly declined to determine whether Serv Trust or 6789 Goldsboro property constitutes property of the estate.
Yet the Order authorizes transfer of:
"all of the right, title and interest of the Trustee, the Debtor and the bankruptcy estate in and to any and all membership interest in or property of 6789 Goldsboro LLC."

Under Spartan Mills, a trustee may compromise only estate interests.

Under In re Quinteros, 2011 WL 2039367 (Bankr. D.D.C. May 24, 2011), a court may not approve a compromise disposing of property unless it determines that the estate holds an interest in that property.

The court declined to make that determination. Having declined to determine estate ownership, it could not authorize a conveyance of all right, title, and interest in that property.

## III. APPELLEES' ALTER-EGO "EITHER/OR" ARGUMENT MISSTATES THE LAW

Appellees argue that either Serv Trust was not Myers's alter ego, in which case Appellant lacks concern, or it was, in which case the bankruptcy court properly administered the assets.

That framing collapses distinct legal questions into a false binary.

Whether Serv Trust is Myers's alter ego has not been finally adjudicated. More importantly, property does not become property of the estate absent a determination under applicable law. Trustees administer only estate property. The burden rests on the trustee to establish estate ownership. It is not the debtor's burden to disprove it.

The July 3, 2025 Order authorized transfer without first determining that the estate held such interests.

## IV. RULE 9019 DOES NOT AUTHORIZE CONVEYANCE OF NON-ESTATE PROPERTY

The Order is not limited to "whatever interest, if any." It transfers "all right, title and interest."

Appellees have represented that the settlement provides them "assuredness that they alone control 6789 Goldsboro" and may determine disposition of its real estate.

That description underscores that the Order is being treated as determinative of governance and control rights. Yet the bankruptcy court expressly declined to determine estate ownership.

Rule 9019 does not authorize adjudication of ownership or governance rights in non-debtor entities absent an estate-ownership determination and proper joinder.

## V. THE ORDER CONFLICTS WITH THE PRIOR REMAND

The ownership dispute was previously remanded to state court. Once remanded, the federal court was divested of authority over that in-rem controversy. Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336 (1976).

The bankruptcy court could not remand the ownership dispute and later authorize transfer of interests in the same property without first determining estate ownership.

## VI. THIS APPEAL IS NOT A COLLATERAL ATTACK

Appellees contend that Appellant cannot challenge a state-court "ruling."

This appeal challenges the bankruptcy court's July 3, 2025 Order.

The January 12, 2023 state-court order is interlocutory and non-final. Appellees previously represented to the Maryland Appellate Court that it "did not adjudicate or complete the adjudication of any claim." Having relied on that representation, Appellees cannot now characterize the same order as immune from federal review. New Hampshire v. Maine, 532 U.S. 742 (2001).

Rooker-Feldman applies only to final state-court judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005).

## VII. THE LANGUAGE OF THE ORDER CANNOT BE REWRITTEN POST HOC

The Order transfers interests of "the Trustee, the Debtor and the bankruptcy estate."

In opposing a stay, Appellees recast the transaction as resolving "any interests … held by Myers, the Trustee, or the estate."

The distinction is material. The Order employs cumulative conveyance language, not contingent language.

Appellees also assert that Appellant "acknowledged" that the Order effected a transfer. That misstates the record. Appellant has consistently argued that the Order purports to transfer interests beyond the court's authority absent an estate-ownership determination.

Describing the Order's language is not a concession that any valid transfer occurred.

## VIII. NO EXECUTED SETTLEMENT AGREEMENT APPEARS IN THE RECORD

The record contains no executed settlement agreement delineating the precise interests to be transferred.

The Order itself functions as the operative instrument. Where an order approving a compromise serves as the effective conveyance instrument, the court must ensure that the estate actually holds the interests being transferred.

The bankruptcy court declined to make that determination.

## IX. EQUITABLE MOOTNESS DOES NOT APPLY

Appellees assert consummation.

The Order conditions dismissal on "successful negotiation of the Settlement Payment." Appellees identify no record evidence establishing that the payment has been negotiated or irreversibly distributed.

