IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| GREGORY B. MYERS, | ) |
|     Appellant, | ) ) ) |
| v. | ) Case No.: 25-2103-TDC |
| ROGER SCHLOSSBERG, TRUSTEE, *et al.*, | ) ) ) ) |
|     Appellees. | ) ) |

## MOTION TO STRIKE APPELLANT'S REPLY BRIEF

Appellee, Roger Schlossberg, Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers (the "Trustee"), by his undersigned counsel, hereby moves to strike the Reply Brief, [Dkt. #33], filed by Appellant, Gregory B. Myers, the debtor below (hereafter "Appellant" or "Debtor"), on grounds that the brief far exceeds the page and type-volume limitations set forth in Fed. R. Bankr. P. 8015(a)(7). In support of this motion, the Trustee respectfully states:

1. Bankruptcy Rule 8015(a)(7) establishes restrictions upon the length of appellate briefs in bankruptcy appeals, as follows:

> **(7) *Length.***
>
> (A) *Page Limitation*. A principal brief must not exceed 30 pages, or a reply brief 15 pages, unless it complies with (B).
>
> (B) *Type-Volume Limitation.*

> (i) Principal Brief. A principal brief is acceptable if it contains a certificate under (h) and:
> - contains no more than 13,000 words; or
> - uses a monospaced face and contains no more than 1,300 lines of text.
>
> (ii) Reply Brief. A reply brief is acceptable if it includes a certificate under (h) and contains no more than half the type volume specified in item (i).

See Fed. R. Bankr. P. 8015(a)(7). Thus, if a reply brief exceeds 15 pages, it is acceptable only if it contains no more than 6,500 words. *Id*.

2. On February 24, 2026, Appellant filed his Reply Brief herein. [Dkt. #33]. The body of the brief is 49 pages long and contains 13,988 words, according to the Rule 8015(h) certification proffered by Appellant. *Id*. at p. 51.

3. Thus, Appellant's Reply Brief clearly violates Rule 8015(a)(7). It far exceeds both the page limit of 15 pages, *see* Fed. R. Bankr. P. 8015(a)(7)(A), and the type-volume limit of 6,500 words, *see* Fed. R. Bankr. P. 8015(a)(7)(B)(ii), allowed for a reply brief.[1]

4. Further, although he is appearing *pro se* in this appeal, the Appellant is not excused from abiding by Rule 8015(a)(7). It is well established that *pro se* litigants "must follow the same rules of procedure that govern other litigants." *Tollefson v. U.S. Bank, N.A. (In re Tollefson)*, 315 Fed. Appx. 683, 685 (10th Cir.

---

[1] Indeed, Appellant's Reply Brief is so long that it would violate Rule 8015(a)(7) even if it had been filed as Appellant's principal brief. *See* Fed. R. Bankr. P. 8015(a)(7).

2009) (Gorsuch, J.); *accord Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (*pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants"); *McDaniel v. Fed. Nat'l Mortg. Ass'n*, 2015 WL 1522942, *3 (D. Md. Mar. 31, 2015) (Titus, J.) (rejecting notion that appellant's *pro se* status affords him extraordinary leniency in adhering to rules of procedure). Here, the Appellant is an experienced litigant who is undoubtedly familiar with the rules of this Court and appellate practice in general. *See, e.g., Myers v. McNamee, Hosea, Jernigan, Kim & Greenan, P.A.*, 2020 WL 758151, *3 (D. Md. Feb. 14, 2020) (where this Court observed that this Debtor "has filed no fewer than *fifteen appeals* [now 25 appeals] and several other collateral actions related to [a] singular bankruptcy, the lion's share of which have been dismissed or denied on procedural grounds.").

5.     Accordingly, this Court should strike Appellant's Reply Brief for its failure to comply with Rule 8015(a)(7). *See, e.g.*, *Tindall v. Sweet (In re Wyman)*, 2023 WL 4442003 (E.D. Mich. Jun. 30, 2023) (striking appellant's initial brief which exceeded 13,000 words); *Howard Ave. Station LLC v. Ortiz*, 2021 WL 3169292 (M.D. Fla. July 27, 2021) (directing offending party to file amended brief comporting with applicable word limit).

WHEREFORE, the Trustee respectfully requests that Appellant's Reply Brief be stricken from the record of this appeal.

Respectfully submitted,

SCHLOSSBERG | MASTRO

_/s/ Frank J. Mastro_
Frank J. Mastro #24679
P.O. Box 2067
Hagerstown, MD 21742
(301) 739-8610
fmastro@schlosslaw.com
*Attorneys for Appellee,*
*Roger Schlossberg, Trustee*

### CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. Bankr. P. 8015(h), I hereby certify that the foregoing motion complies with the type-volume limitations of Fed. R. Bankr. P. 8013(f)(3) because this motion contains 855 words as measured by Microsoft Word. I further certify that this motion complies with the typeface and type style requirements of Fed. R. Bankr. P. 8013(f)(2) because this document has been prepared in Microsoft Word using a proportionally spaced typeface (14-point Times New Roman font).

_/s/ Frank J. Mastro_
Frank J. Mastro

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the **16th** day of **March 2026**, I served a copy of the foregoing *Motion to Strike Appellant's Reply Brief* and proposed order upon all parties as follows: (a) electronically via ECF to:

>Maurice B. VerStandig, Esq.
>9812 Falls Road, #114-160
>Potomac, MD 20854
>mac@mvbesq.com
>*Attorney for Appellees,*
>*Brian King, Cristina King and the*
>*Cristina and Brian King Children's Trust*

and (b) via first-class mail, postage prepaid, to:

>Gregory B. Myers
>700 Gulf Shore Blvd. North
>Naples, FL 34102
>*Appellant / Debtor*

>>>*/s/ Frank J. Mastro*
>>>Frank J. Mastro