## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

GREGORY B. MYERS,

    Appellant,

    v.

ROGER SCHLOSSBERG,
BRIAN KING,
CRISTINA AND BRIAN KING
CHILDREN'S TRUST and
CRISTINA KING,

    Appellees.

Civil Action Nos. 25-2103-TDC
25-2337-TDC
25-2635-TDC

## ORDER

Appellant Gregory B. Myers has filed an Emergency Motion to Stay Pending Appeal, in which he requests the Court stay the implementation of the United States Bankruptcy Court's July 3, 2025 Order pending the resolution of his appeals. ECF No. 30. The Order permits Appellees Brian King, the Cristina and Brian King Children's Trust, and Cristina King ("the King Parties") to pay the Trustee, for the benefit of the bankruptcy estate, $150,000 in exchange for the Trustee transferring to the King Parties all of the "right, title and interest of the Trustee, the Debtor, and the bankruptcy estate" in 6789 Goldsboro LLC ("6789 Goldsboro"), including any membership or property interest. Order Approving Trustee's Compromise and Settlement at 2, ECF No. 30-1. In turn, the King Parties would dismiss Adversary Case No. 24-0007, withdraw their Proofs of Claim in Bankruptcy Case No. 15-26033, and reimburse the Trustee for all legal fees and expenses incurred in connection with any appeal of the Order. *Id.* at 2–3. The King Parties have filed a memorandum in opposition to the Motion. ECF No. 32.

First, Federal Rule of Bankruptcy Procedure 8007 states that a Motion for a Stay Pending Appeal must include "affidavits or other sworn statements supporting facts subject to dispute." Fed. R. Bankr. P. 8007(b)(3)(B). Further, Rule 8013 states that emergency motions must include an accompanying affidavit setting forth the nature of the emergency and an affidavit stating when and how notice was given to the opposing party, or explaining why giving notice was impracticable. Fed. R. Bankr. P. 8013(d)(2), (3). Because the Motion does not include any of these required affidavits or sworn statements, it will be denied.

Even if Myers's Motion were procedurally proper, the Court would still deny the Motion. A party seeking a stay pending appeal must show that: (1) there is a likelihood of success on the merits of the appeal; (2) there will be irreparable harm if the stay is denied; (3) the other parties will not be substantially harmed by the stay; and (4) granting the stay is in the public interest. *See Culver v. Boozer*, 285 B.R. 163, 166 (D. Md. 2002).

Here, the second and third requirements are dispositive. As to a showing of irreparable harm, when a movant's harm "may be compensated by an award of money damages at judgment, courts generally have refused to find that harm irreparable." *Allen v. Fitzgerald*, 590 B.R. 352, 360 (W.D. Va. 2018) (quoting *Cont'l Sec. Corp. v. Shenandoah Nursing Home P'ship*, 188 B.R. 205, 209 (W.D. Va. 1995)). This is because the "possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Where the challenged Order involves the transfer of any existing interest in 6789 Goldsboro, Myers has not explained why, if he is ultimately successful in challenging the Bankruptcy Court's Order, he would not be adequately compensated by an award of money

damages. Nor does Myers explain his assertion that implementation of the Order would impair the Court's ability to grant effective relief.

As to a showing that other parties will not be substantially harmed by the stay, the King Parties state in their brief that the settlement with the Trustee pursuant to the Bankruptcy Court's Order has already been consummated, such that a stay would not freeze the status quo, but would instead harm the King Parties because they have already paid the settlement amount. Opp'n at 6–7, ECF No. 32.

Because these two factors have not been established, the Court need not address the remaining factors relevant to a stay pending appeal. The Motion will therefore also be denied because the requirements for a stay have not been satisfied.

Accordingly, it is hereby ORDERED that Myers's Emergency Motion to Stay Pending Appeal, ECF No. 30, is DENIED.

Date: April 29, 2026

THEODORE D. CHUANG
United States District Judge

3