Civil Action Nos. 25-2103-TDC, 25-2337-TDC, 25-2338-TDC, 25-2635-TDC
Related Civil Action No. 25-2042-TDC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

GREGORY B. MYERS,

*Appellant,*

v.

ROGER SCHLOSSBERG, ET AL.,

*Appellees.*

Appeal from the United States Bankruptcy Court
for the District of Maryland
Adv. Case No. 24-00007
Bk. Case No.: 15-26033

## APPELLANT'S MOTION TO ALTER OR AMEND JUDGMENT AND/OR FOR REHEARING

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida  34102
(301) 325-2312
*gregbmyers@verizon.net*

June 17, 2026

1

Appellant Gregory B. Myers moves to alter or amend the June 3, 2026 Memorandum Opinion and Order, or alternatively for rehearing under Federal Rule of Bankruptcy Procedure 8022.

Appellant files this motion promptly to preserve the rehearing deadline and will file a supplemental exhibit appendix identifying and attaching the specific record materials cited herein.

The central error is the absence of a Trustee adversary against Serv Trust and the necessary trust-related parties. If the Trustee contended that Serv Trust's Goldsboro interest was property of Myers's bankruptcy estate, the Bankruptcy Code required him to file a proper adversary proceeding against Serv Trust, the current Serv Trust trustee, the Serv Trust beneficiaries, 6789 Goldsboro LLC, and any other necessary parties, with proper service, and obtain a § 541 determination. He did not do that. Instead, the Trustee and Appellees relied on the January 12, 2023 state-court "Order Entering Partial Judgment and Stay," a Rule 9019 compromise, and disputed background allegations as substitutes for the adversary proceeding and estate-property determination the Code required. That was error.

## I. THE TRUSTEE NEVER FILED THE REQUIRED ADVERSARY PROCEEDING AGAINST SERV TRUST.

If the Trustee wanted to establish that Serv Trust's Goldsboro interest was property of Myers's bankruptcy estate, he had to file a proper adversary proceeding in bankruptcy court against Serv Trust, the current Serv Trust trustee, the Serv Trust

beneficiaries, 6789 Goldsboro LLC, and any other necessary parties, with proper service, and obtain a § 541 determination.

He did not.

The Trustee admitted that he never filed an adversary proceeding against Serv Trust. He admitted that he never filed any action against Serv Trust. The Trustee did not file an adversary proceeding against 6789 Goldsboro LLC. He did not name the current Serv Trust trustee. He did not name the beneficiaries. He did not obtain service on the persons and entities whose property rights were being affected.

The Trustee also admitted that he could not enter into an agreement binding non-estate property. He admitted that his estate-property theory depended on Judge Lease's order. He admitted that he did not attend any Montgomery County hearings. He admitted that he did not review the Serv Trust trust agreement in connection with the settlement. He admitted that he did not know the history of 6789 Goldsboro LLC before the First Amended Operating Agreement.

Those admissions confirm the missing predicate. Without a final state-court judgment, without a Trustee adversary against Serv Trust and the necessary parties, without review of the trust instrument, and without a § 541 determination, the Trustee had no established Serv Trust property interest to bind, settle, redeem, or transfer.

Appellees previously recognized the required steps. VerStandig told Judge Dwyer that if alter ego were established, marshaling Serv Trust assets would fall on Schlossberg in bankruptcy court and that Schlossberg would have to determine what those assets were, levy upon them, seize them, liquidate them, and proceed accordingly. Mastro told Judge Dwyer that the bankruptcy proceeding would be an adversary case to determine whether the disputed property was property of the estate.

Those steps never occurred. The Trustee did not marshal Serv Trust's property, levy on it, seize it, liquidate it, or file an adversary to determine whether Serv Trust's Goldsboro interest was property of the estate.

If the Trustee's theory depended on avoidance, recovery, alter ego, fraudulent transfer, nominee, veil-piercing, or any similar estate-creation theory, the Trustee had to bring that claim timely and directly. He did not. The Trustee cannot use Rule 9019, a creditor-filed adversary against himself, or disputed background allegations to accomplish indirectly what he did not do directly.

The King Parties' adversary against the Trustee did not cure that defect. The King Parties could not place Serv Trust's property rights, 6789 Goldsboro LLC's property rights, or Myers's rights before the bankruptcy court by suing Schlossberg and alleging facts about absent nonparties.

4

Section 541 defines property of the estate. Section 704 authorizes the Trustee to collect and reduce to money property of the estate. Rule 7001 requires an adversary proceeding to recover money or property, determine interests in property, or obtain declaratory relief relating to those matters.

