## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

GREGORY B. MYERS,

     Appellant,

     v.

BRIAN KING,
CRISTINA KING,
CRISTINA AND BRIAN KING
CHILDREN'S TRUST and
ROGER SCHLOSSBERG,

     Appellees.

Civil Action No. 26-2175-TDC

## ORDER

On June 2, 2026, Appellant Gregory B. Myers filed a Notice of Appeal from the Bankruptcy Court. ECF No. 1. Federal Rule of Bankruptcy Procedure 8009(a)(1)(B) requires that an appellant "file and serve the designation and statement" within 14 days after the Notice of Appeal becomes effective. If the appellant fails to do so, the Bankruptcy Clerk transmits a partial record of appeal to the Clerk of the District Court. D. Md. Local R. 404.2. On June 16, 2026, the Bankruptcy Clerk transmitted the partial record. ECF No. 4. To date, Myers has not filed the required designation and statement.

Accordingly, it is hereby ORDERED that within **7 days** of the date of this Order, Myers must submit the designation and statement to the Court and show cause for the prolonged delay in filing those documents, as well as request that the Court accept the late filing. If Myers fails to do so, the appeal may be dismissed without further notice.

Date: June 18, 2026



THEODORE D. CHUANG
United States District Judge

# EXHIBIT 1C

## Civil Action No. 26-2175-TDC

June 24, 2026 Response to Order to Show Cause

Case No.: 8:26-cv-02175-TDC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

GREGORY B. MYERS,

*Appellant,*

v.

ROGER SCHLOSSBERG, ET AL.,

*Appellees.*



JUN 2 4 2026

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DEPOSIT BOX

Appeal from the United States Bankruptcy Court
for the District of Maryland
Adv. Case No. 24-00007
Bk. Case No.: 15-26033

## RESPONSE TO ORDER TO SHOW CAUSE AND REQUEST TO ACCEPT
## LATE-FILED DESIGNATION AND STATEMENT OF ISSUES

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

June 24, 2026

Appellant Gregory B. Myers, pro se, respectfully submits this Response to the Court's June 18, 2026 Order to Show Cause and requests that the Court accept the simultaneously submitted Appellant's Designation of Items to Be Included in the Record on Appeal, Statement of Issues to Be Presented, and Certification Regarding Transcripts.

1. On June 1, 2026, Appellant filed a Notice of Appeal from the Bankruptcy Court's May 26, 2026 Order entered in Adv. Proc. No. 24-00007 at Docket No. 131.

2. This appeal has been docketed in this Court as Civil Action No. 8:26-cv-02175-TDC.

3. The appeal concerns the Bankruptcy Court's denial of Appellant's Omnibus Protective Motion for Extension of Time to Appeal April 15, 2026 Orders, to Vacate Orders as Void, or Alternatively for Indicative Ruling Under Rule 8008.

4. The Bankruptcy Clerk transmitted a partial record on June 16, 2026, stating that Appellant's designation of record had not been filed.

5. Appellant acknowledges that the designation and statement of issues were not filed within the time required by Federal Rule of Bankruptcy Procedure 8009(a)(1)(B).

2

6. The delay was not intentional, was not for purposes of delay, and was not the product of bad faith.

7. The principal reason for the delay is that Appellant, who is proceeding pro se, had to leave on June 9, 2026 for a pre-planned cross-country trip by minivan to attend his daughter's college graduation and did not return until June 17, 2026. During that period, Appellant was driving cross-country, was away from his files, and was unable to complete and file the designation and statement of issues.

8. In addition, Appellant recently fell in his driveway and broke his wrist. That injury impaired Appellant's ability to type, organize materials, and prepare filings efficiently, particularly while attempting to meet deadlines in multiple related matters.

9. After returning on June 17, 2026, Appellant received the Court's June 18, 2026 Order to Show Cause and acted promptly to complete and submit the required designation and statement of issues within the time allowed by the Court's Order.

10. A copy of the Designation and Statement of Issues that Appellant is filing contemporaneously with the Bankruptcy Court by night box is attached hereto as **Exhibit 1**. Because Appellant is submitting the Bankruptcy Court

3

filing by night box, the attached copy does not yet reflect a Bankruptcy Court docket entry number.

