# EXHIBIT 5A

**King Parties' Opposition in the First Appellate Court of Maryland Appeal**

from the January 12, 2023 Order

IN THE APPELLATE COURT OF MARYLAND

| | | |
|---|---|---|
| GREGORY BRIAN MYERS | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. ACM-REG-1876-2022 |
| | ) | |
| BRIAN KING, et al. | ) | September Term 2022 |
| | ) | |
| Appellees. | ) | |
| | ) | |

## OPPOSITION TO EMERGENCY MOTION FOR STAY PENDING APPEAL

Come now Brian King, Cristina King, and Brian King in his capacity as trustee of the Cristina and Brian King Children's Trust (collectively, the "King Parties"), appellees herein, by and through undersigned counsel, in opposition to Emergency Motion for Stay Pending Appeal (the "Motion") filed by Gregory B. Myers ("Mr. Myers" or the "Appellant"), and in support thereof state as follows:

### I.    Introduction

After years of delay tactics, the Appellant endeavored to remove the case below, to a Florida bankruptcy court, on the last business day before trial. When that tactic failed, courtesy of a prompt remand, the Appellant failed to appear at trial but filed a *carte blanche* appeal prior to the Circuit Court for Montgomery County, Maryland giving an oral ruling at the close of the trial (and well before a written order would file several days later). He now seeks an emergency stay pending disposition of that appeal but, in so doing, misses at least three critical issues: (i) a motion for a stay pending appeal must first be brought in the trial court; (ii) this appeal is procedurally improper inasmuch as it stems from a non-final order; and (iii) the Appellant is unlikely to succeed

1

on this appeal by virtue of the simple reason that he did not appear at trial and, as such, did not

preserve any issues for appeal.[1]

For these reasons, and as extrapolated upon *infra*, the Motion merits denial.

## II.     Background: Gregory Myers and Barbara Ann Kelly

The ruling below concerns Mr. Myers and his wife, Barbara Ann Kelly ("Ms. Kelly"),

using a trust (putatively established for the benefit of their children) to conceal assets from

creditors, including a bankruptcy trustee. This case, however, falls within a broader context, where

the litigation tactics of Mr. Myers and Ms. Kelly – including those focused on appellate filings –

have, time and again, been held to be exemplars of bad faith.

As noted by one court more than two years ago, in assessing Mr. Myers' bad faith litigation

tactics:

> [O]ver the past three years, Myers has filed approximately twenty actions, to
> include fifteen bankruptcy appeals and five civil cases, seemingly for the purpose
> of delaying the liquidation of his assets in his bankruptcy case. The overwhelming
> majority of these cases have been dismissed either by the Court or by Myers
> voluntarily after Myers failed to designate the record, file a brief, or pay his filing
> fees…

*Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch, P.A.*, 2020 WL 758154, at *1 (D.

Md. 2020).

The United States District Court for the District of Maryland proceeded to further analyze

how Mr. Myers' litigious efforts are vexatious in the worst way:

> This behavior has become a longstanding pattern for Myers. In his twenty cases,
> Myers initiates the action, then exhibits a dereliction in prosecution that reflects no
> real interest in resolution on the merits. The Court cannot help but conclude that

---

[1] The Appellants first learned of the Motion yesterday. As noted in a separate filing, it appears Mr. Myers – in what has now become a pattern of his – signed a certificate of service but never actually deposited a copy of the Motion in the mails. Save for the happenstance of counsel for a related party checking the docket, the pendency of the Motion would not have been timely discovered. The King Parties hope to supplement this with a more extensive brief in the coming days but, in the interim, file this opposition out of an abundance of caution.

> Myers' true goal is to gum up the judicial process for his own personal benefit and ignore valid court orders as he sees fit. Taking all of this into account, the Court finds that Myers' behavior has reached the point where the Court could hold Myers in contempt of valid court orders and dismiss the action irrespective of the automatic stay.

*Myers*, 2020 WL 758154, at \*4 (citing *In re Walters*, 868 F.2d 665, 669 & n.2 (4th Cir. 1989); *CapitalSource Fin., LLC v. Delco Oil, Inc.*, 2010 WL 3733934, at \*7 (D. Md. 2010); *S.E.C. v. Bilzerian*, 131 F. Supp. 2d 10, 15 (D. D.C. 2001), aff'd, 75 Fed. Appx. 3 (D.C. Cir. 2003)).

Other courts have, too, found bad faith to be afoot, when confronted with Mr. Myers' various tactics (including his flurry of emergency motions). *See, e.g., Kelly v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, 2022 WL 861395, at \*3 (D. Md. 2022) ("…the Court finds that Appellants Barbara Ann Kelly and Gregory B. Myers are acting in bad faith."); *Myers v. Schlossberg*, 2019 WL 414875, at \*1 (D. Md. 2019) ("Appellants have persisted in questionable litigation strategy that can only be viewed as dilatory and irresponsible."); *In re Myers*, 2023 WL 350183, at \*5 (Bankr. M.D. Fla. 2023) ("Debtor's actions throughout the course of this bankruptcy case demonstrate that he did not file his Chapter 13 case or the Plan in good faith").

