# EXHIBIT 6A

**November 13, 2019 Notice of Removal**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | | |
|---|---|---|
| BRIAN KING, *et al.* | : | |
| Plaintiffs, | : | Case No. _____ |
| v. | : | State Court Case No. 436977-V |
| SERV TRUST, *a Maryland Statutory Trust, et al.* | : | |
| Defendants. | : | |

---

| | | |
|---|---|---|
| 6789 GOLDSBORO LLC, | : | |
| Plaintiff, | : | |
| v. | : | State Court Case No. 451611-V (Consolidated) |
| SERV TRUST, *et al.* | : | |
| Defendants | : | |

---

| | | |
|---|---|---|
| GREGORY B. MYERS. | : | |
| Defendant, Counterclaimant, and Third Party Plaintiff | : | |
| | : | State Court Case Nos. 436977-V and 451611-V |
| v. | : | |
| BRIAN KING, CRISTINA KING, CRISTINA AND BRIAN KING CHILDREN'S TRUST, 6789 GOLDSBORO LLC | : | |
| Counter Defendants | : | |
| and | : | |
| MAURICE VERSTANDIG, THE VERSTANDIG LAW FIRM, LLC, TIMOTHY C. LYNCH, FRANCES WILBURN, ERIC PELLETIER, GREGORY JOHNSON, VEVITA LEON, OFFIT KURMAN, P.A. | : | |

1

Third Party Defendants                          :

---

## NOTICE OF REMOVAL

Comes now Maurice VerStandig, in his personal capacity, pursuant to Sections 1334 and 1452 of Title 11 of the United States Code, Federal Rule of Bankruptcy Procedure 9027, United States District Court for the District of Maryland Local Rule 402, and Local Rule 407 of this Honorable Court, and gives notice of his removal of the above-captioned matter from the Circuit Court for Montgomery County, Maryland to the United States Bankruptcy Court for the District of Maryland, and in support thereof states as follows:

1.      On November 7, 2019, Gregory Myers ("Mr. Myers" or the "Debtor"), through counsel, filed a third party claim and counterclaim in the above-captioned litigation, bringing suit against Brian King, Cristina King, the Cristina and Brian King Children's Trust, Timothy Lynch, Vevita Leon, Maurice VerStandig, The VerStandig Law Firm, LLC, Eric Pelletier, Frances Wilburn, Gregory Johnson, and Offit Kurman, P.A. (collectively, the "Myers Defendants") for allegedly violating Section 362 of Title 11 of the United States Code (the "Third Party Complaint").

2.      Specifically, the Third Party Complaint alleges the Myers Defendants, by proceeding in connection with the above-captioned lawsuit, violated the automatic stay pending in Case No. 15-26033 in this Honorable Court (the "Myers Bankruptcy"), and seeks damages from the Myers Defendants for so doing.

3.      I am one of the Myers Defendants and have been serving as counsel for various other Myers Defendants in this case; I was not personally a party to this case before the Third Party Complaint was docketed and, as such, have not been a party to this case for more than thirty (30) days. No documents in this case, whatsoever, have been served on me in my personal

capacity (though many have, of course, been served on me in my professional capacity as counsel to various parties).

4. I am yet to be served with the Third Party Complaint, but first came into possession of a copy thereof on November 12, 2019, and this notice of removal is thus timely filed in accord with the mandate of Federal Rule of Bankruptcy Procedure 9027(a)(3).

5. Inasmuch as the Third Party Complaint (i) alleges a violation of Title 11 of the United States Code; and (ii) alleges such violation in connection with the pendency of the Myers Bankruptcy, the Third Party Complaint is a case "arising under title 11, or arising in or related to cases under title 11," as set forth in Section 1334(b) of Title 28 of the United States Code.

6. As the Third Party Complaint falls within the confines of Section 1334 of Title 28 of the United States Code, it may be removed "to the district court for the district where such civil action is pending," pursuant to Section 1452 of Title 28 of the United States Code.

7. While this removal is not undertaken pursuant solely to Section 1441(a) of Title 28 of the United States Code, all Myers Defendants nonetheless consent to the removal of this action, as noted on the e-mails attached hereto as Exhibit A.

8. Pursuant to United States District Court for the District of Maryland Local Rule 402, "all cases under Title 11 of the United States Code and proceedings arising under Title 11 or arising in or related to cases under Title 11 shall be deemed to be referred to the bankruptcy judges of this District."

9. Pursuant to Local Rule 407 of this Honorable Court, "Removals under 28 U.S.C. § 1452 or § 1441 in cases related to bankruptcy cases should be filed with the Bankruptcy Clerk," and this notice of removal is thus docketed with the United States Bankruptcy Court for the District of Maryland.

10.    Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), I consent to entry of final orders or judgment by the United States Bankruptcy Court for the District of Maryland.

11.    There are at least 236 docket entries in the case being removed; none have been served upon me in my personal capacity as of yet, but my office is in the process of marshaling all such docket entries and will docket them herewith within thirty (30) days, as allowed by United States District Court for the District of Maryland Local Rule 103(5)(a); a copy of the Third Party Complaint is attached hereto as Exhibit B.

