# EXHIBIT 18

**Florida Bankruptcy Stay Opposition and**

September 23, 2019 Maryland State-Court Transcript Excerpt

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**
www.flmb.uscourts.gov

In re:                                                     Case No.: 2:21-bk-00123-FMD

Gregory Brian Myers,                                       Chapter 13

Debtor.

_____/

**DEBTOR'S OPPOSITION TO KING'S**
**AMENDED MOTION FOR RELIEF FROM THE AUTOMATIC STAY [DOC. 145]**

Debtor, GREGORY BRIAN MYERS, by and through the undersigned attorney, files this

opposition (the "Opposition") to *Brian King, Cristina King and the Cristina and Brian King*

*Children's Trust's Amended Motion for Relief from the Automatic Stay* [Doc. 145], (the "Motion"),

filed by Brian King, Cristina King and Brian King in his capacity as trustee of the Cristina and

Brian King Children's Trust (collectively, the "Movants" or "King Parties") and in support thereof

states:

## I. BACKGROUND

**Movants are not creditors** in this case and have not filed a proof of claim. Myers does

not owe them any money and they hold no monetary claim against Myers. In fact, Movants'

**pecuniary interests are not affected** by this case. Accordingly, **Movants do not qualify as a**

**party in interest** in this case. **Movants therefore lack standing** to bring the Motion, just as they

did with their prior motion.[1] It appears that the Movant filed this Motion to get a second "bite" at

the standing issue. Like their prior motion, this Motion should be denied.

---

[1] On April 19, 2021, the King Parties filed a Motion to Dismiss and Bar Debtor From Refiling for Five Years [Doc. No. 58], Debtor filed an Opposition [Doc. No. 83] and Debtor also filed a Motion to Disqualify the King Parties' attorney [Doc. No. 81]. At hearing held May 13, 2021, and after argument of counsel and comment by the Court regarding the Kings Parties' lack of standing, this honorable Court denied the King Parties' Motion. *See* Pro Memo [Doc. No. 88]. Prior to Atty. VerStandig's withdrawal from the case, however, an order draft was not agreed upon, and an order on the Motion to Dismiss has not yet been docketed.

The Motion includes gross misstatements of fact that are proven patently false even with the records on the docket of this case. Movant alleges there is no single viable plan of reorganization, even though a 100% payment plan has been filed in this case (*see* ¶12, Motion). Movant also wrongly alleges there have been no plan payments paid to a trustee (*see* ¶13, Motion), which is not true, the Debtor is current with all plan payments. Movant also misconstrues the Debtor's litigation history and he objects to and denies the characterization of his litigation history.

Considering the Movants' prior attorney's conflict of interest, the remote connection between the King Parties and Myers, personally, it is clear that "bad faith", just like litigation, works both ways. The totality of the circumstances implicates bad faith by the King Parties in filing this Motion.

## II. MOVANT LACKS STANDING

Standing takes three forms: constitutional standing, prudential standing, and statutory standing.[2] Constitutional standing requires an injury in fact, causation, and redressability.[3] Prudential standing is a judicial limitation on constitutional standing.[4] Statutory standing is present when a statute confers a private right of action on a particular class of persons consistent with the requirements of constitutional standing.[5]

### A. STATUTORY STANDING

Movants seek relief under the statutory authority of 11 U.S.C. §362(d)(1), thus the issue is one of statutory standing. 11 U.S.C. §362(d)(1) provides in pertinent part, that the Court may grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest

---

[2] *In re Sandia Resorts, Inc.*, No. 11-15-11532 JA, 2016 Bankr. LEXIS 2125, at *28 (Bankr. D.N.M. May 26, 2016), *citing, Wilderness Society v. Kane Cnty., 632 F.3d 1162, 1168 (10th Cir. 2011)* (en banc)

[3] Id., *citing. Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

[4] Id., *citing Kane Cnty., 632 F.3d at 1168* ("prudential standing . . . embodies judicially imposed limits on the exercise of federal jurisdiction.") (internal quotation marks and citations omitted).

