# EXHIBIT 23

## Maryland Trust Act Provisions

Md. Code Ann., Estates & Trusts §§ 14.5-103(d), 14.5-404(b), 14.5-409(b), 14.5-410, 14.5-504, and 14.5-1006(a)(1)-(2)

This title may be cited as the Maryland Trust Act.

§14.5–102.

This title applies to express charitable or noncharitable trusts and trusts created in accordance with a statute (including the Maryland Discretionary Trust Act, unless otherwise provided by the statute), judgment, or decree that requires the trust to be administered in the manner of an express trust.

§14.5–103.

(a)     In this title the following words have the meanings indicated.

(b)     "Action", with respect to an act of a trustee, includes a failure to act.

(c)     "Ascertainable standard" means a standard relating to an individual's health, education, support, or maintenance within the meaning of § 2041(b)(1)(A) or § 2514(c)(1) of the Internal Revenue Code of 1986, as in effect on January 1, 2015.

(d)     "Beneficiary" means a person that:

(1)     Has a present or future beneficial interest in a trust, vested or contingent; or

(2)     In a capacity other than that of a trustee, holds a power of appointment over trust property.

(e)     "Charitable trust" means a trust, or portion of a trust, created for a charitable purpose described in § 14–301(b) of this article.

(f)     "Delivery address" means:

(1)     The last known place of residence or place of business of a person;

(2)     A facsimile number provided by a person for the purpose of receiving notice; or

(3)     An e–mail address provided by a person for the purpose of receiving notice.

(g)     (1)     "Discretionary distribution provision" means a provision in a trust that provides that the trustee has discretion, or words of similar import, to determine one or more of the following:

(a)     A trust may be created only to the extent that the purposes of the trust are lawful, not contrary to public policy, and possible to achieve.

(b)     A trust and the terms of the trust shall be for the benefit of the beneficiaries of the trust.

§14.5–405.

A trust is void to the extent that the creation of the trust was induced by fraud, duress, or undue influence.

§14.5–406.

Except as required by a provision other than this title, a trust need not be evidenced by a trust instrument, but the creation of an oral trust and the terms of the oral trust may be established only by clear and convincing evidence.

§14.5–407.

(a)     A trust may be created to provide for the care of an animal alive during the lifetime of the settlor.

(b)     A trust authorized by this section terminates:

(1)     If created to provide for the care of one animal alive during the lifetime of the settlor, on the death of the animal; or

(2)     If created to provide for the care of more than one animal alive during the lifetime of the settlor, on the death of the last surviving animal.

(c)     (1)     A trust authorized by this section may be enforced by a person appointed under the terms of the trust or, if no person is appointed, by a person appointed by the court.

(2)     A person having an interest in the welfare of an animal, the care for which a trust has been established, may request the court to appoint a person to enforce the trust or to remove a person appointed.

(d)     (1)     Except to the extent that the court may determine that the value of a trust authorized by this section exceeds the amount required for the use intended by the trust, the property of the trust may be applied only to the intended use of the trust.

(2)    Except as otherwise provided under the terms of the trust, property not required for the intended use of the trust shall be distributed:

(i)    To the settlor, if living; or

(ii)    If the settlor is deceased, to the successors in interest of the settlor.

§14.5–408.

Except as otherwise provided in § 14.5–407 of this subtitle or by another statute, the following rules apply:

(1)    (i)    A trust may be created for a noncharitable purpose without a definite or definitely ascertainable beneficiary or for a noncharitable but otherwise valid purpose to be selected by the trustee; and

(ii)    A trust described in item (i) of this item may not be enforced for more than 21 years unless the settlor elects otherwise;

(2)    A trust authorized by this section may be enforced by a person appointed in the terms of the trust or, if no person is so appointed, by a person appointed by the court; and

(3)    (i)    Property of a trust authorized by this section may be applied only to the intended use of the trust, except to the extent that the court determines that the value of the trust property exceeds the amount required for the intended use; and

(ii)    Except as otherwise provided in the terms of a trust described in item (i) of this item, property not required for the intended use shall be distributed to the settlor, if then living, or to the successors in interest of the settlor, if the settlor is not then living.

§14.5–409.

(a)    In addition to the methods of termination prescribed by §§ 14.5–410 through 14.5–412 of this subtitle, a trust terminates to the extent:

(1)    The trust is revoked or expires in accordance with the terms of the trust; or

(2)    The purposes of the trust have become unlawful, contrary to public policy, or impossible to achieve.

(b)     A proceeding to approve or disapprove a proposed modification or termination under §§ 14.5–410 through 14.5–414 of this subtitle, or combination or division of a trust under § 14.5–415 of this subtitle, may be commenced by a trustee or beneficiary.

