IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| GREGORY B. MYERS, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Case No.: 25-2103-TDC |
| | ) |
| ROGER SCHLOSSBERG, TRUSTEE, | ) |
| *et al.*, | ) |
| | ) |
| Appellees. | ) |
| | ) |

**OPPOSITION TO APPELLANT'S AMENDED
MOTION FOR STAY PENDING APPEAL**

Appellee, Roger Schlossberg, Chapter 7 Trustee of the Bankruptcy Estate of

Gregory B. Myers (the "Trustee"), by his undersigned counsel, hereby opposes

*Appellant Gregory B. Myers' Amended Motion for Stay Pending Appeal of the Effect*

*and Enforceability of the June 3, 2026 Memorandum Opinion and Order* (the

"*Motion*"), [Dkt. # 51], and respectfully states as follows:

1.      Appellant, Gregory B. Myers ("Myers"), the debtor below, fails to

carry his burden of satisfying each of the elements necessary to support a stay

pending appeal, which involves consideration of the same factors a party must prove

in order to obtain a preliminary injunction. *See, e.g., Campbell v. Garrett*, 2026 WL

1092006, *2 (W.D. Va. Apr. 22, 2026); *In re Kaiser Gypsum Co.*, 2021 WL

3476138, *1 (W.D.N.C. Aug. 6, 2021); *BDC Capital v. Thoburn Ltd. P'ship*, 508

B.R. 633, 636 (E.D. Va. 2014) (observing that "[a] preliminary injunction is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.") (citations omitted). Here, Myers cannot satisfy any factor.

2.       First, Myers does not show any likelihood of success on further appeal. Because this Court affirmed the bankruptcy court's orders which, *inter alia*, approved a proposed settlement between the Trustee and the King Parties (*i.e.*, Appellees Brian King, Cristina King, and the Cristina and Brian King Children's Trust) and denied Myers' motion for a stay of the settlement approval order pending appeal – there is an extraordinarily high bar that Myers must overcome in order to obtain relief. Indeed, as aptly observed by a sister court when ruling on a similar motion filed under Rule 8025(b):

> In affirming the Bankruptcy Court's orders, this Court left the bankruptcy proceedings in place and, under such circumstances, the Court has already determined that [Appellant] failed to succeed on the merits. Asking the district court to then find that, under the first prong, [Appellant] is likely to succeed on the merits on appeal under Rule 8025 would require the district court to find that its own order is likely to be reversed. This is a standard that is rarely going to be satisfied.

*Credit One Bank, N.A. v. Anderson (In re Anderson)*, 560 B.R. 84, 89 (S.D.N.Y. 2016) (citations omitted).

3.      Here, Myers merely reargues that the bankruptcy court lacked subject matter jurisdiction because it made no independent determination that Serv Trust – the previously adjudicated alter ego of Myers – was an asset of the bankruptcy estate. *See Motion* at § IV.B. This argument is specious because, as this Court concluded, the approved settlement was limited to a transfer of "all of the right, title and interest of the Trustee, the Debtor and the bankruptcy estate in and to any and all membership interest in or property of 6789 Goldsboro LLC" which, in turn, "ensured that the Settlement Order extended only to property of the bankruptcy estate, without needing to adjudicate the exact contours of what interests of Serv Trust, if any, were part of the bankruptcy estate." *See Memorandum Opinion*, [Dkt. #41], at 14-15.

4.      Similarly specious is Myers' contention that the state court order adjudicating Serv Trust to be his alter ego was nonfinal. *See Motion* at § IV.C. This Court agreed with the bankruptcy court that the Alter Ego Order "was a valid, final order" and that it was "entitled to full force and effect" by the bankruptcy court given that it had not been stayed. *See Memorandum Opinion*, [Dkt. #41], at 13. Moreover, this Court took judicial notice that, on February 11, 2026, the Appellate Court of Maryland dismissed Myers' appeal in the state court case in which the Alter Ego Order was entered. *Id*.

