Civil Action Nos. 25-2042-TDC, 25-2103-TDC, 25-2337-TDC, 25-2635-TDC, and 25-2338-TDC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| GREGORY B. MYERS,<br><br>     Appellant,<br><br>v.<br><br>ROGER SCHLOSSBERG, BRIAN KING, CRISTINA KING and CRISTINA AND BRIAN KING CHILDREN'S TRUST,<br><br>     Appellees. | Civil Action No. 25-2042-TDC |
| GREGORY B. MYERS,<br><br>     Appellant,<br><br>v.<br><br>ROGER SCHLOSSBERG, BRIAN KING, CRISTINA KING and CRISTINA AND BRIAN KING CHILDREN'S TRUST,<br><br>     Appellees. | Civil Action Nos. 25-2103-TDC<br>25-2337-TDC<br>25-2635-TDC |
| GREGORY B. MYERS,<br><br>     Appellant,<br><br>v.<br><br>ROGER SCHLOSSBERG, BRIAN KING, CRISTINA KING and CRISTINA AND BRIAN KING CHILDREN'S TRUST,<br><br>     Appellees. | Civil Action No. 25-2338-TDC |

## APPELLANT GREGORY B. MYERS'S REPLY IN SUPPORT OF AMENDED MOTION FOR STAY PENDING APPEAL

The Trustee's Opposition does not answer the Amended Motion. It repeats this Court's June 3 conclusions, invokes the dismissal of an appeal from a different state-court order, asserts "consummation" without evidence, attacks relief Myers did not request, and substitutes character rhetoric for stay-factor analysis. Most importantly, it does not address the narrowest relief requested: staying or holding in abeyance the operative and preclusive effect of the June 3 Ruling until this Court resolves Civil Action No. 26-2175-TDC, which concerns later orders entered in the same Adversary and overlapping party-status, indispensable-party, settlement-implementation, Rule 8008, Rule 9024 / Rule 60(b)(4), and post-appeal-jurisdiction issues.

## I. The Opposition confirms that this Court supplied the missing estate-property determination.

Paragraph 3 says Myers's argument is "specious" because "this Court concluded" that the Settlement Order transferred only whatever "right, title and interest" the Trustee, Debtor, and estate possessed. Opp. ¶ 3. That response exposes the problem. The Bankruptcy Court did not adjudicate that Serv Trust's assets were property of the estate. It approved only a transfer of whatever rights the Trustee, Debtor, and estate possessed. This Court then went further and declared that, "as of January 12, 2023," Serv Trust's assets "were part of Myers's

bankruptcy estate." ECF No. 41 at 13. That was not an affirmance of an estate-property adjudication made below. It was the estate-property adjudication.

The Trustee's answer is circular. A stay motion asks whether this Court's judgment should operate before appellate review is complete. Saying "this Court concluded" the point does not answer whether the conclusion was lawfully made, whether it should have operative or preclusive effect now, or whether the Bankruptcy Court's narrower ruling can support it. The question is not whether this Court may review legal issues de novo. The question is whether appellate review permits this Court to supply, for the first time, the property-right judgment that Rule 7001 required and the Bankruptcy Court did not enter. Where that first-instance adjudication would affect nondebtor trust property, a nondebtor LLC, a current trustee, and absent beneficiaries, the answer should be no.

This Court could not declare on appeal what the Bankruptcy Court did not adjudicate below. An appellate court may affirm a judgment; it may not manufacture the missing judgment that the trial court did not enter. If the Settlement Order transferred only whatever interest the estate already possessed, then there is no prejudice in staying the separate and broader declaration that Serv Trust's assets were estate property. If that broader declaration is necessary to validate the settlement, then the absence of a Trustee-filed Rule 7001 proceeding,

1

service on Serv Trust's current trustee and beneficiaries, service on 6789 Goldsboro LLC, and a binding § 541 adjudication is dispositive.

The Trustee cannot use the narrow "whatever interest" language to defeat a stay while preserving the broader June 3 declaration for later use. The broader declaration is precisely what creates the present risk of ownership, control, standing, mootness, governance, and preclusion consequences. If the Trustee truly maintains that only whatever preexisting estate interest was transferred, he should have no objection to staying the separate declaration that Serv Trust's assets were property of Myers's bankruptcy estate pending review.

