**8:25-cv-02103-TDC (Lead Case)**
8:25-cv-02337-TDC
8:25-cv-02635-TDC

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

---

SEP 22 2026
AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DEPOSIT BOX

GREGORY B. MYERS
*Appellant*

v.

ROGER SCHLOSSBERG, Chapter 7 Trustee,
BRIAN KING, CRISTINA KING, and
CRISTINA AND BRIAN KING CHILDREN'S TRUST,
*Appellees*

---

On Appeal from the United States Bankruptcy Court
for the District of Maryland at Greenbelt
Adv. Case No. 24-00007
Bk. Case No.: 15-26033

---

# APPELLANT'S MOTION TO DIRECT THE CLERK TO DOCKET AND TRANSMIT THE JULY 8, 2026 NOTICES OF APPEAL IN NOS. 25-2337 AND 25-2635 AND TO PERFORM THE MINISTERIAL DUTIES REQUIRED BY FEDERAL RULE OF APPELLATE PROCEDURE 3(d)

---

Gregory B. Myers
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

September 22, 2026

Appellant Gregory B. Myers ("Myers"), proceeding pro se, respectfully moves for an Order directing the Clerk to docket and transmit the timely Notices of Appeal that Myers delivered to the Clerk on July 8, 2026 for Civil Action Nos. 8:25-cv-02337-TDC and 8:25-cv-02635-TDC and to perform the ministerial duties that follow filing under Federal Rule of Appellate Procedure 3(d).

The requested relief is narrow. Myers does not ask this Court to determine the scope of the Fourth Circuit's appellate jurisdiction, decide whether separate Fourth Circuit appeal numbers ultimately should be maintained, or adjudicate any question presently before the Court of Appeals. The Fourth Circuit has expressly deferred the appellate-scope question "pending review of the appeal on the merits." Fourth Cir. No. 26-1894(L), ECF No. 21. **Exhibit D**.

This Motion instead concerns acts assigned by the Federal Rules to the District Court Clerk. Myers delivered an original Notice for each of five separately numbered District Court actions and contemporaneously instructed the Clerk to file one original in each case. The Clerk docketed and transmitted the Notices associated with three cases but did not docket or transmit the Notices tendered for Nos. 25-2337 and 25-2635. Federal Rule of Appellate Procedure 3(d)(1) leaves no discretion concerning what follows a filed Notice: the District Clerk "must promptly send" the Notice and docket entries to the Circuit Clerk and must identify the date the Notice was filed.

The two member-case dockets should therefore be corrected to reflect what occurred on July 8, and the mandatory Rule 3(d) transmission duties should be performed.

## BACKGROUND

1. Three separate District Court bankruptcy appeals arose from Bankruptcy Adversary Proceeding No. 24-00007: Civil Action Nos. 25-2103-TDC, 25-2337-TDC, and 25-2635-TDC.

2. On October 23, 2025, this Court consolidated those three actions, designated No. 25-2103 as the lead case, and directed that they be briefed together. ECF No. 13 (No. 25-2103).

3. The member-case dockets thereafter contained an administrative instruction stating:

> "THIS IS A CONSOLIDATED CASE. PLEASE DO NOT ELECTRONICALLY FILE OR SPREAD TEXT IN THIS CASE. ALL SUBSEQUENT PLEADINGS ARE TO BE ELECTRONICALLY FILED ONLY IN THE LEAD CASE (TDC-25-2103)."

See Docket, No. 25-2337, **Exhibit A**; Docket, No. 25-2635, **Exhibit B**.

4. On June 3, 2026, this Court entered a single Memorandum Opinion and Order disposing of five pending bankruptcy appeals. The Order separately affirmed the Bankruptcy Court orders appealed in Nos. 25-2103, 25-2337, 25-2338, and 25-2635 and separately directed the Clerk to close Nos. 25-2042, 25-2103, 25-2337, 25-2338, and 25-2635. ECF Nos. 41–42 (No. 25-2103).

5. On June 29, 2026, this Court denied Myers's motion for rehearing. ECF No. 45.

6. On July 8, 2026, Myers delivered to the District Court Clerk five original counterparts of the same Notice of Appeal—one for each of Civil Action Nos. 25-2042, 25-2103, 25-2337, 25-2635, and 25-2338.