This is not a confirmed plan with complex third-party distributions. It is a bilateral settlement. If the Order is vacated, the parties can be restored to their pre-settlement positions.

Equitable mootness is prudential and does not cure an order entered without statutory authority.

## X. THE SETTLEMENT PROCEDURES ORDER WAS ULTRA VIRES AND MERGED INTO THE FINAL ORDER

The earlier Settlement Procedures Order was interlocutory and merged into the July 3, 2025 Order.

To the extent it created a bespoke framework circumventing Rule 7001 adjudication of ownership, it exceeded statutory authority.

All such issues are preserved.

The record also contains no executed agreement or sworn declaration from the King Parties identifying the specific interests to be transferred or confirming the scope of any purported settlement. The Rule 9019 motion and notice were filed by the Trustee alone. No document in the record bears the signature of the King Parties reflecting agreement to particular terms, nor does the record contain sworn testimony from the King Parties describing the interests allegedly conveyed. The evidentiary hearing likewise included no testimony from any King Party concerning the scope of the transfer or the nature of the interests at issue.

This absence of a defined, executed agreement reinforces that the July 3, 2025 Order itself functions as the operative conveyance instrument. Where an order approving a compromise serves as the effective instrument authorizing transfer of "all right, title and interest" in identified property, the court must ensure that the estate actually holds those interests. Because the bankruptcy court expressly

declined to determine whether Serv Trust or 6789 Goldsboro property constitutes property of the estate, the breadth of the Order cannot be sustained.

Scope of the July 3, 2025 Order

The written Order is not limited to the bankruptcy court's stated legal conclusions. It provides that the Rule 9019 motion "shall be … GRANTED" and approves the compromise "described in the Rule 9019 Motion and clarified and affirmed by the Trustee and the King Parties at the evidentiary hearing." The Order therefore incorporates not only the court's oral ruling but also the Trustee's and the King Parties' characterizations of the settlement at the hearing.

This structure matters. The Order itself functions as the operative instrument authorizing transfer of "all right, title and interest" in identified property. Yet the bankruptcy court expressly declined to determine whether those interests constitute property of the estate. Where an order approving a compromise incorporates the parties' descriptions of the transaction and is not limited to the court's own findings, the scope of what has been authorized becomes unclear. Appellate review requires clarity as to what the court actually decided and on what basis. Because the July 3, 2025 Order grants the motion in full and incorporates hearing statements rather than limiting itself to defined findings, it authorizes relief beyond any adjudicated determination of estate ownership.

This lack of defined scope reinforces the need for reversal and vacatur rather than post hoc narrowing.

## I. THE ADVERSARY PROCEEDING SUFFERED FROM A THRESHOLD STANDING DEFECT

The adversary depended on alter-ego and estate-based theories. Under Fourth Circuit precedent, causes of action that benefit the estate generally belong to the trustee. Steyr-Daimler-Puch of Am. Corp. v. Pappas, 852 F.2d 132 (4th Cir. 1988); Spartan Mills v. Bank of Am., 112 F.3d 1251 (4th Cir. 1997). Creditors may pursue such claims only upon grant of derivative standing by the bankruptcy court. No derivative standing was sought or granted. The Trustee did not adopt alter-ego as an estate claim by pleading or by motion. Standing is jurisdictional. A court cannot approve a compromise of a claim that was jurisdictionally defective from inception.

Appellees' suggestion that "either Serv Trust was not Myers's alter ego … or it was" improperly collapses distinct legal questions into a false binary. Whether Serv Trust is Myers's alter ego has not been finally adjudicated, and property does not become property of the estate absent a determination under applicable law. The

burden rests on the Trustee to establish estate ownership. It is not the debtor's burden to disprove it.

## II. THE BANKRUPTCY COURT COULD NOT AUTHORIZE TRANSFER WITHOUT DETERMINING ESTATE OWNERSHIP

Appellees contend the bankruptcy court had jurisdiction over "contested portions of the debtor's estate." That formulation assumes the conclusion. Jurisdiction under 28 U.S.C. § 1334(e) attaches to property of the estate, not to property merely alleged to be estate property. The court must determine estate ownership before treating property as such.