The Trustee never obtained a § 541 determination. He never recovered Serv Trust's property. He never obtained possession, turnover, control, title, or authority to administer Serv Trust's Goldsboro interest. The Trustee had no adjudicated Serv Trust property interest to settle, redeem, or transfer.

## II. RULE 9019 COULD NOT SUBSTITUTE FOR THE MISSING ADVERSARY OR § 541 DETERMINATION.

Rule 9019 is a settlement-approval procedure. It is not an adjudication of property rights.

Rule 9019 does not create estate property. It does not recover non-estate property. It does not adjudicate title. It does not bind absent non-debtor property owners. It does not decide redemption, valuation, appraisal rights, MOU performance, alter-ego consequences, or ownership of Serv Trust's Goldsboro interest.

The King Parties confirmed that the Rule 9019 hearing was not a merits trial. VerStandig stated that Rule 9019 is "not a mini trial of the underlying case." He confirmed that the King Parties were not asking the bankruptcy court to determine that Serv Trust's assets were assets of Myers's estate. They were asking approval of a settlement of "whatever the estate's interests may be." He further argued that a

5

trustee can sell an estate interest "to the extent it exists, if at all," even where the interest is "potentially even nonexistent."

The bankruptcy court made the same point. It stated: "I have not been asked to determine whether the bankruptcy estate has rights." It further stated that if the estate had "no rights at all," receiving $150,000 would be "a huge win" for the estate.

That was the error. A trustee cannot monetize and transfer non-estate property on the theory that, if the estate owns nothing, the estate got a good deal. The bankruptcy court first had to determine whether the estate owned the disputed interest.

It did not.

The written Settlement Order confirms the missing predicate. The order did not determine that Serv Trust's Goldsboro interest was property of the estate. The order refers to payment for redemption of "Serv Trust's interest," but the operative transfer clause conveys only the right, title, and interest of the Trustee, Debtor, and bankruptcy estate.

The order does not transfer Serv Trust's own property. It does not adjudicate that Serv Trust's interest belonged to the estate. It does not bind Serv Trust, 6789 Goldsboro LLC, the current trustee, or the beneficiaries. If the estate owned no Serv Trust interest, the settlement transferred no Serv Trust property.

The missing § 541 determination could not be supplied by settlement approval, by the written Settlement Order, by a creditor-filed adversary against the Trustee, or by disputed allegations about absent non-debtor parties.

## III. THE STATE-COURT PROCEEDING COULD NOT SUBSTITUTE FOR THE MISSING ADVERSARY OR § 541 DETERMINATION, AND THE JANUARY 12, 2023 ORDER WAS NONFINAL.

The Trustee attempted to rely on the January 12, 2023 state-court "Order Entering Partial Judgment and Stay" as a substitute for the adversary proceeding and § 541 determination the Bankruptcy Code required. The Memorandum Opinion accepted that premise. That was error.

A creditor-prosecuted state-court action could not itself make Serv Trust's Goldsboro interest property of Myers's bankruptcy estate. Property of the estate is defined by the Bankruptcy Code, not by state-court shorthand.

The Trustee was not the plaintiff in the state-court action. The Trustee did not prosecute an estate claim in that action. The Trustee did not obtain a judgment transferring Serv Trust property to the estate. The Trustee did not obtain possession, turnover, title, control, or a § 541 adjudication.

Even if the King Parties eventually obtain a final state-court judgment, that judgment would be a judgment in a creditor action prosecuted by the King Parties. It would not automatically accrue to the benefit of Myers's bankruptcy estate. It would not be a Trustee recovery judgment. It would not substitute for an adversary

proceeding by the Trustee against Serv Trust and the necessary parties. It would not itself vest Serv Trust's Goldsboro interest in the bankruptcy estate.

Nor could the state-court proceeding adjudicate Serv Trust's property rights through Myers. Myers was not serving as Serv Trust's trustee on January 3, 2023. He had resigned as trustee in May 2022. The current Serv Trust trustee was not before the state court. Serv Trust's beneficiaries were not before the state court. The trust agreement was not before the state court.

The January 12, 2023 partial order therefore could not bind Serv Trust, the current trustee, the beneficiaries, or 6789 Goldsboro LLC through Myers. If the Trustee wanted the estate to claim Serv Trust's Goldsboro interest, the Trustee had to bring the claim himself, in the bankruptcy court, through the required adversary proceeding, against the necessary parties, with proper service. He did not.

In any event, the January 12 order was not final. It was titled "Order Entering Partial Judgment and Stay."