11. This appeal arises from a procedural order denying a protective motion relating to six post-appeal orders entered in the same adversary proceeding while related appeals were already pending before this Court. Appellant initially believed that a broader record from the related Goldsboro settlement-order appeals might need to be re-designated, but has now narrowed the designation to the specific materials necessary to review the May 26, 2026 Order and the issues raised in this appeal.

12. No appellee will be prejudiced by acceptance of the late filing. The appeal is at its initial stage, briefing has not begun, the Bankruptcy Clerk has already transmitted a partial record, and the Court's June 2, 2026 Notice states that Appellant's brief is due thirty days from the date the designation of record is docketed.

13. Dismissal would be a harsh sanction under these circumstances, particularly where Appellant has now submitted the required designation and statement and the appeal presents threshold legal issues concerning timeliness under Rule 8002(d), excusable neglect, Rule 8008, and whether the Bankruptcy Court retained jurisdiction to enter orders in Adv. Proc. No. 24-00007 while related appeals were pending before this Court.

14. Appellant therefore respectfully requests that the Court discharge the Order to Show Cause, accept the late-filed designation and statement of issues, and permit this appeal to proceed on the merits.

WHEREFORE, Appellant Gregory B. Myers respectfully requests that the Court enter an order:

A. Discharging the June 18, 2026 Order to Show Cause;

B. Accepting Appellant's late-filed Designation of Items to Be Included in the Record on Appeal, Statement of Issues to Be Presented, and Certification Regarding Transcripts;

C. Directing that Appellant's opening brief be due thirty days after the designation is docketed or after the record is supplemented, as applicable; and

D. Granting such other and further relief as is just and proper.

Dated: June 24, 2026

Respectfully submitted,

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 24, 2026, I caused the foregoing to be filed

with the Clerk of Court thereby serving all registered users in this case.

_____

Gregory B. Myers, *pro se*

# Exhibit 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

In re:

GREGORY B. MYERS,

    Debtor.

_____/

BRIAN KING, *et al.*,

    Plaintiffs,

v.

ROGER SCHLOSSBERG, TRUSTEE,

    Defendant.

_____/

Case No. 15-26033-MCR
(Chapter 7)

Adv. No. 24-00007

## APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL, STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL, AND CERTIFICATION REGARDING TRANSCRIPTS

Appellant Gregory B. Myers, proceeding pro se, pursuant to Federal Rule of Bankruptcy Procedure 8009, files this Designation of Items to Be Included in the Record on Appeal, Statement of Issues to Be Presented on Appeal, and Certification Regarding Transcripts in connection with Appellant's Notice of Appeal filed June 1, 2026 in Adv. Proc. No. 24-00007-MCR, appealing from the Bankruptcy Court's May 26, 2026 Order entered at Adv. Dkt. No. 131.

This appeal has been docketed in the United States District Court for the District of Maryland as Civil Action No. 8:26-cv-02175-TDC.

## I. DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

Appellant designates the following items from Adv. Proc. No. 24-00007-MCR:

1

1. Adversary Proceeding Docket Sheet.

2. Adv. Dkt. No. 116 — Order Denying Motion to Intervene in Adversary Proceeding, entered April 15, 2026.

3. Adv. Dkt. No. 117 — Order Denying Motion to Dismiss for Failure to Join Indispensable Party, entered April 15, 2026.

4. Adv. Dkt. No. 118 — Order Denying Motion to Disqualify Judge, entered April 15, 2026.

5. Adv. Dkt. No. 119 — Order Denying Debtor's Motion to Disqualify Counsel, entered April 15, 2026.

6. Adv. Dkt. No. 120 — Order Denying Second Motion to Disqualify Judge, entered April 15, 2026.

7. Adv. Dkt. No. 121 — Order Denying Motion for Summary Judgment, entered April 15, 2026.

8. Adv. Dkt. No. 128 — Debtor's Omnibus Protective Motion for Extension of Time to Appeal April 15, 2026 Orders, to Vacate Orders as Void, or Alternatively for Indicative Ruling Under Rule 8008, filed May 20, 2026, including Declaration and Exhibits.

9. Any certificate(s) of mailing or notice relating to Adv. Dkt. Nos. 116, 117, 118, 119, 120, and 121, including any BNC Certificates of Mailing relied upon by the Bankruptcy Court in Adv. Dkt. No. 131.