### III.    Argument: Mr. Myers Did Not First Seek a Stay in the Trial Court

Stays pending appeal are governed by Maryland Rule 8-422, and appellate injunctions are governed by Maryland Rule 8-425. Both require the movant to first seek relief in the trial court, though one my bypass that step in the prism of an injunction if seeking the lower court's review "is not practicable." Md. Rule 2-425(b).

Here, Mr. Myers did not seek a stay or an injunction in the Circuit Court for Montgomery County, Maryland. And, while he now feigns the instant Motion to be an "emergency," he also elected to file the same more than three months after noticing this appeal. There was ample time for Mr. Myers to seek a stay below; he has just elected to not do so.

3

To be sure, this is not a mere formality. If Mr. Myers is seeking injunctive relief, his filing a motion below would have allowed for full briefing of the matter – and introduction of any pertinent evidence – before this Honorable Court was confronted with the same requested. Yet Mr. Myers did not do so; instead he waited three months and then filed an "emergency" motion without offering any explanation as to how matters are more critical today than they were the day the partial judgment was entered in the trial court.

**IV.    Argument: There is No Appellate Jurisdiction**

More macroscopically, there is no reason to grant a stay pending appeal because Mr. Myers, as a matter of law, cannot prevail on this appeal. Even putting aside the oddity of his having noted the appeal *before* an oral ruling was had at the close of trial (let alone before a written order was entered), the order from which Mr. Myers instantly seeks a stay is, by its own express terms, non-final. Indeed, the document is titled "Order Entering Partial Judgment and Stay," and the order most certainly does not dispose of the totality of the triable issues below.

Familiarly, "The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law." Md. Code Ann., Cts. & Jud. Proc. § 12-301. And while certain interlocutory orders are rendered appealable by Section 12-303 of the Courts and Judicial Proceedings Article, the order below does not nearly fall into one of those specifically-delineated interlocutory categories.

The non-appealability of non-final judgments, in turn, is well established in this Honorable Court. *See, e.g., Paul v. Clarke*, 2015 WL 9394120, at *1 (Md. App. 2015) ("To constitute a final judgment, the judgment must have several attributes. One of which is that it must ''adjudicate or complete the adjudication of all claims against all parties [.]'' The order from which appellants

4

appealed did not adjudicate or complete the adjudication of any claim in this matter. It therefore

was not a final order and, as a consequence, this Court has no jurisdiction to entertain this appeal.")

(quoting *Board of Liquor License Commissioners for Baltimore City v. Fells Point Cafe, Inc.*, 344

Md. 120, 129 (1996) (quoting *Rohrbeck v. Rohrbeck*, 318 Md. 28, 41 (1989))).

Here, the order below is, by its own titular designation, "partial" in nature. There are no

less than three causes of action that have not yet been tried judgment and, accordingly, upon which

no judgment has been entered.[2] Thusly, it cannot be said that appellate jurisdiction is instantly

manifest and, by extension, it cannot be postured that Mr. Myers has any likelihood of success on

this appeal.

## V.      Argument: Mr. Myers Did Not Appear at Trial

This brief is being largely written from a restaurant in rural New England since, as

previously noted, Mr. Myers appears to have an affinity for signing certificates of service saying

he has placed items in the mail when, in reality, he never did so. It is hoped that the pending motion

for an extension of time to reply to the Motion will be granted, and a more substantive argument

may be offered forth. In the interim, however, and in the interests of quickly filing something after

learning of the Motion on very short notice (courtesy of a fellow lawyer randomly checking the

docket), it bears notation that Mr. Myers did not appear at trial in this matter and, as such, did not

raise any of these issues at trial.

To be sure, it is not a coincidence that Mr. Myers failed to appeal at trial. During the pre-

trial conference, he informed the trial court judge that there would be no trial. And then, seemingly

---

[2] One of Mr. Myers' favored arguments is that despite two cases being consolidated, they cannot be regarded as a singular case. While he alludes to this in his Motion, the argument is of no moment *sub judice*; there remain unresolved causes of action in *both* cases that were consolidated below and, as such, there does not exist a final order in either case, even if they were to be considered separately.

5

eager to prove that prophecy to be sage, on the last business day before trial, Mr. Myers removed this case to the United States Bankruptcy Court for the Middle District of Florida. But undersigned counsel, content to spend part of a holiday weekend away from the party scene, filed an emergency remand motion which, in turn, was granted on the first day of trial – before the open of business. And, thusly, after Mr. Myers endeavored to sabotage the trial herein (not for the first time – procedural delay is one of his well-established hallmarks), he never appeared at trial. In fact, it is not even clear if he was in the same state at the time of trial.

All of this matters because Mr. Myers, of course, did not raise any issues at trial since he did not appear at trial. And, as a matter of hornbook law, "A contention not raised below either in the pleadings or in the evidence and not directly passed upon by the trial court is not preserved for appellate review." *Baltimore Cnty., Maryland v. Aecom Services, Inc.*, 28 A.3d 11, 35 (Md. App. 2011) (quoting *Zellinger v. CRC Dev. Corp.*, 281 Md. 614, 620 (1977)).