Respectfully submitted,

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: 301-444-4600
Facsimile: 301-576-6885
E-mail: mac@mbvesq.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2019, I caused a true and correct copy of the foregoing to be served upon the following persons via First Class Mail, postage prepaid:

Dominic J. Souza, Esq.
Souza LLC
2543 Housley Road
Annapolis, Maryland 21401
*Counsel for Serv Trust*

Eric Pelletier, Esq.
Offit Kurman, P.A.
4800 Montgomery Lane, Suite 900
Bethesda, Maryland 20814
*Counsel for 6789 Goldsboro LLC*

Frank Mastro, Esq.
Schlossberg Mastro & Scanlan
P.O. Box 2067

4

Hagerstown, MD 21742
*Counsel for the Chapter 7 Trustee of the*
*Bankruptcy Estate of Gregory B. Myers*

Benjamin J. Andres, Esq.
Gordon & Simmons, LLC
1050 Key Parkway, Suite 101
Frederick, Maryland 21702
*Counsel for Mr. Myers*

Eric Pelletier, Esq.
Timothy Lynch, Esq.
Gregory Johnson, Esq.
Frances Wilburn, Esq.
Offit Kurman, P.A.
4800 Montgomery Lane, Suite 900
Bethesda, Maryland 20814

The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854

Brian King
c/o The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854

Cristina King
c/o The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854

Cristina and Brian King Children's Trust
c/o The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854

Vevita Leon
c/o The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.

## Mac VerStandig

| | |
|---|---|
| **From:** | Pelletier, Eric <epelletier@offitkurman.com> |
| **Sent:** | Tuesday, November 12, 2019 1:04 PM |
| **To:** | Mac VerStandig |
| **Subject:** | RE: Myers v. King, et al |

And I omitted to submit my client's consent which I have, for 6789 Goldsboro, LLC, which you now have.  You have Goldsboro's consent.

Eric Pelletier

**Offit | Kurman®**
Attorneys at law

240.507.1739  Washington
240.507.1735  Facsimile
www.offitkurman.com



4800 Montgomery Lane  |  9th Floor  |  Bethesda, MD 20814

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential.  It is solely intended for use by the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and delete this communication.

**IRS CIRCULAR 230 DISCLOSURE**
To ensure compliance with requirements imposed by the IRS, we inform you that any US federal tax advice contained in this communication (including any attachments) is not intended or written to be used and cannot be used for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Pelletier, Eric
**Sent:** Tuesday, November 12, 2019 4:00 PM
**To:** Mac VerStandig <mac@mbvesq.com>
**Subject:** RE: Myers v. King, et al

Third Party Defendants Offit Kurman, P.A., Timothy C. Lynch, Gregory Johnson, Frances Wilburn (with whom I have spoken, and have been given authorization to speak for ), and Eric Pelletier consent.

Eric Pelletier

**Offit | Kurman®**

Attorneys at law

240.507.1739  Washington
240.507.1735  Facsimile
www.offitkurman.com



4800 Montgomery Lane | 9th Floor | Bethesda, MD 20814

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

**IRS CIRCULAR 230 DISCLOSURE**
To ensure compliance with requirements imposed by the IRS, we inform you that any US federal tax advice contained in this communication (including any attachments) is not intended or written to be used and cannot be used for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Mac VerStandig <mac@mbvesq.com>
**Sent:** Tuesday, November 12, 2019 2:34 PM
**To:** Pelletier, Eric <epelletier@offitkurman.com>
**Subject:** Myers v. King, et al

Mr. Pelletier,

Please confirm that Offit Kurman and the various attorneys associated there's with consent to the removal of this matter to federal court.

Thanks,

Maurice "Mac" VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301)444-4600
Cell: (240)351-6442
Facsimile: (301)576-6885
mac@mbvesq.com
Twitter: @mac_verstandig

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

**TAX ADVICE NOTICE**
Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities. This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

2

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**

Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities. This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

## Mac VerStandig

| | |
|---|---|
| **From:** | brian@realestatedimensions.com |
| **Sent:** | Tuesday, November 12, 2019 12:23 PM |
| **To:** | Mac VerStandig |
| **Subject:** | RE: Myers v. King, et al. |

Mac,

You have my consent, Mrs. King's consent, and consent of the Chrildrens Trust in my capacity as a trustee, to the removal of the above-referenced matter to federal court.

Brian

**From:** Mac VerStandig <mac@mbvesq.com>
**Sent:** Tuesday, November 12, 2019 2:52 PM
**To:** Brian King <brian@realestatedimensions.com>
**Subject:** Myers v. King, et al.

Brian,

Please confirm that you, Mrs. King, and the trustees of the children's trust consent to my removal of the above-referenced matter to federal court.

By design, no attorney/client privileged matter is set forth in this email.

Regards,

Maurice "Mac" VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301)444-4600
Cell: (240)351-6442
Facsimile: (301)576-6885
mac@mbvesq.com
Twitter: @mac_verstandig

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

**TAX ADVICE NOTICE**
Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities. This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

1

## Mac VerStandig

| | |
|---|---|
| **From:** | Pelletier, Eric <epelletier@offitkurman.com> |
| **Sent:** | Tuesday, November 12, 2019 1:00 PM |
| **To:** | Mac VerStandig |
| **Subject:** | RE: Myers v. King, et al |

Third Party Defendants Offit Kurman, P.A., Timothy C. Lynch, Gregory Johnson, Frances Wilburn (with whom I have spoken, and have been given authorization to speak for ), and Eric Pelletier consent.