[5] Id., *citing, Pinnacol, 425 F.3d at 926* (explaining that "Congress may extend the right to sue under a statute to any plaintiff that has constitutional standing.").

in property of such <u>party in interest</u>[.]" 11 U.S.C. §362(d)(1). (*emphasis added*). Under the black letter of the law, only a "party in interest" may seek this type of relief. Thus, the query is whether the King Parties are a "party in interest".

The Code does not define the term "party in interest" but courts in this circuit generally follow interpretations of "party in interest" referenced in code sections governing chapter 11 cases. *In re D'Antignac,* No. 05-10620, 2013 Bankr. LEXIS 621, at *4 (Bankr. S.D. Ga. Feb. 19, 2013), *citing In re Tarrer*, 273 B.R. 724, 730-31 (Bankr. N.D. Ga. 2001).

Whether a party is a party in interest is determined on a case by case basis. *Peachtree Lane Assocs., Ltd. v. Grandader (In re Peachtree Lane Assocs., Ltd.)*, 188 B.R. 815, 824 (N.D. Ill. 1995).

"The term party-in-interest 'is generally understood to include all persons whose pecuniary interests are directly affected by the bankruptcy proceedings.'" *In re D'Antignac*, 5, *quoting, Nintendo Co., Ltd. v. Patten (In re Alpex Computer Corp.)*, 71 F.3d 353, 356 (10th Cir. 1995) (*quoting Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson)*, 5 F.3d 750, 756 (4th Cir. 1993). *Also see, In re Sandia Resorts, Inc.*, at *28 (in chapter 11 context), *citing, In re Alpex Computer Corp.*, 71 F.3d 353, 356 (10th Cir. 1995) (*quoting Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson)*, 5 F.3d 750, 756 (4th Cir. 1993)). *Also see In re Kressler*, 2001 U.S. Dist. LEXIS 11723, 2001 WL 919860, at *2 (E.D. Pa. Aug. 9, 2001) (*citing In re Aronson*, 1994 U.S. Dst. LEXIS 12811, 1994 WL 497541, at *6 (E.D. Pa. Sept. 12, 1994)), *aff'd*, 40 Fed. Appx. 712, 2002 WL 1723885 (3d Cir. July 25, 2002) (non-precedential opinion).

"To qualify as a party in interest requires more than merely being interested in the outcome of the bankruptcy. It requires a direct legal interest in the case or matter." *In re D'Antignac*, 5, *citing, In re Morris Publ'g Group LLC*, 2010 Bankr. LEXIS 488, 2010 WL 599393, at *3 (Bankr. S.D. Ga. Feb. 10, 2010) appeal dismissed, 2011 U.S. Dist. LEXIS 32025, 2011 WL 1167180 (S.D.

Ga. Mar. 28, 2011)(dismissing appeal because appellant lacked standing); *In re Rimstat, Ltd.,* 193 B.R. 499, 503 (Bankr. N.D. Ind. 1996). Receipt of funds pursuant to a bankruptcy plan has been commensurate with being a party in interest. *See Sandia Resorts, Inc.* (original lender who sold loan prior to bankrupty filing and would receive no benefit of loan payments was not party in interest and lacked standing to file motion to dismiss). Whereas, being the buyer of debtor's property is insufficient. *In re Riley,* 2017 Bankr. LEXIS 3280\* (Bankr. N.D. NY 2017) (movant which purchased the premises at a foreclosure sale was not a "party in interest").

## B. CONSTITUTIONAL STANDING

The "party in interest" analysis also is subject to dictates of standing conferred by Article III of the Constitution. *In re Phillips*, 2012 Bankr. LEXIS 1607, 2012 WL 1232008 at \*2 (Bankr. D.N.J. April 12, 2012); *In re Tarrer,* 273 B.R. at 730-31. Constitutional standing requires an injury in fact, causation, and redressability. *Lujan* at 560. The Supreme Court has also made clear that an "injury in fact" must be "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan* at 560.