§14.5–410.

(a)     (1)     A noncharitable irrevocable trust may be terminated on consent of the trustee and all beneficiaries if the court concludes that continuance of the trust is not necessary to achieve any material purpose of the trust.

(2)     A noncharitable irrevocable trust may be modified on consent of the trustee and all beneficiaries if the court concludes that modification is not inconsistent with a material purpose of the trust.

(b)     The existence of a spendthrift provision or similar protective language in the terms of the trust does not prevent a termination of a trust under subsection (a)(1) of this section.

(c)     On termination of a trust under subsection (a)(1) of this section, the trustee shall distribute the trust property as agreed by the beneficiaries.

(d)     If not all beneficiaries consent to a proposed modification or termination of the trust under subsection (a) of this section, the modification or termination may be approved by the court if the court is satisfied that:

(1)     If all beneficiaries had consented, the trust could have been modified or terminated under this section; and

(2)     The interests of a beneficiary that does not consent will be adequately protected.

§14.5–411.

(a)     (1)     The court may modify the administrative or dispositive terms of a trust or terminate the trust if, because of circumstances not anticipated by the settlor, modification or termination will further the purposes of the trust.

(2)     To the extent practicable, the modification described in paragraph (1) of this subsection shall be made in accordance with the probable intention of the settlor.

(2)     A prohibition against providing food, clothing, and shelter to the beneficiary.

§14.5–503.

(a)     Except as provided in §§ 14.5–505 and 14.5–506(b) of this subtitle:

(1)     A beneficial interest that is subject to a support provision may not be judicially foreclosed, attached by a creditor, or transferred by the beneficiary; and

(2)     Trust property that is subject to a support provision is not subject to the enforcement of a judgment until income or principal or both is distributed directly to the beneficiary.

(b)     (1)     The use, occupancy, and enjoyment of a single parcel of residential real property, as designated by the trustee, and tangible personal property by a beneficiary whose interest is subject to a support provision may not be transferred by the beneficiary of the use, occupancy, or enjoyment.

(2)     The use, occupancy, and enjoyment described in paragraph (1) of this subsection are not subject to the enforcement of a judgment against the beneficiary.

§14.5–504.

(a)     A spendthrift provision is valid and enforceable.

(b)     A provision of a trust providing that the interest of a beneficiary is held subject to a "spendthrift trust", or words of similar import, restrains both voluntary and involuntary transfer of the beneficiary's interest.

(c)     A beneficial interest that is subject to a spendthrift provision may not be judicially foreclosed or attached by a creditor.

(d)     (1)     A beneficiary may not transfer an interest in a trust in violation of a valid spendthrift provision and, except as otherwise provided in this subtitle, a creditor or an assignee of the beneficiary may not reach the interest or a distribution by the trustee before the receipt by the beneficiary of the interest or distribution.

(2)     An attempt by a beneficiary to transfer an interest in a trust in violation of a valid spendthrift provision shall be void and of no effect.

(e)     (1)     The use, occupancy, and enjoyment of a single parcel of residential real property, as designated by the trustee, and tangible personal property

If a provision of this title or the application of a provision to a person or circumstances is held invalid, the invalidity does not affect other provisions or applications of this title which can be given effect without the invalid provision or application, and to this end the provisions of this title are severable.

§14.5–1006.

(a)      Except as otherwise provided in this title:

(1)      This title applies to all trusts created before, on, or after January 1, 2015;

(2)      This title applies to all judicial proceedings concerning trusts commenced on or after January 1, 2015;

(3)      This title does not apply to judicial proceedings concerning trusts commenced before January 1, 2015;

(4)      A rule of construction or presumption provided in this title applies to trust instruments executed before January 1, 2015, unless there is a clear indication of a contrary intent in the terms of the trust; and

(5)      An act done before January 1, 2015, is not affected by this title.

(b)      If a right is acquired, extinguished, or barred on the expiration of a prescribed period that has commenced to run under another statute before January 1, 2015, that statute continues to apply to the right even if the statute has been repealed or superseded.

§15–101.

(a)      In this subtitle the following words have the meanings indicated.

(b)      "Committee" includes any reorganization or protective committee formed for the purpose of formulating, proposing, or carrying out any plan of reorganization or to act in any other manner for the protection of the interests of the holders of any class or classes of securities, or persons performing a similar function, and any corporation formed or acting for any such purpose.

(c)      "Corporate fiduciary" has the meaning stated in § 15–1A–01 of this title.

(d)      "Depositary" includes any person receiving securities for deposit, exchange, or distribution under any reorganization agreement or plan of reorganization, or stamping securities presented to it to indicate the assent of any