5.      Not only has Myers failed to make the required showing that he is likely to prevail on appeal to the Fourth Circuit,[1] he also makes no showing of irreparable harm. Indeed, the *Motion* does not articulate how this Court's judgment will harm Myers, if at all, let alone explain how such harm will be irreparable. Rather, it merely speculates as to what might occur in the absence of a stay. *See, e.g., Motion* at § IV.G ("If the challenged conclusions operate before review, they *may be* used as predicates…"); *id*. ("Without a stay, the June 3 conclusions *may be* invoked…"); *id*. ("Those consequences *may not be* fully reversible…") (emphasis added).

6.      Further, Appellees already have consummated the settlement approved more than a year ago by the bankruptcy court. The Trustee clearly would be prejudiced if forced to return the consideration he has received from the King Parties in the settlement.[2]

7.      Finally, Myers has not articulated any conceivable public interest that would be furthered by the imposition of a stay in this case. Rather, the public interest would be served by denying a stay. The instant *Motion* is yet another attempt by

---

[1] Myers also appears to assert a new argument which was not raised below (or previously in this Court), concerning the alleged effect of the automatic stay in his Florida bankruptcy case, *see Motion* at § IV.E, and, therefore, cannot be urged as a ground for reversal of this Court's judgment on further appeal. *See, e.g., United Rentals, Inc. v. Angell*, 592 F.3d 525, 531 n.2 (4th Cir. 2010) ("Because this argument is raised for the first time on appeal, we do not address it.").

[2] Indeed, Myers' prior request for a stay of the settlement order pending appeal was denied by the bankruptcy court and that denial subsequently was affirmed by this Court.

Myers – who has a well-documented history of litigation abuse[3] – "to gum up the judicial process and ignore valid court orders as he sees fit," as this Court has observed in Myers' prior appeals. *See, e.g., Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, 2020 WL 758154, *4 (D. Md. Feb. 13, 2020) (Xinis, J.).

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the *Motion* be DENIED.

Respectfully submitted,

SCHLOSSBERG | MASTRO

*/s/ Frank J. Mastro*
Frank J. Mastro #24679
P.O. Box 2067
Hagerstown, MD 21742
(301) 739-8610
fmastro@schlosslaw.com
*Attorneys for Appellee,*
*Roger Schlossberg, Trustee*

---

[3] "Since 2015, hundreds of pages of opinions from more than a dozen different courts (both federal and state) have been written regarding the legal machinations, 'sprawling tapestry of bad faith abuse of the bankruptcy process,' and 'dilatory and abusive litigation tactics' by the Debtor [Mr. Myers], his spouse, Barbara Ann Kelly ('Ms. Kelly'), and the entities they own." *In re Myers*, 2025 WL 1662344, *2 (Bankr. D.D.C. June 11, 2023) (further observing that "[t]he Debtor and Ms. Kelly are not 'honest but unfortunate debtors,' but instead seek only to utilize the bankruptcy system as a sword to delay unfavorable litigation results and frustrate their creditors").

CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. Bankr. P. 8015(h), I hereby certify that the foregoing Opposition complies with the type-volume limitations of Fed. R. Bankr. P. 8013(f)(3) because this document contains 1,089 words as measured by Microsoft Word. I further certify that this motion complies with the typeface and type style requirements of Fed. R. Bankr. P. 8013(f)(2) because this document has been prepared in Microsoft Word using a proportionally spaced typeface (14-point Times New Roman font).

*/s/ Frank J. Mastro*
Frank J. Mastro

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the **23rd** day of **July 2026**, I served a copy of the foregoing *Opposition to Appellant's Amended Motion for Stay Pending Appeal* upon all parties as follows: (a) electronically via ECF to:

Maurice B. VerStandig, Esq.
9812 Falls Road, #114-160
Potomac, MD 20854
mac@mvbesq.com
*Attorney for Appellees,*
*Brian King, Cristina King and the*
*Cristina and Brian King Children's Trust*

and (b) via first-class mail, postage prepaid, to:

Gregory B. Myers
700 Gulf Shore Blvd. North
Naples, FL 34102
*Appellant / Debtor*

*/s/ Frank J. Mastro*
Frank J. Mastro