The Trustee's own testimony confirms the missing predicate. Schlossberg testified that he could not enter into a settlement agreement binding non-estate property, and then relied on the state-court order as the reason he treated Serv Trust property as estate property. DE 23-4 at 88. That testimony makes the threshold question unavoidable: before a trustee can administer or settle nondebtor trust property, there must be a binding determination that the property belongs to the estate.

Nor did the state-court order supply the missing predicate. Judge Lease's ruling was interlocutory, alternative, and case-specific. Immediately before announcing his result, Lease stated only that Serv Trust was "either" an alter ego or that its form should be disregarded. He then declared alter-ego status only "in this

2

case," and the consequence was that "this litigation" would be stayed. "Disregarded entity" was a label without an articulated consequence. Lease did not state that Serv Trust's assets were Myers's assets, that Serv Trust's Goldsboro interest transferred to Myers, that beneficiary interests were extinguished, or that any Serv Trust asset became property of the Maryland Chapter 7 estate. His reference to "potential assets" confirms the opposite. Potential assets are not estate assets. Am. Mot. Ex. 2.

## II. The Trustee cannot call nonfinality "specious" after adopting that position.

Paragraph 4 calls Myers's nonfinality argument "specious." Opp. ¶ 4. But in the first Appellate Court of Maryland proceeding (Case No. ACM-REG-1876-2022), the King Parties argued that the January 12 Order was "by its own express terms, non-final," that it was titled "Order Entering Partial Judgment and Stay," that it did not dispose of "the totality of the triable issues below," and that it did "not adjudicate or complete the adjudication of any claim." Goldsboro joined that position. The Trustee expressly adopted and incorporated it. Am. Mot. Exs. 5A–5C.

That was not a stray sentence. The King Parties argued under the heading "There is No Appellate Jurisdiction" that the January 12 Order was "by its own express terms, non-final," that it was an interlocutory order not appealable under Md. Code Ann., Cts. & Jud. Proc. § 12-303, that multiple causes of action

3

remained untried, and that unresolved claims remained in both consolidated cases even if considered separately. They concluded that "there is not yet a final order in this case and, as such, not yet a completed record below." The Trustee adopted that argument. He now calls the same position "specious."

The Trustee's present position is the categorical opposite of his prior position. The same order cannot be nonfinal when Appellees seek to defeat Myers's state appellate review, yet "valid" and "final" when Appellees need an estate-property predicate. The Opposition identifies no Maryland authority—and none exists—holding that an interlocutory order becomes final because no appellate stay was obtained. Finality comes from Maryland law, including Rules 2-601 and 2-602, adjudication of all claims against all parties, or proper certification. See *McLaughlin v. Ward*, 240 Md. App. 76, 83 (2019). It does not come from "nobody stayed it."

The Opposition also repeats the ACM No. 910 error. ACM No. 910 appealed the June 25, 2025 order denying Myers's Rule 2-507 motion as moot. It did not appeal the January 12, 2023 Order. Its procedural dismissal did not affirm the January 12 Order, adjudicate finality, resolve remaining claims, lift the state-court stay, or convert an interlocutory order into a final judgment. Judicial notice may establish that ACM No. 910 was dismissed; it cannot transform an appeal from one order into an appeal from another.

4

If the January 12 Order already finally adjudicated estate ownership, the later Settlement Procedures Order, creditor-filed adversary, Rule 9019 motion, and Rule 7041 dismissal make no sense. Those later proceedings existed because Appellees knew the state order had not produced an estate-property judgment. They cannot treat the same order as nonfinal for state appellate purposes, incomplete for further bankruptcy proceedings, and final only when needed as a bankruptcy estate-property predicate.

The Trustee's own authority recognizes that a district court will "rarely" find its decision likely to be reversed. Opp. ¶ 2. Rarely does not mean never. This is the rare case in which the critical premise is contradicted by Maryland Rule 2-602, the order's title and terms, Judge Lease's statements, Appellees' prior Maryland appellate position, and the actual notice of appeal in ACM No. 910.