7. The Notice itself expressly identified all five District Court actions and stated that Myers appealed the June 3 Memorandum Opinion and Order, the June 29 rehearing order, and the predicate and related rulings encompassed by those dispositions. ECF No. 46. **Exhibit C**.

8. Myers's contemporaneous written instruction to the Clerk was equally explicit:

> "PLEASE FILE ONE (1) ORIGINAL OF THE NOTICE OF APPEAL IN EACH OF THE (5) CAPTIONED CASES."

ECF No. 46-1. **Exhibit C**.

9. The Notice was entered on the docket in lead Case No. 25-2103. Notices associated with Nos. 25-2042 and 25-2338 also reached the Fourth Circuit and generated Appeal Nos. 26-1901 and 26-1899.

10. The Notices tendered for Nos. 25-2337 and 25-2635, however, were not entered on those District Court dockets and were not transmitted to the Fourth Circuit as appeals originating from those cases.

11. Consequently, the Fourth Circuit opened No. 26-1894 solely from originating District Court Case No. 25-2103. It thereafter consolidated No. 26-1894 with Nos. 26-1899 and 26-1901. The Fourth Circuit's July 15 consolidation order identifies only those three originating District Court cases. Fourth Cir. ECF No. 2.

12. On September 8, 2026, Myers moved in the Fourth Circuit to correct and complete the appellate docket and record and to confirm that his July 8 Notice encompassed Nos. 25-2337 and 25-2635. Fourth Cir. ECF No. 20.

13. On September 9, 2026, the Fourth Circuit entered an Order stating that it "defers consideration of the motion to correct and complete appellate docket and record, confirm the scope of the notice of appeal . . . pending review of the appeal on the merits." Fourth Cir. ECF No. 21.

14. Myers thereafter filed his Informal Opening Brief. Argument I expressly presents that deferred question and asks the Fourth Circuit to determine the appellate consequences of the July 8 Notice. Fourth Cir. ECF No. 25 at 18–21.

15. This Motion presents a different and antecedent question: whether this Court's own dockets should accurately reflect Notices actually delivered to its

Clerk for filing and whether the District Clerk should perform the Rule 3(d) duties that follow filing.

## ARGUMENT

### I. THE NOTICES WERE FILED WHEN MYERS DELIVERED THEM TO THE DISTRICT COURT CLERK ON JULY 8, 2026.

Federal Rule of Civil Procedure 5(d)(2)(A) provides that a nonelectronic paper is filed "by delivering it . . . to the clerk." Federal Rule of Appellate Procedure 3(a)(1) likewise identifies filing with the District Clerk as the act by which an appeal is taken.

The Fourth Circuit's published decision in *Allen v. Atlas Box & Crating Co.*, 59 F.4th 145, 148–49 (4th Cir. 2023), is controlling on the filing question. *Allen* held that filing occurs upon delivery to the Clerk and emphasized that the Clerk's role in receiving the paper is "purely ministerial." See also *Parissi v. Telechron, Inc.*, 349 U.S. 46, 46–47 (1955) (per curiam) (timely receipt of notice of appeal by District Clerk constituted filing notwithstanding Clerk's refusal to treat it as filed until a fee was received).

Here, Myers did considerably more than deliver an ambiguous paper to the Clerk. He delivered five original counterparts of a Notice expressly captioned in all five District Court actions and accompanied them with a written instruction identifying the case numbers and directing the Clerk to file one original in each case. ECF Nos. 46, 46-1. The stamped filing instruction memorializes that delivery.

Federal Rule of Civil Procedure 79(a)(2)(A) then requires "papers filed with the clerk" to be entered chronologically on the civil docket. The requested docket entries would therefore not create new Notices as of the date of a future Order. They would cause the dockets in Nos. 25-2337 and 25-2635 accurately to reflect papers filed on July 8, 2026.

## II. THE LEAD/MEMBER CASE CONVENTION DID NOT AUTHORIZE THE CLERK TO OMIT THE JULY 8 NOTICES FROM THE MEMBER-CASE DOCKETS.

The administrative convention applicable to the consolidated cases does not alter the filing analysis.