Here, the bankruptcy court expressly declined to determine whether Serv Trust or 6789 Goldsboro property constitutes property of the estate. Yet the Order authorizes transfer of "all right, title and interest" in that property. Under Spartan Mills and In re Quinteros, 2011 WL 2039367 (Bankr. D.D.C. May 24, 2011), a court may not approve a compromise disposing of property unless it determines that the estate holds an interest in that property. Having declined to make that determination, the court could not authorize a conveyance of all right, title, and interest in the property.

## III. THE ORDER'S SCOPE EXCEEDS RULE 9019 AND IS NOT LIMITED TO THE COURT'S FINDINGS

The written Order is not limited to the bankruptcy court's legal conclusions. It provides that the Rule 9019 motion "shall be … GRANTED" and approves the compromise "described in the Rule 9019 Motion and clarified and affirmed by the Trustee and the King Parties at the evidentiary hearing." Thus, the Order incorporates not only the court's reasoning but also the parties' characterizations of the transaction.

This structure matters. The Order itself functions as the operative instrument authorizing transfer of "all right, title and interest" in identified property. Appellees assert that the settlement provides them "assuredness that they alone control 6789 Goldsboro" and may determine the disposition of its real estate. That description confirms that the Order is being treated as determinative of governance and control rights. Yet the bankruptcy court expressly declined to determine whether those interests constitute property of the estate. Rule 9019 does not authorize adjudication of ownership or governance rights in non-debtor entities absent an estate-ownership determination and proper joinder of affected parties.

The Order also employs cumulative conveyance language ("Trustee, the Debtor and the bankruptcy estate"). In opposing a stay, Appellees recast the transaction as resolving "any interests … held by Myers, the Trustee, or the estate." The distinction is material. The Order uses cumulative, not contingent, language.

Describing the Order's breadth is not a concession that any valid transfer occurred; it underscores why the absence of an estate-ownership determination is dispositive.

## IV. THE ORDER CONFLICTS WITH THE PRIOR REMAND AND DOES NOT REST ON A FINAL STATE-COURT JUDGMENT

The ownership dispute had been remanded to state court. Once remanded, the federal court was divested of authority over that in-rem controversy. Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336 (1976). The bankruptcy court could not remand the ownership dispute and later authorize transfer of interests in the same property without first determining estate ownership.

Appellees' collateral-attack and Rooker-Feldman arguments fail. This appeal challenges the bankruptcy court's Order, not any final state-court judgment. The January 12, 2023 state-court order is interlocutory. Appellees previously represented that it "did not adjudicate or complete the adjudication of any claim." Having relied on that position, they cannot now treat the same interlocutory order as immune from review. New Hampshire v. Maine, 532 U.S. 742 (2001). Rooker-Feldman applies only to final judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005).

## V. THE RECORD CONTAINS NO EXECUTED SETTLEMENT AGREEMENT OR SWORN EVIDENCE DEFINING THE TRANSFER

The record contains no executed agreement delineating the interests to be transferred. The Rule 9019 motion and notice were filed by the Trustee alone. No document in the record bears the signature of the King Parties reflecting agreement to specific terms. No King Party testified at the hearing. No sworn declaration from the King Parties identifies the interests allegedly conveyed. The Order therefore functions as the operative conveyance instrument. Where an order approving a compromise serves as the effective instrument authorizing transfer of "all right, title and interest" in identified property, the court must ensure that the estate actually holds those interests. Because the court declined to make that determination, the breadth of the Order cannot stand.

## VI. EQUITABLE MOOTNESS DOES NOT APPLY

Appellees assert consummation but identify no record evidence establishing that the settlement payment has been successfully negotiated or irreversibly distributed. The Order conditions dismissal on "successful negotiation" of the payment. This is a bilateral settlement, not a confirmed plan involving complex third-party distributions. If the Order is vacated, the parties can be restored to their pre-settlement positions. Equitable mootness is prudential and does not validate an order entered without statutory authority.