Maryland Rule 2-602 controls partial adjudications. An order adjudicating fewer than all claims or fewer than all parties is not a final judgment, does not terminate the action, and remains subject to revision before entry of final judgment absent proper certification.

Maryland Rule 2-601 governs entry. It does not convert a partial adjudication into a final judgment. A judgment must be both final and entered. Entry under Rule 2-601 does not satisfy finality under Rule 2-602.

Judge Lease stated on January 3, 2023 that anything entered that day would necessarily be nonfinal and that there would be no final judgment under any circumstance.

King, Goldsboro, and the Trustee previously told the Appellate Court of Maryland the same thing. In the first ACM appeal from the January 2023 ruling, the King Parties argued that the January 12 order was "by its own express terms, non-final," that it was titled "Order Entering Partial Judgment and Stay," and that it did "not adjudicate or complete the adjudication of any claim." Goldsboro joined and adopted that position. The Trustee also adopted the nonfinality position. Those representations were correct. They directly contradict the Memorandum Opinion's premise that the January 12 order was a "valid, final order."

The later ACM dismissal relied upon by the Memorandum Opinion does not cure the error. That later dismissal arose from a different appeal involving a later order denying a motion to dismiss for failure to prosecute. It did not hold that the January 12, 2023 Partial Judgment and Stay was final. It did not affirm the January 12 order. It did not convert a nonfinal partial judgment into a final judgment.

## IV. THE SETTLEMENT ORDER RESTS ON HYPOTHETICAL JURISDICTION.

The bankruptcy court approved a settlement whose practical object was payment for redemption of "Serv Trust's interest" in 6789 Goldsboro LLC.

But the bankruptcy court did not determine whether that interest was property of the estate.

If Serv Trust's Goldsboro interest was property of the estate, the Trustee first had to establish that through a proper adversary proceeding. If Serv Trust's Goldsboro interest was not property of the estate, the bankruptcy court lacked authority to affect it.

The bankruptcy court could not avoid that threshold issue by approving a transfer of whatever interest the Trustee, Debtor, or estate might have.

The "if any" question was the jurisdictional question.

Under In re Jacobs, the bankruptcy court first had to determine whether the property was inside or outside the estate. It could not approve relief affecting property while leaving the threshold estate-property question unresolved.

**V. MARYLAND LAW DID NOT PERMIT ANY COURT TO DISREGARD SERV TRUST'S IRREVOCABLE SPENDTHRIFT STRUCTURE AND CONVERT THE BENEFICIARIES' PROTECTED INTERESTS INTO ESTATE PROPERTY.**

The Memorandum Opinion's premise is not merely unsupported by a final adjudication; it is inconsistent with Maryland trust law. Serv Trust was an irrevocable Maryland spendthrift trust. A Maryland court could not simply disregard that trust, collapse its protected structure, and convert the beneficiaries'

protected interests into property of Myers, Myers's creditors, or Myers's bankruptcy estate.

Maryland law makes a spendthrift provision "valid and enforceable." Md. Code, Est. & Trusts § 14.5-504(a). A trust provision stating that a beneficiary's interest is held subject to a spendthrift trust restrains both voluntary and involuntary transfer of the beneficiary's interest. Id. § 14.5-504(b). A beneficial interest subject to a spendthrift provision "may not be judicially foreclosed or attached by a creditor." Id. § 14.5-504(c). A beneficiary may not transfer an interest in violation of a valid spendthrift provision, and except as otherwise provided by statute, a creditor or assignee may not reach the interest or a trust distribution before the beneficiary receives it. Id. § 14.5-504(d).

If Serv Trust also contained discretionary distribution protections, Maryland law supplies an additional barrier. A beneficiary of a discretionary distribution provision has no property right in that trust interest; the interest may not be judicially foreclosed, attached by a creditor, or transferred by the beneficiary; and a creditor may not compel a discretionary distribution created by someone other than the beneficiary. Md. Code, Est. & Trusts § 14.5-502.

Those statutes foreclose the basic move made here. A creditor cannot do indirectly through alter-ego allegations what Maryland trust law bars directly: judicial foreclosure, attachment, forced transfer, or compelled access to protected trust

11

interests before distribution. Nor can a court convert protected beneficiary interests into a debtor's estate property by treating the trust as if it did not exist.

The Bankruptcy Code respects the same limitation. Section 541(c)(2) provides that an enforceable restriction on transfer of a beneficial interest in a trust remains enforceable in bankruptcy. Section 541(d) provides that property in which the debtor holds only legal title and not an equitable interest becomes property of the estate only to the extent of the debtor's legal title, not to the extent of any equitable interest the debtor does not hold.