10. Adv. Dkt. No. 131 — Order Denying Debtor's Omnibus Protective Motion for Extension of Time to Appeal April 15, 2026 Orders, to Vacate Orders as Void, or Alternatively for Indicative Ruling Under Rule 8008, entered May 26, 2026.

11. Adv. Dkt. No. 133 — Notice of Appeal from Adv. Dkt. No. 131, filed June 1, 2026, including any attachment.

2

12. Adv. Dkt. No. 141 — United States Bankruptcy Court Transmittal Sheet to United States District Court, dated June 16, 2026.

13. Any docket entry, notice, or transmittal reflecting the filing, docketing, or transmission of the present appeal to the United States District Court for the District of Maryland.

Appellant further designates the following items from the main bankruptcy case, Case No. 15-26033-MCR, to the extent not already included in the adversary record:

14. Main Bankruptcy Case Docket Sheet.

15. Main Case Dkt. No. 1029 — Order Granting Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust, entered December 11, 2023.

16. Main Case Dkt. No. 1072 — Order or related docket entry concerning the Trustee's compromise/settlement with the King Parties, entered July 3, 2025, if applicable.

17. Notices of Appeal, docket entries, and transmittal sheets reflecting related pending appeals before the United States District Court for the District of Maryland assigned to Judge Theodore D. Chuang, including Case Nos. 8:25-cv-02042-TDC, 8:25-cv-02103-TDC, 8:25-cv-02337-TDC, 8:25-cv-02338-TDC, and 8:25-cv-02635-TDC, to the extent relevant to the Bankruptcy Court's jurisdiction under Griggs and the functional test.

Appellant reserves the right to supplement this designation if Appellees contend additional docket entries are necessary or if the Bankruptcy Clerk identifies related docket entries necessary to complete the record.

## II. STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1. Whether the Bankruptcy Court erred as a matter of law by denying Appellant's Rule 8002(d) motion as untimely where the motion was filed 35 days after entry of the

3

challenged April 15, 2026 orders, i.e., within the 14-day appeal period plus the additional 21-day excusable-neglect period provided by Federal Rule of Bankruptcy Procedure 8002(d)(1)(B).

2. Whether the Bankruptcy Court abused its discretion or otherwise erred by failing to conduct the required excusable-neglect analysis under Federal Rule of Bankruptcy Procedure 8002(d) after Appellant filed a timely motion for extension of time to appeal.

3. Whether the Bankruptcy Court erred by relying on service at Appellant's address of record and BNC Certificates of Mailing to deny the Rule 8002(d) request without addressing Appellant's declaration that he did not discover the April 15, 2026 orders until May 13, 2026 and acted promptly thereafter.

4. Whether the Bankruptcy Court erred in concluding, under the "functional test," that it had jurisdiction to enter the April 15, 2026 orders at Adv. Dkt. Nos. 116 through 121 while related adversary and settlement/jurisdictional issues were already pending on appeal before the United States District Court.

5. Whether the April 15, 2026 orders at Adv. Dkt. Nos. 116 through 121 were void, ineffective, or without preclusive effect because they were entered after the filing of notices of appeal that divested the Bankruptcy Court of jurisdiction over the relevant aspects of the adversary proceeding under *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982).

6. Whether the Bankruptcy Court erred by denying Appellant's request for vacatur of the April 15, 2026 orders under Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b)(4).

7. Whether the Bankruptcy Court erred by denying, or failing to meaningfully address,

4

Appellant's alternative request for an indicative ruling under Federal Rule of Bankruptcy Procedure 8008.

8. Whether the Bankruptcy Court's May 26, 2026 Order should be reversed, vacated, or remanded with instructions to consider Appellant's Rule 8002(d) request under the correct legal standard and/or to address the Rule 9024/Rule 60(b)(4) and Rule 8008 issues.

## III. CERTIFICATION REGARDING TRANSCRIPTS

Appellant certifies that no additional transcript is presently required for this appeal because the order appealed from, Adv. Dkt. No. 131, was entered without a hearing. Appellant reserves the right to request supplementation if Appellees designate or rely upon any hearing transcript or if the Court determines that any transcript is necessary.

## IV. RESERVATION OF RIGHTS

Appellant reserves the right to amend or supplement this designation and statement of issues as permitted by the Federal Rules of Bankruptcy Procedure, order of the Court, or agreement of the parties.