Mr. Myers has failed to preserve any issues below and, as such, cannot succeed on any appellate arguments (saving, perhaps, one of subject matter jurisdiction) with the case in its current posture. But such is actually not fatal to Mr. Myers' cause; as noted *supra*, there is not yet a final order in this case and, as such, not yet a completed record below. Mr. Myers is free to raise certain issues with the trial court (provided they relate to matters still pending below), and to create a record to be utilized at such a time as this case becomes properly appealable. But, as of present, he has not done so, and this case is most certainly not appealable.

### VI.    Conclusion

WHEREFORE, the King Parties respectfully pray this Honorable Court (i) deny the Motion; and (ii) afford such other and further relief as may be just and proper.

6

Respectfully submitted,

Dated: April 28, 2023

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 76723
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for the King Parties*

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2023, I electronically filed the foregoing with the MDEC

system, and I further caused the same to be served by U.S. Mail to Gregory Myers, 700 Gulf Shore

Blvd. North, Ft. Myers, Florida 34102.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

# EXHIBIT 5B

**6789 Goldsboro LLC's Joinder in the King Parties' Opposition**

# IN THE APPELLATE COURT OF MARYLAND

GREGORY B. MYERS, )
)
    Appellant, )
)
v. )    Appeal No. ACM-REG-1876-2022
)
Brian King, et al. )    September Term 2022
)
    Appellees. )

## OPPOSITION TO APPELLANT'S
## EMERGENCY MOTION FOR STAY PENDING APPEAL

COMES NOW, 6789 Goldsboro, LLC, ("Goldsboro") by its undersigned counsel, and hereby Opposes the "Emergency Motion for Stay Pending Appeal" ("the Emergency Motion"), filed by Appellant, Gregory B. Myers ("Myers"), and states:

1.    Goldsboro opposes the Emergency Motion for all of the reasons stated in Appellees Brian King, Cristina King, and Brian King, Trustee of the Cristina and Brian King Children's Trust (the "King Parties") "Opposition to Emergency Motion for Stay Pending Appeal," (the "King Opposition"), which Goldsboro adopts.

2.    To be clear, Myers did not serve the Emergency Motion on Goldsboro's counsel. Myers habitually refuses to serve Motions and other papers on opposing counsel as a litigation tactic to gain an advantage.

3.    Goldsboro adds that the King Opposition's recitation of Myers litigation history is thorough, and it accurately illustrates Myers' conduct as a serial litigant. However, there is far more to Myer's history of litigation abuse. For example, in *Kelly v. Offit Kurman, P.A.*, 2021 WL 3725379, Myers sought to intervene in an action that

(allegedly) was brought by his wife, Barbara Ann Kelly, against Offit Kurman, P.A. in the United States District Court for the District of Maryland (the "USDC Md. Case"). After Myers moved to intervene in the USDC Md. Case, he moved to stay that action due to the pendency of Myers' bankruptcy case, in the Middle District of Florida. Judge Blake rejected Myers' efforts, and carefully chronicled Myers' bad faith litigation tactics:

> Myers attempted to use his latest bankruptcy petition in the Middle District of Florida to stay two actions he has pending before Florida state courts where he is a plaintiff. (*See* ECF 55-1, *in re Myers*, Case No.1:21-bk-00123-FMD, Order (Bankr. M.D. Fla. Feb. 4, 2021); ECF 55-2). The court granted a motion to confirm that the automatic stay did not apply to Myers in those cases where he was a plaintiff. And Myers's conduct in *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch, P.A.*, No. 8:18-CV-03460-PX, 2020 WL 758151 (D. Md. Feb. 14, 2020), reconsideration denied, No. 8:18-CV-03460-PX, 2020 WL 1064810 (D. Md. Mar. 5, 2020),[3] before Judge Xinis, presents circumstances nearly identical to this case. In that action, Myers alleged breach of contract and tort claims against a different former counsel. *Id.* at *3. The defendant moved to dismiss the complaint and, like Kelly in this case, Myers did not file a responsive motion. Instead, he filed a suggestion of bankruptcy informing the court that he had filed a bankruptcy petition, which had the effect of further delaying the proceedings due to the automatic stay provision. *Id.* at *4. His bankruptcy petition was dismissed and once the case was reopened, the court granted several extensions of time to allow Myers to oppose the motion to dismiss, to no avail. Instead, Myers filed "*yet another* suggestion of bankruptcy, this time claiming that the case must be stayed because [his] wife, *who [was] not a party to this matter*, had filed a bankruptcy petition[.]" *Id.* The court refused to stay the case, concluding that "[t]he automatic stay provision applicable to *Kelly's* bankruptcy has no force and effect in this case because Myers is *not* the debtor in Kelly's Delaware Bankruptcy petition." [citations omitted].