Eric Pelletier

**Offit | Kurman®**
Attorneys at law

240.507.1739  Washington
240.507.1735  Facsimile
www.offitkurman.com



4800 Montgomery Lane  |  9th Floor  |  Bethesda, MD 20814

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

**IRS CIRCULAR 230 DISCLOSURE**
To ensure compliance with requirements imposed by the IRS, we inform you that any US federal tax advice contained in this communication (including any attachments) is not intended or written to be used and cannot be used for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Mac VerStandig <mac@mbvesq.com>
**Sent:** Tuesday, November 12, 2019 2:34 PM
**To:** Pelletier, Eric <epelletier@offitkurman.com>
**Subject:** Myers v. King, et al

Mr. Pelletier,

Please confirm that Offit Kurman and the various attorneys associated there's with consent to the removal of this matter to federal court.

Thanks,

Maurice "Mac" VerStandig, Esq.

1

The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301)444-4600
Cell: (240)351-6442
Facsimile: (301)576-6885
mac@mbvesq.com
Twitter: @mac_verstandig

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**

Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

**TAX ADVICE NOTICE**

Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities. This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities. This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

2

## Mac VerStandig

**From:** Tina King <kingsinyork@gmail.com>
**Sent:** Tuesday, November 12, 2019 1:38 PM
**To:** Brian King; Mac VerStandig
**Subject:** Re: Myers v. King, et al.

Dear Brian,
I consent that this matter to removed to federal court.
Best,

Tina King

On Nov 12, 2019, at 2:56 PM, <brian@realestatedimensions.com> <brian@realestatedimensions.com>
wrote:

Tina,

Can you let me know that I can give Mac your approval for the removal of the above-referenced matter
back to federal court? I will respond to him.

Brian

**From:** Mac VerStandig <mac@mbvesq.com>
**Sent:** Tuesday, November 12, 2019 2:52 PM
**To:** Brian King <brian@realestatedimensions.com>
**Subject:** Myers v. King, et al.

Brian,

Please confirm that you, Mrs. King, and the trustees of the children's trust consent to my removal of the
above-referenced matter to federal court.

By design, no attorney/client privileged matter is set forth in this email.

Regards,

Maurice "Mac" VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301)444-4600
Cell: (240)351-6442
Facsimile: (301)576-6885
mac@mbvesq.com
Twitter: @mac_verstandig

1

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**

Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

**TAX ADVICE NOTICE**

Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities. This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

## Mac VerStandig

**From:**       Vita Leon <vevita.leon@gmail.com>
**Sent:**       Tuesday, November 12, 2019 1:30 PM
**To:**       brian@realestatedimensions.com
**Cc:**       Mac VerStandig
**Subject:**       Re: Myers v. King, et al.

Dear Mr. VerStanding,
I consent that this matter be removed back to federal court.
Best,
Vevita León

Sent from my iPhone

On Nov 12, 2019, at 4:06 PM, brian@realestatedimensions.com wrote:

Vevita,

Can you please respond in your capacity as trustee for the King Chrildrens Trust if you consent to the removal of the above-referenced matter to federal court?

Brian

**From:** Mac VerStandig <mac@mbvesq.com>
**Sent:** Tuesday, November 12, 2019 2:52 PM
**To:** Brian King <brian@realestatedimensions.com>
**Subject:** Myers v. King, et al.

Brian,

Please confirm that you, Mrs. King, and the trustees of the children's trust consent to my removal of the above-referenced matter to federal court.

By design, no attorney/client privileged matter is set forth in this email.

Regards,

Maurice "Mac" VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301)444-4600
Cell: (240)351-6442
Facsimile: (301)576-6885
mac@mbvesq.com
Twitter: @mac_verstandig

1

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**

Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

**TAX ADVICE NOTICE**

Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities. This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.



Maurice B. VerStandig, Esq.
Sender's Direct Dial: (301)444-4600
Sender's E-mail: mac@mbvesq.com

November 13, 2019

**VIA ELECTRONIC MAIL**
Maurice B. VerStandig
9812 Falls Road, #114-160
Potomac, Maryland 20854

**Re: Cases 436977-V and 451611-V (Circuit Court for Montgomery County)**

As the sole member of The VerStandig Law Firm, LLC, and being authorized to act on behalf of The VerStandig Law Firm, LLC, I do hereby consent to the removal of the above-referenced matter to the United States Bankruptcy Court for the District of Maryland.

Sincerely,

Maurice "Mac" VerStandig, Esq.
*Managing Member*

**1 of 1**
**9812 Falls Road | #114-160 | Potomac, Maryland 20854**

**IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**

GREGORY B. MYERS,

    Defendant/Counter-Plaintiff, Defendant/Cross-Plaintiff,
and Defendant/Third-Party Plaintiff

**Case No.: 436977-V**
As Consolidated with
Case No. 451611-V

v.