In a frequently cited Eleventh Circuit case, *E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979, 984-985 (11th Cir.1990), the Court reviewed the constitutional requirements for standing, as set forth above. With regard to the "actual injury" requirement the Court stated, "First, the party asserting standing must have suffered actual injury or show the imminence of such injury. [*Citations omitted*] Abstract harm is insufficient; the litigant must establish 'actual or threatened injury.' [*Citations omitted*]" Id. at 984. The Eleventh Circuit Court of Appeals also stated, "When standing has been contested, it is the burden of the party claiming standing 'to plead and prove injury in fact, causation, and redressability.' [*Citations omitted*]" Id. at 984.

The King Parties have not shown any facts alleging any injury and "the court is not required to accept as true unwarranted legal conclusions or unwarranted factual inferences." Id. at 753. It is the burden of the party claiming standing "to plead and prove injury in fact, causation, and redressability," id. At 984, but they have not and they cannot.

## C. ANALYSIS

The facts of this case are that: Movants are not creditors of this bankruptcy estate; they have not filed a proof of claim in the case; they are not owed any money from Myers; they have no claim against him; they will not receive money or property from the estate (thus their pecuniary interests are unaffected); and they are unaffected by this bankruptcy proceeding. Moreover, the King Parties have failed to show any injury in fact, causation or redressability. All they have done is attempt to slander the Debtor, and seek an order to corroborate and support their slanderous allegations.

The only connection between Myers and Movants (aside from impermissibly sharing the same legal counsel) is that Myers is a co-trustee with Serv Trust[6]. Serv Trust is presently involved in a business/legal dispute in connection with 6789 Goldsboro LLC, a Maryland Limited Liability Company, which dispute is currently pending in the Circuit Court for Montgomery County, Maryland in consolidated case nos. 436977-V and 451611-V (hereinafter the "Goldsboro Litigation"). The King Parties are defendants in the Goldsboro Litigation and are accused of fraud and other insidious behavior by Serv Trust. As previously stated, Myers is a co-trustee of Serv Trust. This is the extent of the connection between the King Parties and Myers. The King Parties insinuate in the Motion that the Goldsboro Litigation may have been delayed by the bankruptcy filing, but they do not actually say so.

---

[6] ServTrust is an irrevocable trust established by Myers' deceased mother, for the benefit of Myers' children. Myers is neither a grantor/trustor/settlor, nor a beneficiary of ServTrust. The other co-trustee is the grantor's CPA.

The nature of the contractual dispute in the Goldsboro Litigation makes it such that the existence or non-existence of this bankruptcy action makes no difference to that litigation. Furthermore, the King Parties have not identified any actual harm or injury which they suffer because of this proceeding, as required for constitutional standing. For that reason and because the Movants are not a creditor and have no pecuniary interest in the bankruptcy proceeding Movants do not qualify as a "party in interest" and thus lack standing.

### i. Undisputed that King Parties are not a creditor and have no claim against Myers

The fact that the King Parties have no monetary claim against Myers is an undisputed fact. The King Parties' monetary and contractual claims are solely against Serv Trust - not Myers. The King Parties have acknowledged in numerous court proceedings that they have no monetary claim against Myers, nor have they alleged any fraud against Myers.

By way of example, on September 23, 2019, VerStandig stated in the Montgomery County Circuit Court (and a true and correct copy of the transcript for which is attached as **Exhibit "A"**) the following:

> MR. VERSTANDIG: Thank you, Your Honor. Maurice Verstandig, again on behalf of the King parties. *** If Mr. Myers doesn't wish to be present to contribute evidence or testimony or whatever it may be towards adjudication of this matter, we have no objection to him being let out of the case. He is here solely as a necessary party. And they are very much accurate when they say we are not asserting -- meaning my client -- I don't speak for Mr. Pelletier -- we are not asserting a monetary claim against [Serv Trust or Myers].