## III. The Opposition ignores the statutory and procedural predicates.

Section 362 does not save the ruling. The automatic stay is statutory. It follows estate property; it does not create estate property. A state court may decide whether to pause or proceed, but a mistaken state-court conclusion that § 362 applies does not make § 362 apply. Nor did Judge Lipp's abstention order create an "abstention-plus" pipeline into the estate. It did not adjudicate estate ownership, create derivative standing, authorize King to prosecute Trustee claims, expand §

5

362, eliminate Rule 7001, or transform a later interlocutory state-court ruling into a final bankruptcy estate-property judgment.

King also could not supply the missing estate claim. Before Judge Dwyer, King counsel admitted that alter-ego claims belonged to the Trustee, that King could not marshal or seize alleged Serv Trust assets, and that King had no standing to do so because King was not a creditor of Myers's bankruptcy estate. Schlossberg later testified that no one had derivative standing, that he had not abandoned the relevant claims, and that he had not asked VerStandig to act for him in the state-court litigation. Under either version, King lacked authority to prosecute the claim.

The January 3 transcript confirms that defect. Mastro appeared for a nominal defendant. The Trustee filed no complaint, counterclaim, cross-claim, intervention pleading, or adversary proceeding asserting fraud against Myers or seeking a § 541 adjudication against Serv Trust. Yet Judge Lease identified the supposed injury as injury to the Trustee and Myers's creditors, not injury to King, and Mastro agreed.

The Opposition also leaves unanswered the Amended Motion's statutory arguments under § 541(b)(1), § 541(c)(2), § 541(d), and the Maryland Trust Act. Serv Trust is a nondebtor, irrevocable spendthrift trust. Myers was not its settlor or beneficiary. At most, he once held fiduciary authority, and he resigned as co-trustee effective May 31, 2022. Fiduciary authority is not beneficial ownership.

Section 541(b)(1) excludes powers exercisable solely for another's benefit; § 541(d) limits the estate to the debtor's actual legal or equitable interest; and § 541(c)(2) preserves enforceable trust-transfer restrictions. Calling Serv Trust an alter ego or "disregarded entity" does not explain how the interests of absent beneficiaries were extinguished or how protected trust property entered the Chapter 7 estate without a Rule 7001 judgment.

King could prosecute King's own claims. King could not prosecute a generalized estate claim without derivative standing, abandonment, or substitution by the Trustee.

The June 3 Ruling's January 12, 2023 date creates an additional defect. Section 541(a)(1) captures interests existing "as of the commencement of the case." If a new property consequence arose on January 12, 2023, it arose more than seven years after the Chapter 7 petition and, at most, during Myers's pending Florida Chapter 13. If Appellees instead contend that Serv Trust's assets were Maryland Chapter 7 estate property as of November 18, 2015, they needed a Rule 7001 / § 541 adjudication of petition-date ownership. They never obtained one.

The label "Debtor" does not solve that problem. In the bankruptcy case, Myers was the Debtor. In the King Parties' postpetition state-court action, Myers was a postpetition defendant. A case-specific ruling concerning postpetition Myers

7

did not determine what legal or equitable interests Myers owned on November 18, 2015.

## IV. The Florida-stay footnote is inaccurate and overstated.

Footnote 1 says the Florida-stay issue was not raised below "or previously in this Court." That is inaccurate. Myers raised the issue in this Court in his Amended Reply Brief, arguing that the Florida Bankruptcy Court's stay-relief order permitted claims against non-debtor parties to proceed but preserved the stay as to Myers individually, and that an alter-ego ruling against Serv Trust was necessarily a ruling against Myers. DE 37 at 15-17.

In any event, the issue responds directly to the June 3 Ruling's own rationale. This Court selected January 12, 2023 as the date on which Serv Trust's assets became property of Myers's bankruptcy estate. Once the Court made that date operative, the then-pending Florida Chapter 13 case and the Florida stay-relief limitations became directly material. If the January 12 Order affected Myers or an alleged Myers property interest, it implicated the Florida stay. If it did not, it could not be the event that made Serv Trust's assets property of Myers's Maryland Chapter 7 estate.