First, consolidation did not merge the constituent actions into one case. *Hall v. Hall*, 584 U.S. 59, 75–78 (2018), holds that actions consolidated under Rule 42 retain their separate identities. The Fourth Circuit applied *Hall* in *Capps v. Newmark Southern Region, LLC*, 53 F.4th 299, 304 (4th Cir. 2022).

This Court's own June 3 Order reflects precisely that structure. It separately adjudicated the bankruptcy orders appealed in Nos. 25-2103, 25-2337, 25-2338, and 25-2635 and separately directed closure of each District Court case. The member cases therefore continued to possess separate case numbers, dockets, judgments, and appellate identities notwithstanding consolidation.

Second, the administrative docket instruction cannot reasonably support withholding Notices actually tendered for the member cases. The instruction directed that "subsequent pleadings" be filed electronically only in the lead case. A notice of appeal is not a "pleading" within the definition of Federal Rule of Civil Procedure 7(a), which exhaustively identifies the pleadings permitted in federal civil practice. More fundamentally, Myers did not attempt to circumvent the lead-case convention through an electronic member-case filing. He physically delivered five originals to the Clerk and expressly instructed that one be filed in each separately numbered action.

Third, even if the lead/member convention ordinarily caused filings to appear only in the lead case, an internal docket-management practice cannot alter the filing consequence of actual delivery established by *Allen*, Rule 5(d)(2)(A), and Rule 79(a).

The Clerk's administrative treatment of the consolidated cases therefore cannot convert two filed Notices into nonexistent papers.

## III. RULE 3(d)(1) IMPOSES MANDATORY DUTIES AFTER A NOTICE OF APPEAL IS FILED.

Federal Rule of Appellate Procedure 3(d)(1) is mandatory. It provides that the District Clerk:

> "must promptly send a copy of the notice of appeal and of the docket entries—and any later docket entries—to the clerk of the court of appeals named in the notice."

The District Clerk also "must note, on each copy, the date when the notice of appeal was filed." Fed. R. App. P. 3(d)(1).

Those duties are not discretionary. Nor does Rule 3(d)(1) authorize the District Clerk to withhold a filed Notice because transmission may require the Court of Appeals to open an additional appellate docket.

Fourth Circuit I.O.P. 3.1 imposes an additional transmission duty: the District Clerk "shall transmit to the Clerk of the Court of Appeals a copy of the order appealed from, along with copies of the materials required by FRAP 3(d)(1)."

Rule 12(a) then assigns the next step to the Circuit Clerk: "[u]pon receiving the copy of the notice of appeal and the docket entries from the district clerk under Rule 3(d), the circuit clerk must docket the appeal." The Federal Rules thus assign different ministerial responsibilities to the two clerks. The District Clerk transmits the filed Notice and docket materials; the Circuit Clerk performs the appellate docketing that follows receipt.

The District Clerk therefore need not determine—and has no occasion to determine—whether separate appellate numbers will ultimately remain open,

whether the Fourth Circuit will consolidate them, or what issues fall within appellate review. Those questions belong to the Court of Appeals.

The District Clerk's Rule 3(d) task comes first: transmit the Notices actually filed and accurately identify their July 8 filing date.

## IV. RULE 6(b)(2) DOES NOT CONDITION THE RULE 3(d) DUTY TO TRANSMIT THE NOTICES.

These are appeals under 28 U.S.C. § 158(d)(1) from a District Court exercising bankruptcy appellate jurisdiction. Rule 6(b)(1) therefore governs and expressly leaves Rule 3 applicable while making Rules 10 and 11 inapplicable. Fed. R. App. P. 6(b)(1)(A).

Rule 6(b)(2) separately governs the specialized record in such an appeal. Among other things, the record ultimately includes the pertinent bankruptcy record, the proceedings in the District Court, and "a certified copy of the docket entries prepared by the clerk under Rule 3(d)." Fed. R. App. P. 6(b)(2)(B)(iii). When that record is complete, the District Clerk must number its constituent documents and "promptly make it available to the circuit clerk." Fed. R. App. P. 6(b)(2)(C)(i).