44

## VII. THE SETTLEMENT-PROCEDURES FRAMEWORK MERGED INTO THE FINAL ORDER AND DOES NOT CURE THE DEFECT

The earlier "Settlement Procedures" order was interlocutory and merged into the July 3, 2025 Order. To the extent it created a bespoke framework circumventing Rule 7001 adjudication of ownership and permitting approval of a transfer without determining estate property, it exceeded statutory authority. All such issues are preserved.

## V. The Settlement Procedures Order and Procedural Framework Were Ultra Vires

The December 2023 "Settlement Procedures Order" did not approve a compromise. Instead, it created a procedural framework under which an adversary would be filed and later settled. Nothing in the Bankruptcy Code authorizes a court to create a bespoke procedure designed to engineer a future compromise of disputed ownership rights.

That framework predestined the Rule 9019 outcome while bypassing the adjudication required to determine whether the property at issue is property of the estate. A bankruptcy court may approve or deny a settlement presented to it; it may not create a procedural structure that effectively substitutes for an adjudication of ownership.

## I. THRESHOLD: THE ADVERSARY PROCEEDING SUFFERED FROM A STANDING DEFECT

Appellees treat the adversary as a legitimate vehicle to adjudicate rights under a non-debtor LLC operating agreement and to leverage alter-ego concepts. That premise fails.

A. Alter-ego and estate-wide injury claims belong to the estate absent derivative standing

Under Fourth Circuit precedent, causes of action that seek to recover or control assets for the benefit of creditors generally belong to the estate and are controlled by the trustee. See Steyr-Daimler-Puch of Am. Corp. v. Pappas, 852 F.2d 132 (4th Cir. 1988); Spartan Mills v. Bank of Am., N.A., 112 F.3d 1251 (4th Cir. 1997). A creditor cannot prosecute such claims without derivative standing.

B. No derivative standing was sought or granted

No motion for derivative standing was filed in this posture. No order granted it. The adversary was creditor-driven, seeking declarations about Serv Trust's rights under the Goldsboro operating agreement—relief that necessarily affects non-parties and non-estate property.

45

Standing is jurisdictional. A court cannot approve a compromise of a proceeding that was jurisdictionally defective from inception.

## II. THE BANKRUPTCY COURT COULD NOT APPROVE A TRANSFER WITHOUT DETERMINING ESTATE OWNERSHIP

Appellees argue the bankruptcy court had jurisdiction over "contested portions of the debtor's estate." That phrasing assumes the conclusion.

A bankruptcy court has jurisdiction to determine whether property is property of the estate; it does not acquire in rem jurisdiction over property merely because someone alleges it belongs to the estate. Jurisdiction under 28 U.S.C. § 1334(e) attaches to property of the estate, and the court must determine the estate holds an interest before treating property as such.

Here, the bankruptcy court expressly declined to determine whether Serv Trust's property or 6789 Goldsboro property constitutes property of the estate. Yet it approved a compromise that purports to transfer "all right, title and interest" in that property.

That violates the basic principle that the trustee may compromise only estate interests, not disputed third-party interests that have not been adjudicated to belong to the estate. See Spartan Mills, 112 F.3d at 1256–57 (trustee controls and may resolve estate claims; property/claims belong to estate, not individual creditors). See also In re Quinteros, 2011 WL 2039367, at *3 (Bankr. D.D.C. May 24, 2011) (bankruptcy court cannot approve compromise disposing of property unless it determines the estate holds an interest in the property).

This is not a discretionary settlement-factor dispute. It is an authority defect.

## III. APPELLEES' "EITHER/OR" ALTER-EGO FRAMING IS TRIPLE-SPEAK AND SHIFTS THE BURDEN

In opposing a stay, Appellees argue: "either Serv Trust was not Myers's alter ego … or it was, in which case the bankruptcy court properly administered the assets thereof."

That collapses distinct legal questions into a false binary:

whether Serv Trust is alter ego;

whether Serv Trust's assets are estate property; and

whether a trustee may administer those assets.

Even if alter-ego allegations exist, property does not become estate property absent a determination under applicable law. The Trustee bears the burden to establish estate ownership; Appellant does not bear the burden to disprove it. Further, bankruptcy courts do not "administer" assets—trustees do—and trustees may administer only estate property. Appellees' framing improperly assumes the conclusion and attempts to make "administration" prove ownership.