Even if Myers once held a trustee role, that did not make Serv Trust's equitable property interests property of Myers or his bankruptcy estate. A trustee's legal-title role is not beneficial ownership. A spendthrift trust's property is not converted into estate property by accusation, settlement, background narrative, creditor allegations, or a nonfinal partial order.

Maryland cases reinforce the same principle. A spendthrift provision is a material purpose of a trust and protects the trust from forced alienation inconsistent with the settlor's intent. Creditors may reach trust corpus only where the beneficiary could have terminated the trust. Here, the beneficiaries' protected interests could not be collapsed into Myers's property merely because Myers's creditors sought that result.

12

The trust agreement was not before the state court. The trust agreement was not before the bankruptcy court. The trust agreement was not analyzed by any court. No court determined trustee powers, beneficiary rights, settlor intent, revocability, discretionary distribution protections, spendthrift restrictions, or what legal or equitable interest, if any, Myers held in Serv Trust or Serv Trust's Goldsboro interest.

The only final bankruptcy-court findings concerning Serv Trust confirm the baseline. In 2018, Judge Lipp entered final findings recognizing that Serv Trust was a trust created by Myers's mother for the benefit of Myers's children; that Serv Trust was funded with an initial deposit from Myers's mother; that Myers and Daniel Ring were co-trustees; that Serv Trust held a 50% interest in 6789 Goldsboro LLC; and that Serv Trust was established to pay educational and other expenses for Myers's children.

Judge Lipp further rejected the United States Trustee's transfer theory under § 727(a)(2). The court found insufficient evidence that Myers transferred estate assets to or for the benefit of his children. The court also held that Myers's guarantee of Serv Trust's obligations to Goldsboro was not an asset of his bankruptcy estate but an unsecured liability.

No later final judgment displaced those findings. The nonfinal January 12, 2023 state-court order did not and could not finally adjudicate Serv Trust out of

existence, extinguish the beneficiaries' protected interests, or convert Serv Trust's Goldsboro interest into Myers's bankruptcy estate property. The bankruptcy court likewise could not do so through Rule 9019. Nor could the district court supply that missing trust-law and § 541 determination for the first time on appeal.

Nor could any such adjudication bind the absent nonparties whose rights were implicated. Serv Trust was not a party to the King adversary. 6789 Goldsboro LLC was not a party to the King adversary. The current Serv Trust trustee was not a party. The Serv Trust beneficiaries were not parties.

A person is not bound by a judgment in litigation to which that person was not a party. Taylor v. Sturgell, 553 U.S. 880, 884, 893–95 (2008); Martin v. Wilks, 490 U.S. 755, 761–65 (1989); Hansberry v. Lee, 311 U.S. 32, 40–43 (1940).

The Trustee could not skip Maryland trust law. The bankruptcy court could not skip it. The district court could not skip it.

## VI. THE MEMORANDUM OPINION USES DISPUTED BACKGROUND ALLEGATIONS TO BRIDGE A MISSING JURISDICTIONAL PREDICATE AND IS INTERNALLY INCONSISTENT.

The Memorandum Opinion recites allegations concerning Serv Trust, 6789 Goldsboro LLC, the Operating Agreement, alleged approvals, alleged MOU default, alleged appraisal, alleged valuation, alleged redemption rights, alleged alter-ego consequences, alleged estate ownership, and alleged Trustee control. Those allegations were not adjudicated by a court of competent jurisdiction.

14

A Rule 9019 hearing is not an adjudication.

The bankruptcy court did not have jurisdiction to adjudicate Serv Trust's or 6789 Goldsboro LLC's property rights outside a properly filed adversary proceeding naming those parties and other necessary parties, with proper service.

No finding of fact concerning Serv Trust's rights, 6789 Goldsboro LLC's rights, or the ownership of non-estate property is binding on any person or entity that was not made a party to a properly filed adversary proceeding with proper service and an opportunity to be heard.

The Memorandum Opinion uses disputed background allegations to bridge missing jurisdictional predicates: a final state-court judgment, a § 541 estate-property determination, a Rule 7001 adversary proceeding, necessary parties, proper service, and a determination that the Trustee had authority to administer or transfer Serv Trust's Goldsboro interest.

Those predicates never existed.

The internal inconsistency confirms the error. The Memorandum Opinion states that Serv Trust's assets were property of the estate. It also states that the bankruptcy court did not need to determine what interests of Serv Trust, "if any," were property of the estate. It also states that the settlement would remain valid even if the Alter Ego Order were invalid or inapplicable.