RESPECTFULLY SUBMITTED on June 24, 2026.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 24, 2025, the foregoing Designation was filed with the

Clerk of the Bankruptcy Court and a true and correct copy of same was served upon all parties

registered to receive service by CM/ECF, including the following:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

_____
Gregory B. Myers, *pro se*

6

# EXHIBIT 1D

## Civil Action No. 26-2175-TDC

June 24, 2026 Designation and Statement of Issues

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:

GREGORY B. MYERS,

     Debtor.

_____/

BRIAN KING, et al.,

     Plaintiffs,

v.

ROGER SCHLOSSBERG, TRUSTEE,

     Defendant.

_____/

Case No.  15-26033-MCR
(Chapter 7)

Adv. No. 24-00007

**APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD
ON APPEAL, STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL,
AND CERTIFICATION REGARDING TRANSCRIPTS**

Appellant Gregory B. Myers, proceeding pro se, pursuant to Federal Rule of Bankruptcy

Procedure 8009, files this Designation of Items to Be Included in the Record on Appeal, Statement

of Issues to Be Presented on Appeal, and Certification Regarding Transcripts in connection with

Appellant's Notice of Appeal filed June 1, 2026 in Adv. Proc. No. 24-00007-MCR, appealing from

the Bankruptcy Court's May 26, 2026 Order entered at Adv. Dkt. No. 131.

This appeal has been docketed in the United States District Court for the District of

Maryland as Civil Action No. 8:26-cv-02175-TDC.

**I. DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

Appellant designates the following items from Adv. Proc. No. 24-00007-MCR:

1

1. Adversary Proceeding Docket Sheet.

2. Adv. Dkt. No. 116 — Order Denying Motion to Intervene in Adversary Proceeding, entered April 15, 2026.

3. Adv. Dkt. No. 117 — Order Denying Motion to Dismiss for Failure to Join Indispensable Party, entered April 15, 2026.

4. Adv. Dkt. No. 118 — Order Denying Motion to Disqualify Judge, entered April 15, 2026.

5. Adv. Dkt. No. 119 — Order Denying Debtor's Motion to Disqualify Counsel, entered April 15, 2026.

6. Adv. Dkt. No. 120 — Order Denying Second Motion to Disqualify Judge, entered April 15, 2026.

7. Adv. Dkt. No. 121 — Order Denying Motion for Summary Judgment, entered April 15, 2026.

8. Adv. Dkt. No. 128 — Debtor's Omnibus Protective Motion for Extension of Time to Appeal April 15, 2026 Orders, to Vacate Orders as Void, or Alternatively for Indicative Ruling Under Rule 8008, filed May 20, 2026, including Declaration and Exhibits.

9. Any certificate(s) of mailing or notice relating to Adv. Dkt. Nos. 116, 117, 118, 119, 120, and 121, including any BNC Certificates of Mailing relied upon by the Bankruptcy Court in Adv. Dkt. No. 131.

10. Adv. Dkt. No. 131 — Order Denying Debtor's Omnibus Protective Motion for Extension of Time to Appeal April 15, 2026 Orders, to Vacate Orders as Void, or Alternatively for Indicative Ruling Under Rule 8008, entered May 26, 2026.

11. Adv. Dkt. No. 133 — Notice of Appeal from Adv. Dkt. No. 131, filed June 1, 2026, including any attachment.

2

12. Adv. Dkt. No. 141 — United States Bankruptcy Court Transmittal Sheet to United States District Court, dated June 16, 2026.

13. Any docket entry, notice, or transmittal reflecting the filing, docketing, or transmission of the present appeal to the United States District Court for the District of Maryland.

Appellant further designates the following items from the main bankruptcy case, Case No. 15-26033-MCR, to the extent not already included in the adversary record:

14. Main Bankruptcy Case Docket Sheet.

15. Main Case Dkt. No. 1029 — Order Granting Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust, entered December 11, 2023.

16. Main Case Dkt. No. 1072 — Order or related docket entry concerning the Trustee's compromise/settlement with the King Parties, entered July 3, 2025, if applicable.