> The court finds Judge Xinis's analysis highly instructive and revealing of Kelly's and Myers's tactics. Kelly is attempting the same result Judge Xinis already prevented her husband from achieving in his similar case. Kelly is not the debtor in Myers's bankruptcy petition and thus, the protections the automatic stay provides does not belong to her in this case. And furthermore, even assuming Myers possesses some interest in the matter before this court or if the court permitted Myers to intervene (and, for the reasons explained below, it does not), an affirmative action brought by Kelly is in no way "an

2

action proceeding against [Myers,] the debtor" or an "act to obtain possession of property" of his estate. [citations omitted]. The court further finds that the suggestion of bankruptcy is a continuation of what the court has described as a "pattern in this litigation to delay deadlines." (ECF 38). Myers's bankruptcy action was filed within hours of his motion to intervene in this case, a motion which, as the court will explain, appears to itself be designed to delay this case and bolster Kelly's claim that Eccleston & Wolf should be disqualified. Accordingly, the court will grant Offit Kurman's motion to strike the suggestion of bankruptcy and the automatic stay provision will not be applied to this case.

*Kelly v. Offit Kurman, P.A.*, 2021 WL 3725379, at *7 (D.Md., 2021) (Blake, J.).

4.      This appeal is unripe. However, if it ever ripens, this Court will learn that Myer's secret filing of motions with this Court is only the tip of the iceberg because Myers extensively engaged in similar gamesmanship in this case before the Circuit Court.

WHEREFORE, Appellees respectfully request that the Court DENY the Emergency Motion.

Respectfully submitted,

OFFIT KURMAN, P.A.

By:  /s/ Eric Pelletier
        Eric Pelletier #9512130302
        Frances Wilburn #0801030041
        7501 Wisconsin Ave., Suite 1000W
        Bethesda, MD 20814
        (240) 507-1700; (240) 507-1735 fax
        epelletier@offitkurman.com
        fwilburn@offitkurman.com
        *Attorneys for 6789 Goldsboro LLC*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 1, 2023, I served a copy of the foregoing *Opposition to Appellant's Emergency Motion for Stay Pending Appeal* upon the following persons via MDEC, if they are registered users, or via first-class, postage prepaid mail, if they are not:

Maurice B. Verstandig, Esq.
The Verstandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, MD 20854
mac@mvbesq.com
*Attorneys for Appellees,*
*Brian King, Cristina King, and Brian*
*King, Trustee of the Cristina and Brian*
*King Children's Trust*

Laurin H. Mills, Esq.
Samek Werther & Mills, LLC
2000 Tower Oaks Blvd., Suite 200
Rockville, MD 20852
laurin@samek-law.com

Frank J. Mastro
P.O. Box 2067
Hagerstown, Maryland 21742-2067
*Attorneys for Roger Schlossberg,*
*Chapter 7 Trustee of the Bankruptcy*
*Estate of Gregory B. Myers*

and via first-class, postage prepaid mail upon:

Gregory B. Myers
700 Gulf Shore Blvd. North
Naples, FL 34102
*Appellant*

_____*/s/ Eric Pelletier*_____
Eric Pelletier

4872-9414-4096, v 1

4

# EXHIBIT 5C

**Chapter 7 Trustee's Joinder in the King Parties' Opposition**

IN THE APPELLATE COURT OF MARYLAND

GREGORY B. MYERS,           )
                            )
    Appellant,              )
                            )
v.                          )    Appeal No.: ACM-REG-1876-2022
                            )
BRIAN KING, *et al.*,       )    September Term 2022
                            )
    Appellees.              )
                            )

**TRUSTEE'S OPPOSITION TO APPELLANT'S
EMERGENCY MOTION FOR STAY PENDING APPEAL**

COMES NOW, Appellee, Roger Schlossberg, Chapter 7 Trustee of the Bankruptcy

Estate of Gregory B. Myers ("the Trustee"), by his undersigned counsel, and hereby

opposes the *Emergency Motion for Stay Pending Appeal* ("the *Emergency Motion*") filed

by Appellant, Gregory B. Myers ("Myers"), and in support thereof, respectfully states:

1.     The Trustee adopts and incorporates herein the arguments set forth in the

*Opposition to Emergency Motion for Stay Pending Appeal* filed herein by Appellees Brian

King, Cristina King, and Bring King, Trustee of the Cristina and Brian King Children's

Trust ("the King Parties") on April 28, 2023.

2.     The Trustee further adopts and incorporates herein the arguments set forth in

the *Opposition to Appellant's Emergency Motion for Stay Pending Appeal* filed herein by

Appellee 6789 Goldsboro, LLC ("Goldsboro") on May 1, 2023.

3.     The Trustee further states that in no circumstances should the judgment

below be stayed without the posting of adequate security by Appellant. The judgment at

issue adjudicated Serv Trust – a Maryland statutory trust of which Myers formerly was a

co-trustee – to be the alter ego of Myers as of the date Myers filed his 2015 bankruptcy petition in the United States Bankruptcy Court for the District of Maryland. Thus, Serv Trust is now an asset of Myers' bankruptcy estate subject to the sole administration of the Trustee, as the representative of the bankruptcy estate. *See* 11 U.S.C. §§ 323, 541(a). If this Court allows an unsecured stay of enforcement, Myers would be free to strip Serv Trust of all its assets during the pendency of his premature interlocutory appeal – to the obvious detriment and prejudice of his creditors. Thus, a bond equal to the full value of Serv Trust must be posted as a prerequisite to the granting of any stay pending appeal. *See* Md. Rule 2-632(a); 8-422(a).