BRIAN KING
*Individually and as Trustee of the*
*Cristina and Brian King Children's Trust*

    Plaintiff/Counter-Defendant,

and

CRISTINA KING

    Plaintiff/Counter-Defendant,

and

CRISTINA AND BRIAN KING CHILDREN'S TRUST
Serve: Brian King, Trustee
c/o The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854

    Plaintiff/Counter-Defendant,

and

6789 GOLDSBORO LLC
Serve: Brian King, Manager
3925 Beech Avenue
Baltimore, MD 21211

    Plaintiff/Counter-Defendant,

and

TIMOTHY LYNCH
*Individually and as Trustee of the*
*Cristina and Brian King Children's Trust*
Serve: Timothy Lynch

FILED
CLERK OF COURT
CLERKS OFFICE
MONTGOMERY CO. MD
2019 NOV -7 PM 2: 44

1

c/o Offit Kurman, P.A.
8171 Maple Lawn Blvd., Suite 200
Fulton, MD 20759

      Third-Party Defendant,

      and

VEVITA LEON
*As Trustee of the*
*Cristina and Brian King Children's Trust*
Serve: Vevita Leon
c/o The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854

      Third-Party Defendant,

      and

MAURICE VERSTANDIG
Serve: Maurice VerStandig
c/o The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854

      Third-Party Defendant,

      and

THE VERSTANDIG LAW FIRM, LLC
Serve: Maurice VerStandig, Resident Agent
9229 Bentridge Avenue
Potomac, Maryland 20854

      Third-Party Defendant,

      and

FRANCES WILBURN
Serve: Frances Wilburn
c/o Offit Kurman, P.A.
4800 Montgomery Lane, Suite 900
Bethesda, Maryland 20814

      Third-Party Defendant,

      and

2

ERIC PELLETIER
Serve: Eric Pelletier
c/o Offit Kurman, P.A.
4800 Montgomery Lane, Suite 900
Bethesda, Maryland 20814

       Third-Party Defendant,

       and

GREGORY JOHNSON
Serve: Gregory Johnson
c/o Offit Kurman, P.A.
8171 Maple Lawn Blvd., Suite 200
Fulton, MD 20759

       Third-Party Defendant,

       and

OFFIT KURMAN, P.A.
Serve: Maurice Offit, Resident Agent
c/o Offit Kurman, P.A.
8171 Maple Lawn Blvd.
Suite 200
Fulton, MD 20759

       Third-Party Defendant.

_____/

## COUNTER-COMPLAINT AND THIRD-PARTY COMPLAINT

COMES NOW Gregory B. Myers ("Myers"), by and through undersigned counsel, and files this Counter-Complaint and Third-Party Complaint against Plaintiff/Counter-Defendant Brian King, Plaintiff/Counter-Defendant Cristina King, Third-Party Defendant Cristina and Brian King Children's Trust, Plaintiff/Counter-Defendant 6789 Goldsboro LLC, Plaintiff/Counter-Defendant Brian King *In His Capacity as Trustee of the Cristina and Brian King Children's Trust*, Third-Party Defendant Timothy Lynch *In His Capacity as Trustee of the Cristina and Brian King Children's Trust*, Third-Party Defendant Vevita Leon *In Her Capacity as Trustee of the Cristina and Brian King Children's Trust*, Third-Party Defendant Maurice VerStandig, Third-Party

3

Defendant The VerStandig Law Firm, LLC, Third-Party Defendant Frances Wilburn, Third-Party Defendant Eric Pelletier, Third-Party Defendant Gregory Johnson, Third-Party Defendant Timothy Lynch, and Third-Party Defendant Offit Kurman, P.A. ,and alleges:

## PARTIES & JURISDICTION

1.    Gregory B. Myers ("Myers") is a natural person who is a citizen of the State of Florida.

2.    Brian King ("King") is a natural person who upon information and belief is a citizen of the State of Pennsylvania.

3.    Cristina King is a natural person who upon information and belief is a citizen of the State of Pennsylvania.

4.    6789 Goldsboro LLC (the "Company") is a Maryland LLC formed pursuant to the laws of the State of Maryland, with its principal place of business in the State of Maryland.

5.    The Cristina and Brian King Children's Trust (the "Children's Trust") is upon information and belief a trust formed pursuant to the laws of the State of Maryland with its principal place of business in the State of Maryland.

6.    Brian King is upon information and belief a co-trustee of the Children's Trust and is personally responsible for actions taken by that entity.

7.    Timothy Lynch ("Lynch") is a natural person who upon information and belief is a citizen of the State of Maryland.

8.    Timothy Lynch is upon information and belief a co-trustee of the Children's Trust and is personally responsible for actions taken by that entity.

9.    Vevita Leon ("Leon") is a natural person who upon information and belief is a citizen of the State of Maryland or the State of Pennsylvania.

4

10.     Vevita Leon (with King and Lynch the "Children's Trustees") is upon information and belief a co-trustee of the Children's Trust and is personally responsible for actions taken by that entity.

11.     Maurice VerStandig ("VerStandig") is a natural person who upon information and belief is a citizen of the State of Maryland, and is an attorney associated with The VerStandig Law Firm, LLC and represents Brian King, Cristina King, and the Cristina and Brian King Children's Trust.

12.     The VerStandig Law Firm, LLC (with VerStandig the "King Attorneys") upon information and belief is a Maryland LLC formed pursuant to the laws of the State of Maryland, with its principal place of business in the State of Maryland. The VerStandig Law Firm, LLC upon information and belief is a law firm that, through its shareholders, officers, and/or employees, engages in the practice of law, and represents Brian King, Cristina King, and the Cristina and Brian King Children's Trust.