***

### Status as Party in State Court Litigation Insufficient to Constitute Party in Interest

The King Parties merely assert that they are parties to the Goldsboro Litigation as basis for their standing, however there is scant legal basis for recognizing standing on this basis.[7] It is

---

[7] Caselaw interpreting "party in interest" in 11 U.S.C.§362(d)(1) in such a manner could not be located by undersigned.

relevant to consider courts' analysis on whether defendants in non-bankruptcy court actions have standing to oppose the reopening of a bankruptcy case. Generally, that question is answered in the negative[8], with courts holding that a defendant in a state court proceeding does not have a sufficient stake in the bankruptcy to constitute a "party in interest". *See In re D'Antignac,* No. 05-10620, 2013 Bankr. LEXIS 621, at *7 (Bankr. S.D. Ga. Feb. 19, 2013).

In this case the King Parties' contractual litigation is not against Myers personally, they are litigating against him and another individual as co-trustee of Serv Trust. Such a connection is even more remote, indirect and non-monetary than the case law analyzing the "party in interest" standard under various sections of the Bankruptcy Code. Like in *In re Sandia Resorts,* where the original lender who sold the loan prior to the bankruptcy filing did not constitute a party in interest, so too the King Parties, who are not eligible to receive any payments from the bankruptcy estate, are not "parties in interest". Like in *In re D'Antignac,* where the defendant former employer who was sued by the chapter 13 debtor for equal protection violations, the King Parties are merely opposing parties, and should be found not to be "parties in interest" because they have no monetary stake in the outcome of the case. The purpose of this bankruptcy is to reorganize debts, therefore a non-creditor opposing party to the Debtor *as co-trustee* under these circumstances cannot show a sufficient pecuniary interest in the outcome of the proceedings to constitute a "party in interest".

### III. CONCLUSION AND DEBTOR'S REQUEST FOR EVIDENTIARY HEARING

As with their last Motion, Movant lacks standing to bring this Motion. They offer no new facts to show how they could have gained standing over the past few months. Even if Movants have standing, they have failed to show sufficient factual grounds to substantiate their slanderous

---

[8] Unless the defendant can show an imminent concrete injury such as waiver of an estopple defense, which is not the case here.

characterization of Debtor's litigation history sufficient to constitute "cause" under 11 U.S.C.

§362(d)(1). In the unlikely event that this Court disagrees with Debtor about Movant's lack of

standing, the Debtor hereby requests an evidentiary hearing on the merits of the Motion.


**WHEREFORE**, the Debtor, Gregory Brian Myers, respectfully requests that the Court:

(1) DENY the Motion; (2) Grant Debtor his attorney fees and costs for defending the Motion; and

(3) Grant any other such relief as the Court determines just and proper under the circumstances.


Dated: December 27, 2021          ANASTASIA LAW, P.L.

*/s/ Undine C. George*
Undine C. George, Esquire
FL Bar No. 16872
107 A 11th Street
St. Augustine, FL 32080
(904) 236-6243
undine@anastasialaw.net
service@anastasialaw.net
*Attorney for Debtor*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 27, 2021, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system thereby serving all registered users in this case, and including to Chapter 13 Trustee, Jon Waage, PO Box 25001, Bradenton, FL 34206-5001 and Ross R. Hartog, Esq., Markowitz Rngel Trusty & Hartog, PA, 101 NE Third Avenue Suite 1210, Fort Lauderdale, Florida 33301, counsel for the King Parties, rhartog@mrthlaw.com .