## V. The Trustee's harm, consummation, and public-interest arguments fail.

The Trustee says Myers has not shown harm. Opp. ¶ 5. But the Trustee's state-court theory proves the opposite. At the January 3 trial, Judge Lease stated

8

that if Serv Trust were Myers for bankruptcy purposes, a judgment against Serv Trust would be a de facto judgment against Myers, and King counsel agreed. Mastro then told Judge Lease that if Serv Trust were found to be Myers's alter ego, judgments sought against Serv Trust would become judgments sought against Myers. The Trustee cannot advocate in state court that an alter-ego ruling converts claims against Serv Trust into claims against Myers and then tell this Court that giving that ruling operative effect cannot harm Myers. Am. Mot. Ex. 2.

Paragraph 6 rests on unsupported counsel argument and relief Myers did not request. The Opposition states that "Appellees already have consummated the settlement" and that the Trustee would be prejudiced if forced to return consideration. Opp. ¶ 6. But no declaration, affidavit, receipt, transfer document, assignment, cancelled check, signed settlement agreement, or competent evidence is attached. Counsel's assertion is not evidence.

The assertion is also not supported by any submission from the King Parties. The Opposition is filed by the Trustee, yet it purports to state what "Appellees" have done. No affidavit, declaration, receipt, assignment, transfer record, signed settlement document, or filing from the King Parties supports that assertion.

At minimum, the Court should disregard the unsupported consummation assertion or require competent evidence identifying precisely what was signed,

paid, transferred, assigned, released, recorded, or delivered, by whom, and on what authority.

In any event, Myers does not ask this Court to require the Trustee to return consideration or unwind a transaction. He asks for a stay of the operative and preclusive effect of the June 3 estate-property conclusions. If alleged consummation means the Adversary was dismissed with prejudice, that undermines Appellees' position. If the dismissal was effective, Appellees ended the Adversary before obtaining any final adjudicatory judgment granting relief. A dismissal with prejudice is a terminal event, not an adjudicatory substitute. It does not create findings, adjudicate title, determine estate ownership, transfer Serv Trust property, or supply the merits judgment Appellees failed to obtain. See *Kiviti v. Bhatt*, 80 F.4th 520, 529-31 (4th Cir. 2023) (addressing finality in bankruptcy adversary proceedings). If the dismissal was ineffective or incomplete because Rule 7041 and Rule 41 required Myers's signature as an appearing party, then it cannot support finality, consummation, prejudice, or mootness. Either way, the Trustee has no final adjudicatory judgment to invoke.

The Trustee's public-interest argument is likewise a character attack, not stay-factor analysis. It does not address the public interest in orderly appellate review, due process, protection of nonparty property rights, and faithful application of Rule 7001 and § 541. A litigant's reputation cannot create estate property, cure

absent parties, supply service, manufacture finality, or authorize a trustee to settle property whose estate status was never adjudicated.

Finally, the Trustee's proposed order should not be entered. It is captioned only in Civil Action No. 25-2103-TDC, denies all relief in one sentence, and does not address the alternative request for abeyance pending Civil Action No. 26-2175-TDC, the limited request to stay operative and preclusive effect, or the unsupported consummation assertion. The Trustee also identifies no bond amount and no evidence of monetary harm from a limited stay of legal effect.

For these reasons, the Court should grant the Amended Motion. At minimum, it should stay or hold in abeyance the operative and preclusive effect of the June 3 Ruling's declaration that Serv Trust's assets were property of Myers's estate until Civil Action No. 26-2175-TDC and the Fourth Circuit appeal are resolved.

Respectfully submitted,

Gregory B. Myers, pro se
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

11

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Bankruptcy Procedure 8013(f)(3)(C) and 8015(h), I certify that this Reply contains 2,587 words, excluding the items exempted by Rule 8015(g). This Reply was prepared in a 14-point proportionally spaced typeface using Times New Roman.

_____
Gregory B. Myers, pro se

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of July, 2026, I filed the

foregoing APPELLANT GREGORY B. MYERS'S REPLY IN SUPPORT OF

AMENDED MOTION FOR STAY PENDING APPEAL with the Clerk of the

United States District Court for the District of Maryland, and furnished a true and

correct copy by First-Class United States Mail, postage prepaid, to the following:

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
*Counsel for the King Parties*

Frank J. Mastro, Esq.
Schlossberg | Mastro
P.O. Box 2067
Hagerstown, Maryland 21742
*Counsel for Roger Schlossberg, Chapter 7 Trustee*

_____
Gregory B. Myers, pro se

13