Those record provisions do not suspend, replace, or condition Rule 3(d)(1)'s antecedent obligation to transmit a filed Notice of Appeal and the District Court docket entries. Rule 6(b)(1) expressly preserves Rule 3, and Rule 6(b)(2)(B)(iii) itself incorporates the docket entries prepared under Rule 3(d).

Accordingly, this Motion does not ask the Court to adjudicate the final composition of the Fourth Circuit record or to determine whether some later Rule 6 record step remains to be performed by a party. It asks the Court to direct the Clerk to:

1. docket the Notices actually filed in Nos. 25-2337 and 25-2635;

2. perform the Rule 3(d)(1) transmission duties that follow those filings; and
3. perform any remaining ministerial Rule 6(b)(2) record duties when and to the extent they become applicable.

Any question concerning the ultimate appellate record can then be addressed on an accurate District Court docket rather than on the present omission.

## V. THIS COURT RETAINS AUTHORITY TO DIRECT ITS CLERK TO PERFORM THESE MINISTERIAL ACTS IN AID OF THE PENDING APPEAL.

The pending appeal does not prevent this Court from directing its Clerk to perform ministerial acts that aid appellate review.

The Fourth Circuit recognizes that, although a notice of appeal transfers control over aspects of the case involved in the appeal, a District Court retains authority over matters "in aid of the appeal." *Fobian v. Storage Technology Corp.*, 164 F.3d 887, 890 (4th Cir. 1999); *In re Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190 (4th Cir. 1991).

The Federal Rules themselves make the point conclusive here. Rule 3(d) expressly assigns the District Clerk post-notice duties that necessarily occur after appellate jurisdiction has been invoked. Rule 6(b)(2) likewise assigns the District Clerk record duties during the pendency of a § 158(d)(1) appeal. Directing the Clerk to perform those duties does not alter the June 3 judgment or intrude upon the merits of the appeal; it facilitates appellate review.

Nor does the Fourth Circuit's September 9 Order bar the requested relief. That Order deferred the distinct question of the scope of Myers's July 8 Notice "pending review of the appeal on the merits." Fourth Cir. ECF No. 21.

This Motion does not ask this Court to decide that question. The Fourth Circuit will determine the appellate consequences of the July 8 Notices. This Court

need only ensure that its own dockets and transmissions accurately reflect what was filed with its Clerk.

Correcting those ministerial omissions aids rather than interferes with the Fourth Circuit's consideration of the question it has reserved.

## CONCLUSION

For these reasons, Myers respectfully requests that the Court enter an Order:

1. directing the Clerk to enter the July 8, 2026 Notice of Appeal on the docket in Civil Action No. 8:25-cv-02337-TDC, reflecting July 8, 2026 as the filing date;
2. directing the Clerk to enter the July 8, 2026 Notice of Appeal on the docket in Civil Action No. 8:25-cv-02635-TDC, reflecting July 8, 2026 as the filing date;
3. directing the Clerk, pursuant to Federal Rule of Appellate Procedure 3(d)(1), promptly to send to the Clerk of the United States Court of Appeals for the Fourth Circuit a copy of each Notice, the corresponding docket entries and any later docket entries, with July 8, 2026 identified as the filing date;
4. directing the Clerk to transmit the order or orders appealed from together with the Rule 3(d)(1) materials as required by Fourth Circuit I.O.P. 3.1;
5. directing the Clerk to perform any remaining ministerial duties required under Federal Rule of Appellate Procedure 6(b)(2) when and to the extent those duties are applicable;
6. directing the Clerk to docket notice confirming completion of the foregoing acts; and
7. granting such other and further relief as the Court deems appropriate.

Nothing in the requested relief asks this Court to determine the scope of the Fourth Circuit's appellate jurisdiction, whether separate appellate docket numbers ultimately should remain open, or any issue presently reserved for determination by the Fourth Circuit.

Dated: September 22, 2026

Respectfully submitted,

Gregory B. Myers
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

**CERTIFICATE OF SERVICE**

I certify that on September 22, 2026, I served the foregoing Appellant's Motion to Direct the Clerk to Docket and Transmit the July 8, 2026 Notices of Appeal in Nos. 25-2337 and 25-2635 and to Perform the Ministerial Duties Required by Federal Rule of Appellate Procedure 3(d) upon all counsel of record by U.S. Mail.

Gregory B. Myers