The bankruptcy court declined to determine estate ownership and nonetheless approved a purported transfer. That is the defect.

## IV. THE JULY 3 ORDER IS NOT LIMITED TO THE ORAL RULING; IT GRANTS THE MOTION IN FULL AND INCORPORATES THE PARTIES' HEARING STATEMENTS

This point is central and must be confronted as written.

The Order provides that the Rule 9019 motion is "GRANTED," then approves the compromise "described in the Rule 9019 Motion and clarified and affirmed by the Trustee and the King Parties at the evidentiary hearing." The Order thus incorporates (i) the motion's description and (ii) the parties' hearing assertions, rather than limiting itself to defined findings of the court.

That structure matters because it means the operative scope is not constrained to any "whatever interest, if any" understanding; rather, it authorizes a transfer instrument whose breadth is determined by advocacy statements. Appellees' own stay papers confirm they treat the Order as conferring "assuredness that they alone control 6789 Goldsboro" and may decide disposition of its real estate. That is effectively a determination of governance and control rights.

Appellate review requires clarity as to what the court decided and the basis for it. Where the Order grants the motion in full and incorporates party statements as operative terms while simultaneously disclaiming an estate-ownership determination, the Order authorizes relief beyond any adjudicated predicate. That supports vacatur rather than post hoc narrowing.

## V. RULE 9019 DOES NOT AUTHORIZE ADJUDICATION OR CONVEYANCE OF NON-ESTATE PROPERTY OR GOVERNANCE RIGHTS IN A NON-DEBTOR LLC

Rule 9019 permits compromise of estate claims. It does not authorize:

adjudication of who controls a non-debtor LLC,

extinguishment of non-party membership interests, or

transfer/encumbrance of property absent a finding it is estate property.

Appellees' reliance on the settlement to claim sole control and disposition authority underscores the practical effect: the Order functions as a conveyance/encumbrance instrument affecting governance and title. That is beyond Rule 9019 absent an estate-ownership determination and proper joinder.

## VI. "AND" VS "OR": APPELLEES ARE REWRITING THE ORDER IN THE STAY PAPERS

The Order authorizes transfer of interests of "the Trustee, the Debtor and the bankruptcy estate."

In opposing the stay, Appellees recast the deal as settling "any interests … held by Myers, the Trustee, or the estate." That is materially different. "Or" implies alternative/contingent interests ("whatever interests, if any"), while "and" reads as cumulative conveyance language.

The Court must interpret the Order as written, not as later described for litigation advantage.

## VII. NO EXECUTED SETTLEMENT AGREEMENT OR KING PARTY SIGNATURES APPEAR IN THE RECORD; NO SWORN EVIDENCE DEFINES THE TRANSFER

Appellees suggest settlement formation is established, yet:

there is no executed settlement agreement in the record;

the Trustee filed the motion and notice alone;

no document bears any King Party signature reflecting assent to defined terms;

no King Party testified at the evidentiary hearing; and

no affidavit/declaration from any King Party appears.

Rule 9019 can allow approval of on-the-record settlements in appropriate cases. But here, the absence of a defined executed agreement and sworn evidence matters because the Order itself functions as the operative conveyance instrument authorizing transfer of "all right, title and interest" in identified property. Where the Order is the operative instrument and its terms are defined by a motion and hearing statements, the court must ensure the estate actually holds the interests being conveyed. The bankruptcy court expressly declined to determine that predicate. The evidentiary gap reinforces why the breadth of the Order cannot stand.

## VIII. THE ORDER PURPORTS TO TRANSFER "DEBTOR" INTERESTS; TO THE EXTENT THAT MEANS NON-ESTATE PROPERTY, CONSENT AND APPLICABLE LAW MATTER

The Order purports to transfer interests of "the Trustee, the Debtor and the bankruptcy estate." In Chapter 7, the estate generally consists of the debtor's prepetition interests under § 541, while post-petition acquisitions and earnings generally belong to the debtor (subject to limited statutory exceptions). Thus, "Debtor" interests can refer to non-estate interests.