Those propositions cannot coexist.

15

If Serv Trust's assets were property of the estate, there is no "if any." If the Alter Ego Order could be invalid or inapplicable, it cannot supply the estate-property predicate. If the estate-property predicate remained unresolved, Rule 9019 could not supply it.

## VII. ALTERNATIVELY, THE COURT MISAPPREHENDED FINALITY AND MERGER ISSUES RELATING TO THE JULY 3, 2025 SETTLEMENT ORDER.

Appellant preserves the alternative argument that the July 3, 2025 Settlement Order was not final, or at minimum that the Memorandum Opinion misapprehended the finality record.

The Memorandum Opinion held that the July 3 Settlement Order was final because Rule 9019 settlement orders can be final and because the adversary proceeding was later dismissed with prejudice. That analysis overlooks the record.

The July 3 order did not itself finally consummate the settlement. It approved a compromise conditioned on future acts, including dismissal of the adversary proceeding. The adversary still had pending issues concerning intervention, indispensable parties, disqualification, counsel disqualification, stay pending appeal, and summary judgment.

The later August 5, 2025 Joint Notice of Dismissal was filed after Myers appealed the July 3 Settlement Order. It could not retroactively create finality for an order already on appeal. If the July 3 order was final when appealed, the later dismissal

16

was unnecessary. If the later dismissal was necessary to make the July 3 order final, then the appeal was premature and the Court lacked appellate jurisdiction to affirm on the merits.

The purported Rule 41 dismissal also was not signed by all appearing parties. Rule 41(a)(1)(A)(ii) permits dismissal without a court order only by stipulation signed by all parties who have appeared. Myers appeared and participated in the adversary proceeding. The bankruptcy court denied the Trustee's motion to strike Myers's objections, found Myers had a pecuniary interest sufficient to be heard, permitted him to participate in the evidentiary hearing, permitted him to testify and argue, and adjudicated his objections on the merits. The purported dismissal was not signed by Myers.

The bankruptcy court's April 15, 2026 orders confirm that the adversary proceeding was not treated as finally resolved. The bankruptcy court later adjudicated intervention, indispensable parties, disqualification, counsel disqualification, and summary judgment in the same adversary proceeding. Myers appealed those orders on June 1, 2026, and that appeal was pending when the Memorandum Opinion issued. The pending appeal directly concerned party status, intervention, indispensable parties, and the bankruptcy court's jurisdiction to enter later orders in the same adversary proceeding.

17

The Court also dismissed Myers's appeal from the settlement-procedure orders as interlocutory. If the July 3 Settlement Order was final, those earlier interlocutory settlement-procedure orders merged into that final order and were reviewable on appeal from the final order. The Court could not treat the July 3 order as final while refusing to consider whether the interlocutory settlement-procedure orders merged into it.

## VIII. RELIEF REQUESTED.

Myers respectfully requests that the Court grant rehearing and alter or amend the June 3, 2026 Memorandum Opinion and Order.

Myers requests that the Court:

1. hold that the Trustee was required to file a proper adversary proceeding against Serv Trust and necessary parties before any bankruptcy court could adjudicate or affect Serv Trust's Goldsboro interest;

2. hold that Rule 9019 could not substitute for the missing § 541 / Rule 7001 adjudication;

3. hold that the January 12, 2023 "Order Entering Partial Judgment and Stay" was not a final judgment;

4. hold that no final state-court judgment determined that Serv Trust's Goldsboro interest was property of Myers's bankruptcy estate;

5. hold that Maryland law did not permit any court to disregard Serv Trust's irrevocable spendthrift structure and convert the beneficiaries' protected interests into property of Myers, Myers's creditors, or Myers's bankruptcy estate;

6. hold that no state-court order itself brought Serv Trust's property into Myers's bankruptcy estate;

7. hold that the Settlement Order rests on a missing estate-property predicate;

8. vacate the affirmance of the July 3, 2025 Settlement Order;

9. alternatively dismiss the appeal for lack of appellate jurisdiction if the July 3, 2025 Settlement Order was not final when appealed;

10. hold that neither the Settlement Order nor the Memorandum Opinion binds Serv Trust, 6789 Goldsboro LLC, the current trustee, beneficiaries, or other absent nonparties; and

11. grant such other and further relief as is just and proper.

Dated: June 17, 2026

Respectfully submitted,

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

19

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 17, 2026, I caused the foregoing to be filed

with the Clerk of Court thereby serving all registered users in this case.

_____

Gregory B. Myers, *pro se*