17. Notices of Appeal, docket entries, and transmittal sheets reflecting related pending appeals before the United States District Court for the District of Maryland assigned to Judge Theodore D. Chuang, including Case Nos. 8:25-cv-02042-TDC, 8:25-cv-02103-TDC, 8:25-cv-02337-TDC, 8:25-cv-02338-TDC, and 8:25-cv-02635-TDC, to the extent relevant to the Bankruptcy Court's jurisdiction under Griggs and the functional test.

Appellant reserves the right to supplement this designation if Appellees contend additional docket entries are necessary or if the Bankruptcy Clerk identifies related docket entries necessary to complete the record.

## II. STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1. Whether the Bankruptcy Court erred as a matter of law by denying Appellant's Rule 8002(d) motion as untimely where the motion was filed 35 days after entry of the

challenged April 15, 2026 orders, i.e., within the 14-day appeal period plus the additional 21-day excusable-neglect period provided by Federal Rule of Bankruptcy Procedure 8002(d)(1)(B).

2. Whether the Bankruptcy Court abused its discretion or otherwise erred by failing to conduct the required excusable-neglect analysis under Federal Rule of Bankruptcy Procedure 8002(d) after Appellant filed a timely motion for extension of time to appeal.

3. Whether the Bankruptcy Court erred by relying on service at Appellant's address of record and BNC Certificates of Mailing to deny the Rule 8002(d) request without addressing Appellant's declaration that he did not discover the April 15, 2026 orders until May 13, 2026 and acted promptly thereafter.

4. Whether the Bankruptcy Court erred in concluding, under the "functional test," that it had jurisdiction to enter the April 15, 2026 orders at Adv. Dkt. Nos. 116 through 121 while related adversary and settlement/jurisdictional issues were already pending on appeal before the United States District Court.

5. Whether the April 15, 2026 orders at Adv. Dkt. Nos. 116 through 121 were void, ineffective, or without preclusive effect because they were entered after the filing of notices of appeal that divested the Bankruptcy Court of jurisdiction over the relevant aspects of the adversary proceeding under *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982).

6. Whether the Bankruptcy Court erred by denying Appellant's request for vacatur of the April 15, 2026 orders under Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b)(4).

7. Whether the Bankruptcy Court erred by denying, or failing to meaningfully address,

4

Appellant's alternative request for an indicative ruling under Federal Rule of Bankruptcy Procedure 8008.

8. Whether the Bankruptcy Court's May 26, 2026 Order should be reversed, vacated, or remanded with instructions to consider Appellant's Rule 8002(d) request under the correct legal standard and/or to address the Rule 9024/Rule 60(b)(4) and Rule 8008 issues.

## III. CERTIFICATION REGARDING TRANSCRIPTS

Appellant certifies that no additional transcript is presently required for this appeal because the order appealed from, Adv. Dkt. No. 131, was entered without a hearing. Appellant reserves the right to request supplementation if Appellees designate or rely upon any hearing transcript or if the Court determines that any transcript is necessary.

## IV. RESERVATION OF RIGHTS

Appellant reserves the right to amend or supplement this designation and statement of issues as permitted by the Federal Rules of Bankruptcy Procedure, order of the Court, or agreement of the parties.

RESPECTFULLY SUBMITTED on June 24, 2026.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 24, 2025, the foregoing Designation was filed with the

Clerk of the Bankruptcy Court and a true and correct copy of same was served upon all parties

registered to receive service by CM/ECF, including the following:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

_____
Gregory B. Myers, *pro se*

# EXHIBIT 1E

## Civil Action No. 26-2175-TDC

July 2, 2026 Order Accepting Designation and Statement of Issues for Filing

## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

GREGORY B. MYERS,

    Appellant,

    v.

BRIAN KING,
CRISTINA KING,
CRISTINA AND BRIAN KING
CHILDREN'S TRUST and
ROGER SCHLOSSBERG,

    Appellees.

Civil Action No. 26-2175-TDC

### ORDER

Appellant Gregory B. Myers has filed a response to the Court's Order to show cause for his failure to timely file and serve the designation and statement required pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1)(B). ECF No. 6. Myers subsequently filed the required designation and statement. Upon review of Myers's response, the Court will accept Myers's untimely designation and statement. Accordingly, it is hereby ORDERED that pursuant to Federal Rule of Bankruptcy Procedure 8018, Myers must file and serve his opening brief by **July 26, 2026**, which is 30 days after the Designation of Record was docketed.

Date: July **2**, 2026



THEODORE D. CHUANG
United States District Judge