4.   The Trustee reserves the right to supplement this opposition in the event the Court grants the pending *Verified Joint Motion for Extension of Time to File Response to Appellant's Emergency Motion for Stay Pending Appeal*, filed herein on April 27, 2023.

WHEREFORE, the Trustee respectfully requests that Appellant's *Emergency Motion for Stay Pending Appeal* be DENIED.

Respectfully submitted,

SCHLOSSBERG | MASTRO

By:___*/s/ Frank J. Mastro*_____
   Frank J. Mastro #9612180213
   P.O. Box 2067
   Hagerstown, Maryland 21742-2067
   (301) 739-8610
   (301) 791-6302 fax
   fmastro@schlosslaw.com
   *Attorneys for Roger Schlossberg,*
   *Chapter 7 Trustee of the Bankruptcy*
   *Estate of Gregory B. Myers*

2

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **3rd** day of **May 2023**, I served a copy of the foregoing *Trustee's Opposition to Appellant's Emergency Motion for Stay Pending Appeal* upon the following persons via MDEC, if they are registered users, or via first-class, postage prepaid mail, if they are not:

Maurice B. Verstandig, Esq.
The Verstandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, MD 20854
mac@mvbesq.com
*Attorneys for Appellees,*
*Brian King, Cristina King, and Brian*
*King, Trustee of the Cristina and Brian*
*King Children's Trust*

Laurin H. Mills, Esq.
Samek Werther & Mills, LLC
2000 Tower Oaks Blvd., Suite 200
Rockville, MD 20852
laurin@samek-law.com

Eric Pelletier, Esq.
Frances Wilburn, Esq.
Offit Kurman, P.A.
7501 Wisconsin Ave., Suite 1000W
Bethesda, MD 20814
epelletier@offitkurman.com
fwilburn@offitkurman.com
*Attorneys for Appellee,*
*6789 Goldsboro LLC*

Gregory B. Myers
700 Gulf Shore Blvd. North
Naples, FL 34102
gregbmyers@verizon.net
*Appellant*


_____/s/ Frank J. Mastro_____
Frank J. Mastro

3

# EXHIBIT 5D

**May 7, 2024 Stipulation of Dismissal of Count I**

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| BRIAN KING, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: 436977-V |
| | ) |
| SERV TRUST, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |
| | ) |
| 6789 GOLDSBORO, LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: 451611-V |
| | ) |
| SERV TRUST, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## STIPULATION OF DISMISSAL

COMES NOW, Plaintiffs, Brian King, Cristina King, and Brian King in his capacity as trustee of the Cristina and Brian King Children's Trust (collectively, the "King Parties"), and Defendant, Serv Trust, through Roger Schlossberg, the Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers, who is, by operation of law, now the sole legal representative of Serv Trust following this Court's judicial determination herein that Serv Trust is the alter ego of Gregory B. Myers, by and through their respective undersigned counsel, pursuant to Md. Rule 2-506(a), hereby stipulate and agree that Count I of Plaintiffs' First Amended Complaint (Declaratory Judgment: Redemption of Interests) in Case No.: 436977-V shall be, and is hereby, DISMISSED.

Respectfully submitted,

THE VERSTANDIG LAW FIRM, LLC

SCHLOSSBERG | MASTRO

_____/s/ Maurice B. VerStandig_____

By:  Maurice B. VerStandig #0912170262
     1452 W. Horizon Ridge Pkwy., Suite 665
     Henderson, NV 89012
     (301) 444-4600
     mac@mvbesq.com
     *Counsel for Plaintiffs,*
     *Brian King, Cristina King, and Brian*
     *King in his capacity as trustee of the*
     *Cristina and Brian King Children's Trust*

_____/s/ Frank J. Mastro_____

By: Frank J. Mastro #9612180213
    P.O. Box 2067
    Hagerstown, MD 21742
    (301) 739-8610
    fmastro@schlosslaw.com
    *Counsel for Defendant Serv Trust,*
    *through Roger Schlossberg, Chapter 7*
    *Trustee of the Bankruptcy Estate of*
    *Gregory B. Myers, the judicially-*
    *determined alter ego of Serv Trust*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this *7th* day of *May 2024*, I served a copy of the foregoing

*Stipulation of Dismissal* via MDEC upon:

Frank J. Mastro, Esq.
Schlossberg | Mastro
P.O. Box 2067
Hagerstown, MD 21742
fmastro@schlosslaw.com
*Attorneys for Serv Trust*


Laurin H. Mills, Esq.
Samek Werther & Mills, LLC
2000 Tower Oaks Blvd., Suite 200
Rockville, MD 20852
laurin@samek-law.com

Eric Pelletier, Esq.
Frances Wilburn, Esq.
Offit Kurman, P.A.
4800 Montgomery Lane, Suite 900
Bethesda, MD 20814
epelletier@offitkurman.com
fwilburn@offitkurman.com
*Attorneys for 6789 Goldsboro LLC*

and via first-class, postage prepaid mail upon:

Gregory B. Myers
700 Gulf Shore Blvd. North
Naples, FL 34102
*Defendant*

_____/s/ Maurice B. Verstandig_____
Maurice B. Verstandig

2

# EXHIBIT 5E

**June 25, 2025 Order Denying Myers's Rule 2-507 Motion as Moot**

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

BRIAN KING, *et al.*,
      Plaintiffs,

    v.