13.     Frances C. Wilburn ("Wilburn") is a natural person who upon information and belief is a citizen of the State of Maryland, and is an attorney associated with Offit Kurman, P.A. and represents 6789 Goldsboro LLC.

14.     Eric Pelletier ("Pelletier") is a natural person who upon information and belief is a citizen of the State of Maryland, and is an attorney associated with Offit Kurman, P.A. and represents 6789 Goldsboro LLC.

15.     Gregory Johnson ("Johnson") is a natural person who upon information and belief is a citizen of the State of Maryland, and is an attorney associated with Offit Kurman, P.A. and represents 6789 Goldsboro LLC.

16.     Offit Kurman, P.A (with Wilburn, Pelletier, Lynch, and Johnson, the "Goldsboro Attorneys") upon information and belief is a corporation that is incorporated under the laws of the

5

State of Maryland, with its principal place of business in the State of Maryland. Offit Kurman, P.A upon information and belief is a law firm that, through its shareholders, officers, and/or employees, engages in the practice of law and represents 6789 Goldsboro LLC.

17.    Jurisdiction and venue is proper before the Circuit Court for Montgomery County, Maryland.

## FACTS

18.    On November 18, 2015, Myers filed a petition under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Maryland, Case No. 15-26033 (the "Myers Bankruptcy Case").

19.    On January 24, 2017, the Class A Members of 6789 Goldsboro LLC (i.e., Brian N. King, Cristina J. King, and the Cristina and Brian King Children's Trust, hereinafter "Class A Members"), by counsel sent a letter to Myers stating:

> Please be advised that pursuant to Section 6.1.1 of the First Amended and Restated Operating Agreement of the Company, all of the Class A Members have voted affirmatively to remove you as Manager of the Company, and to appoint Brian King as the new Manager. This decision is effective immediately.

20.    On January 27, 2017, the Company, at the direction of King as the Manager, filed a "Proof of Claim" in the Myers Bankruptcy Case.

21.    On February 10, 2017, in the Myers Bankruptcy Case, the Company, at the direction of King as manager, filed a *Response of 6789 Goldsboro LLC in Support of United States Trustee's Motion to Convert to Chapter 7, or in the Alternative, to Dismiss Case* which, *inter alia*, stated:

> The Debtor is a co-trustee of Serv Trust, LLC ("Serv Trust"), a Maryland statutory trust. Serv Trust, LLC is a fifty percent owner of Goldsboro, a Maryland limited liability company.
>
> In order to induce Goldsboro to continue lending to Serv Trust, Serv Trust executed a Promissory Note dated May 18, 2015 in the principal amount not to exceed $430,000.

6

22.     On February 15, 2017, in the Myers Bankruptcy Case, the former counsel for the Company, told the bankruptcy court at the hearing on the United States Trustee's *Motion to Covert Case to Chapter 7 or, In the Alternative, to Dismiss Case*, as follows:

> My client believes that it's worthwhile to have an independent trustee in place to review the transactions of the debtor prior to filing the petition to see if there are any preferences or additional fraudulent transfers you know with respect to the debtor. So that's why my client favored conversion. . . . So based on our belief as with the US Trustee that there has been a lack of honesty in this case, we think that there should be conversion of trustee and so on to review the various transfers and potential causes of action in this case.

23.     On February 22, 2017, the Myers Bankruptcy Case was converted to Chapter 7 and Roger Schlossberg was appointed Chapter 7 Trustee for the bankruptcy estate of Gregory B. Myers (the "Trustee").

24.     On September 14, 2017, King, Cristina King, and the Children's Trust (collectively, the "King Parties"), through the King Attorneys, filed a *Complaint for Declaratory Judgment* against Serv Trust in the Circuit Court for Montgomery County, Maryland, Case No. 436977-V (the "King Case").

25.     On December 12, 2017, Paul Sweeney, general counsel to the Trustee for the bankruptcy estate of Gregory B. Myers, testified in the United States Bankruptcy Court for the District of Maryland, admitting to the existence of actual conflicts of interest with *numerous* "Members" of the Offit Kurman law firm (i.e., "Obviously I knew that Offit Kurman was a creditor. Obviously I see that their attorney of record is Mr. Hoffman, Mr. Poppleton, and now we have Mr. Johnson who is also known to me. But at no time did any of those conflict[s] register as a connection, and consequently it is my position, under the rule, that none of those conflicts arise to a level that affects my disinterestedness or an adverse relationship that had to be disclosed"). Said conflicts of interest are imputed to Roger Schlossberg, Frank Mastro and the law firm of Schlossberg, Mastro & Scanlan under the Maryland Attorneys' Rules of Professional Conduct.

7

26.    On February 22, 2018, the statute of limitations for the Trustee to bring any action or proceeding under Section 544, 545, 547, 548 or 553 of the Bankruptcy Code—including without limitation any action or proceeding against Serv Trust and/or Myers for "alter ego"—expired pursuant to 11 U.S.C. § 546(a).