*/s/ Undine C. George*
Undine C. George, Esquire
FL Bar No. 16872
107 A 11th Street
St. Augustine, FL 32080

# EXHIBIT A

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

-------------------------------X
                                 :

BRIAN KING,                   :

       Plaintiff,       :

             v.        :      Civil No. 436977

SERV TRUST,         :

       Defendant.     :

-------------------------------X

MOTIONS HEARING

Rockville, Maryland                September 23, 2019

DEPOSITION SERVICES, INC.
12321 Middlebrook Road, Suite 210
Germantown, Maryland 20874
(301) 881-3344

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND


```
---------------------------------X
                                 :
BRIAN KING,                      :
                                 :
         Plaintiff,              :
                                 :
               v.                :      Civil No. 436977
                                 :
SERV TRUST,                      :
                                 :
         Defendant.              :
                                 :
---------------------------------X
```

Rockville, Maryland

September 23, 2019


WHEREUPON, the proceedings in the above-entitled matter commenced

BEFORE:    THE HONORABLE DEBRA L. DWYER, JUDGE

APPEARANCES:

FOR THE PLAINTIFF:

MAURICE B. VERSTANDIG, Esq.
The Verstandig Law Firm, LLC
9812 Falls Road #114-1460
Rockville, Maryland 20854

FOR THE DEFENDANT:

DOMINIC J. SOUZA, Esq.
Souza, LLC
2543 Housley Road
Annapolis, Maryland 21401

I N D E X

Page

Judge's Ruling                                                 10

I N D E X

Case 8 25-cv-02103-TDC    Document 51-21    Filed 07/16/26    Page 14 of 15
Case 2:21-bk-00123-FMD    Doc 150    Filed 12/27/21    Page 13 of 14

4

P R O C E E D I N G S

THE BAILIFF:  All rise.  Circuit Court for Montgomery County is now in session.  The Honorable Debra Dwyer presiding.

THE COURT:  Good morning, everyone.  You can be seated.  Thank you so much.

All right.

FEMALE CLERK:  Calling civil case number 436977 --

THE COURT:  Now, wait a minute.  I want to call just a couple matters first.  I just have to put one thing on the record.  So I'm going to call these, the criminal cases.

THE CLERK:  Calling Civil Case No. 436977, Brian King, et al. versus Serv Trust, et al.

MR. VERSTANDIG:  Good morning, Your Honor.  Maurice Verstandig on behalf of Brian King, Cristina King, and the Christina and Brian King Children's Trust.

THE COURT:  All right, good morning.

MR. PELLETIER:  Good morning, Your Honor.  Eric Pelletier here on behalf of 6789 Goldsboro, LLC.

THE COURT:  Good morning.

MR. PELLETIER:  Good morning.

MR. MASTRO:  Good morning, Your Honor.  Frank Mastro on behalf of Roger Schlossberg, Chapter 7 bankruptcy trustee.

THE COURT:  Good morning.

MR. DUNBAR:  Good morning, Your Honor.  Justin Dunbar on behalf of Serv Trust.

Case 8:25-cv-02103-TDC   Document 51-21   Filed 07/16/26   Page 15 of 15
Case 2:21-bk-00123-FMD   Doc 150   Filed 12/27/21   Page 14 of 14

21

claim against Serv Trust.

If Mr. Myers doesn't wish to be present to contribute evidence or testimony or whatever it may be towards adjudication of this matter, we have no objection to him being let out of the case. He is here solely as a necessary party. And they are very much accurate when they say we are not asserting -- meaning my client -- I don't speak for Mr. Pelletier -- we are not asserting a monetary claim against them.

Maryland has a compulsory joinder rule. Under that rule, I had to join Mr. Schlossberg, which is why Mr. Mastro is here. And I had to join Mr. Myers, which is why they are here. But Maryland case law is also pretty clear that if you have knowledge of a case, the joinder rule you sort of kind of follow, then you choose not to participate, judgment is still binding.

I don't mean this in a smart-alecky way, and I don't mean to say I stand up and concede the motion or anything like that. But we're going forward on this claim one way or another. It strikes me as very strange that Mr. Myers would not want to avail himself of the opportunity to participate at trial. I certainly believe we were successful there as well.

As an initial matter -- and it sounds like you are better prepared than almost any other judge I've been in front of in a while, I brought a copy --