To the extent Appellees contend the compromise transferred personal, non-estate property interests of Appellant, the record contains no executed agreement reflecting Appellant's consent to such a transfer—consent which would be required for any non-estate conveyance. Moreover, property interests are defined by applicable state law. Appellees' reliance on Maryland contract principles does

not supply an adjudication of Florida-defined property interests allegedly held by a Florida citizen, nor does it substitute for a determination of estate ownership. These defects further support vacatur.

## IX. THERMTRON / REMAND: THE BANKRUPTCY COURT COULD NOT REMAND THE OWNERSHIP DISPUTE AND THEN EFFECTIVELY RE-ADJUDICATE IT THROUGH A 9019 ORDER

The ownership dispute had been remanded to state court. Once remanded, the federal court was divested of authority over that in rem controversy. Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336 (1976). The bankruptcy court could not remand the ownership dispute and later authorize a transfer instrument that determines control and disposition of the same property without first adjudicating estate ownership through proper procedures.

## X. APPELLEES' "COLLATERAL ATTACK" AND ROOKER-FELDMAN FRAMING FAILS; THE STATE ORDER IS NON-FINAL AND APPELLEES ARE ESTOPPED FROM TREATING IT AS FINAL

Appellees claim Appellant "cannot challenge that state court ruling." This appeal challenges a federal bankruptcy order, not any state-court final judgment.
The January 12, 2023 state order is interlocutory and non-final. Appellees previously represented to the Maryland Appellate Court that the order "did not adjudicate or complete the adjudication of any claim." Having relied on that representation to defeat appellate jurisdiction, Appellees cannot now insinuate finality to shield the bankruptcy order. New Hampshire v. Maine, 532 U.S. 742 (2001).
Rooker-Feldman applies only to final state-court judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005). There is no final state judgment determining property rights to collaterally attack.

## XI. THE SANCTIONS ORDER CONFIRMS THE OWNERSHIP QUESTION WAS NOT DETERMINED

The record includes the bankruptcy court's denial of the Trustee's sanctions motion premised on the theory that Serv Trust property was protected by the automatic stay as estate property. That denial reinforces that the estate-ownership question was not conclusively determined in the manner Appellees now suggest. The bankruptcy court cannot simultaneously decline to adjudicate estate ownership and approve a transfer instrument that Appellees wield as determinative of control and disposition.

## XII. EQUITABLE MOOTNESS DOES NOT APPLY; THERE IS NO RECORD EVIDENCE OF "SUCCESSFUL NEGOTIATION" OR IRREVERSIBLE DISTRIBUTION

Appellees push equitable mootness hard in opposing a stay. The record does not support it.

The Order conditions downstream steps on "successful negotiation" of the settlement payment. Appellees do not contend the payment has been negotiated and irreversibly distributed to third parties. They do not claim the estate has spent it or that unwinding would harm innocent third parties. This is a bilateral compromise, not a confirmed plan with complex distributions.

A stipulation of dismissal proves only a procedural dismissal; it does not establish consummation of all material obligations. In any event, equitable mootness is prudential and cannot validate an order entered without statutory authority or absent an estate-ownership determination.

## CONCLUSION

The bankruptcy court expressly declined to determine whether Serv Trust or

Goldsboro property constitutes property of the estate. Yet it entered the July 3,

2025 Order purporting to convey "all right, title and interest" in that property.

Under governing law, that order exceeds the court's authority and should be

reversed and vacated in its entirety.

Respectfully submitted,


Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

## CERTIFICATE OF COMPLIANCE

1.      This document complies with Fed. R. Bankr. P. 8015(a)(7)(B)

because, excluding the parts of the document exempted by Fed. R. Bankr. P.

8015(g), this document contains 13,988 words.

2.      This document complies with the typeface requirements of Fed. R.

Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P.

8015(a)(6) because this document has been prepared in a proportionally spaced

typeface using Microsoft Word in 14-point Times New Roman.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 24, 2026, I caused the foregoing to be

filed with the Clerk of Court thereby serving all registered users in this case.

_____
Gregory B. Myers, *pro se*

51