                         CASE NO. 436977V

SERV TRUST, *et al.*,
      Defendants.

## ORDER

Upon consideration of Gregory Myers' Motion to Dismiss for Lack of Prosecution pursuant to Md. Rule 2-507 (filed 5/23/25), it is this 25th day of June 2025, by the Circuit Court of Montgomery County, Maryland, hereby

**ORDERED**, that the Motion to Dismiss is DENIED as MOOT as the remaining Count I of the Plaintiff's First Amended Complaint was dismissed on May 7, 2024, by a stipulation of dismissal.

David W. Lease, Judge
Circuit Court for Montgomery County, Maryland

Entered: Clerk, Circuit Court for
Montgomery County, MD
June 25, 2025

# EXHIBIT 5F

**June 27, 2025 Notice of Appeal in ACM No. 910**

with the June 25, 2025 Order attached as Exhibit A

# FILED

JUN 27 2025

Clerk of the Circuit Court
Montgomery County, Md.
CIRCUIT COURT FOR MONTGOMERY COUNTY _____, MARYLAND
City/County

Located at 50 MARYLAND AVE, ROCKVILLE, MD 20850 Telephone _____
Court Address

LEAD Case No. 436977V
CASE No. 451611V

BRIAN KING, ETAL                    vs.    SERV TRUST, ETAL.
Plaintiff THE VERSTANDIG LAW FIRM, LLC       Defendant DANIEL J. RING, TRUSTEE
MAURICE B. VERSTANDIG, ESQ.                  3158 BRAVERTON ST., STE 206
Address                          20854       Address
9812 FALLS ROAD, #114-160 POTOMAC MD.        EDGEWATER MD 21037  (410) 966-7879
City, State, Zip          Telephone          City, State, Zip              Telephone
admin@mbvesqlaw  (240)351-6442               Dan@Ring-Ring.Com
E-mail                (301) 444-4600         E-mail

## NOTICE OF APPEAL
(Md. Rule 8-201)

GREGORY B. MYERS _____                notes an appeal to the Court of Special Appeals in the
Appealing party's name

above-captioned action.

JUNE 27, 2025 _____
Date

Signature of Appealing Party/Attorney    Attorney Number
GREGORY B. MYERS
Printed Name
700 GULFSHORE BLVD N.
Address
NAPLES, FL 34102
City, State, Zip
(301) 325-2312
Telephone                      Fax
gregbmyers@verizon.net
E-mail

## CERTIFICATE OF SERVICE

I certify that I served a copy of this notice upon the following party or parties by ☐ electronic filing
☐ hand delivery ☒ mailing first-class mail, postage prepaid on JUNE 27 2025 _____ to:
Date

MAURICE B. VERSTANDIG, ESQ           SERVE TRUST, C/O DANIEL J. RING, TRUSTEE
9812 FALLS RD., #114-160             3158 BRAVERTON ST., STE 206
POTOMAC, MD 20854                    EDGEWATER MD 21037
Name                                Address
ERIC PELLETIER, ESC.                FRANK MASTRO, ESC.
OFFIT KURMAN, P.A.                   SALSBERG, MASTRO AND SCANLAN
7501 WISCONSIN AVE, STE 1000W       P.O. BOX _____ 2067
BETHESDA, MD. 20814                 HAGERSTOWN, MD 21742-2067
Name                                Address


                                    City, State, Zip
JUNE 27, 2025 _____              GREGORY B. MYERS
Date                                Signature of Party Serving

CC-097 (Rev. 04/2022)

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

BRIAN KING, et al.

Plaintiffs

v.

SERV TRUST, et al.

Defendants

**FILED**

**JUN 27 2025**

Clerk of the Circuit Court
Montgomery County, Md.

Case No.: 436977-V

_____ /

6789 GOLDSBORO LLC,

Plaintiff,

v.

SERV TRUST, et al.

Defendants.

Case No.: 451611-V

_____ /

## NOTICE OF APPEAL

GREGORY B. MYERS hereby appeals to the Maryland Court of Appeals from the

ORDER entered in the Circuit Court for Montgomery County, Maryland on June 25, 2025, a copy

of which is attached hereto as **Exhibit A**.