27.    On October 29, 2018, in the Myers Bankruptcy Case, Schlossberg represented to the bankruptcy court the following:

> JUDGE LIPP: Are there any other joint claims, are there any other assets, are there any other – any other things that need to be resolved? What's outstanding?
>
> MR. SCHLOSSBERG: Your Honor, I know – I do not have the intention to prosecute any other claims.

28.    On October 29, 2018, 6789 Goldsboro LLC, through counsel Offit Kurman, P.A., filed a Complaint for Declaratory Judgment [Adversary Proceeding No. 16-00541 styled *Offit Kurman, P.A. v. Serv Trust*] against Myers, Serv Trust, and Schlossberg (as a defendant), setting forth a single count for "Declaratory Judgment" and requesting the following relief:

> WHEREFORE, 6789 Goldsboro LLC respectfully prays this Honorable Court (i) enter a judgment declaring (a) **Serv Trust is the alter ego of the Debtor**, (b) the assets and liabilities of Serv Trust are the assets and liabilities of the Debtor; and (c) the Chapter 7 trustee is to administer the Debtor's estate in the manner inclusive of the assets and liabilities of Serv Trust; (ii) staying all litigation to which Serv Trust is a party (excepting the instant adversary proceedings), pursuant to the mandate of Section 362 of the Bankruptcy Code; and (iii) affording such other and further relief as may be just and proper.

(Emphasis supplied).

29.    On December 3, 2018, Schlossberg filed the *Trustee's Answer to Complaint*, *inter alia*, admitting that the bankruptcy court "observed [that] 'Myers was adamant at trial that every payment that he and/or Kelly ever received from Serv Trust was for the benefit of the children.' " The *Trustee's Answer* requested the following relief from the bankruptcy court:

> WHEREFORE, the Trustee prays that the Court determine whether Serv Trust is an asset of the Debtor's bankruptcy estate and otherwise adjudicate the causes of action

8

and issues presented by the Complaint and the responsive pleadings thereto, and award such relief as the Court may deem just and proper.

30.    On December 14, 2018, Frank Mastro, general counsel to the Trustee, sent an email to Johnson, with a "Cc:" to Pelletier with respect to "Subject: RE: 6789 Goldsboro LLC v Gregory Myers, et al." [Adversary Proceeding No. 18-00407], *inter alia*, stating "the Trustee respectfully declines to pursue the cause of action set forth in [Adversary Proceeding No. 18-00407][.]"

31.    On December 18, 2018, in the King Case, The Honorable Judge Anne K. Albright ruled in connection with the fraud claims which have been leveled against the King Parties by Serv Trust:

> And it seems to me that once it's clear that the King plaintiffs, that Mr. King has - is the Manager of the Company, the Managing Member of the Company, and that he has succeeded to that role because the Class A Members of which he's one appointed him to be that role, there is a fiduciary duty at that point. And his fiduciary duty extends not just as alleged to himself, his family, but also to the other half of the Company which is Serv Trust. And it seems to me that what's alleged here is that notwithstanding that fiduciary duty…that he intentionally kept the value of the property low in order to benefit himself and the other Class A Members. It seems to me that one could reasonably infer from that set of allegations that there was a confidential relationship, in other words that Serv [Trust] was expecting that Mr. King would act in its interest, because of course Mr. King was the Managing Member. And it seems to me that with that expectation, if in fact Mr. King intentionally or attempted to keep the value of the property low as alleged, **that that would amount to constructive fraud**.

Emphasis supplied).

32.    On January 30, 2019, in *6789 Goldsboro LLC v. Gregory Myers, et al.* [Adversary Proceeding No. 18-00407], the bankruptcy Court entered an Order of Abstention, *inter alia*, stating:

> **ORDERED**, that the Court abstains from hearing the above-captioned adversary proceeding pursuant to 28 U.S.C. ' 1334(c)(1); and it is further
>
> **ORDERED**, that the above-captioned adversary proceeding is dismissed.

33.    On February 11, 2019, in the King Case, the King Parties filed a *First Amended Complaint for Declaratory Judgment*, which for the first time named Myers as a defendant in Case

9

No. 436977-V by adding a count for declaratory judgment to determine whether "Serv Trust is the alter ego of Mr. Myers," and requesting the following relief from the Montgomery County Circuit Court:

> WHEREFORE, the Plaintiffs respectfully prays this Honorable Court (i) enter a judgment declaring (a) Serv Trust is the alter ego of Mr. Myers; (b) the assets and liabilities of Serv Trust, including those incident to this litigation, are the assets and liabilities of Mr. Myers' bankruptcy estate, as administered by the Trustee; (c) the counterclaim asserted herein is an asset of Mr. Myers' bankruptcy estate, as administered by the Trustee; and (d) the liabilities of Serv Trust herein, on the consolidated promissory note collection case brought by 6789 Goldsboro, are liabilities of Mr. Myers' bankruptcy estate, as administered by the Trustee; and affording such other and further relief as may be just and proper.

(Emphasis supplied).

34.     The King Parties' *First Amended Complaint for Declaratory Judgment* also named "Roger Schlossberg, in his official capacity as Chapter 7 Trustee of Mr. Myers' bankruptcy estate (the 'Trustee'), [as] a nominal defendant" in the King Case.

35.     On May 18, 2017, the United States Trustee for Region 4 (the "UST") filed a *Complaint to Deny Discharge of Debtor*.