RESPECTFULLY SUBMITTED on this 27th day of June, 2025.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 27, 2025, a copy of the foregoing was furnished via

First Class U.S. Mail, postage prepaid, to the following:

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854

Frank Mastro, Esq.
Roger Schlossberg, Esq.
Schlossberg Mastro & Scanlan
P.O. Box 2067
Hagerstown, Maryland 21742-2067

Eric Pelletier, Esq.
Frances Wilburn, Esq.
Offit Kurman, P.A.
7501 Wisconsin Avenue
Suite 1000W
Bethesda, Maryland 20814

Serv Trust
c/o Daniel J. Ring, Trustee
3158 Braverton Street
Suite 206
Edgewater, Maryland 21037

_____
Gregory B. Myers, *pro se*

# Exhibit A

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

BRIAN KING, *et al.*,
      Plaintiffs,

    v.
                         CASE NO. 436977V

SERV TRUST, *et al.*,
      Defendants.

### ORDER

Upon consideration of Gregory Myers' Motion to Dismiss for Lack of Prosecution pursuant to Md. Rule 2-507 (filed 5/23/25), it is this 25th day of June 2025, by the Circuit Court of Montgomery County, Maryland, hereby

**ORDERED**, that the Motion to Dismiss is DENIED as MOOT as the remaining Count I of the Plaintiff's First Amended Complaint was dismissed on May 7, 2024, by a stipulation of dismissal.

_____
David W. Lease, Judge
Circuit Court for Montgomery County, Maryland

Entered: Clerk, Circuit Court for
Montgomery County, MD
June 25, 2025

# EXHIBIT 5G

**Trustee's January 8, 2026 Opposition to Appellant's Motion for Enlargement of Time**

Limited Excerpts: PDF Pages 1-2

E-FILED
Rachel Dombrowski, Clerk
Appellate Court of Maryland
1/8/2026 12:26 PM

IN THE APPELLATE COURT OF MARYLAND

GREGORY B. MYERS, )
)
    Appellant )
)
v. ) Case No.: ACM-REG-0910-2025
)
SERV TRUST, *et al.,* )
)
    Appellees )
)

## OPPOSITION TO APPELLANT'S MOTION FOR ENLARGEMENT OF TIME

Appellee, Roger Schlossberg, Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers (the "Trustee"), by his undersigned counsel, hereby opposes the *Motion for Enlargement of Time* (the "*Motion*") filed by Appellant, Gregory B. Myers, and in support hereof respectfully states:

    1.    The Trustee adopts and incorporates herein the arguments set forth in the *Opposition to Appellant's Motion for Enlargement of Time* filed by Appellee 6789 Goldsboro, LLC on January 5, 2026.[1]

    2.    The Trustee further states that this Court need not credit any representations made by the Appellant in his *Motion*. As explained by the United States Bankruptcy Court for the District of Maryland in an oral ruling issued six months ago in Appellant's Chapter 7 bankruptcy case:

> the Debtor [Mr. Myers] will have no credibility whatsoever as a witness with this Court or likely any other court. The Court need look no further than the Debtor's conduct during the hearing this week to conclude that it cannot trust

---

[1] Like the 6789 Goldsboro, LLC Appellees, the Trustee has not received a service copy of the *Motion* from Mr. Myers.

a word that comes out of the Debtor's mouth. For example, notwithstanding entry of the alter ego order by the State Court, the Debtor repeatedly insisted that judgment has not been entered on the alter ego claim, even after the Court pointed him multiple times to the alter ego order, which is called a judgment in the title, and expressly states that judgment is entered on the alter ego claim. He still remains steadfast in his rantings that judgment has not been entered.[2]

In addition, as stated earlier, in denying the Debtor a discharge, this Court found that the Debtor knowingly and fraudulently made a false oath, exhibited what the Court called a cavalier attitude toward his sworn schedules, and demonstrated what the Court described as, quote, a reckless disregard for the truth sufficient to deny him a discharge, end quote. How can the Court trust any sworn testimony by the Debtor after these findings?

*See In re Myers*, Case No. 15-26033, Adv. No. 24-00007 (Bankr. D. Md. July 3, 2025) at

Dkt. #77 in Adv. No. 24-00007 (Hearing Tr. at pp. 22-23), attached hereto as *Exhibit 1*.

3.    Finally, the Trustee would be prejudiced by an extension of time, which would delay the resolution of this appeal and, in turn, further delay the resolution of Appellant's bankruptcy case, which has been pending now *for more than ten (10) years*, and the administration of assets for the benefit of Appellant's creditors. *See, e.g., Tekmen v. John F. Harms, Jr. & Assocs., Inc.*, 2011 WL 5061874, *5 (D. Md. Oct. 25, 2011) (finding appellants' "pattern of delaying and extending" appeal to be prejudicial to estate and its creditors "where scarce resources are the reality and efficiency should be the rule"); *Goldstone v. Peroutka*, 2010 WL 1233956, *2 (D. Md. Mar. 24, 2010) (holding that delay "creates additional legal expense" for trustee and "uncertainty as he waits for judicial resolution of these appeals").

---

[2] It is not lost on the Trustee that the Appellant noticed the instant appeal of the alter ego judgment on June 27, 2025 – *prior* to arguing to the bankruptcy court during proceedings on June 30, 2025 and July 1, 2025 that no judgment had been entered.