36.     On September 28, 2018, the bankruptcy court entered an *Order Entering Judgment*.

37.     On October 12, 2018, Myers timely filed a *Motion to Reconsider Order Entering Judgment* (the "Motion to Reconsider") pursuant to Federal Rule 59(e), requesting the bankruptcy court reconsider and vacate the September 28, 2018 *Order Entering Judgment*.

38.     Bankruptcy rule 9023 makes Rule 59 of the Federal Rules of Civil Procedure fully applicable to cases under the Bankruptcy Code.

39.     A timely filed motion for reconsideration is treated as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, and, in effect, "suspends" the finality of the initial judgment.

10

40. The Motion to Reconsider remained pending before the Bankruptcy Court until February 13, 2019, on which date an order denying that motion was entered.

41. 11 U.S.C. § 362 prohibits, in relevant part "(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title[.]"

42. Attorneys, as agents of their clients, are individually fully responsible for violations of the automatic stay under 11 U.S.C. § 362 committed with knowledge of the stay on behalf of individuals or entities represented by the attorney(s).

43. Violation of the stay is willful if the creditor knew of the automatic stay and intentionally performed the actions that violated the stay.

44. A willful violation of the automatic stay does not require a specific intent to violate 11 U.S.C. § 362.

45. Subjective good faith is irrelevant to whether there was a willful violation of the automatic stay or whether actual damages, including legal fees, must be awarded.

46. 11 U.S.C. § 363(k) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

## COUNT I
### Violation of 11 U.S.C. § 362 – Goldsboro's Complaint

47. Myers incorporates the allegations of paragraphs 1-46 as if fully set forth herein.

48. On January 10, 2019 – while Myers was protected by the automatic stay of 11 U.S.C. § 362 – 6789 Goldsboro LLC, by and through the Goldsboro Attorneys, filed an *Amended Complaint* in the Circuit Court for Montgomery County, Maryland, which named Gregory B. Myers as a Defendant.

49.    6789 Goldsboro LLC's filing of the *Amended Complaint* constitutes an "act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case" in violation of 11 U.S.C. § 362.

50.    6789 Goldsboro LLC's filing of the *Amended Complaint* occurred before the bankruptcy court entered the *Order Denying Motion to Reconsider* on February 13, 2019.

51.    6789 Goldsboro LLC, its manager, its members, and their counsel knew of the automatic stay and, notwithstanding that knowledge, intentionally filed their *Amended Complaint*, constituting a willful violation of 11 U.S.C. § 362.

52.    6789 Goldsboro LLC's *Amended Complaint* is void as having been filed in violation of the automatic stay under 11 U.S.C. § 362.

53.    Myers has been materially injured by 6789 Goldsboro LLC's knowing and willful violation of the automatic stay under 11 U.S.C. § 362.

54.    As a result of 6789 Goldsboro LLC's violation of the automatic stay, Myers has been subjected to undue and unnecessary stress and anxiety, and has incurred substantial attorney fees and costs.

**WHEREFORE,** Myers hereby demands compensatory damages and punitive damages and requests that this Honorable Court strike 6789 Goldsboro LLC's Amended Complaint, and enter a judgment in favor of Myers and against the Company, the Class A Members, and the Goldsboro Attorneys, jointly and severally, in an amount to be determined at trial but in any event in excess of $75,000.00 in compensatory damages, plus punitive damages, post-judgment interest, costs, and reasonable attorney's fees and for such other relief as this honorable Court deems appropriate.

## COUNT II
### Violation of 11 U.S.C. § 362 – King Parties' Complaint

55.    Myers incorporates the allegations of paragraphs 1-46 as if fully set forth herein.

12

56.    On February 11, 2019 – while Myers was protected by the automatic stay of 11 U.S.C. § 362 – the King Parties, by and through the King Attorneys, filed a *First Amended Complaint for Declaratory Judgment* in the Circuit Court for Montgomery County, Maryland, which named Gregory B. Myers as a Defendant.

57.    The King Parties' filing of the *First Amended Complaint for Declaratory Judgment* constitutes an "act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case" in violation of 11 U.S.C. § 362.

58.    The King Parties' filing of the *First Amended Complaint for Declaratory Judgment* occurred before the bankruptcy court entered the *Order Denying Motion to Reconsider* on February 13, 2019.

59.    The King Parties, including the trustees of the Children's trust, and their counsel knew of the automatic stay and, notwithstanding that knowledge, intentionally filed their *First Amended Complaint for Declaratory Judgment*, constituting a willful violation of 11 U.S.C. § 362.

60.    The King Parties' *First Amended Complaint for Declaratory Judgment* is void as having been filed in violation of the automatic stay under 11 U.S.C. § 362.

61.    Myers has been materially injured by the King Parties' knowing and willful violation of the automatic stay under 11 U.S.C. § 362.

62.    As a result of the King Parties' violation of the automatic stay, Myers has been subjected to undue and unnecessary stress and anxiety, and has incurred substantial attorney fees and costs.