# EXHIBIT 5H

**January 13, 2026 Order Dismissing ACM No. 910**

pursuant to Maryland Rule 8-602(c)(5)

E-FILED
Rachel Dombrowski, Clerk
Appellate Court of Maryland
1/13/2026 9:33 AM

GREGORY MYERS,

        Appellant,

    v.

SERV TRUST, *ET AL.*,

        Appellees.

IN THE

APPELLATE COURT

OF MARYLAND

No. 910 September Term, 2025

MDEC: ACM-REG-910-2025

(Cir. Ct. Nos. 436977V & 451661V)

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

On November 18, 2025, this Court ordered the appellant to identify the orders or judgments he intends to challenge in this appeal and the bases for appealability of those orders or judgments within 20 days. The Court also granted the appellant's October 28, 2025 "Motion for Enlargement of Time," but stated that failure to comply in the future with Maryland Rule 8-502(b)(2)(B)'s requirement that a motion to extend a briefing deadline be filed at least five days before the due date "will be considered grounds for denial of the motion."

On December 29, 2025, the date that the appellant's brief was due, he filed a "Motion for Enlargement of Time." The motion does not detail any urgent or previously unforeseeable circumstances.

On January 5, 2026, appellee 6789 Goldsboro, LLC filed its "Opposition to Appellant's Motion for Enlargement of Time." On January 8, 2026, appellee Roger Schlossberg filed his "Opposition to Appellant's Motion for Enlargement of Time."

As of the date of this Order, the appellant has not identified the bases for the appealability of any orders or judgments he seeks to challenge in this appeal.

Upon consideration of the foregoing, it is this __13th__ day of January 2026, by the Appellate Court of Maryland,

ORDERED that the appellant's motion is denied; and it is further

ORDERED that the captioned appeal is dismissed pursuant to Maryland Rule 8-602(c)(5) for the appellant's failure to file a brief.[1]



JUDGE'S
SIGNATURE
APPEARS ON
ORIGINAL ORDER

Gregory Wells, Chief Judge

---

[1] "No later than 20 days after the entry of an order dismissing an appeal, a party may file a motion for reconsideration of the dismissal." Md. Rule 8-602(e)(1).

# EXHIBIT 5I

**Limited Excerpts of Appellees' Joint Response Brief**

Docket Pages 19-20 / Brief Pages 11-12

Court's judgment finding Serv Trust to be Mr. Myers' alter ego (a judgment that was not stayed pending Mr. Myers' since-failed appeal thereof through the state appellate system); and (iii) the order from which this appeal is taken only transfers the assets of Mr. Myers, the Trustee, and the Estate—whatever they may be—to the King Parties.

As a starting point, the Estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).[7] The district court, in turn, enjoys exclusive jurisdiction over all assets of a bankruptcy estate, 28 U.S.C. § 1334(e), with bankruptcy courts being "unit[s]" of the district courts, 28 U.S.C. § 151, bankruptcy cases being referrable by district courts to bankruptcy courts, 28 U.S.C. § 157(a), and a standing order of referral existing in this judicial district, Local Rule 402.

Moreover, bankruptcy courts have jurisdiction to determine whether or not property interests are an asset of any given debtor's bankruptcy estate. *See, e.g., Hugh M. Caperton v. A.T. Massey Coal Co.*, 251 B.R. 322, 326 (S.D. W. Va. 2000) ("Clearly the Bankruptcy Court has jurisdiction to determine what assets are property of the bankruptcy estate."). And, in making such a determination,

---

[7] There are statutory exceptions to this definition, such as certain transferred gaseous hydrocarbon interests, 11 U.S.C. § 541(b)(4), none of which any party maintains to be relevant *sub judice*.

11

bankruptcy courts are directed to look to applicable state law. *See, e.g., Simpson v. Levitsky (In re Levitsky)*, 401 B.R. 695, 710 (Bankr. D. Md. 2008) ("For purposes of determining whether any given property is an asset of the bankruptcy estate, a debtor's interest in property is determined by state law.") (citing *Butner v. United States*, 440 U.S. 48, 55 (1979)).

Here, the State Court—applying state law—found Serv Trust to be Mr. Myers' alter ego and, ergo, a disregarded entity. Appendix at 183-84. The State Court went on to observe such finding meant proceedings against Serv Trust were protected by the automatic stay enshrined in Section 362 of the Bankruptcy Code. *Id*. This ruling came in the form of a judgment that was never stayed pending appeal and that has not been overturned on appeal. *See* Record, *passim*.

It necessarily follows that the Bankruptcy Court was exercising appropriate subject matter jurisdiction in administering the assets of Serv Trust—a disregarded entity found to be the Debtor's alter ego—as part of the Debtor's bankruptcy estate.

To be sure, Mr. Myers *did* appeal the State Court order. While not a part of the record below, the Appellees can share that appeal was dismissed. As of the filing of this brief, it appears Mr. Myers is seeking reconsideration, of the order dismissing his appeal, in the Appellate Court of Maryland. *See Myers v. Serv Trust*, Case No. 910 (Md. App. 2025). Yet, absent a stay pending appeal, such is wholly immaterial: the judgment of the State Court is that Serv Trust is Mr. Myers' alter ego, thusly