**WHEREFORE,** Myers hereby demands compensatory damages and punitive damages and requests that this Honorable Court strike the King Parties First Amended Complaint for Declaratory Judgment, and enter a judgment in favor of Myers and against the King Parties, the Children's Trustees, and the King Attorneys, jointly and severally, in an amount to be determined

at trial but in any event in excess of $75,000.00 in compensatory damages, plus punitive damages, post-judgment interest, costs, and reasonable attorney's fees and for such other relief as this honorable Court deems appropriate.

Respectfully submitted,

GREGORY B. MYERS
By counsel:

_____11/7/19_____
date

Roger C. Simmons, Esq.
Benjamin J. Andres, Esq.
Gordon & Simmons, LLC
1050 Key Parkway, Suite 101
Frederick, Maryland 21702
(301) 662-9122
(301) 698-0392 (fax)
rsimmons@gordonsimmons.com
*Counsel for Gregory B. Myers*

14

# EXHIBIT 6B

**December 3, 2019 Notice of Voluntary Dismissal**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | |
|---|---|
| BRIAN KING, et al., | : **Case No.: 19-00427** |
|     Plaintiffs, | : |
| v. | : State Court Case No. 436977-V |
| SERV TRUST, et al,. | : |
|     Defendants, | : |

---

| | |
|---|---|
| 6789 GOLDSBORO LLC, | : |
|     Plaintiff, | : |
| v. | : State Court Case No. 451611-V |
| SERV TRUST, et al,. | : |
|     Defendants, | : |

---

| | |
|---|---|
| GREGORY B. MYERS, | : |
|     Counter-Plaintiff, | : |
| v. | : State Court Case No. 436977-V |
| BRIAN KING, et al., | : |
|     Counter-Defendants, | : |
| and | : |
| TIMOTHY LYNCH, et al., | : |
|     Third-Party Defendants | : |

---

## NOTICE OF VOLUNTARY DISMISSAL
## OF COUNTER-COMPLAINT AND THIRD-PARTY COMPLAINT

COMES NOW Counter-Plaintiff Gregory B. Myers ("Myers"), by and through undersigned counsel, and, pursuant to F. R. Civ. P. 41, hereby voluntarily dismisses, without prejudice, his Counter-complaint and Third-Party Complaint filed in the above captioned case.

Respectfully submitted,

GREGORY B. MYERS
By counsel:

Roger C. Simmons, Esq.  (Bar No. 04363)
Benjamin J. Andres, Esq.  (Bar No. 20534)
Gordon & Simmons, LLC
1050 Key Parkway, Suite 101
Frederick, Maryland 21702
(301) 662-9122
(301) 698-0392 (fax)
rsimmons@gordonsimmons.com
*Counsel for Gregory B. Myers*

## CERTIFICTE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of December, 2019, I caused a true and correct copy of the foregoing to be served upon the following persons via first class mail, postage prepaid:

Eric Pelletier, Esquire
OFFIT KURMAN
4800 Montgomery Lane, 9th floor
Bethesda, Maryland 20814

Frank J. Mastro, Esquire
SCHLOSSBERG, MASTRO & SCANLAN
P.O. Box 2067
Hagerstown, Maryland 21742

Maurice B. VerStandig, Esquire
THE VERSTANDIG LAW FIRM, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854

_____
Benjamin J. Andres

# EXHIBIT 6C

**December 5, 2019 Bankruptcy Court Order Remanding Case**

Entered: December 5th, 2019
Signed: December 4th, 2019

**SO ORDERED**



**LORI S. SIMPSON**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BAKNRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Gregory B. Myers, | * | Case No. 15-26033-WIL |
| | * | Chapter 7 |
| Debtor. | * | |
| | * | |

| | | |
|---|---|---|
| Gregory B. Myers, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Adversary No. 19-00427 |
| | * | |
| Brian King, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

### ORDER REMANDING CASE

The above-captioned adversary proceeding was commenced on November 13, 2019, upon

the Notice of Removal filed by Maurice VerStandig.   The Notice of Removal states that Gregory

Myers (the "Debtor") filed a third-party claim and counterclaim against various parties (the "Myers

1

Defendants") in Consolidated Case No. 451611-V pending in the Circuit Court for Montgomery County, Maryland alleging that the Myers Defendants violated Section 362 of Title 11 of the United States Code (the "Third Party Complaint").    Because the Third Party Complaint asserts that the Myers Defendants violated the automatic stay arising in the Debtor's bankruptcy case pending in this Court, the Myers Defendants consented to the removal of the Circuit Court Action.

On December 3, 2019, the Debtor filed a Notice of Voluntary Dismissal of the Third Party Complaint pursuant to Fed. R. Civ. P. 41, made applicable to this proceeding by Fed. R. Bankr. P. 7041.    Based on the dismissal of the Third Party Complaint, and this Court having previously elected to abstain from exercising jurisdiction over the underlying Circuit Court Action[1], the Court will remand this matter to the Circuit Court for Montgomery County, Maryland.

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland, hereby

**ORDERED**, that the above-captioned adversary proceeding is remanded to the Circuit Court for Montgomery County, Maryland pursuant to 28 U.S.C. § 1452(b).

cc:    All Counsel
       All Parties
       United States Trustee
       Chapter 7 Trustee: Roger Schlossberg

**END OF ORDER**

---

[1] *See* Order of Abstention (Docket Entry No. 28) entered on January 30, 2019, in Adversary Proceeding 18-00407.